March 19, 2025

Honorable Arun Subramanian
United States District Court
Southern District of New York
500 Pearl Street, Courtroom 15A
New York, NY 10007

1:25-cv-02079, Khalil et al v. The Trustees of Columbia University in the City of New York et al.

**Re: Motion to redact sensitive information in Plaintiffs' Memorandum of Law in support of the Motion for a Temporary Restraining Order**

Dear Judge Subramanian:

We respectfully request that this Court grant this motion to redact sensitive information from Plaintiffs' Memorandum of Law in support of the Motion for a Temporary Restraining Order. The proposed redactions are narrowly tailored to details that, if disclosed, are likely to result in the harm that this lawsuit is intended to prevent.

**Redactions include information that, if disclosed, would facilitate the harm this lawsuit aims to prevent**

Plaintiffs face increased risk of retaliatory harm from third-party actors and Defendants themselves should they be identified and thus make this request to prevent the harm at the very heart of this litigation. Plaintiffs allege that Columbia University's imminent disclosure of their private student records in compliance with various federal agencies' commands will directly lead to irreparable harm to the Plaintiffs, including increased, pervasive retaliation, threats, and harassment, doxing, loss of job and scholarship opportunities, to name but a few, as well having their protected speech rights further chilled, as they are being directly targeted for their viewpoint and speech in violation of Plaintiffs' First Amendment rights.

For example, unaffiliated individuals acting independently or as part of third-party organizations such as Canary Mission, Betar USA, and Documenting Jew Hatred on Campus[1] seek

---

[1] *See* https://forward.com/news/703018/mahmoud-khalil-columbia-cuad-ice Due to the harmful nature of these websites, and the fact that they thrive on the number of clicks they receive,

to dox students by releasing their personally identifying information, including addresses and photographs, and others who troll, threaten, and stalk university student protestors. These organizations have listed the full names of students and tagged Immigration and Customs Enforcement to suggest they be deported. Another student received threats of rape with specific details about the threatened violation. While the proposed redactions do not explicitly reveal Plaintiffs' identities, the extensive doxing campaign led by the host of third-party actors make disclosing facts relevant to this court's adjudication of the Motion for a Temporary Restraining Order extremely risky to Plaintiffs.

Given the extensive surveillance and information already collected with the explicit purpose of identifying and targeting individuals like Plaintiffs, revealing certain information will provide the exact type of detail that will inflict harm that this lawsuit aims to prevent. For example, Plaintiffs' connections with student groups and the activities undertaken therewith could cause them to be clearly identifiable. Additionally, and of critical importance, are the Plaintiffs' descriptions of medical and mental health concerns they have experienced due to the pervasive doxing, which unquestionably require the protection of being filed under seal.**Proposed redactions are narrowly tailored and will not interfere with the public's right to access judicial records**

The proposed redactions will not interfere with the public's "general right to inspect and copy public records and documents including judicial records and documents" *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 597 (1978), nor its First Amendment right. *Hartford Courant Co. v. Pellegrino*, 380 F.3d 83, 91 (2d Cir.2004). Should the presumption of public access attach, the redactions are not blanket and instead are narrowly tailored to the privacy and safety interests of the Plaintiffs. *See, e.g., Wiav Sols. Inc. v HTC Corp.*, 19CV4978PGGKHP, 2021 WL 871415, at *1 [SDNY Mar. 9, 2021].

The proposed redactions are minimal and limited only to the extent to protect the safety of Plaintiffs. The public need not know certain details of the stalking, harassment, and other retaliation that Plaintiffs have faced, any medical or mental health issues the students have faced as a result of these violations, and the specific associations the Plaintiffs' have regarding their First Amendment protected activities. The filing contains extensive unredacted information about the nature of the harm that Plaintiffs have faced and will likely face that will provide this Court and the public a robust sense of what is at stake.

***

---

Counsel has chosen not to include their websites. However, should this Court require further documentation regarding these websites, counsel can direct the Court accordingly.

For the reasons stated above, we therefore request this Court to grant us leave to redact sensitive information in Plaintiffs' Memorandum of Law in support of the Motion for a Temporary Restraining Order.

Respectfully submitted,

/s/ Amy E. Greer
Amy E. Greer  (NY 5910179)
**Dratel & Lewis**
29 Broadway, Suite 1412
New York, NY 10006
(212)   732-8805
agreer@dratellewis.com

**CAIR NATIONAL
LEGAL DEFENSE FUND**
/s/Lena Masri
Lena Masri
Gadeir Abbas (VA 81161)*
453 New Jersey Ave SE
Washington, DC 20003
(202) 742-6420

**COUNCIL ON AMERICAN ISLAMIC
RELATIONS – NEW YORK**
/s/Lamya Agarwala
Lamya Agarwala (NY 5736061)
80 Broad Street, 5th Floor
New York, NY 10009
(646) 665-7599
lagarwala@cair.com

**Jonathan Wallace**
/s/ Jonathan Wallace
Jonathan Wallace (NY 1733757)
PO #728
Amagansett NY 11930
(917) 359-6234
jonathan.wallace80@gmail.com

The request is GRANTED pending adjudication of plaintiffs' motion for interim relief. The Clerk of Court is directed to terminate the motion at Dkt. 14.

SO ORDERED.

Arun Subramanian, U.S.D.J.
Dated: March 24, 2025