MATTHEW BERRY
GENERAL COUNSEL

TODD B. TATELMAN
DEPUTY GENERAL COUNSEL

BROOKS M. HANNER
ASSOCIATE GENERAL COUNSEL

U.S. HOUSE OF REPRESENTATIVES
OFFICE OF GENERAL COUNSEL
5140 O'NEILL HOUSE OFFICE BUILDING
WASHINGTON, DC 20515-6532
(202) 225-9700
FAX: (202) 226-1360

SALLY CLOUSE
ASSOCIATE GENERAL COUNSEL

RACHEL A. JANKOWSKI
ASSISTANT GENERAL COUNSEL

ANDY T. WANG
ASSISTANT GENERAL COUNSEL

March 27, 2025

The Honorable Arun Subramanian
United States District Court for the Southern District of New York
500 Pearl Street
New York, NY 10007

>  Re:   Additional Points and Authorities for *Khalil et al. v. The Trustees of Columbia Univ. in the City of New York et al.*, No. 25-cv-02079-AS

Dear Judge Subramanian:

During Tuesday's hearing on Plaintiffs' Motion for a Temporary Restraining Order (TRO) and Preliminary Injunction (PI), the Court offered to each party the ability to "submit a letter of no more than five pages that indicates any additional authorities or citations to the record they want to bring to the Court's attention." Transcript of Hearing at 87, *Khalil et al. v. The Trustees of Columbia Univ. in the City of New York et al.*, No. 25-cv-02079-AS (S.D.N.Y Mar. 25, 2025) (Hearing Tr.). The Congressional Defendants hereby submit the following.

## I.  The Speech or Debate Clause Bars Plaintiffs' Case Against Congressional Defendants

As noted by the Court during the March 25 hearing, "the immunity provided by the Speech or Debate Clause is broad and categorical. [The Court] did not see from the plaintiffs any case that would allow the type of claim [Plaintiffs] are advancing under these circumstances against Congressional defendants." Hearing Tr. at 23. The Court is correct. Because the Speech or Debate Clause protects the Committee's attempt to gather and use information from Columbia, *see* ECF No. 31 at 13–18, Plaintiffs' request for the Court to order restrictions on both protected legislative acts, ECF No. 18 at 2, is unconstitutional and must be denied.

Further, given that the Speech or Debate Clause is an "absolute[] immunity," Hearing Tr. at 26, Plaintiffs cannot plead their way around it with new facts or allegations. As a result, any amendment to Plaintiffs' complaint would be futile (at least to Congressional Defendants). "Futility is a determination, as a matter of law, that proposed amendments would fail to cure prior deficiencies or to state a claim." *Empire Merchs., LLC v. Reliable Churchill LLLP*, 902 F.3d 132, 139 (2d Cir. 2018) (quoting *Pyskaty v. Wide World of Cars, LLC*, 856 F.3d 216, 224–25 (2d Cir. 2017)). Here, Plaintiffs would not be able to state a claim against Congressional Defendants no matter the facts. *Cf. Do No Harm v. Pfizer Inc.*, 126 F.4th 109, 121–22 (2d Cir. 2025) (opining in dicta that in a case where "a plaintiff cannot establish standing no matter how much evidence the plaintiff musters, Judge Sentelle's approach [of dismissing the entire case and not just denying the TRO/PI motion] makes sense").

## II.  Columbia is Not a State Actor

Plaintiffs' First Amendment claim against Columbia fails because, among other reasons, Columbia is not a state actor.  The decision of the U.S. District Court for the Eastern District of Pennsylvania in *Fakhreddine v. University of Pennsylvania* is directly on point.  No. 24-cv-1034-MSG, 2025 WL 345089 (E.D. Pa. Jan. 30, 2025).  In that case, on January 24, 2024, the Committee on Education and the Workforce (Committee) sent a letter to the University of Pennsylvania requesting 25 categories of documents relevant to its investigation into antisemitism on college campuses.  Decl. of David Gringer at 1 (Sept. 30, 2024), ECF No. 47-2.  Like Plaintiffs here, the *Fakhreddine* plaintiffs brought First Amendment claims against the university.  *Fakhreddine*, 2025 WL 345089, at *1–*2.  The court, however, held in *Fakhreddine* that the university was not a state actor because the Committee had not "coerced" the university into providing the records and because there was no "symbiotic relationship" between the university and the Committee as no tangible benefit flowed to the Committee.  *Id*. at *5–*6.  Those facts parallel the facts in this case.

