*U.S. Department of Justice*

*United States Attorney*
*Southern District of New York*

*86 Chambers Street*
*New York, New York 10007*

March 27, 2025

**By ECF**

The Honorable Arun Subramanian
United States District Judge
Southern District of New York
500 Pearl Street
New York, New York 10007

      Re:    *Khalil, et al. v. The Trustees of Columbia University in the City of New York, et al.*,
              No. 25 Civ. 2079 (AS)

Dear Judge Subramanian:

      The Executive Branch Defendants submit this letter in response to the Court's invitation. The Executive Branch Defendants write to make one point: For purposes of the present motion, it is important to focus upon what the Amended Complaint, Dkt. No. 13 ("Am. Compl."), actually alleges.

      The majority of the allegations related to the Executive Branch Defendants concern the March 13 Letter, and are located at paragraphs 56 to 71 of the Amended Complaint.  There, the Amended Complaint notes that three of the Executive Branch Defendant agencies announced a review of Columbia's grants and contracts on March 3 (*id.* ¶¶ 56-58); announced the pause or cancellation of roughly $400 million in grants and contracts on March 7 (*id.* ¶¶ 59-61); and issued the March 13 Letter, with the Amended Complaint citing and quoting its terms (*id.* ¶¶ 62-71).  The Executive Branch Defendants are otherwise barely mentioned in the Amended Complaint—and nowhere else mentioned besides the introduction and legal argument sections.  There, the Amended Complaint asserts, without more, that the Executive Branch Defendants are engaged in a campaign to "punish and suppress" a certain viewpoint (*id.* ¶¶ 1, 19, 106, 107, 114, 120); to "chill [] protected speech" (*id.* ¶¶ 2, 5, 114); to push a "political agenda" (*id.* ¶ 3); and finally, to broadly "investigat[e]" Columbia (*id.* ¶ 7).

      That is it.  This Court need not do anything more than hold these allegations inadequate to deny the pending motion for a temporary restraining order and preliminary injunction.  For starters, allegations alone are insufficient to warrant preliminary relief.  *See, e.g.*, *Cacchillo v. Insmed, Inc.*, 638 F.3d 401, 404 (2d Cir. 2011).  And in all events, these allegations are insufficient.  The allegations regarding the March 13 Letter do little more than state its terms (Am. Compl. ¶¶ 56-71); and the remaining assertions about motive are "conclusory," and cannot be credited as "well-pleaded" allegations.  *Ashcroft v. Iqbal*, 556 U.S. 662, 680-81 (2009).

      The Amended Complaint is thus a far cry from the one in *NRA v. Vullo*, which turned on concrete allegations of objective conduct that, taken as true, gave rise to a plausible First Amendment claim.  602 U.S. 175, 191-94 (2024) (cataloging specifics).  Zero such allegations are present here—Plaintiffs do not even try.  Indeed, Plaintiffs have instead sought to amend their

complaint a second time, in light of these defects. Whatever else can be said of that effort, it is a decisive admission that their current filings fall well short of meeting their present burden and justifying immediate injunctive relief.

The declarations only confirm as much. Without referencing any specifics, what is clear—as this Court observed at the March 25 hearing—is that none makes any effort to connect any party's protected speech with the policies contemplated in either the March 13 Letter or Columbia's March 21 response. As Plaintiffs' public temporary restraining order filing makes plain, all are instead focused on "disclosures" of personal information, like disciplinary records. *See* Dkt. No. 15 at 9-15. None of that involves the Executive Branch Defendants, or supports standing to bring this action against them. Nor does it come close to alleging the sort of "specific causation" required to satisfy Article III. *Murthy v. Missouri*, 603 U.S. 43, 59 (2024).

In short, the present filings before this Court are inadequate. This Court should deny the motion for extraordinary relief that is premised upon them.

                       Respectfully,

                       MATTHEW PODOLSKY
                       Acting United States Attorney for the
                       Southern District of New York

By:   */s/ Jeffrey Oestericher*
      JEFFREY OESTERICHER
      Assistant United States Attorney
      Tel.:   (212) 637-2695
      Email: jeffrey.oestericher@usdoj.gov

YAAKOV M. ROTH
Acting Assistant Attorney General
Civil Division