UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| MAHMOUD KHALIL et al., <br><br> Plaintiffs, <br><br> -against- <br><br> THE TRUSTEES OF COLUMBIA UNIVERSITY IN THE CITY OF NEW YORK et al., <br><br> Defendants. | 25-cv-2079 (AS) <br><br> ORDER |

ARUN SUBRAMANIAN, United States District Judge:

Plaintiffs are students who say the federal government has unlawfully coerced Columbia University to suppress their protected speech. They claim that the government investigated Columbia and threatened to cut off $400 million in funding to enlist the university in stifling political advocacy the government disfavors.

Shortly after filing their complaint, plaintiffs filed a motion for a temporary restraining order. Among other things, the motion seeks to prohibit the government from terminating Columbia's funding and to block Columbia from turning over any student records to Congress or taking the steps it announced two weeks ago to combat antisemitism on campus. But as plaintiffs all but conceded at last week's hearing, the current complaint and motion papers fail to address some threshold requirements they need to satisfy to obtain this wide-ranging relief.

For example, plaintiffs' submissions don't address their standing to challenge the government's March 13, 2025 letter threatening funding cuts or Columbia's response announcing measures to curb antisemitism. Plaintiffs don't address their risk of irreparable harm from those measures either. On standing, "[a] plaintiff must allege something more than an abstract, subjective fear that his rights are chilled in order to establish a case or controversy." *Nat'l Org. for Marriage, Inc. v. Walsh*, 714 F.3d 682, 689 (2d Cir. 2013). "But a real and imminent fear of such chilling is enough." *Id*. And to show irreparable harm "in instances where a plaintiff alleges injury from a rule or regulation that may only potentially affect speech, the plaintiff must establish a causal link between the injunction sought and the alleged injury, that is, the plaintiff must demonstrate that the injunction will prevent the feared deprivation of free speech rights." *Bronx Household of Faith v. Bd. of Educ. of City of New York*, 331 F.3d 342, 350 (2d Cir. 2003) (noting that "to establish a cognizable claim founded on the chilling of First Amendment rights, a party must articulate a 'specific present objective harm or a threat of specific future harm'" (quoting *Laird v. Tatum*, 408 U.S. 1, 14 (1972))).

On Columbia's disclosure of student records to Congress, the facts before the Court counsel against interim relief. As to student records turned over before this action was filed, plaintiffs can't enjoin what's already done. Columbia also represents that it scrubbed all personally identifying information from those records. *See* Dkt. 52 at 52:4–24. As to any further production of records, Columbia says it doesn't intend to produce any at the present time. And for their part, the Congressional defendants aren't currently asking for any further records. *Id.* at 34:17–20.

While there may be a risk that the Congressional defendants will publicize the records Columbia already supplied, these defendants claim immunity under the Constitution's Speech or Debate Clause. *See, e.g., Doe v. McMillan*, 412 U.S. 306, 312–13 (1973) ("Congressmen and their aides are immune from liability for their actions within the legislative sphere, even though their conduct, if performed in other than legislative contexts, would in itself be unconstitutional or otherwise contrary to criminal or civil statutes." (internal quotation marks and citations omitted)). Plaintiffs respond by citing cases holding that subpoenas to third parties may be quashed despite the Speech or Debate Clause's protections. But a motion to quash a subpoena doesn't expose members of Congress to liability; instead, it shields a third party from having to respond to a congressional inquiry. Here, plaintiffs seek relief against the Congressional defendants themselves and the Clause acts as a jurisdictional bar against such requests. *See Howard v. Off. of Chief Admin. Officer of U.S. House of Representatives*, 720 F.3d 939, 941 (D.C. Cir. 2013).

For these reasons, plaintiffs' motion for a temporary restraining order is denied. However, that denial is without prejudice. If plaintiffs can address the threshold issues identified here and in defendants' submissions, they may renew their motion. In the meantime, to give plaintiffs the opportunity to seek timely relief if necessary, Columbia will be required to notify plaintiffs and the Court thirty days before further student records (or students' identities in records already produced) are furnished to Congress.

Late last week, plaintiffs also moved to amend their complaint. A court should grant leave to amend "when justice so requires." Fed. R. Civ. P. 15(a)(2). Justice demands that here. If plaintiffs can overcome the hurdles defendants raise, this case raises serious questions as to whether two branches of government violated the First Amendment by leveraging the "'threat of invoking legal sanctions and other means of coercion . . . to achieve the suppression' of disfavored speech." *Nat'l Rifle Ass'n v. Vullo*, 602 U.S. 175, 189 (2024) (quoting *Bantam Books, Inc. v. Sullivan*, 372 U.S. 58, 67 (1963)).

## ORDER

Plaintiffs' motion for a temporary restraining order is DENIED without prejudice, and the Court's temporary injunction at Dkt. 20 is VACATED. At least thirty days before furnishing to Congress any student records, or students' identities in records already produced, the Columbia Defendants must advise the plaintiffs and Court of their intended production.

Plaintiffs' motion for leave to file an amended complaint is GRANTED. *See* Dkt. 46. The amended complaint must be filed on or before April 18, 2025. Defendants' motions to dismiss are due fourteen days after service of the amended complaint. The Court will decide whether discovery

will be stayed once the motions are filed. If and when discovery proceeds, it will be on an expedited basis.

    The Clerk of Court is respectfully directed to terminate the motions at Dkts. 15 and 16.

    SO ORDERED.

Dated: April 4, 2025
       New York, New York

_____
ARUN SUBRAMANIAN
United States District Judge
