

**CAIR Legal Defense Fund**
453 New Jersey Ave. S.E.
Washington, D.C. 20003
Tele 202-742-6420  Fax 202-379-3317
E-mail: ldf@cair.com  URL www.cair.com

The Chambers of the Honorable Judge Subramanian             *via ECF*
United States District Judge
Southern District of New York
500 Pearl Street, New York, NY 10007

Re: *Khalil, et. al. v. Trustees of Columbia University, et. al.,* 25-cv-02079.

Hon. Judge Subramanian:

Plaintiffs believe Columbia University's response to the Senate HELP Committee's March 26th requests is subject to the Court's 30-day notice procedure. Counsel for Plaintiffs and Columbia University conferred by email and phone on April 10th extensively and in good faith. But Columbia University is not willing to budge or negotiate on this. Unless the Court acts[1], Columbia will be providing "a narrative response to the HELP Committee's questions" later today. Dkt. 59 at 1.

The requests call for student record information on their face. Columbia University's letter confirms that they are responding. *See* Dkt. 59 at 1 ("Columbia's upcoming submission will provide a narrative response to the HELP Committee's questions"). Even if Columbia does not intend to provide individual student records, the potential answers to the inquiries could require information regarding students' and Plaintiffs' associations and memberships, both of which are part and parcel of students' records. This Court should apply the 30-day notice procedure established by the April 4th Order to Columbia University's response to allow time for parties to make their arguments and the Court to adjudicate the lawfulness of the requests and the lawfulness of Columbia's response—which may be at issue once Plaintiffs' Second Amended Complaint and renewed emergency motion is filed on April 18th.

Applying the Court's notice procedure to Columbia's response would serve the purpose the Court had when it issued its order. The April 4th order was not intended to decide any legal issues. Its aim was more humble: "to give plaintiffs the opportunity to seek timely relief." Dkt. 54 at 2. Plaintiffs seek that opportunity via the time the notice procedure set aside for doing so. *Id.* at 2-3 ("If plaintiffs can address the threshold issues identified here and in defendants' submissions, they may renew their motion"). Allowing Columbia to skirt the notice procedure on attorney-assurances alone—when even the University Defendants implicitly acknowledge that the March 26th requests are asking them to provide information subject to the Court's April 4th order—would thwart the objective the Court sought to achieve through its notice procedure.

Because those requests call for student record information directly, Columbia University's assurances through its attorneys that it is providing "a narrative response to the HELP Committee's

---

[1] Although it is the Senate Committee's March 26th request to Columbia that gave rise to this dispute, Plaintiffs only ask the Court to apply its April 4th notice procedure—which was limited to the University Defendants to begin with—to Columbia University.

**CAIR Legal Defense Fund**
453 New Jersey Ave. S.E.
Washington, D.C. 20003
Tele 202-742-6420  Fax 202-379-3317
E-mail: ldf@cair.com  URL www.cair.com

questions" is not evidence that it is complying with the Court's April 4th Order. Columbia's narrative response will include a "detailed account of incidents on Columbia's campus" involving a student group with which some Plaintiffs have had associations. *See* Dkt. 57-1 at 3-4 (requests 1, 3, 4, 6-8 all regard SJP). It will "summarize the steps Columbia has taken to investigate" an incident involving students who share Plaintiffs' views and their desire to express it. *Id.* at 4 (request 2 seeks information about a sit-in protesting the expulsion of two students for expressing pro-Palestine views). Even a "narrative response" to these questions would require Columbia University to extensively describe student records or, at the minimum, student associations.

In short, Plaintiffs' claims already put at issue the lawfulness of Columbia responding to the Senate Committee's March 26th requests, which seek the same kinds of information as the House Committee's February 13th requests. The Court has already given Plaintiffs the opportunity to update its complaint, at which point Plaintiffs can challenge Columbia's response to the Senate Committee's March 26th requests directly, in accordance with the schedule this Court has already established. With this context in mind, the Court should require Columbia, in responding to the Senate Committee's March 26th request, to follow the notice procedure it established in its April 4th order—which will allow the Court and the parties to resolve these complex legal disputes in an orderly manner.

Dated: April 11, 2025                                            Respectfully submitted,

/s/Gadeir Abbas
Gadeir Abbas
Nadia Bayado
CAIR Legal Defense Fund

/s/Amy Greer
Amy E. Greer (NY 5910179)
Dratel & Lewis

/s/Lamya Agarwala
Lamya Agarwala
Council on American-Islamic Relations –
New York

/s/Jonathan Wallace
Jonathan Wallace


*Counsel for Plaintiffs*