UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

MAHMOUD KHALIL, et al.,

       *Plaintiffs,*

   v.

TRUSTEES OF COLUMBIA UNIVERSITY
IN THE CITY OF NEW YORK, et al.,

       *Defendants.*

No. 1:25 Civ. 02079 (AS)

**STIPULATION AND PROTECTIVE ORDER**

ARUN SUBRAMANIAN, U.S.D.J.

  The parties having agreed to the following terms of confidentiality with respect to the pseudonymous Plaintiffs' personally identifiable information, as that term is defined in relation to the Family Educational Rights and Privacy Act, *see* 34 CFR § 99.3, and Identifying Material and Information, as defined below in paragraph 1, and the Court having found that good cause exists for issuance of an appropriately tailored protective order governing the pre-trial phase of this action, it is therefore hereby:

  **ORDERED** that any person subject to this Order—including without limitation the parties to this action, their representatives, agents, experts, consultants, all third parties providing discovery in this action, and all other interested persons with actual or constructive notice of this Order—shall adhere to the following terms, upon pain of contempt:

  1.  Any person subject to this Order who receives from any other person any "Identifying Material" (to wit, documents filed by Plaintiffs *ex parte* and under seal in support of their Motion for Temporary Restraining Order and Preliminary Injunction in the above-captioned case, docketed at ECF 16 and attachments, as well as any and all future filings made under seal because they contain personally identifiable information concerning the Plaintiffs who are

pseudonymous) shall not disclose such Identifying Material, or any personally identifiable information contained therein, including affiliation or membership with any particular association, group, or coalition (collectively with Identifying Material, "Identifying Information"), to anyone else, including Defendants, except as expressly permitted hereunder.

2. With respect to deposition transcripts and exhibits, a producing person or that person's counsel may indicate on the record that a question calls for Identifying Information, in which case the transcript of the designated testimony shall be bound in a separate volume and marked "Identifying Information Governed by Protective Order" by the reporter.

3. No person subject to this Order other than the producing person shall disclose any of the Identifying Information to any other person, entity, or organization whatsoever, except to those individuals set forth below, each of whose name shall be provided under seal to this Court (and all counsel appearing in the case) prior to disclosure of Identifying Information to that individual:

   a. No more than ten counsel and support staff retained for or assigned to this action by Defendant Trustees of Columbia University in the City of New York ("Columbia"), including any paralegal, clerical, or other support staff employed by such counsel and assigned to this matter, as well as no more than two counsel employed by Columbia's Office of General Counsel and assigned to this matter, provided each such person has first executed a Non-Disclosure Agreement in the form annexed as an Exhibit hereto and provided it under seal to counsel and the Court;

   b. No more than seven government counsel and support staff who have been assigned to this action on behalf of the Federal Agency Defendants, including any paralegal, clerical, or other support staff employed by such counsel and assigned to this matter, provided each such person has first executed a Non-Disclosure Agreement in the form annexed as an Exhibit hereto and provided it under seal to counsel and the Court;

   c. No more than seven government counsel and support staff who have been assigned to this action on behalf of the United States House of Representatives Defendants, including any paralegal, clerical, or other support staff employed by such counsel and assigned to this matter, provided each such person has first executed a Non-

        Disclosure Agreement in the form annexed as an Exhibit hereto and provided it under seal to counsel and the Court; and,

    d. the Court and its support personnel.

4. Defendants will act in good faith to keep to a minimum the number of attorneys and support staff with access to Identifying Information for the purposes of defending this action. In the event that the limits set forth above in Paragraph 3 inhibit any Defendant's ability to litigate this case, the Defendant may request that the limit be raised following the procedures in Paragraph 5 of the Court's Individual Practices in Civil Cases.

5. All Identifying Information filed with the Court, and all portions of pleadings, motions or other papers filed with the Court that disclose such Identifying Information, shall be filed under seal and kept under seal until further order of the Court. The parties will use their best efforts to minimize such sealing. In any event, any party filing a motion or any other papers with the Court under seal shall also publicly file a redacted copy of the same (except a non-disclosure agreement attached hereto as Exhibit A), via the Court's Electronic Case Filing system, that redacts only the Identifying Information itself, and not text that in no material way reveals the Identifying Information.

6. Each person who has access to Identifying Information shall take all due precautions to prevent the unauthorized or inadvertent disclosure of such information.

7. This Protective Order shall survive the termination of the litigation. Within 30 days of the final disposition of this action, all Identifying Information, and all copies thereof, shall be promptly returned to the producing person, or, upon permission of the producing person, destroyed.

8. This Court shall retain jurisdiction over all persons subject to this Order to the extent necessary to enforce any obligations arising hereunder or to impose sanctions for any contempt thereof.

**SO STIPULATED AND AGREED.**

*Counsel for Plaintiffs*:

/s/ Amy E. Greer

Dated: May 13, 2025

*Counsel for Defendants Trustees of Columbia University in the City of New York and Claire Shipman*:

/s/ Marshall L. Miller

Dated: May 13, 2025

*Counsel for Defendants Committee on Education and Workforce, U.S. House of Representatives and Tim Walberg*:

/s/ Matthew Berry

May 13, 2025
Dated:

*Counsel for Defendants Pam Bondi, Linda McMahon, Leo Terrell, Sean Keveney, and Josh Gruenbaum*:

/s/ Jeffrey Oestericher

Dated: May 13, 2025

**SO ORDERED.**

_____
ARUN SUBRAMANIAN, U.S.D.J.

Dated: May 14, 2025
   New York, New York

4

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| MAHMOUD KHALIL, et al.,<br><br>                     *Plaintiffs,*<br><br>         v.<br><br>TRUSTEES OF COLUMBIA UNIVERSITY IN THE CITY OF NEW YORK, et al.,<br><br>                     *Defendants.* | No. 1:25 Civ. 02079 (AS)<br><br>**NON-DISCLOSURE AGREEMENT** |

      I ,_____, acknowledge that I have read and understand the Protective Order in this action governing the non-disclosure of Identifying Information, as defined in Paragraph 1 of that Order. I agree that I will not disclose such Identifying Information to anyone other than to those individuals who are obligated under the Protective Order in this action and executed a Non-Disclosure Agreement, and only for purposes of this litigation, and that at the conclusion of the litigation I will return all Identifying Information to the party or attorney from whom I received it. By acknowledging these obligations under the Protective Order, I understand that I am submitting myself to the jurisdiction of the United States District Court for the Southern District of New York for the purpose of any issue or dispute arising hereunder and that my willful violation of any term of the Protective Order could subject me to punishment for contempt of Court.

Dated: _____             _____