UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

|  |  |
|---|---|
| MAHMOUD KHALIL, *et al.,*<br><br>            Plaintiffs,<br><br>            v.<br><br>THE TRUSTEES OF COLUMBIA<br>UNIVERSITY IN THE CITY OF NEW YORK, *et al.*,<br><br>            Defendants. | No. 25 Civ. 2079 (AS) |

**DECLARATION OF JOSH GRUENBAUM IN SUPPORT OF DEFENDANTS' MOTION TO DISMISS**

I, Josh Gruenbaum, pursuant to 28 U.S.C. § 1746, declare under penalty of perjury as follows:

1. I am the Commissioner of the Federal Acquisition Service ("FAS") at the General Services Administration ("GSA") headquartered in Washington, D.C. I make this declaration based on my own personal knowledge, information contained in the records of GSA, and information provided to me by GSA employees or other federal government employees. I have served in my current position since January 2025.

2. GSA serves as the acquisition and procurement arm of the federal government, offering equipment, supplies, telecommunications, and integrated information technology solutions to federal agencies. GSA maintains information regarding federal government contracting actions in multiple databases, including the Federal Procurement Data System ("FPDS"), which feeds into a database available at USASpending.gov.

3. In my role at GSA, I am responsible for overseeing FAS programs to assist other federal agencies in acquiring goods and services in areas such as technology, travel, and motor

vehicle management. I assist in ensuring that these procurement actions comply with federal law and provide the best value for the government and the American people

4. On January 29, 2025, President Trump issued Executive Order 14188, "Additional Measures to Combat Anti-Semitism," instructing federal government agencies to combat anti-Semitism vigorously, using all available appropriate legal tools, particularly with regard to harassment at schools and on university and college campuses.

5. On or about February 3, 2025, I was named as a member of a Federal Task Force to Combat Anti-Semitism (the "Task Force"), coordinated through the Department of Justice's ("DOJ") Civil Rights Division, and including members of other Federal agencies such as the U.S. Department of Education ("ED") and the U.S. Department of Health and Human Services ("HHS").

6. On March 3, 2025, I issued a Memorandum to Columbia's then Interim President, Dr. Katrina Armstrong, and the Co-Chairs at the time of Columbia's Board of Trustees, David Greenwald and Claire Shipman. A true and correct copy of that Memorandum is attached as Exhibit A.

7. This Memorandum included a list of contracts between the federal government and Columbia for which "the Federal Government [was] ready to work with each appropriate contracting agency on the potential issuance of Stop Work Orders." This list was compiled based on information found on USASpending.gov. The Memorandum asserted the Federal Government's right to terminate for convenience any of these contracts at any time during the period of performance.

8. As an expert in facilitating Federal procurements, GSA, on behalf of the Task Force, identified these contracts between the Federal Government and Columbia as potentially

2

Docusign Envelope ID: 86DA4B61-8FE8-47C4-BB7A-66419F955328

suitable for termination. None of the contracts listed in the March 3, 2025, letter to Columbia were between GSA and Columbia.

9.      On March 7, 2025, DOJ, HHS, ED, and GSA issued a press release announcing the immediate cancellation of approximately $400 million in federal grants and contracts to Columbia. The press release stated that GSA would assist other agencies in issuing stop work orders and terminations for contracts held by Columbia.

10.     Since March 3, 2025, my understanding is that at least 19 Government contracts with Columbia have been terminated by Federal agencies. None of the cancelled contracts were GSA contracts. Each contracting Federal agency made its own determination as to whether to cancel funding for each contract based on agency priorities. For the contracts that were terminated, my understanding is that these contracts were terminated for convenience in light of Columbia University's insufficient response to antisemitism at the University, and they were not terminated pursuant to Title VI of the Civil Rights Act.

11.     Per Section 49.101 of the FAR, Federal agency contracting officers have authority to terminate contracts for convenience when it is in the Government's interest. Under the so-called "Christian Doctrine," *G.L. Christian & Associates v. United States*, 312 F.2d 418 (Ct. Cl. 1963), certain mandatory contract clauses, including the termination for convenience clause, are incorporated by law into government contracts, even if not explicitly included in the contract itself. Where a contract is terminated for convenience, the contractor may nevertheless be entitled to some amount of costs. The Court of Federal Claims is responsible for adjudicating disputes over allowable costs.

12.     The Task Force's negotiations with Columbia regarding Federal funding are ongoing and could potentially result in restoration of at least some of the terminated funding.

I declare under penalty of perjury that the foregoing is true and correct.

Dated: Washington, DC
       May 22, 2025

Signed by:

_gruenbaum, josh_

2E0F9ABC0FC249F...

_____

JOSH GRUENBAUM