UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| Mahmoud Khalil, et al., *Plaintiffs,* v. Columbia University and the Trustees of Columbia University, et al., *Defendants.* | No. 1:25-cv-02079-AS |

**[Proposed] Order on Plaintiffs Motion for Preliminary Injunction**

Plaintiffs' Motion for Preliminary Injunction came for hearing on _____, 2025. Plaintiffs' Motion challenges the conduct of X ("Agency Defendants") as violative of both their First Amendment rights and the requirements of the Administrative Procedure Act. Plaintiffs' Motion also challenges the related conduct of X ("Columbia Defendants") as violative of the First Amendment. Plaintiffs' Motion challenges the conduct of X ("Committee Defendants") as violative of their rights under the First Amendment. The Court considered the moving papers, opposing papers, and reply papers of the parties appearing on the motion. Plaintiffs' Motion for preliminary relief is now granted as follows:

**A. Prohibitions on Further Viewpoint-Based Coercion in Pausing, Withholding, or Terminating Federal Grants and/or Funding.**

(1) Agency Defendants shall refrain from terminating or freezing—or threatening to terminate or freeze—any federal grants to Columbia as a mechanism to coerce Columbia to change its internal policies that in turn harshly and inappropriately discipline or punish its students on the basis of their First Amendment protected speech and associations because of the specific viewpoint they hold and express.

(2) The prohibitions in this Order do not prevent Agency Defendants from using lawful and statutorily required channels to cancel any federal grants or funding based on any legitimate violations of the University's obligations under the law or for normal business purposes.

**B. Restrictions on Agency Defendants**

(3) To effectuate A(1), Agency Defendants shall not demand that Columbia adopt a definition of anti-Semitism that infringes upon the First Amendment, as does both the IHRA definition and the newly adopted Columbia definition.  Agency Defendants shall not require, threaten, or economically coerce Columbia to discipline or otherwise punish students based on any such unconstitutionally restrictive definition.

(4) Agency Defendants shall not demand that Columbia adopt a rule prohibiting students from masking at protests or requiring student protestors to disclose their names to campus officials at events. Agency Defendants shall not require, threaten, or economically coerce Columbia to enforce these identity disclosure requirements.

**C. Prohibitions on the Columbia Defendants.**

(5) Columbia Defendants are enjoined from using the definition of anti-Semitism adopted on March 21, 2025, for law enforcement or discipline, or any unconstitutionally restrictive definition of anti-Semitism. That includes a prohibition on stopping, arresting, investigating, or disciplining any student based solely on First Amendment protected political expressions about Israel and Palestine.

(6) Columbia Defendants are enjoined from enforcing the rule Columbia adopted on March 21, 2025, requiring student protestors to identify themselves to campus officials at expressive events. That includes a prohibition on stopping, arresting, investigating, or disciplining any student

based solely on their refusal to identify themselves during protests that otherwise comply with University rules.

(7) Columbia Defendants are enjoined from providing the Committee further records responsive to the February 13 letter.

(8) Columbia Defendants are enjoined from providing Congress student records, absent a lawfully issued subpoena or court order.

**Prohibitions on the Committee Defendants.**

(9) The Committee's February 13 letter is enjoined. The Committee does not have the right to demand from Columbia individual or associational student disciplinary records responsive to the February 13 letter.

(10) The Committee is enjoined from demanding that Columbia turn over individual student disciplinary records or organizational disciplinary records that contain unredacted student names and other forms of personally identifiable information.

(11) The Committee is enjoined from publishing, releasing, or otherwise disclosing to the public or any third party in any way any and all personally identifiable information, including names, membership rolls, addresses, or otherwise easily identifiable information contained in any of the individual or organizational student disciplinary records it has received or will receive in response to the February 13 letter.