**Hecker Fink LLP**

NEW YORK | WASHINGTON, DC | LOS ANGELES

350 FIFTH AVENUE | 63RD FLOOR
NEW YORK, NEW YORK 10118

TEL (212) 763-0883 | FAX (212) 564-0883
WWW.HECKERFINK.COM

DIRECT EMAIL:   mmiller@heckerfink.com

July 23, 2025

**BY ECF**

The Honorable Arun Subramanian
United States District Court
Southern District of New York
Daniel Patrick Moynihan U.S. Courthouse
500 Pearl St.
New York, NY 10007-1312

              Re:    *Mahmoud Khalil, et al. v. Columbia University, et al.*,
                     No. 25-cv-02079-AS (S.D.N.Y.)

Dear Judge Subramanian:

      We write on behalf of Defendants Trustees of Columbia University in the City of New York and Acting President Claire Shipman (together, "Columbia" or "the University") to provide the Court and the parties with an update concerning recent developments. As Columbia has previously noted, the University has continued to engage in discussions with the Agency Defendants about restoring federal funds that have been cut and resolving regulatory inquiries. ECF 118 at 25-26; ECF 123 at 2. Those negotiations have culminated in an agreement (the "Agreement"),[1] announced this evening, a copy of which can be found here and the key terms of which are described here.[2] *See also* Exhibit A.

      Nothing in the Agreement affects Columbia's arguments that Plaintiffs' claims against Columbia should be dismissed. None of the Agreement's provisions modify the policy initiatives that Plaintiffs seek to enjoin, and so the Agreement does nothing to bolster Plaintiffs' arguments that they have standing. *See* ECF 84 at 15-22; ECF 118 at 5-20. Nor does the Agreement transform Columbia into a state actor. Although the Agreement resolves certain regulatory inquiries, it constitutes a private agreement between the University and the federal government, compliance with which is to be overseen by a privately appointed monitor. *See United States v. Int'l Bhd. of Teamsters*, 941 F.2d 1292, 1297 (2d Cir. 1991) ("[G]overnmental oversight of a private institution does not convert the institution's decisions into those of the State, as long as the decision in question is based on the institution's independent assessment of its own policies and needs."). It is

---

[1] https://president.columbia.edu/sites/default/files/content/July%202025%20Announcement/Columbia%20University%20Resolution%20Agreement.pdf.

[2] https://president.columbia.edu/content/our-resolution-federal-government.

Hecker Fink LLP

2

well-established in this Circuit that even the actions of a court-appointed monitor to oversee the terms of a consent decree with the government are not state action. *See id.* at 1296-97 (2d Cir. 1991); *see also, e.g.*, *United States v. Dist. Council of N.Y.C.*, No. 90 Civ. 5722, 2015 WL 5916738, at *10-11 (S.D.N.Y. Oct. 7, 2015) ("It is well settled that the actions of an officer appointed by a federal district court to oversee the implementation of a union consent decree do not constitute 'state action' for constitutional purposes."); *United States v. Mason Tenders Dist. Council of Greater N.Y.*, No. 94 Civ. 6487, 1998 WL 23214, at *7 (S.D.N.Y. Jan. 13, 1998) (same). These principles carry even greater force here, where the Agreement is not subject to court enforcement and the monitor is to be privately appointed. *See, e.g.*, *Orellana v. Macy's Retail Holdings, Inc.*, No. 17 Civ. 5192, 2018 WL 3368716, at *18-19 (S.D.N.Y. July 10, 2018) ("If the actions of a *court* appointed security monitor are not state action, then *a fortiori* neither are the actions of . . . a monitor appointed by the *monitored party* . . . [or] the *monitored party* itself." (emphases in original)). Finally, nothing in the Agreement impacts § 440 of the Rules of University Conduct, the primary basis for Plaintiffs' breach of contract claims.

Columbia is prepared to provide supplemental briefing on these issues if it would benefit the Court.

Respectfully submitted,

*/s/ Marshall L. Miller*

Marshall L. Miller