UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| Mahmoud Khalil, et al.,<br><br>   *Plaintiffs,*<br>v.<br><br>Columbia University and the Trustees of Columbia University, et al.,<br><br>   *Defendants.* | No. 1:25-cv-02079-AS |

**[Proposed] Order on Plaintiffs Motion for Preliminary Injunction**

Plaintiffs' Motion for Preliminary Injunction came for hearing on _____, 2025. Plaintiffs' Motion challenges the conduct of X ("Agency Defendants") as violative of both their First Amendment rights and the requirements of the Administrative Procedure Act. Plaintiffs' Motion also challenges the related conduct of X ("Columbia Defendants") as violative of the First Amendment. Plaintiffs' Motion challenges the conduct of X ("Committee Defendants") as violative of their rights under the First Amendment. The Court considered the moving papers, opposing papers, and reply papers of the parties appearing on the motion. Plaintiffs' Motion for preliminary relief is now granted as follows:

**A. Prohibitions on Further Viewpoint-Based Coercion in Pausing, Withholding, or Terminating Federal Grants and/or Funding.**

(1) Agency Defendants shall refrain from terminating or freezing—or threatening to terminate or freeze—any federal grants to Columbia as a mechanism to coerce Columbia to discipline or punish its students on the basis of their First Amendment protected speech and political expression critical of the State of Israel.

(2) The prohibitions in this Order do not prevent Agency Defendants from using lawful and statutorily required channels to cancel any federal grants or funding based on any legitimate violations of the University's obligations under Title VI.

**B. Restrictions on Agency Defendants' Coercive Enforcement.**

(3) To effectuate A(1), Agency Defendants shall not demand that Columbia enforce a definition of antisemitism that infringes upon the First Amendment, as does both the IHRA definition and the previously adopted Columbia Taskforce definition. Agency Defendants shall not require, threaten, economically coerce, or otherwise obligate Columbia to discipline or otherwise punish students based on any such unconstitutionally restrictive definition—either via the Resolution Agreement or by any other means.

**C. Prohibitions on the Columbia Defendants' Regulation of Student Speech & Expression.**

(4) Columbia Defendants are preliminarily enjoined from using the IHRA definition of antisemitism adopted on July 15, 2025, and the Taskforce definition of antisemitism adopted on or around March 21, 2025, or any unconstitutionally restrictive definition of antisemitism for law enforcement or discipline. That includes a prohibition on stopping, arresting, investigating, or disciplining any student based solely on First Amendment protected political expressions about Israel and Palestine.

**D. Prohibitions on the Committee Defendants & Columbia Defendants Regarding Student Records.**

(5) The Committee Defendants are preliminarily enjoined from: (a) public disclosure of any individual and associational Columbia student records and/or the contents therein disclosed pursuant to the February 13, 2025, Letter; or (b) disclosure to non-legislative third parties.

(6) Columbia Defendants are enjoined from providing the Committee further

student records responsive to the February 13 letter.

(7) Columbia Defendants are enjoined from providing Congress individual student records or organizational disciplinary records related to anti-Israel or pro-Palestine related speech, absent a lawfully issued subpoena or court order.

(8) At least thirty days before furnishing to Congress any student records, or students' identities in records already produced, the Columbia Defendants must continue to advise the Plaintiffs and Court of their intended production to ensure compliance with this Order. *See* ECF No. 54.