UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

MAHMOUD KHALIL, *et al.,*

                Plaintiffs,

      v.

THE TRUSTEES OF COLUMBIA
UNIVERSITY IN THE CITY OF NEW YORK,
*et al.*,

                Defendants.

No. 25 Civ. 2079 (AS)

## EXECUTIVE BRANCH DEFENDANTS' SUR-REPLY MEMORANDUM OF LAW IN OPPOSITION TO PLAINTIFFS' MOTION FOR A PRELIMINARY INJUNCTION

JAY CLAYTON
United States Attorney for the
Southern District of New York
86 Chambers Street, 3rd Floor
New York, New York 10007
Tel.:   (212) 637-2691
*Attorney for Executive Branch Defendants*

BRETT SHUMATE
Assistant Attorney General
Civil Division

ALLISON M. ROVNER
*Assistant United States Attorney*
     - Of Counsel -

# TABLE OF CONTENTS

**PAGE**

PRELIMINARY STATEMENT ................................................................................................1

ARGUMENT ........................................................................................................................1

    I.      Plaintiffs Are Unlikely to Succeed on Any of Their Claims ...................................1

            A.      This Court Lacks Subject Matter Jurisdiction ..............................................1

                    1.      Plaintiffs Have Not Adequately Established Standing ....................1

                    2.      The Tucker Act Bars Plaintiffs from Bringing Their Claims Against the Executive Branch Defendants in this Court .................4

                    3.      Plaintiffs' APA Claims Are Unreviewable.....................................5

            B.      Plaintiffs Have Failed to State or Show a Likelihood of Success on the Merits of Their First Amendment or APA Claims .....................................7

                    1.      Plaintiffs' First Amendment Claim Fails........................................7

                    2.      Plaintiffs' APA Claims Fail .............................................................9

    II.     Plaintiffs Have Failed to Make Any Showing of Irreparable Harm or Satisfy the Other Preliminary Injunction Factors .............................................................10

CONCLUSION...................................................................................................................11

## TABLE OF AUTHORITIES

**CASES**                                                                                    **PAGE(s)**

*American Association of University Professors v. United States Dep't of Just.,*
    No. 25 Civ. 2429 (MKV), 2025 WL 1684817 (S.D.N.Y. June 16, 2025),
      *appeal filed* at 25-1529 (2d Cir.)............................................................... 4, 9, 11

*Atterbury v. U.S. Marshals Serv.,*
    805 F.3d 398 (2d Cir. 2015) ........................................................................ 5

*Bd. of Educ. for Silver Consol. Sch. v. McMahon,*
    No. 25 Civ. 586 (WJ-GBW), --- F. Supp. 3d ----, 2025 WL 2017177
    (D.N.M. July 18, 2025)................................................................................ 7

*Bennett v. Spear,*
    520 U.S. 154 (1997)..................................................................................... 6

*Bronx Household of Faith v. Bd. of Educ. of City of New York,*
    331 F.3d 342 (2d Cir. 2003) ...................................................................... 10

*Cerame v. Slack,*
    123 F.4th 72 (2d Cir. 2024) ......................................................................... 2

*Clapper v. Amnesty Int'l USA,*
    568 U.S. 398 (2013)..................................................................................... 3

*Elk Run Coal Co. v. U.S. Dep't of Labor,*
    804 F. Supp. 2d 8 (D.D.C. 2011) ............................................................... 6

*Laird v. Tatum,*
    408 U.S. 1 (1972)....................................................................................... 10

*Martin-Trigona v. Shiff,*
    702 F.2d 380 (2d Cir. 1983) ........................................................................ 5

*Murthy v. Missouri,*
    603 U.S. 43 (2024)................................................................................... 3, 4

*Picard v. Magliano,*
    42 F.4th 89 (2d Cir. 2022) ........................................................................... 3

*Presidential Gardens Assocs. v. U.S. ex rel. Sec'y of HUD.,*
    175 F.3d 132 (2d Cir. 1999) ........................................................................ 5

*TechnoMarine SA v. Giftports, Inc.*,
    758 F.3d 493 (2d Cir. 2014) ........................................................................................ 7

**STATUTES**

5 U.S.C. § 706(2)(A) ...................................................................................................... 9

**REGULATIONS**

2 C.F.R. § 200.340 ......................................................................................................... 5

