U.S. Department of Justice

*United States Attorney*
*Southern District of New York*

*86 Chambers Street*
*New York, New York 10007*

August 25, 2025

**BY ECF**
The Honorable Arun Subramanian
United States District Judge
500 Pearl Street, Courtroom 15A
New York, New York 10007

      Re:    *Khalil, et al. v. The Trustees of Columbia University in the City of New York, et al.*, 25 Civ. 2079 (AS)

Dear Judge Subramanian:

      I write respectfully on behalf of the Executive Branch Defendants to respond to Plaintiffs' August 22, 2025, letter regarding the Supreme Court's recent decision in *National Institutes of Health ("NIH") v. American Public Health Association*, --- S. Ct. ----, 2025 WL 2415669 (Aug. 21, 2025). *See* ECF No. 146.

      Contrary to Plaintiffs' contentions, that decision is not helpful to their case. Rather, it provides additional support for the government's position. In *NIH*, the government sought a stay pending appeal of the district court's orders declaring unlawful and vacating NIH's grant terminations and internal guidance documents regarding policy priorities relating to funding. *Id.* at *1 (Barrett, J., concurring). The Supreme Court granted the stay request with respect to the portions of the district court's orders declaring unlawful and vacating the grant terminations, concluding that those claims belong in the Court of Federal Claims pursuant to the Tucker Act, 28 U.S.C. § 1491(a)(1). *Id.* at *1. In reaching this conclusion, the Court reaffirmed its holding in *Dep't of Educ. v. California*, 145 S. Ct. 966 (2025) that "[t]he Administrative Procedure Act's 'limited waiver of [sovereign] immunity' does not provide the District Court with jurisdiction to adjudicate claims 'based on' the research-related grants or to order relief designed to enforce any 'obligation to pay money' pursuant to those grants." *Id.* (citing *California*, 145 S. Ct. at 968).

      The Court denied the stay request with respect to the portions of the district court's orders declaring unlawful and vacating NIH's internal guidance documents. *Id.* at *1. A majority of the Court was of the view that these claims were properly brought in district court under the APA, although the rationale for this conclusion was not contained in a majority opinion. *See id.* at *1-3, 7. That holding is irrelevant here as Plaintiffs are not challenging internal guidance documents, but rather, are challenging paused and terminated funding that has now been almost entirely restored, a letter sent by the government to Columbia as part of a settlement negotiation process,

The Honorable Arun Subramanian
August 25, 2025
Page 2

and the government's settlement agreement with Columbia that restored the vast majority of the funding.  *See* ECF No. 133 at 13-16, 29; ECF No. 136 at 5-7.

      Finally, the Supreme Court in *NIH* did not, as Plaintiffs claim, "den[]y [a] request to stay a preliminary injunction that enjoined the federal government from *future* unlawful grant cancellations."  *See* ECF No. 146 at 1 (emphasis in original).  Although that issue was not addressed in the *NIH* district court's orders and therefore not before the Supreme Court, the Court's statement that the district court lacked jurisdiction to "adjudicate claims 'based on' the research-related grants or to order relief designed to enforce any 'obligation to pay money' pursuant to those grants" implies, at a minimum, that a district court would indeed lack jurisdiction over claims relating to future grant terminations.  *See NIH*, 2025 WL 2415669 at *1; *American Public Health Association v. NIH*, 25 Civ. 10787 (D. Mass.), ECF No. 138 at 1-3 (district court's order); *Massachusetts v. Kennedy*, 25 Civ. 10814 (D. Mass.), ECF No. 151 at 1-2 (district court's order).  Moreover, in *California*, the Court did address that very issue and granted a stay of a district court order that both required the government to restore terminated grants and enjoined the government from unlawfully terminating grants in the future, on the basis that the district court lacked jurisdiction over such claims.  *See California*, 145 S. Ct. at 968; *California v. Dept. of Educ.*, 25 Civ. 10548 (D. Mass.), ECF No. 41 at 9-10 (temporary restraining order).

      We thank the Court for its consideration of this letter.

                              Respectfully submitted,

                              JAY CLAYTON
                              United States Attorney for the
                              Southern District of New York

By:   /s/ Allison M. Rovner
      ALLISON M. ROVNER
      Assistant United States Attorney
      86 Chambers Street, Third Floor
      New York, New York 10007
      Tel.: (212) 637-2691
      Email: allison.rovner@usdoj.gov

cc:     Counsel of Record (by ECF)