# MAIN STREET LEGAL SERVICES

September 4, 2025

**BY ECF**

The Honorable Arun Subramanian
United States District Judge
Southern District of New York
500 Pearl Street
New York, New York 10007

      Re: Second Notice of Recent Authority in *Khalil, v. Columbia*, 25-cv-02079 (AS)

Dear Judge Subramanian:

      Plaintiffs write to inform this Court of a recent decision from the District of Massachusetts filed yesterday—September 4, 2025. *See President and Fellows of Harvard College. v. U.S. Dep't of Health and Human Services*, ___ F.Supp.3d ___, *available at* 2025 WL 2528380 (D. Mass. Sept. 3, 2025).

      Plaintiffs respectfully request that this Court take notice of the recent decision as it relates directly to the resolution of the motions currently pending before this Court. *See* Dkts. 85, 99; *see also* Dkts. 102, 133, 142. The District of Massachusetts ordered as follows:

      1.    <u>First Amendment/Substantive APA Claims Belong in District Court.</u> The Court held that Plaintiffs' First Amendment claims related to coercive grant cancellation belong in district court. *Harvard College*, 2025 WL 2528380, at *13 ("the Supreme Court's prior decision in *California*, involved only arbitrary and capricious claims brought under § 706(2)(A) […] Plaintiffs here have also brought and seek summary judgment on APA claims based on the First Amendment […] given the nature of the First Amendment claims […] these claims do not belong in the Court of Federal Claims").

      2.    <u>Threats to Freeze Grants are Final Agency Action</u>. The Court held that agency demand letters related to grant terminations constitute final agency action under the APA. *Id.* at *20 ("the plain text of the April 14 and May 5 Letters communicates that consequences will be very shortly forthcoming"); *see id.* ("both freeze orders constituted final agency action such that they are reviewable under the APA").

      3.    <u>Funding Threats to Suppress Third-Party Speech Violate the First Amendment</u>. The Court granted summary judgment finding that agency demands that seek to enforce viewpoint discrimination with economic consequences violate the First Amendment. *Id.* at *27 ("via the April 11 Letter, Defendants unconstitutionally sought to force Harvard to better manifest the government's favored worldview. To do so, Defendants […] urged and threatened Harvard […] to make choices that better aligned with the government's preferred viewpoints […] using this type of coercion to suppress speech, third-party or otherwise, is not permissible").

MAIN STREET
LEGAL SERVICES

4.  <u>Chilling of Speech via Coercion is Redressable Injury-in-Fact</u>. The Court found that organizational plaintiffs had standing to sue on behalf of individual members who were chilled in their expressive activities as a result of government economic coercion. *Id.* at \*17 ("the record reflects that Defendants' viewpoint-based demands have resulted in […] members being well beyond subjectively chilled […] members have been and likely will continue to be compelled to forgo certain research and discussion topics"); *id.* at \*15 (rejecting redressability argument that "any asserted harms must flow from independent choices made by the nonparty educational institution" because "third parties will likely react in predictable ways that in turn will likely injure the plaintiffs") (internal quotations omitted).

5.  <u>Federal Agencies Violated Title VI Grant Procedures</u>. The Court held that federal agencies violated Title VI by failing to take any of the statutory steps prior to summarily cancelling federal grants. *Id.* at \*28 ("Even accepting the premise that invoking 2 C.F.R. § 200.340(a)(4) at the last moment was not a post hoc attempt to remedy the failure to follow Title VI's procedures, the argument that this regulation authorizes Defendants' conduct is, at best, circular […] The agency priority identified in the Termination Letters is, almost uniformly, Harvard's purported failure to combat antisemitism").[1]

***

We thank the Court for its consideration of this letter.

Respectfully submitted,

/s/ Zal K. Shroff
Zal K. Shroff
Amy E. Greer
Gadeir Abbas
Nadia Bayado
Lamya Agarwala
Jonathan Wallace
Maria Kari

*Attorneys for Plaintiffs*

---

[1] Plaintiffs note that this particular holding from the District of Massachusetts pertains only to resolution of the Agency Defendants' pending Motion to Dismiss. *See* Dkt. 102, at 25; *see also* Dkt. 133, at 35 ("Plaintiffs […] withdraw their Motion for Preliminary Injunction as to Title VI, as a result of Agency Defendants' recent restoration of grant funding to the Columbia Defendants"). All other holdings pertain directly to the issues still before this Court in resolving Plaintiffs' pending Motion for Preliminary Injunction. *See* Dkts. 133, 133-1, 142.