

*U.S. Department of Justice*

*United States Attorney*
*Southern District of New York*

---

*86 Chambers Street*
*New York, New York 10007*

September 5, 2025

**BY ECF**
The Honorable Arun Subramanian
United States District Judge
500 Pearl Street, Courtroom 15A
New York, New York 10007

      Re:    *Khalil, et al. v. The Trustees of Columbia University in the City of New York, et al.*, 25 Civ. 2079 (AS)

Dear Judge Subramanian:

      I write respectfully on behalf of the Executive Branch Defendants to respond to Plaintiffs' September 4, 2025, letter regarding the out-of-circuit district court decision in *President & Fellows of Harvard College ("Harvard") v. United States Department of Health and Human Services*, No. 25 Civ. 10910, --- F. Supp. 3d ----, 2025 WL 2528380 (D. Mass. Sept. 3, 2025). *See* ECF No. 148. For the reasons explained below, although the government views the district court's decision as erroneous, the factual circumstances of the Harvard cases are distinct from this case, rendering the decision of limited persuasive value here.

      First, with respect to the Tucker Act, 28 U.S.C. § 1491(a)(1), the district court held that pursuant to the recent Supreme Court's decision in *National Institutes of Health ("NIH") v. American Public Health Association*, --- S. Ct. ----, 2025 WL 2415669 (Aug. 21, 2025), "it lacks jurisdiction over the arbitrary and capricious [*i.e.*, APA] claims as they pertain to the Termination Letters [*i.e.*, letters terminating the grants], and that any such claim based on the grant terminations must be brought in the Court of Federal Claims." *Harvard*, 2025 WL 2528380, at *12. However, the district court held that it had jurisdiction over First Amendment and Title VI claims pertaining to letters announcing a freeze of the funds for Harvard's failure to comply with certain demands ("Freeze Orders") and the subsequent Termination Letters, as well as APA claims challenging the Freeze Orders, which the district court viewed as akin to the guidance documents over which the Supreme Court in *NIH* concluded that the district court had jurisdiction. *Id.* at *12-14.[1] For the reasons explained in their prior briefs, the Executive Branch Defendants respectfully submit that

---

[1] In reaching this conclusion, the district court criticized the Supreme Court's decisions in *NIH* and *Department of Education v. California*, 145 S. Ct. 966 (2025), recognized that it may be erring under Supreme Court precedent, and echoed some of Justice Jackson's dissenting opinion in *NIH*. *Harvard*, 2025 WL 2528380, at *12-14 & n.9-10.

The Honorable Arun Subramanian
September 5, 2025
Page 2

all of Plaintiffs' claims here sound in contract and are therefore barred by the Tucker Act. *See* ECF Nos. 86 at 15-21, 116 at 7-12, 136 at 4-5. Further, unlike in *Harvard*, Plaintiffs here are not challenging any Freeze Order, but rather are challenging Termination Letters for grants that have now been almost entirely restored through a resolution agreement with Columbia University ("Columbia").

Second, with respect to standing, the district court held that plaintiffs consisting of unions of professors and other Harvard employees had standing, including with respect to their First Amendment claims relating to chilled speech based on the record before it. *Harvard*, 2025 WL 2528380, at *17. Here, by contrast, for the reasons explained in the Executive Branch Defendants' prior briefs, Plaintiffs have not sufficiently asserted subjective chill of their speech, let alone that any chill was caused by the Executive Branch Defendants' conduct and is redressable by the relief they seek against the Executive Branch Defendants. *See* ECF Nos. 116 at 2-7, 136 at 2-3.

Third, the district court's decision granting the plaintiffs' summary judgment with respect to their First Amendment claims, *Harvard*, 2025 WL 2528380, at *21-28, is inapposite here, for the reasons discussed in the Executive Branch Defendants' prior briefs. *See* ECF Nos. 86 at 23-28, 116 at 16-21, 136 at 7-9. For instance, Plaintiffs focus their First Amendment challenge on the definition of antisemitism adopted by Columbia, but they offer no support for their assertions that the Executive Branch Defendants coerced that definition—an assertion which is refuted by Columbia itself. *See* ECF Nos. 86 at 24, 116 at 16- 21, 136 at 7-8. Further, the Executive Branch Defendants have not engaged in viewpoint discrimination. *See, e.g.*, ECF No. 136 at 8-9 & n.4.

Finally, with respect to the APA, the district court did not, as Plaintiffs claim, hold that "[t]hreats to [f]reeze [g]rants are [f]inal [a]gency [a]ction." *See* ECF No. 148. Rather, the district court held that the Freeze Orders, which announced freezes of the grants, constituted final agency action. *See Havard*, 2025 WL 2528380, at *20-21. Plaintiffs here have failed to explain how claims relating to a "prior funding freeze," when the funding by HHS has been restored, are not moot. *See* ECF No. 136 at 5-6. The other actions Plaintiffs challenge—a letter setting forth conditions as part of the settlement negotiation process and the resolution agreement restoring the funding—are not addressed by the *Harvard* decision, and this Court should conclude that they are not final agency actions for the reasons set forth in the Executive Branch Defendants' prior briefing. *See* ECF Nos. 116, at 13-16, 136 at 6-7. Regarding the district court's holdings on the merits of the plaintiffs' APA claims, the Executive Branch Defendants respectfully refer the Court to their prior briefing and note that Plaintiffs have failed to address how APA claims relating to terminated funding by HHS that has been restored are viable. *See* ECF Nos. 86 at 28-29, 116 at 21-23, 136 at 9.

The Honorable Arun Subramanian
September 5, 2025
Page 3

      We thank the Court for its consideration of this letter.

                    Respectfully submitted,

                    JAY CLAYTON
                    United States Attorney for the
                    Southern District of New York

By:    <u>/s/ Allison M. Rovner</u>
        ALLISON M. ROVNER
        Assistant United States Attorney
        86 Chambers Street, Third Floor
        New York, New York 10007
        Tel.: (212) 637-2691
        Email: allison.rovner@usdoj.gov

cc:      Counsel of Record (by ECF)