LAW OFFICES OF
## DRATEL & LEWIS

29 BROADWAY
Suite 1412
NEW YORK, NEW YORK 10006
—
TELEPHONE (212) 732-0707
FACSIMILE (212) 571-3792
E-MAIL: agreer@dratellewis.com

JOSHUA L. DRATEL
LINDSAY A. LEWIS                                                                ACHARA AMY SCHRODER
—                                                                                    *Paralegal*
AMY E. GREER
JACOB EISENMANN

October 2, 2025

**BY ECF**

The Honorable Arun Subramanian
United States District Judge
Southern District of New York
500 Pearl Street
New York, New York 10007

Re: *Khalil, et al. v. Trustees of Columbia University*,
     25 Civ. 02079 (AS)

Dear Judge Subramanian:

Plaintiffs write to inform this Court of a recent decision from the District of Massachusetts filed two days ago—September 30, 2025. *See American Association of University Professors, et. al. v. Rubio*, No. 1:25-cv-10685-WGY, 2025 WL 2777659 (D. Mass. Sept. 30, 2025) *("AAUP")*.

Plaintiffs respectfully request that this Court take notice of the recent decision as it relates directly to the resolution of the motions currently pending before this Court. *See* Dkts. 85, 99. *See also* Dkts. 102, 133, 142. The most relevant components of the District of Massachusetts' Opinion are as follows:

1. **The Trump Administration intends to silence pro-Palestinian speech in violation of the First Amendment:** The Court held that the Trump Administration, in targeting, arresting, and detaining Mr. Khalil and numerous other non-citizens, had the *"*the goal of tamping down pro-Palestinian student protests and terrorizing similarly situated non-citizen (and other) pro-Palestinians into silence because their views were unwelcome." *AAUP*, 2025 WL 2777659, at *39. The Court held that these decisions violated the First Amendment. *Id.*, at *41 ("Secretaries Noem and Rubio have intentionally and in concert implemented Executive Orders in [...] a viewpoint-discriminatory way to chill protected speech. This conduct violated the First

1

Amendment."); *id.* at *49 (officials "wished to staunch public protest related to Israel's treatment of Palestinians, including the President's campaign promise that he would put an end to the student protests"); *id.* at *49 ("Evidence introduced at trial also showed that the Public Officials consistently referred to campus protests related to Palestine as per se "pro-Hamas"); *id.* at *50 ("the enforcement policy adopted by the Public Officials to implement the President's Executive Orders are intentionally viewpoint-discriminatory, and thus violate the First Amendment").

2. **Recent Federal Policies That Purport to Regulate Anti-Semitism Are Actually a Pretext for Political Suppression in Violation of the First Amendment.** The Court held that "the Executive Orders articulate a kind of harassment policy, singling out particular kinds of speech." *Id.* at *41 n.34; *see also id.* ("a pair of Executive Orders that, although couched in a concern for hateful ideologies, antisemitism, and antisemitic harassment, and accompanied by appropriate disclaimers as to the lawfulness of any actions taken pursuant to them, in fact incorporated a definition of antisemitism that encompassed protected political speech, and, by means of intentionally discriminatory enforcement procedures implementing them, led to the singling out of pro-Palestine and anti-Israel speech for a campaign of speech-chilling retribution").

3. **The IHRA Definition of Anti-Semitism Violates the First Amendment**: The Court held that "Plaintiffs […] here have proved, a discrete practice of targeting pro-Palestine and anti-Israel speech, which arose from a kind of intentional ratcheting-up of the Executive Orders' instruction to target antisemitic harassment and violence, while referencing a definition of antisemitism that includes protected speech such as comparing Israel's policies to those of the Nazis." *Id.*, at *48. The Court also noted that "[c]riticisms of the State of Israel are not anti-Semitism, they're political speech, protected speech. Even strong, . . . vile criticisms of the State of Israel and its policies are protected speech." *Id.* at *12 n.17, *citing* https://www.state.gov/defining-antisemitism/ ("The Department of State has used a working definition, along with examples, of antisemitism […] of the International Holocaust Remembrance Alliance").[1]

*     *     *

---

[1] This is yet another court that has held the same regarding the IHRA definition of antisemitism. *See* ECF 101 at 13-14; ECF 133 at 7.

We thank the Court for its consideration of this letter.

                                                  Respectfully submitted,

                                                  /s/ Amy E. Greer
                                                  Amy E. Greer

                                                  Gadeir Abbas
                                                  Lamya Agarwala
                                                  Nadia Bayado
                                                  Maria Kari
                                                  Zal K. Shroff
                                                  Jonathan Wallace

                                                  *Attorneys for Plaintiffs*