# Hecker Fink LLP

NEW YORK | WASHINGTON, DC | LOS ANGELES

350 FIFTH AVENUE | 63RD FLOOR
NEW YORK, NEW YORK 10118

TEL (212) 763-0883 | FAX (212) 564-0883
WWW.HECKERFINK.COM

DIRECT EMAIL:    mmiller@heckerfink.com

November 4, 2025

**BY ECF**

The Honorable Arun Subramanian
United States District Court
Southern District of New York
Daniel Patrick Moynihan U.S. Courthouse
500 Pearl St.
New York, NY 10007-1312

     Re: *Mahmoud Khalil, et al. v. Columbia University, et al.*,
       No. 25-cv-02079-AS (S.D.N.Y.)

Dear Judge Subramanian:

  We write on behalf of Defendants Trustees of Columbia University in the City of New York and Acting President Claire Shipman (together, "Columbia" or "the University") in response to Plaintiffs' October 29, 2025 letter. ECF 152.

  Contrary to Plaintiffs' arguments, the First Circuit's decision in *Stand With US Center for Legal Justice v. Massachusetts Institute of Technology* ("*MIT*"), — F.4th —, No. 24-1800, 2025 WL 2962665 (1st Cir. Oct. 21, 2025), does not help Plaintiffs. That case involved claims brought under Title VI of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000d *et seq.*, not the First Amendment, as were the claims by Plaintiffs here. In fact, the First Circuit reiterated that private universities, like Columbia, are not bound by the First Amendment, consistent with Columbia's position. *See MIT*, 2025 WL 2962665, at *8 ("As a private institution, MIT could choose to curtail political speech by its students without First Amendment scrutiny." (citing *United Bhd. of Carpenters, Loc. 610 v. Scott*, 463 U.S. 825, 831-33 (1983))).

  Although the First Circuit concluded that the plaintiffs' particular allegations did not "permit the inference that in these specific circumstances the protestors' strident criticisms of Israel were driven by antisemitism," the court recognized that its enforcement of free speech principles "is not to say that anti-Zionism is never wielded as a tool of the antisemite." *Id.* at *11. Indeed, the court observed that in some circumstances, "'[f]rom the river to the sea, Palestine will be free' graffiti on a bathroom stall" could "be used, among other evidence, to show antisemitic motivation." *Id.* (quoting *Gartenberg v. Cooper Union for the Advancement of Sci. & Art*, 765 F. Supp. 3d 245, 269 (S.D.N.Y. 2025)). Nothing in this reasoning is inconsistent with the highly fact-intensive, totality-of-the-circumstances analysis required under Columbia's Anti-Discrimination

Policy, pursuant to which Columbia evaluates reports of discrimination or discriminatory harassment on a case-by-case basis. *See* ECF 118 at 15-16; ECF 138 at 3-8.

      In addition, Plaintiffs attempt to shoehorn new evidentiary material with no probative value as an attachment to their letter notice of recent authority. ECF 152 at 2 n.2; ECF 152-1. The document attached to Plaintiffs' letter does not involve any Plaintiff and concerns events of which Plaintiffs' counsel has no personal knowledge. *See* ECF 152 at 2 n.2. Even if the Court were to consider it, the document does not provide sufficient information or context to enable meaningful evaluation of the application of the University's Anti-Discrimination Policy. It therefore does not bolster either Plaintiffs' standing or the merits of their First Amendment claims.

Respectfully submitted,

Marshall L. Miller