MAIN STREET
LEGAL SERVICES

December 5, 2025

**BY ECF**
The Honorable Arun Subramanian
United States District Judge
Southern District of New York
500 Pearl Street
New York, New York 10007

Re: *Khalil v. Columbia*, 25-cv-02079 (AS); Plaintiffs' Letter-Motion and Dispute with Columbia Defendants Regarding the Availability of Discovery in this Action.

Dear Judge Subramanian:

Plaintiffs write to inform this Court of a dispute that has arisen between Plaintiffs and Defendants Columbia University, the Trustees of Columbia University, and Interim President Claire Shipman (the "Columbia Defendants"). *See* Individual Practice Rule 5(c). Plaintiffs seek a conference with this Court to resolve this dispute. For the below reasons, Plaintiffs also respectfully request that this Court: (1) confirm that Plaintiffs are entitled to seek discovery as to the First Amendment and contract claims against the Columbia Defendants in this case; (2) determine that a stay of discovery is not warranted; and (3) require the Columbia Defendants to participate in a Rule 26(f) conference.

### I.    Plaintiffs and Columbia Defendants Have Met and Conferred and Reached Impasse.

Plaintiffs emailed Columbia Defendants on November 14, 2025, requesting to schedule a Rule 26(f) conference. Columbia Defendants responded on November 17, 2025, declining participation in a Rule 26(f) conference and asserting that "discovery should be stayed while Defendants' motions to dismiss remain pending." Plaintiffs responded on November 18, 2025, asserting that there was no basis for a stay of discovery. The parties met and conferred telephonically on November 25, 2025, to discuss this matter.[1] During the conference, Columbia Defendants asserted that discovery is unavailable in this entire action because there are some APA claims against the federal government in the case. In the alternative, Columbia Defendants asserted that discovery should be stayed pending resolution of Defendants' motions to dismiss. Plaintiffs responded that the First Amendment and contract claims against the Columbia Defendants are not APA claims, that Columbia's liability does not turn on the government's administrative record, and that discovery is available in the ordinary course. Plaintiffs also asserted that motions to dismiss do not automatically stay discovery and that Columbia cannot satisfy the requisite factors to merit a stay. After exchanging additional emails clarifying each side's position and supplying authorities between November 19, 2025, and December 2, 2025, the Plaintiffs confirmed the parties were at impasse via email on December 4, 2025.

### II.    Columbia Defendants are Incorrect that the Claims Against Them—Which Are Non-APA Claims Against a Non-Government Entity—are Exempt from Discovery.

Columbia Defendants maintain the broad position that—merely because *some* of the claims in this case are against federal agencies for APA violations—*none* of the claims in this case are entitled to any discovery. That is not the law. *See, e.g., Am. First Legal Found. v. Cardona,* 630 F. Supp. 3d 170, 187 (D.D.C. 2022) ("Since this case involves not only an APA claim but also claims against a non-agency group […] that rule does not completely bar discovery outside the Administrative Record

---

[1] The telephonic meet and confer took place for 30 minutes from 12:32 PM until 1:01 PM on November 25, 2025. The following attorneys were present on the call—with Lead Trial Counsel being confirmed by each participating party: Zal Shroff, Amy Greer, Gadeir Abbas, Ahmad Kaki, Deema Azizi, Maria Kari, and Jonathan Wallace (counsel for Plaintiffs); Marshall Miller, Gabrielle Tenzer, Trisha Anderson, Max Feldman, and Zachary Piaker (counsel for Columbia Defendants); Allison Rovner and Harry Fidler (counsel for Executive Branch Defendants); and Matthew Berry, Kenn Daines, Todd Tatelman, and Andy Wang (counsel for Congressional Defendants).

1

in this case"). Plaintiffs have not alleged, nor do Plaintiffs assert that Columbia is a federal executive agency, nor are any of Plaintiffs claims against Columbia premised upon the APA or an underlying administrative record, thus discovery is appropriate. *See Sierra Club v. Hodel,* 848 F.2d 1068, 1077 (10th Cir.1988) ("We know of no cases explicitly permitting a private suit under § 702 against a nonagency defendant ...."), *overruled on other grounds by Village of Los Ranchos De Albuquerque v. Marsh,* 956 F.2d 970 (10th Cir.1992); *Hayne Blvd. Camps Preservation Ass'n, Inc. v. Julich*, 143 F.Supp.2d 628, 632 (E.D.La.2001) ("[The APA] does not provide a route through which plaintiffs can obtain injunctive relief against nonfederal defendants.").

