MAIN STREET
LEGAL SERVICES

December 5, 2025

**BY ECF**
The Honorable Arun Subramanian
United States District Judge
Southern District of New York
500 Pearl Street
New York, New York 10007

      Re: <u>*Khalil v. Columbia*, 25-cv-02079 (AS); Plaintiffs' Letter-Motion and Dispute with Agency Defendants Regarding the Availability of Discovery in this Action.</u>

Dear Judge Subramanian:

      Plaintiffs write to inform this Court of a dispute that has arisen between Plaintiffs and Defendants Attorney General Pam Bondi, Secretary of Education Linda McMahon, Leo Terrell, Sean Keveney, and Commissioner Josh Gruenbaum (the "Agency Defendants"). *See* Individual Practice Rule 5(c). Plaintiffs seek a conference with this Court to resolve this dispute. For the below reasons, Plaintiffs also respectfully request that this Court: (1) confirm that Plaintiffs are entitled to seek discovery as to their free-standing First Amendment claims against the Agency Defendants; and (2) require Agency Defendants to participate in a Rule 26(f) conference to begin that discovery.

    **I.**    **Plaintiffs and Agency Defendants Have Met and Conferred and Reached Impasse.**

      Plaintiffs emailed Agency Defendants on November 14, 2025, requesting to schedule a Rule 26(f) conference. Agency Defendants responded on November 17, 2025, declining participation in a Rule 26(f) conference and asserting that discovery was not available in this action. Plaintiffs responded on November 18, 2025, asserting that this case includes free-standing First Amendment claims for which discovery is available—as well as APA claims premised on intent and for which extra-record discovery would be available. On November 24, 2025, Agency Defendants sent authority via email to support their position that Plaintiffs are not entitled to discovery on their First Amendment claim. The parties met and conferred telephonically on November 25, 2025, to discuss this matter.[1] During the conference, the parties re-iterated their positions and determined that they were likely at impasse—but agreed to exchange further authorities and consider their positions prior to seeking guidance from this Court. Plaintiffs also offered to defer seeking discovery on their First Amendment claims if Agency Defendants agreed to produce the administrative record in a 6-8 week period so that Plaintiffs could calibrate its further discovery needs based on the contents of the administrative record. Plaintiffs wrote to Agency Defendants on November 26, 2025, to share additional authority. Agency Defendants responded on December 3, 2025, that discovery is unwarranted in this action and that the administrative record would not be produced until after a decision on Defendants' motion to dismiss. Plaintiffs confirmed the parties were at impasse via email on December 4, 2025.

    **II.**    **Plaintiffs Pled Independent First Amendment Claims for Which They Are Entitled to Discovery in the Ordinary Course.**

      Plaintiffs' Second Amended Complaint pleads standalone First Amendment claims against the Agency Defendants for coercing Columbia University to implement viewpoint discriminatory speech

---

[1] The telephonic meet and confer took place for 30 minutes from 12:32 PM until 1:01 PM on November 25, 2025. The following attorneys were present on the call—with Lead Trial Counsel being confirmed by each participating party: Zal Shroff, Amy Greer, Gadeir Abbas, Ahmad Kaki, Deema Azizi, Maria Kari, and Jonathan Wallace (counsel for Plaintiffs); Marshall Miller, Gabrielle Tenzer, Trisha Anderson, Max Feldman, and Zachary Piaker (counsel for Columbia Defendants); Allison Rovner and Harry Fidler (counsel for Executive Branch Defendants); and Matthew Berry, Kenn Daines, Todd Tatelman, and Andy Wang (counsel for Congressional Defendants).

1

restrictions on its campus that continue to violate Plaintiffs' First Amendment rights. Dkt. 133, at 7-11, 15-18; Dkt. 62, ¶¶ 175-181.

Agency Defendants maintain that no discovery is available for Plaintiffs' First Amendment claims because those claims fundamentally "overlap" with Plaintiffs' separate challenge under the APA premised—in part—on final agency actions that violated the First Amendment. That is incorrect.

