*U.S. Department of Justice*

*United States Attorney*
*Southern District of New York*

*86 Chambers Street*
*New York, New York 10007*

December 9, 2025

**BY ECF**
The Honorable Arun Subramanian
United States District Judge
500 Pearl Street, Courtroom 15A
New York, New York 10007

        Re:    *Khalil, et al. v. The Trustees of Columbia University in the City of New York, et al.*, 25 Civ. 2079 (AS)

Dear Judge Subramanian:

      This Office represents the Executive Branch Defendants in the above-referenced action. We write respectfully in response to Plaintiffs' motion seeking discovery from the Executive Branch Defendants regarding Plaintiffs' First Amendment claim and to require the Executive Branch Defendants to participate in a conference pursuant to Federal Rule of Civil Procedure 26(f) ("Rule 26(f)"). *See* ECF No. 160 (the "Motion to Compel" or "MTC"); Individual Practices in Civil Cases 5.E. For the reasons summarized below, Plaintiffs are not entitled to discovery from the Executive Branch Defendants or a Rule 26(f) conference, given that Plaintiffs' APA and First Amendment claims challenge the same agency action.

    **I.**    **Background**

      Plaintiffs assert two claims against the Executive Branch Defendants in the Second Amended Complaint, ECF No. 62 ("SAC"). First, they assert that the Executive Branch Defendants have violated the First Amendment by allegedly coercing Columbia University into suppressing disfavored speech by pausing or terminating funding. *Id.* ¶¶ 176-181. Second, they assert that the Executive Branch Defendants have violated the APA by "tak[ing] agency action against Columbia University in order to suppress Plaintiffs' speech and associations . . . in violation of the First Amendment." *Id.* ¶ 199. As Plaintiffs state in their Memorandum of Law in Support of Motion for Preliminary Injunction ("PI Br."), ECF No. 99, their "substantive APA claim mirrors their First Amendment claim," and both are allegedly "based on the funding pause the Agency Defendants are using to coerce Columbia into doing as directed." *Id.* at 22.

      The Executive Branch Defendants moved to dismiss the Second Amended Complaint on May 23, 2025, ECF Nos. 85-89, 116, 136, and that motion is sub judice. On November 14, 2025, Plaintiffs requested a conference pursuant to Rule 26(f). The parties subsequently conferred and the Executive Branch Defendants explained that, pursuant to SDNY Local Rule 16.1, "reviews from administrative agencies . . . are exempted from the mandatory scheduling order required by Fed. R. Civ. P. 16(b)," and "[d]iscovery may proceed in those cases only at the time, and to the extent, authorized by the court." On December 5, 2025, Plaintiffs filed the Motion to Compel.

The Honorable Arun Subramanian
December 9, 2025
Page 2

## II. Plaintiffs Are Not Entitled to Discovery on Their Claims Against the Executive Branch Defendants

As an initial matter, Plaintiffs do not appear to be seeking discovery on their APA claim, nor are they entitled to any. "Generally, a court reviewing an agency decision is confined to the administrative record compiled by that agency when it made the decision." *Safe Haven Home Care, Inc. v. United States Dep't of Health & Hum. Servs.,* 130 F.4th 305, 324 (2d Cir. 2025) (noting "limited circumstances under which the admission of extra-record evidence may be appropriate" (internal quotation marks omitted)); *see also* 5 U.S.C. § 706 ("[T]he court shall review the whole record or those parts of it cited by a party."); *Emps. Ret. Sys. for City of Providence v. Bd. of Governors of Fed. Rsrv. Sys.*, No. 24-MC-349 (AS), 2025 WL 1736602, at *9 (S.D.N.Y. June 23, 2025) ("A court will not lightly add to the administrative record."). Thus, in cases governed by the APA, extra-record discovery is generally impermissible. *Common Sense Salmon Recovery v. Evans*, 217 F. Supp. 2d 17, 20 (D.D.C. 2002) ("[B]ecause a court's review of an agency's decision is confined to the administrative record. . . . courts uniformly have held that discovery typically is not permitted."). Thus, "an action for review on an administrative record" is exempt from standard discovery requirements under the Federal Rules of Civil Procedure, including the initial conference pursuant to Rule 26(f). *See* Fed. R. Civ. P. 26(a)(1)(B)(i) & (f)(1).

The Court should reject Plaintiffs' argument that they are nevertheless entitled to discovery on what they characterize in their Motion to Compel as "standalone First Amendment Claims." MTC at 1. Plaintiffs should not be permitted to circumvent the restrictions on discovery by styling a challenge to administrative action as a constitutional claim, particularly where, as noted above, they have admitted that the two claims mirror each other. *See, e.g.*, PI Br. at 2; *Hadwan v. United States Dep't of State*, No. 17 Civ. 578 (VEC), 2021 WL 4037714, at *6 n.9 (S.D.N.Y. Sept. 3, 2021) ("[T]o allow broad ranging discovery under Rule 26, beyond the administrative record in every case where a plaintiff alleges a constitutional claim, would be inappropriate and render meaningless the APA's restriction of judicial review to the administrative record."); *Ketcham v. U.S. Nat'l Park Serv.*, 16 Civ. 00017 (SWS), 2016 WL 4268346, at *1-2 (D. Wyo. Mar. 29, 2016) (analyzing case asserting First Amendment claim under "the procedures set forth under the APA" because "distinguish[ing] between a 'stand-alone constitutional challenge' and an 'APA challenge,' . . . would run afoul of Congress's intent"); *Jarita Mesa Livestock Grazing Ass'n v. U.S. Forest Serv.*, 58 F. Supp. 3d 1191, 1238-40 (D.N.M. 2014) (holding that First Amendment claim was subject to the APA's restrictions on discovery); *Harvard Pilgrim Health Care of New England v. Thompson*, 318 F. Supp. 2d 1, 10, 12 (D.R.I. 2004) (denying discovery on constitutional claim and noting that "[t]he APA's restriction of judicial review to the administrative record would be meaningless if any party seeking review based on statutory or constitutional deficiencies was entitled to broad-ranging discovery"). Constitutional claims challenging federal agency action are expressly permitted under the APA. *See* 5 U.S.C. § 706(2)(B) ("The reviewing court shall . . . hold unlawful and set aside agency action . . . found to be . . . contrary to constitutional right, power, privilege, or immunity"). Plaintiffs should therefore be limited to the discovery restrictions imposed by that statue.