Further, in *Budowich v. Pelosi*, the House Select Committee to Investigate the January 6th Attack on the United States Capitol issued a subpoena to JPMorgan Bank (JPMorgan) for records of plaintiff, Taylor Budowich.  610 F. Supp. 3d 1, 8–11 (D.D.C. 2022).  While the bank complied with the congressional subpoena, Mr. Budowich sued for the return of those documents, alleging various constitutional violations, including violations of his rights under the First Amendment.  *Id*.  The U.S. District Court for the District of Columbia rejected the First Amendment claim against JPMorgan, holding that "it is plain that JPMorgan did not engage in state action when it complied with the congressional subpoena.  For starters, it is worth noting that Plaintiff has cited no cases in which a bank or other private entity's compliance with a congressional subpoena constitutes state action for purposes of evaluating a constitutional claim." *Id*. at 19.  Here too, Plaintiffs have not cited a single case holding that a private entity becomes a state actor because it responds to a voluntary request for information from Congress.  *Budowich* also held that this was true under *any* standard for state action, and that this was a "common-sense conclusion" because "otherwise … all private parties that comply with a government subpoena would become state actors and thus be bound by the U.S. and state constitutions.  Such a sweeping holding could force subpoena recipients to choose between facing penalties (perhaps including contempt and criminal prosecution) for non-compliance or being sued for constitutional violations." *Id*. at 19–20.  Similarly, as Judge Boasberg stated in *Budowich*, Plaintiffs here "suppl[y] no compelling reason to adopt such a broad position, and [this] Court [should] decline[] to be the first to do so." *Id*. at 20.

## III.  Because Plaintiffs Currently Lack Standing, This Court Must Deny Their Pending TRO/PI Motion Prior to Any Amendment to the Complaint

Yesterday, Plaintiffs filed a notice with the Court seeking leave to file a Second Amended Complaint and taking the position that "the [TRO] should remain in place unless and until the Court decides otherwise based on the filings tomorrow afternoon *and the filing of the second amended complaint*." ECF No. 46 at 2 (emphasis added).  This proposed order of operations would not be consistent with this Court's jurisdiction and severely prejudice all Defendants.

At Tuesday's hearing, the Court recognized that Plaintiffs' operative complaint and motion for a TRO/PI are defective, stating "absent an amendment to the complaint, there is a basic problem in terms of the pleadings." Hearing Tr. at 17; *see also id.* at 21 ("what you just articulated is perhaps not reflected in the pleadings that have been submitted"). Accordingly, given the deficiencies in Plaintiffs' pleadings, the Court must first deny Plaintiffs' pending TRO/PI motion, and then, if "justice so requires," permit Plaintiffs to amend their complaint. Fed. R. Civ. P. 15(a)(2).

"Standing is a federal jurisdictional question 'determining the power of the court to entertain the suit.'" *Carver v. City of New York*, 621 F.3d 225, 225 (2d Cir. 2010) (quoting *Warth v. Seldin*, 422 U.S. 490, 499 (1975)). "When a preliminary injunction is sought, a plaintiff's burden to demonstrate standing will normally be no less than that required on a motion for summary judgment. Accordingly, to establish standing for a preliminary injunction, a plaintiff cannot rest on such mere allegations, [as would be appropriate at the pleading stage] but must set forth by affidavit or other evidence specific facts, which for purposes of the summary judgment motion will be taken to be true." *Cacchillo v. Insmed, Inc.*, 638 F.3d 401, 404 (2d Cir. 2011) (quotation marks and citation omitted).

Given that Plaintiffs have failed to make sufficient allegations to satisfy Article III standing requirements for the reasons identified by all Defendants and the Court, this Court currently lacks jurisdiction to entertain Plaintiffs' TRO/PI motion and to maintain its current injunction against Columbia. The Second Circuit's decision in *Do No Harm* is instructive. There, the district court not only denied a TRO/PI motion because the plaintiff failed to establish standing, but it dismissed the *entire case*. *Do No Harm*, 126 F.4th at 113–14. Although the Second Circuit reversed the dismissal of the entire case as "premature," it went on to explain that "even in cases where the plaintiff's failure to muster sufficient evidence to establish standing to secure a preliminary injunction arises from the plaintiff's failure to proffer sufficient evidence to establish standing, *the consequence of that failure is that the plaintiff isn't entitled to a preliminary injunction.*" *Id.* at 121–22 (emphasis added). Thus, the Court should deny Plaintiffs' Motion for a TRO/PI.