## PRELIMINARY STATEMENT

The Executive Branch Defendants submit this sur-reply memorandum of law in further opposition to Plaintiffs' Motion for a Preliminary Injunction, Dkt. No. 99. On July 23, 2025, prior to the recent submission of Plaintiffs' Reply in Support of Plaintiffs' Motion for a Preliminary Injunction, Dkt. No. 133 ("Pls.' PI Reply"), the Government and Columbia reached an agreement that resolved issues between them relating to Columbia's response to antisemitism on its campus and restored HHS grant funding to Columbia ("Resolution Agreement"). Plaintiffs now limit their motion for a preliminary injunction to one issue—the definition of antisemitism adopted by Columbia. However, that definition appears nowhere in the Resolution Agreement, nor was it demanded by the Government's March 13 Letter setting forth preconditions for negotiations to restore the funding.

These recent events make even more clear that this Court lacks subject matter jurisdiction over Plaintiffs' claims against the Executive Branch Defendants due to Plaintiffs' lack of standing to pursue their claims and because these claims belong in the Court of Federal Claims pursuant to the Tucker Act. Further, Plaintiffs have failed to sufficiently allege that the Executive Branch Defendants violated their First Amendment rights or state valid claims under the Administrative Procedure Act ("APA"). The Court should therefore deny Plaintiffs' request for a preliminary injunction and dismiss their claims.

## ARGUMENT

**I.    Plaintiffs Are Unlikely to Succeed on Any of Their Claims**

**A.    This Court Lacks Subject Matter Jurisdiction**

**1.    Plaintiffs Have Not Adequately Established Standing**

Contrary to Plaintiffs' contentions, *see* Pls.' PI Reply 9-14, they lack pre-enforcement standing to challenge in this action what they characterize as an "Israel-specific speech code"

adopted by Columbia. *See* Dkt. No. 116, PI Opp. & MTD Reply 2-7. Under the governing standard, Plaintiffs must show "(1) an intention to engage in a course of conduct arguably affected with a constitutional interest; (2) that the intended conduct is arguably proscribed by the challenged regulation; and (3) that there exists a credible threat of prosecution thereunder that is sufficiently imminent." *Cerame v. Slack*, 123 F.4th 72, 81 (2d Cir. 2024) (citation and internal quotation marks omitted). Plaintiffs fall well short of meeting this standard.

First, Plaintiffs have failed to sufficiently assert that they intend to engage in conduct arguably proscribed by rules implemented by Columbia in response to any coercion by the Executive Branch Defendants, or that they face a credible, sufficiently imminent threat of discipline. *See* Pls.' PI Reply 9-12. Although Columbia recently announced that its Office of Institutional Equity will incorporate the International Holocaust Remembrance Alliance ("IHRA") definition of antisemitism into its Anti-Discrimination and Discriminatory Harassment Policies & Procedures for Students, *see* Dkt. No. 123, Plaintiffs' assertions that the Government required Columbia to adopt that definition, *see* Pls.' PI Reply 1, 3-5, are unsupported. Notably, the IHRA definition is not included in the Resolution Agreement, Dkt. No. 124 (citing https://president.columbia.edu/sites/default/files/content/July%202025%20Announcement/Columbia%20University%20Resolution%20Agreement.pdf), nor is it required by the March 13 Letter.

Further, only two of the Plaintiffs assert—in identical and vague statements—that they have engaged or intend to engage in speech they think is proscribed by the IHRA definition. *See* Dkt. No. 101-8, Koe Decl., ¶ 10; Dkt. No. 101-10, Moe Decl. ¶ 18.[1] However, Columbia has indicated that it does not intend to apply the definition to past speech. *See* Dkt. No. 118, Columbia

---

[1] One of these plaintiffs has presumably already graduated from Columbia based on the anticipated graduation date stated in the declaration. *See* Moe Decl. ¶ 1.

PI Opp. & MTD Reply 14. To the extent these Plaintiffs intend to suggest that they plan to engage in speech contrary to the IHRA definition on campus in the future, *see, e.g.*, Koe Decl. ¶ 3, Moe Decl. ¶ 3, their nearly identical statements are too sparse, vague, and cursory to establish a credible threat of discipline. Similarly, to the extent other Plaintiffs suggest that they feel chilled from discussing the Palestinian cause or criticizing Israel generally, *see, e.g.*, Soe Decl. ¶ 29, this type of speech does not appear to be arguably proscribed by the IHRA definition; therefore, Plaintiffs' interpretation that it is proscribed is not reasonable. *See* Dkt. No. 123 (citing https://president.columbia.edu/news/our-additional-commitments-combatting-antisemitism); *Picard v. Magliano*, 42 F.4th 89, 98-99 (2d Cir. 2022). Thus, contrary to Plaintiffs' contentions, Pls.' PI Reply 9-12, they have not shown that they face a credible, imminent threat of discipline from any definition of antisemitism implemented by Columbia in response to any coercion by the Executive Branch Defendants.