The Second Amended Complaint asserts the following claims against Columbia University: (1) violations of the First Amendment by a private entity under a state compulsion or joint action theory of liability (*see* Dkt. 133, at 11-15, Dkt. 62, ¶¶ 186-195); and (2) breach of contract claims for violating the promise of academic freedom in Columbia's student handbook, violating the requirements of University anti-doxing policies, and for unilateral and punitive changes to student disciplinary rules (*see* Dkt. 62, ¶¶ 82, 98, 208-219). Columbia's liability for these claims turns on communications and records exclusively in Columbia's control and that would appear nowhere in the federal government's administrative record. Therefore, limiting discovery to the administrative record would preclude effective review of the specific non-agency claims against Columbia University:

**First Amendment & Private "State Actor" Liability.** Columbia's liability for viewpoint discrimination and/or overbroad speech restrictions under the First Amendment will necessarily turn on whether its private conduct can be considered state action under a state compulsion or joint action theory of liability. Dkt. 133, at 11-15. As such, the Columbia Defendants' internal correspondence and documents regarding their policy changes and responses to the Trump Administration—and the reasons therefor—are critical to establishing their state actor liability. *See*, *e.g.*, *Melvin H. v. Atlanta Independent School System*, No. 1:08-CV-1435-BBM, at *8 (N.D. Ga. July 10, 2008) ("Without fact discovery, the court cannot conclude that CEP's actions were not fairly attributable to the state, either under the public function, the state compulsion, or the nexus/joint action tests").[2]

**Contract Claims.** Columbia's liability for breach of contract also turns on the facts of the specific disciplinary investigations Plaintiffs were subject to, whether those disciplinary investigations were motivated by viewpoint discrimination or violated the University commitment to academic freedom, whether unilateral changes to the disciplinary rules were implemented against Plaintiffs, and whether University anti-doxing policies were followed with respect to Plaintiffs. Dkt. 62, ¶¶ 82, 98, 208-219. These internal and individual disciplinary records and policies will also appear nowhere in the federal government's administrative record.

The Columbia Defendants did not point to a single authority where courts have *ever* allowed a private, non-government defendant to avoid discovery on its own liability simply because a federal agency was also being sued for APA violations. The cases Columbia Defendants cited to involved only claims against federal agencies—not third parties. *See, e.g.*, *Al-Saidi v. Noem*, No. 23 Civ. 4979, 2025 WL 959094, at *3 (S.D.N.Y. Mar. 31, 2025); *Chiayu Chang v. U.S. Citizenship & Immigr. Servs.*, 254 F. Supp. 3d 160, 162 (D.D.C. 2017); *see also* Fed. R. Civ. P. 26(a)(1)(E), 2000 Advisory Committee Notes ("The exclusion of an action for review on an administrative record, for example, is intended to reach a proceeding that is framed as an 'appeal' *based solely on an administrative record*") (emphasis added). Accordingly, discovery should be available against the Columbia Defendants in the ordinary course under Rule 26. *See. Am. First Legal Found,* 630 F. Supp. 3d at 187 ("this case involves not only an APA claim but also claims against a non-agency group").

**III.    No Required Factors Warrant a Stay of Discovery at This Time—Contrary to the**

---

[2] A private entity treated as a "state actor" under joint-action or state compulsion theory is still not subject to the APA because "state actor" status does not convert a private entity into a federal agency, and the APA applies only to federal agencies. *See* 5 U.S. Code § 551; *see also Hanye Blvd.* 143 F.Supp.2d at 632.

**Columbia Defendants' Assertions.**

In the event discovery is available against the Columbia Defendants, Defendants do not appear to dispute their obligation to meet and confer for a Rule 26(f) conference "as soon as practicable." *See* Fed. R. Civ. P. 26, 1993 Advisory Committee Notes ("The obligation to participate in the planning process is imposed on all parties that have appeared in the case, including defendants who, because of a pending Rule 12 motion, may not have yet filed an answer in the case"); *Kirschner v. J.P. Morgan Chase Bank, N.A.*, 2020 WL 230183, at *2 (S.D.N.Y. Jan. 15, 2020) ("A motion to dismiss does not automatically stay discovery"); *see also Escareno ex rel. A.E. v. Lundbeck, LLC,* No. 3:14-CV-257-B, 2014 WL 1976867, at *2 (N.D. Tex. May 15, 2014) ("Filing a Rule 12(b)(6) motion to dismiss does not automatically stay discovery or require postponing a Rule 26(f) conference until the motion is resolved").[3]  Instead, Columbia Defendants have asserted that a discovery stay is warranted because: (1) they have raised "well-founded arguments for dismissal"; (2) the burden of discovery is substantial; and (3) there is no prejudice to Plaintiffs. None of those arguments are availing.