A. Constitutional Claims Pled Distinctly from APA Claims are Entitled to Discovery—Regardless of Potential Overlap.

Several courts across the country have specifically held that even where constitutional claims overlap with APA claims, plaintiffs are entitled to discovery as long as those claims are pled as distinct causes of action—as Plaintiffs have done here. *See, e.g.*, *Juliana v. U.S.*, 947 F.3d 1159, 1168 (9th Cir. 2020) ("Whatever the merits of the plaintiffs' claims, they may proceed independently of the review procedures mandated by the APA"); *Sierra Club v. Trump*, 929 F.3d 670, 694, 698-99 (9th Cir. 2019) ("Any constitutional challenge that Plaintiffs may advance under the APA would exist regardless of whether they could also assert an APA claim .... [C]laims challenging agency actions—particularly constitutional claims—may exist wholly apart from the APA"); *Navajo Nation v. Dep't of the Interior*, 876 F.3d 1144, 1170 (9th Cir. 2017) (explaining that certain constitutional challenges to agency action are "not grounded in the APA"); *see also United Farm Workers v. Noem*, No. 2025 WL 1490131, at *3 (E.D. Cal. May 23, 2025) ("Defendants' attempts to exempt this case from civil discovery and Rule 26's requirements ignores that constitutional claims challenging agency action may proceed independently of the [APA] review procedures […] the Court finds this action is not merely an action for review of an administrative record and Defendants' motion will be denied") (internal quotations omitted); *Grill v. Quinn*, No. CIV S–10–0757, 2012 WL 174873, at *2 (E.D. Cal. Jan. 20, 2012) ("A direct constitutional challenge is reviewed independent of the APA"), *citing Porter v. Califano*, 592 F.2d 770, 781 (5th Cir. 1979); *Texas v. Biden*, No. 21-CV-067-Z, 2021 WL 4552547, at *3–4 (N.D. Tex. July 19, 2021) ("the Court notes that Fifth Circuit has long held that a court reviewing the constitutionality of agency action must make an independent assessment of a citizen's claim of constitutional right"); *accord Bolton v. Pritzker*, 2016 WL 4555467, at *4 (W.D. Wash. Sept. 1, 2016); *Florida v. United States*, 2022 WL 2431442, at *2 (N.D. Fla. June 6, 2022) ("The fact that the Court's review of the parole + ATD policy under the APA is limited to the 31-page administrative record does not mean that Florida is precluded from seeking discovery altogether because, separate and apart from the APA claims, Florida has alleged that the challenged policies violate the Constitution"). This Court can adopt that view and grant discovery for Plaintiffs' First Amendment claims on this basis alone.

B. Plaintiffs' First Amendment Claims Do Not Fundamentally "Overlap" with APA Claims—Requiring Discovery Even Under Agency Defendants' Own Test.

Regardless, Plaintiffs are entitled to discovery on their First Amendment claims by virtue of the very "overlap" test to which Agency Defendants cite. The APA claims in this case turn on three discrete "final agency actions": (1) the March 13, 2025 letter; (2) the funding freeze; and (3) the Resolution Agreement. *See* Dkt. 133, at 20-23; Dkt. 62, ¶¶ 199, 206. Whereas the First Amendment claims against the Agency Defendants includes a far more expansive factual picture of all ongoing coercive, threatening, and/or collaborative interactions with Columbia University over the past year related to student protest, student discipline, and student speech restrictions on campus. *See, e.g.*, Dkt. 62, ¶¶ 100-102, 104-105, 115 ("Agency Defendants have indicated that this is not the end of their pressure campaign"), ¶ 116, ¶ 118 ("The consequences extend beyond the frozen funds"), ¶ 119 ("they will unleash wave after wave of retribution until campus officials do comply"), ¶ 128; *see also* Dkt. 133, at 20 ("because here there is proof of an ongoing [government]pressure campaign").

This more expansive factual landscape—and its expanded temporal scope—is sufficiently distinct to necessitate discovery beyond the administrative record on Plaintiffs' constitutional claims. *See, e.g.*, *Immigrant Defs. L. Ctr. v. Mayorkas*, No. 2:20-CV-09893-JGB-SHK, 2024 WL 2103964, at *9 (C.D. Cal. Apr. 2, 2024) ("there are two separate time periods at issue regarding Plaintiffs' constitutional claims and APA claims: (1) Plaintiffs' APA claims concern what the Defendants considered before enacting the [Migrant Protection Protocol], and (2) Plaintiffs' constitutional claims

concern how Defendants carried out MPP after it was enacted"); *California v. U.S. Dep't of Homeland Sec.*, 612 F. Supp. 3d 875, 897 (N.D. Cal. 2020) ("Reviewing plaintiffs' complaints demonstrates that they are alleging <u>different</u> factual allegations between the APA claims and the constitutional claims. While plaintiffs' APA and constitutional claims challenge the same Rule and request the same relief […] the claims do not fundamentally overlap") (emphasis in original); *Vidal v. Duke*, No. 16CV4756NGGJO, 2017 WL 8773110, at *2 (E.D.N.Y. Oct. 17, 2017) ("[I]n addition to asserting claims under the Administrative Procedure Act […] Plaintiffs also assert […]constitutional and equitable claims challenging certain collateral decisions affecting DACA beneficiaries […] [that] do not challenge the decision to end the DACA program itself"); Discovery Order (Dkt. #101. at 2–3), *Kennedy v. Fanning*, No. 3:16-cv-2010, (D. Conn. Sept. 6, 2019) ("Where a plaintiff challenges an agency's general course of conduct rather than a discrete adjudication, limited discovery outside of the administrative record may be necessary where the administrative record does not contain evidence of the challenged action"); *see also Holistic Candlers and Consumers Ass'n v. Food & Drug Admin.*, 664 F.3d 940, 943–45 (D.C. Cir. 2012) (noting that the "final agency action" analysis under the APA is factually distinct from ordinary constitutional standing analysis for an action premised on substantive First Amendment violations).[2]

C. <u>Plaintiffs' First Amendment Claims Implicate Agency Defendants' *Intent* to Supress Certain Viewpoints—Which Itself Requires Discovery Beyond the Administrative Record</u>.