In determining whether a Plaintiff may be entitled to extra-record discovery on constitutional claims pleaded independent of APA claims, courts in this District have evaluated

The Honorable Arun Subramanian
December 9, 2025
Page 3

the degree to which the constitutional and APA claims overlap. *See, e.g.*, *Reyes v. McHenry*, No. 19 Civ. 8674 (KPF), 2020 WL 5583521, at *1-2 (S.D.N.Y. Aug. 3, 2020) (denying extra-record discovery in case alleging APA and Fifth Amendment due process claim because the claims substantially overlapped). Here, as already conceded by Plaintiffs in their Memorandum of Law in Support of Motion for Preliminary Injunction, the First Amendment and substantive APA claims "mirror[]" each other and are based on the same alleged conduct, *i.e.*, an allegedly coercive funding pause and the related March 13 Letter. *See, e.g.*, PI Br. at 22; *compare* SAC ¶¶ 176, 181 (asserting that the Executive Branch Defendants violated the First Amendment "by 'pausing and terminating federal funding" and making certain demands in the March 13, 2025 Letter that set forth conditions for potential restoration of funding ("March 13 Letter")) *with* SAC ¶ 199 (claiming the Executive Branch Defendants violated the APA because "agency action reflects the outcome of a decision-making process to coerce . . . disfavoring" certain speech, as "reflected in the . . . March 13 Letter"). This action is therefore distinguishable from cases like *Vidal v. Duke*, No. 16 Civ. 4756 (NGG) (JO), 2017 WL 8773110 (E.D.N.Y. Oct. 17, 2017), where extra-record discovery was permitted because the constitutional claims "challenge[d] agency actions other than the decision" that was the subject of the administrative record, *id*. at *2.

Further, Plaintiffs' argument that they are entitled to discovery on the First Amendment claim because they allege viewpoint discrimination, which requires proof of intent, is unavailing. MTC at 3. This is simply another way in which Plaintiffs attempt to circumvent the APA's record rule, which the Court should not countenance. Permitting broad discovery would "incentivize every unsuccessful party to agency action to allege bad faith, retaliatory animus, and constitutional violations to trade in the APA's restrictive procedures for the more even-handed ones of the Federal Rules of Civil Procedure." *Bellion Spirits, LLC v. United State*s, 335 F. Supp. 3d 32, 43 (D.D.C. 2018) (internal quotation marks omitted), *aff'd,* 7 F.4th 1201 (D.C. Cir. 2021). Discovery beyond the administrative record into intent is particularly unnecessary here because the March 13 Letter plainly states that the Government made the articulated demands in light of the University's failure to protect students and faculty from antisemitic violence and harassment. The validity of that explanation will stand or fall based on whether it is supported by the administrative record. *See id.*, 335 F. Supp. 3d at 43. If after the Executive Branch Defendants produce the administrative record the Court finds the record lacking, the remedy would be for the Executive Branch Defendants to complete or supplement the record, not for wide-ranging discovery. *See Dep't of Commerce v. New York*, 588 U.S. 752, 782 (2019) ("We agree with the Government that the District Court should not have ordered extra-record discovery when it did. At that time, the most that was warranted was the order to complete the administrative record.").

Finally, the Executive Branch Defendants respectfully request a deadline for production of the administrative record of 45 days after the Court rules on the pending motion to dismiss Plaintiffs' claims against the Executive Branch Defendants (should any claims remain). For the reasons explained in their merits briefing, the Executive Branch Defendants have raised substantial challenges to Plaintiffs' claims, including relating to jurisdiction. Because the Court's ruling on the motion may either eliminate all claims or shape what constitutes final agency action for purposes of the administrative record, the Executive Branch Defendants should not be required to produce the record until after the motion is decided.

The Honorable Arun Subramanian
December 9, 2025
Page 4

For the forgoing reasons, Plaintiffs have not established that they are entitled to discovery from the Executive Branch Defendants beyond the administrative record or that a Rule 26(f) conference is warranted.[1]

We thank the Court for its consideration of this letter.

                                              Respectfully submitted,

                                              JAY CLAYTON
                                              United States Attorney for the
                                              Southern District of New York

By:    /s/ Allison M. Rovner
          ALLISON M. ROVNER
          Assistant United States Attorney
          86 Chambers Street, Third Floor
          New York, New York 10007
          Tel.: (212) 637-2691
          Email: allison.rovner@usdoj.gov

cc:    Counsel of Record (by ECF)

---

[1] To the extent the Court holds a conference on the matter, the undersigned is unavailable from December 17-22, 2025.