Permitting Plaintiffs to maintain their current TRO/PI motion because of their request to file a new complaint next week with new allegations assumes jurisdiction where there is currently none. Consider *Houle v. Wells Fargo, NA*, No. 23-cv-06634-FPG, 2023 WL 7497616 (W.D.N.Y. Nov. 13, 2023). There, the court explained that "the same day that Plaintiff filed his complaint, Plaintiff moved this Court for a temporary restraining order … the Court denied Plaintiff's motion because Plaintiff's complaint failed to adequately plead the existence of the Court's subject matter jurisdiction over this case, but noted that Plaintiff could amend his complaint to cure the jurisdictional defects identified in the Court's order." *Id*. at *1. The court's order explained that it was required to dismiss the TRO motion because under Fed. R. Civ. P. 12(h)(3), "[i]f the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action." Decision and Order at 2 (Nov. 13, 2023), ECF No. 3. Similarly, in *Greene v. Philadelphia Housing Authority*, a plaintiff filed for a TRO, and the court, recognizing that it first "must determine that it has jurisdiction before it can consider the merits of a motion," concluded that "[i]n the absence of a complaint requesting particular relief, and setting out the basis for jurisdiction, the Court lacks the jurisdiction to grant either a

3

temporary restraining order … or a preliminary injunction." 789 F. Supp. 582, 584–85 (E.D. Pa. 2011).

These cases stand for the proposition that "[a]bsent a properly-filed complaint, a court lacks power to issue preliminary injunctive relief." *Id*. (quoting *Powell v. Rios*, 241 Fed. App'x. 500, 505 n. 4 (10th Cir. 2007)). Indeed, the Second Circuit has held that "[a]lthough the filing of a complaint will not necessarily satisfy *other jurisdictional requirements*, it is certainly a necessary condition." *Stewart v. INS*, 762 F.2d 193, 199 (2d Cir. 1985) (emphasis added). In other words, Plaintiffs must meet all jurisdictional requirements (including filing a properly pleaded complaint) for the Court to have jurisdiction to issue an injunction. *See id.*; *see also In re Warrant Authorizing the Interception of Oral Commc'ns*, 673 F.2d 5, 7 (1st Cir. 1982); *Gometz v. Knox*, No. 07–cv–1734, 2007 WL 2986165, at *1 (D. Colo. Oct. 9, 2007); *Adair v. Eng.*, 193 F. Supp. 2d 196, 200 (D.D.C. 2002) (explaining that "if the motion raises issues different from those presented in the complaint, the court has no jurisdiction over the motion"). This makes sense because standing is jurisdictional. It follows that, if the complaint is deficient in establishing standing, the court lacks jurisdiction and cannot grant any motion. *See Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 101 (1998) (holding that Article III standing is "always an antecedent question," such that a court cannot "resolve contested questions of law when its jurisdiction is in doubt").

Furthermore, permitting Plaintiffs to amend their complaint prior to deciding the TRO/PI motion would risk prejudicing Defendants. Given that all Defendants have fully briefed their oppositions based on the existing complaint, Plaintiffs' filing of a new complaint would mean that the Court would have to order supplemental briefing from Defendants, or else Defendants would be "deprive[d] … of an opportunity to respond" to the new complaint. *Baker DC, LLC v. NLRB*, 102 F. Supp. 3d 194, 196 n.1 (D.D.C. 2015) (explaining that "a plaintiff may not cure a failure to meet its burden to establish irreparable harm" for a TRO/PI by amending a complaint and asserting new factual allegations in its reply brief).

Because the Court currently lacks jurisdiction over this matter, it should immediately deny Plaintiffs' TRO/PI motion and vacate its current injunction against Columbia. Only then should it decide whether Plaintiffs may file a second amended complaint. *Cf*. ECF No. 46 at 2. (describing Congressional and Executive Branch Defendants' position that they would consent to Plaintiffs filing a new complaint only if Plaintiffs first drop their current pending motion, "which is premised on a complaint that will soon no longer be operative.").

       Sincerely,

       */s/ Matthew Berry*
       Matthew Berry
       Lead Trial Counsel for Congressional Defendants