Plaintiffs have also failed to establish the two other required elements of standing— causation and redressability. *See Murthy v. Missouri*, 603 U.S. 43, 57 (2024); *Clapper v. Amnesty Int'l USA*, 568 U.S. 398, 409 (2013). As an initial matter, Plaintiffs incorrectly assert that "[w]here the government applies funding pressure on a third party to violate plaintiffs' civil rights, Article III causation and redressability against the government are established *per se*." *See* Pls.' PI Reply 12-13. The cases they cite, *see id.*, held no such thing, but rather addressed causation and redressability, and found them to exist. Here, by contrast, Plaintiffs have not shown that the Executive Branch Defendants caused Columbia to adopt the IHRA definition of antisemitism or that an injunction against the Executive Branch Defendants would result in the University abandoning the definition.

Moreover, Plaintiffs' alleged injuries are not redressable by the relief they seek from the Court. For instance, Plaintiffs' revised proposed order, Dkt. No. 133-1, asks the Court to prohibit the Executive Branch Defendants from terminating or freezing, or threatening to terminate or freeze, any grants to Columbia as a mechanism to discipline or punish speech "critical of" Israel. However, Plaintiffs do not seriously allege or provide evidence supporting an assertion that granting this relief would remedy their alleged harms by allowing them to engage in speech that might be deemed by the University to be discriminatory.

Finally, Plaintiffs' attempt to distinguish the recent *AAUP* decision is unavailing. *See* Pls.' PI Reply 13-14; *American Association of University Professors v. United States Dep't of Just. ("AAUP")*, No. 25 Civ. 2429 (MKV), 2025 WL 1684817 (S.D.N.Y. June 16, 2025), *appeal filed* at 25-1529 (2d Cir.). That case involved the same funding pause at issue here, and similar allegations regarding "alleged chilling of . . . speech and academic freedom." *See id.* at *13. There, the district court concluded, among other things, that the plaintiffs did not have standing because they had not shown "that Columbia's actions were merely the 'predictable' response to the demands of the executive agency defendants." *Id.* at 14 (quoting *Murthy*, 603 U.S. at 58). This Court should conclude likewise and dismiss this case as against the Executive Branch Defendants due to lack of standing.

### 2.    The Tucker Act Bars Plaintiffs from Bringing Their Claims Against the Executive Branch Defendants in this Court

For the reasons discussed in the Executive Branch Defendants' prior briefs, this Court lacks subject matter jurisdiction over Plaintiffs' claims against the Executive Branch Defendants pursuant to the Tucker Act.  *See* MTD Br. 15-21; PI Opp. & MTD Reply Br. 7-12.

Plaintiffs' reply brief makes no attempt to refute the Executive Branch Defendants' discussion of the most relevant legal authorities relating to the Tucker Act. *See* Pls.' PI Reply 16-

17; PI Opp. & MTD Reply 9-10. Nor does it address the Executive Branch Defendants' argument that Plaintiffs' own filings establish that what they seek is restoration of funding—funding which stems from the Government's contractual relationship with Columbia and has now been mostly restored. *See* Pls.' PI Reply 16-17; MTD Br. 15-21; PI Opp. & MTD Reply Br. 7-12; Dkt. No. 124-1; Resolution Agreement. Therefore, both the source of the rights and remedies sought are "in essence . . . contract claim[s] over which the Court of Federal Claims has exclusive jurisdiction." *See Atterbury v. U.S. Marshals Serv.*, 805 F.3d 398, 406 (2d Cir. 2015) (citations and internal quotation marks omitted); *cf. Presidential Gardens Assocs. v. U.S. ex rel. Sec'y of HUD.*, 175 F.3d 132, 141-44 (2d Cir. 1999) (concluding that Court of Federal Claims had jurisdiction to "resolve all issues arising from . . . dispute" over a settlement agreement).[2]

The Court should therefore dismiss all claims against the Executive Branch Defendants as barred by the Tucker Act.