**No "Strong Showing" of Dismissal.** Unless Plaintiffs' claims are *completely* without merit— which is a very high bar—courts will not find that a pending motion to dismiss has any impact on the ordinary course of discovery. *See*, *e.g.*, *Levinson v. Pscc Servs., Inc.*, No. 3:09-CV-00269 (PCD), 2009 WL 10690157, at *2 (D. Conn. Sept. 16, 2009) ("[I]t is clear that none of the claims is so frivolous or glaringly deficient as to warrant a stay of discovery."); *Johnson v. Gonzalez*, No. 3:21-CV-585 (CSH), 2023 WL 2770684, at *4 (D. Conn. Apr. 4, 2023) ("while Defendants' motion to dismiss is potentially dispositive, it is not at all clear that Plaintiff's claims are wholly unmeritorious"). Plaintiffs' Second Amended Complaint presents meritorious claims.

**Burden of Discovery Analysis is Premature.** Plaintiffs have not yet served discovery. Any assertion regarding the relative burden of particular discovery requests is therefore premature. *See*, *e.g.*, *Dance Theatre of Harlem, Inc. v. ChromaDiverse, Inc.*, No. 25-CV-2978, 2025 WL 2102297, at *2 (S.D.N.Y. July 26, 2025) ("It is thus not possible to assess either of these factors because Defendants made their request for a stay before any discovery was sought from them."); *GBML LLC v. M2B Investors, Ltd.*, No. 22-CV-3138 (RPK), 2022 WL 3566549, at *3 (E.D.N.Y. Aug. 18, 2022) ("Inasmuch as discovery has not yet commenced, defendants are in no position to assess the breadth and burden of discovery that plaintiff may seek"). But even if discovery had been served, courts assessing this factor look to whether discovery would reach beyond the normal scope. *See Guiffre v. Maxwell*, 2016 WL 254932, at *2 (S.D.N.Y. Jan. 20, 2016) ("Normal discovery in a limited matter does not alone rise to the level of good cause."); *Bensmaine v. City of New York*, No. 21-CV-04816 (LJL), 2022 WL 3362188, at *2 (S.D.N.Y. Aug. 15, 2022) (denying a stay where defendants did "not explain ... what is unduly burdensome" about the proposed discovery).

**Prejudice to Plaintiffs.** The Columbia Defendants argue that Plaintiffs suffer no prejudice from the delay of discovery at this early stage. Not so. Plaintiffs have filed a motion for preliminary injunction precisely because they face ongoing threats to their First Amendment rights. *See* Dkt. 133. Plaintiffs were forced to delay pursuing this action due to the government shutdown—and diligently requested the Rule 26(f) conference just one day after the shutdown concluded. Regardless, the argument that plaintiffs will not be prejudiced by delay is not sufficient to warrant a stay. *See Elhassa v. Hallmark Aviation Servs., L.P.*, No. 21 Civ. 9768, 2022 WL 563264, at *2 (S.D.N.Y. Feb. 24, 2022) ("That argument proves too much. […] If Defendant's argument was accepted, the second factor in the *Hong Leong* test would always be decided in favor of the movant."); *see also Shakera Choudhury, v. NYC Health and Hospitals Corp.*, 2025 WL 2977837, at *5 (S.D.N.Y. Oct. 22, 2025) (same); *see also Bennett v. Cuomo*, No. 22-CV-7846 (VSB), 2023 WL 2021560, at *5 (S.D.N.Y. Feb. 15, 2023) ("lack of prejudice alone does not merit a stay").

---

[3] This Court's Individual Practice Rule 4(e) states clearly: "[t]he parties should fulfill their obligations to confer as required by Federal Rule of Civil Procedure 26(f) as soon as practicable after service of the complaint."

***

We thank the Court for its consideration of this letter.

Respectfully submitted,

/s/ Zal K. Shroff
Zal K. Shroff
Ivy Girdwood – Law Student Intern

**MAIN STREET LEGAL SERVICES**
Zal K. Shroff (#5560669)
Main Street Legal Services Inc.
2 Court Square West
Long Island City, NY 11101
Zal.Shroff@law.cuny.edu
T: (718) 340-4200
F: (718) 340-4478

*Attorney for Plaintiffs*