Plaintiffs also cannot be limited to an administrative record on their First Amendment claims because their claims will rely on Agency Defendants' correspondence documenting their *intent* to engage in viewpoint discrimination. *See* Dkt. 62 at ¶¶ 178, 180; Dkt. 102, at 19; *United States v. Kokinda*, 497 U.S. 720, 736, 110 S.Ct. 3115, 3124 (1990) (viewpoint discrimination involves an "inten[t] to discourage one viewpoint and advance another"). Courts regularly order discovery in mixed APA and constitutional cases where intent is an element of the claim to be proved. *See New York v. U.S. Dep't of Commerce*, 345 F. Supp. 3d 444, 451–52 (S.D.N.Y. 2018) ("[T]he Court's decision to authorize extra-record discovery was, and remains, well founded. […] it would be perverse […] to suggest that litigants and courts evaluating whether government actors have engaged in invidious discrimination cannot look beyond the record that those very decisionmakers may have carefully curated to exclude evidence"); *Bos. All. of Gay, Lesbian, Bisexual & Transgender Youth v. U.S. Dep't of Health & Human Servs.*, 557 F. Supp. 3d 224, 245 (D. Mass. 2021) ("[L]imiting the scope of review to the administrative record makes little sense in the context of an inquiry into illicit animus."); *Saget v. Trump*, 375 F. Supp. 3d 280, 368 (E.D.N.Y. 2019) (same); *cf. Reyes v. McHenry*, No. 19-cv-8674 (KPF), 2020 WL 5583521, at *1-2 (S.D.N.Y. Aug. 3, 2020) ("There is *no allegation* in the Petition that the BIA was motivated by animus or bias, nor that the record was improperly shaped by policies or guidance beyond materials in the administrative record") (emphasis added).[3] Other federal agencies have recently lost this very argument. In *AAUP v. Rubio*, the Court specifically found that discovery was necessary for Plaintiffs' First Amendment claims challenging the Trump Administration's policy of targeting non-citizens critical of Israel for deportation—notwithstanding companion APA claims.[4]

\*\*\*

For these reasons, Plaintiffs respectfully request that this Court order Agency Defendants to engage in a Rule 26(f) conference and to participate in discovery as to Plaintiffs' First Amendment claims. Plaintiffs remain open to working with Agency Defendants to ensure that such discovery is not duplicative of documents produced in the agency administrative record.

---

[2] As Agency Defendants' own cases make clear, courts routinely consider the degree of overlap between APA and constitutional claims and whether the discovery sought would facilitate adjudication of the constitutional claims in deciding whether extra-record discovery is warranted. *See, e.g., Jarita Mesa Livestock Grazing Ass'n v. U.S. Forest Serv.*, 58 F. Supp. 3d 1191, 1205, 1237 (D.N.M. 2014) (plaintiffs' APA and constitutional claims overlapped entirely).

[3] An administrative record does not provide this information by design. *See In re United States*, 875 F.3d 1200, 1210 (9th Cir. 2017) ("internal mental processes […] are generally not within the scope of the administrative record").

[4] *See* June 2, 2025 Hearing, at 25-28, *AAUP et al v. Rubio et al*, Docket No. 1:25-cv-10685 (D. Mass. Mar 25, 2025) ("the Court must infer they're trying to chill the speech of your clients […] Looking at the entirety of the complaint here […] giving full effects to the controlling cases […] the case will proceed to trial allowing the discovery").

3

We thank the Court for its consideration of this letter.

                                                                    Respectfully submitted,

                                                                     <u>/s/ Zal K. Shroff</u>
                                                                     Zal K. Shroff
                                                                     Ivy Girdwood – Law Student Intern

                                                                     **MAIN STREET LEGAL SERVICES**
                                                                     Zal K. Shroff (#5560669)
                                                                     Main Street Legal Services Inc.
                                                                     2 Court Square West
                                                                     Long Island City, NY 11101
                                                                     Zal.Shroff@law.cuny.edu
                                                                     T: (718) 340-4200
                                                                     F: (718) 340-4478

                                                                   *Attorney for Plaintiffs*