### 3.    Plaintiffs' APA Claims Are Unreviewable

Plaintiffs' APA claims fail because they have not adequately challenged any final agency action.

First, to the extent Plaintiffs still challenge as final agency action what they characterize as the "prior funding freeze," Plaintiffs have failed to explain how claims relating to a "prior funding freeze" are not moot, given the "recent restoration of grant funding" by HHS. *See* Pls.' PI Reply 14-15, 29; *see also, e.g.*, Dkt. No. 124-1; Resolution Agreement; *Martin-Trigona v. Shiff*, 702 F.2d 380, 386 (2d Cir. 1983) ("The hallmark of a moot case or controversy is that the relief sought can

---

[2] Plaintiffs' reference to 2 C.F.R. § 200.340 is unavailing. *See* Pls.' PI Reply 17. As discussed in the Executive Branch Defendants' prior filings, § 200.340 is a term and condition of the notice of award, reinforcing the contractual nature of Plaintiffs' claims. *See* Dkt. No. 88, Lorsch Decl. ¶ 11; MTD Br. 17-18.

no longer be given or is no longer needed."). In light of Plaintiffs' failure to explain how these claims are still viable, the Court should dismiss them.

Second, for the reasons explained in the Executive Branch Defendants' prior brief, *see* PI Opp. & MTD Reply 13-16, the March 13 Letter does not constitute final agency action. *See Bennett v. Spear*, 520 U.S. 154, 177-78 (1997). Plaintiffs fail to meaningfully address the arguments raised by the Executive Branch Defendants on this issue, instead merely citing to an out-of-circuit decision with facts unlike those here. *See* Pls.' PI Reply 13-15. Moreover, recent events—namely, the Resolution Agreement that restored grant funding to Columbia—further support the Executive Branch Defendants' argument that the March 13 Letter was merely part of the negotiation process between the Government and Columbia, and did not mark the consummation of the Government's decisionmaking process or determine the rights of Plaintiffs. *See id.* Accordingly, the March 13 Letter does not constitute final agency action.

Finally, the Court should reject Plaintiffs' vague and unsupported contentions that the Resolution Agreement is a final agency action. *See* Pls.' PI Reply 14-16. It is Plaintiffs' burden to identify with specificity the discrete final agency action that they challenge. *See Elk Run Coal Co. v. U.S. Dep't of Labor*, 804 F. Supp. 2d 8, 31 (D.D.C. 2011). Plaintiffs have not done that here. Plaintiffs fail to explain how the Resolution Agreement constitutes a final agency action, which of its specific provisions they challenge and the bases for challenging them, or what specific relief they seek relating to the Resolution Agreement. Indeed, Plaintiffs' sole complaint in their most recent brief—Columbia's definition of antisemitism—appears nowhere in the Resolution Agreement. Nor have Plaintiffs sought to amend their complaint to state any claims relating to the Resolution Agreement. And given that the Resolution Agreement does not include the definition of antisemitism that appears to be the basis of Plaintiffs' preliminary injunction motion, as well as

the history of this case (in which the Court already granted Plaintiffs leave to amend their complaint of which Plaintiffs availed themselves, Dkt Nos. 54, 62, as well as the fact that Plaintiffs did not request leave to further amend their complaint after the issuance of the Resolution Agreement and before filing their most recent brief), the Court should conclude that further amendment would be futile. *See e.g.*, *TechnoMarine SA v. Giftports, Inc.*, 758 F.3d 493, 505-06 (2d Cir. 2014) (discussing when amending complaint is futile).

Accordingly, the Court should dismiss Plaintiffs' APA claims for failing to sufficiently challenge final agency action.[3]

### B.    Plaintiffs Have Failed to State or Show a Likelihood of Success on the Merits of Their First Amendment or APA Claims

#### 1.    Plaintiffs' First Amendment Claim Fails

Recognizing the flaws in their prior position, Plaintiffs' preliminary injunction motion now only asserts one alleged First Amendment violation—Columbia's adoption of an antisemitism definition. Pls.' PI Reply 29-30. But, even as to this remaining allegation, Plaintiffs cannot show a likelihood of success on the merits as they fail to cite a single piece of evidence supporting that the Executive Branch Defendants coerced Columbia to adopt the IHRA antisemitism definition (or the 2024 Columbia Taskforce definition).

Citing Columbia's announcement of the Resolution Agreement, Plaintiffs advance the unsupported assertion that the University adopted "the *exact* unconstitutional definition of antisemitism the Trump Administration has demanded in exchange for a restoration of hundreds

---

[3] In addition, as discussed in the Executive Branch Defendants' prior briefs, the Government's funding determinations are unreviewable because they are committed to the agencies' discretion. *See* MTD Br. 22-23; PI Opp. & MTD Reply 12-13; *see also, e.g.*, *Bd. of Educ. for Silver Consol. Sch. v. McMahon*, No. 25 Civ. 586 (WJ-GBW), --- F. Supp. 3d ----, 2025 WL 2017177, at *11 (D.N.M. July 18, 2025) (holding that decision not to renew funding based on what was in the Government's best interest was committed to the agency's discretion).

of millions in university funding." *Id*. at 4 (citing Dkt. No. 124-1 at 2). But Plaintiffs ignore that Columbia's announcement nowhere states that the Government demanded the adoption of the IHRA definition. *See* Dkt. No. 124-1. In fact, the announcement states that Columbia's adoption of the IHRA definition was part of a separately announced "set of additional institutional actions." *Id*. at 2.

Tellingly, the Resolution Agreement itself does not mention the IHRA definition (or any other antisemitism definition), let alone require or demand its adoption. This is fatal to Plaintiffs' argument as the Resolution Agreement "represents the entire agreement of the Parties . . . and supersedes all prior agreements and understanding of the Parties" with respect to the restoration of terminated grants. *Id*. ¶¶ 6-7. Further, as previously discussed, Plaintiffs cite no evidence that the Executive Branch Defendants demanded Columbia adopt any specific definition of antisemitism. *See* MTD Br. 24; PI Opp. & MTD Reply 16-18.[4]

In addition, Columbia's use of the IHRA definition does not violate the First Amendment. The cases cited by Plaintiffs, Pls.' PI Reply 1, are readily distinguishable as they all involved challenges to or use of a federal or state law or policy. That is not the case here. Columbia is a private university enacting its own anti-discrimination policy. Further, the University's Anti-Discrimination Policy "continues to provide that it may not be construed 'to abridge academic freedom, principles of free speech, or the University's educational mission,' and it continues to require a highly-fact intensive 'totality of the circumstances' analysis in determining whether a policy violation has occurred." Dkt. No. 123 at 2. In part because of this totality of the

---

[4] Indeed, to the extent any demand was made in the March 13 Letter regarding the definition of antisemitism, it specifically states that the definition should only address anti-Zionist discrimination against Jews to the extent "*unrelated* to Israel or [the] Middle East." March 13 Letter at 2 (emphasis added). Plaintiffs never address this language.

circumstances analysis, and as Columbia previously explained, its "Anti-Discrimination Policy is not a 'speech code' that 'restricts expressive activity on its face.'" Columbia Defs.' PI Opp & MTD Reply 15-16.

>    2.    **Plaintiffs' APA Claims Fail**

The Court should also deny Plaintiffs' motion for a preliminary injunction and dismiss Plaintiffs' APA claims because Plaintiffs have failed to sufficiently allege these claims. *See* MTD Br. 28-29; PI Opp. & MTD Reply 21-23.

First, the Court should dismiss Plaintiffs' procedural APA claim. Plaintiffs state that they "seek leave to withdraw their Motion for Preliminary Injunction as to Title VI, as a result of Agency Defendants' recent restoration of grant funding to the Columbia Defendants," but nevertheless assert that this claim "merit[s] discovery." Pls.' PI Reply 29. Plaintiffs have entirely failed to explain why the Court should not dismiss their procedural APA claim or why this claim is not now moot, at least against HHS, in light of the Government's "recent restoration of grant funding" by HHS to Columbia. The Court should therefore dismiss this claim. *See also AAUP*, 2025 WL 1684817, at *15 (indicating that the plaintiffs were unlikely to succeed on their procedural APA claim).

Plaintiffs similarly fail to address the Executive Branch Defendants' arguments that Plaintiffs have failed to sufficiently allege, and are unlikely to succeed on the merits of, their substantive APA claim relating to the paused funding or March 13 Letter. *See* PI Opp. & MTD Reply 22-23. Nor have Plaintiffs addressed how their claim relating to terminated funding by HHS that has since been restored is still viable or challenged any specific aspect of the Resolution Agreement as "arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law," *see* 5 U.S.C. § 706(2)(A). Accordingly, the Court should deny Plaintiffs' request for a preliminary injunction with respect to their substantive APA claim and dismiss this claim.

9

## II.    Plaintiffs Have Failed to Make Any Showing of Irreparable Harm or Satisfy the Other Preliminary Injunction Factors

Plaintiffs fail to satisfy the remaining preliminary injunction factors. Critically, Plaintiffs make no attempt to show they will be irreparably harmed absent the requested injunction, instead incorrectly stating that they do not have to make this showing. *See* Pls.' PI Reply 30. As this Court stated in its order denying Plaintiffs' motion for a temporary restraining order, to show irreparable harm "in instances where a plaintiff alleges injury from a rule or regulation that may only potentially affect speech, the plaintiff must establish a causal link between the injunction sought and the alleged injury, that is, the plaintiff must demonstrate that the injunction will prevent the feared deprivation of free speech rights." Order, Dkt. No. 54 at 1 (quoting *Bronx Household of Faith v. Bd. of Educ. of City of New York*, 331 F.3d 342, 350 (2d Cir. 2003) (internal quotation marks omitted)). Thus, "to establish a cognizable claim founded on the chilling of First Amendment rights, a party must articulate a 'specific present objective harm or a threat of specific future harm.'" *Id.* (quoting *Laird v. Tatum*, 408 U.S. 1, 14 (1972)).

As discussed *supra* at sections I.A.1 and I.B.1 and in the Executive Branch Defendants' prior brief, PI Opp. & MTD Reply 24, Plaintiffs have failed to demonstrate irreparable harm in the form of an actual or imminent loss of First Amendment freedoms caused by the Executive Branch Defendants. They also do not sufficiently tie their allegations of harm to the relief they seek against the Executive Branch Defendants in their revised proposed preliminary injunction order, Dkt. No. 133-1. Indeed, Plaintiffs note the "recent restoration of grant funding" to Columbia, *see* Pls.' PI Reply 29, and have offered nothing other than vague, conclusory, and unsupported assertions that the definition of antisemitism Columbia chose to adopt was a result of the Executive Branch Defendants' actions. Nor have Plaintiffs offered any explanation regarding why they delayed in filing a motion for a preliminary injunction, despite all Defendants raising this issue in their

respective briefs. *See* PI Opp. & MTD 24 n.14; Dkt. No. 118, Columbia Defs.' PI Opp. & MTD Reply 28-29; Dkt. No. 115, Congressional Defs.' PI Opp. 6.

Plaintiffs also fail to address how the equities and public interest weigh in their favor, *see* Pls.' PI Reply 30, and in fact, both weigh strongly against issuing a preliminary injunction, *see* PI Opp & MTD Reply 25. For the reasons discussed in the Executive Branch Defendants' prior brief, Plaintiffs have made no showing that the Executive Branch Defendants infringed on their First Amendment rights, and an injunction is not in the public interest, as Plaintiffs are seeking to hamstring the executive branch from lawfully effectuating policy decisions. *See AAUP*, 2025 WL 1684817, at *14 (rejecting the plaintiffs' arguments regarding the public interest and equities).

Accordingly, the remaining factors also favor the Executive Branch Defendants.

## CONCLUSION

For the foregoing reasons, the Court should deny Plaintiffs' motion for a preliminary injunction and should dismiss the claims in Plaintiffs' Second Amended Complaint as against the Executive Branch Defendants.

Dated: New York, New York
       August 6, 2025

                                Respectfully submitted,

                                JAY CLAYTON
                                United States Attorney for the
                                Southern District of New York
                                *Attorney for Executive Branch Defendants*

By:      */s/ Allison M. Rovner*
                                ALLISON M. ROVNER
                                Assistant United States Attorney
                                86 Chambers Street, 3rd Floor
                                New York, New York 10007
                                Tel: (212) 637-2691

                                BRETT SHUMATE
                                Assistant Attorney General
                                Civil Division

## CERTIFICATE OF COMPLIANCE

Pursuant to Local Civil Rule 7.1(c), the undersigned counsel hereby certifies that this memorandum complies with the word-count limitation of this Court's Local Civil Rules. As measured by the word processing system used to prepare it, this memorandum contains 3,343 words.

*/s/ Allison M. Rovner*
Assistant United States Attorney