**Hecker Fink LLP**

NEW YORK | WASHINGTON, DC | LOS ANGELES

350 FIFTH AVENUE | 63RD FLOOR
NEW YORK, NEW YORK 10118

TEL (212) 763-0883 | FAX (212) 564-0883
WWW.HECKERFINK.COM

mmiller@heckerfink.com

December 9, 2025

**BY ECF**

The Honorable Arun Subramanian
U.S. District Court, S.D.N.Y.
Daniel Patrick Moynihan U.S. Courthouse
500 Pearl St.
New York, NY 10007-1312

    *Re:* *Khalil v. Columbia University*, No. 25 Civ. 02079 (S.D.N.Y.)

Dear Judge Subramanian:

  We write on behalf of Defendants Trustees of Columbia University in the City of New York and Acting President Claire Shipman (together, "Columbia" or the "University") in response to Plaintiffs' letter dated December 5, 2025, ECF 159 ("Ltr.").

  Plaintiffs' application to compel a Rule 26(f) conference and commence discovery should be denied. This is an APA case exempt from Rule 26(f)'s conference requirement, and Plaintiffs cannot evade that barrier by seeking discovery of Columbia, where its claims against Columbia are derivative of those against the government defendants. Even if a Rule 26(f) conference were obtainable, a stay of discovery pending resolution of Defendants' fully briefed motions to dismiss is warranted under Rule 26(c).

**I. This Case Is Exempt from Rule 26(f)**

  This is an Administrative Procedure Act ("APA") case. ECF 62 ("SAC") ¶¶ 198-207. "Under the APA," the court's "review is . . . limited to examining the administrative record." *Kakar v. U.S. Citizenship & Immigr. Servs.*, 29 F.4th 129, 132 (2d Cir. 2022) (cleaned up). And Rule 26 expressly exempts "an action for review on an administrative record," Fed. R. Civ. P. 26(a)(1)(B)(i), from the Rule 26(f) conference requirement, *id.* 26(f)(1). Similarly, Local Civil Rule 16.1 exempts any "review[] from administrative agencies . . . from the mandatory scheduling order required by Fed. R. Civ. P. 16(b)," which follows a Rule 26(f) conference.

  Plaintiffs cannot avoid these exemptions by pointing to their non-APA claims. *See* Ltr. 1-2. These provisions apply to a whole "action," "proceeding," or "case," not to individual claims. Fed. R. Civ. P. 26(a)(1)(B), (f)(1); S.D.N.Y. Local Civil Rule 16.1. And contrary to Plaintiffs' assertions, Ltr. 2, courts have applied the APA's limitations on discovery in cases in which non-APA claims are asserted against non-federal defendants. *E.g.*, *Safe Haven Home Care, Inc. v. U.S. Dep't of Health & Hum. Servs.*, 681 F. Supp. 3d 195, 225-26 (S.D.N.Y. 2023), *aff'd*, 130 F.4th 305 (2d Cir. 2025). Courts have also regularly rejected attempts to end-run the APA's procedural requirements by asserting overlapping, non-APA claims, as Plaintiffs have done here. *See Al-Saidi v. Noem*, 2025 WL 959094, at *3 (S.D.N.Y. Mar. 31, 2025) (denying extra-record discovery on

constitutional claims because "there appears to be substantial overlap between Plaintiff's purported constitutional claims and the [APA] claim"); *see also, e.g.*, *Chiayu Chang v. U.S. Citizenship & Immigr. Servs.*, 254 F. Supp. 3d 160, 162 (D.D.C. 2017); *Harvard Pilgrim Health Care of New Eng. v. Thompson*, 318 F. Supp. 2d 1, 10 (D.R.I. 2004). Because Plaintiffs' non-APA claims are not truly "distinct from the alleged APA violations," extra-record, pre-motion discovery should not be permitted. *Reyes v. McHenry*, 2020 WL 5583521, at *1 (S.D.N.Y. Aug. 3, 2020).

All of Plaintiffs' claims—except for those implicating the Congressional Defendants' Speech or Debate Clause immunity—are inextricably linked with their APA claim. For example, Counts II and III allege that the Agency Defendants and Columbia violated the First Amendment (without identifying any cause of action). But Plaintiffs' APA claim fully encompasses the alleged First Amendment violations. *E.g.*, SAC ¶ 199. Likewise, the only purported promises supporting Plaintiffs' contract claim (Count V) identified in opposition to the motion to dismiss are general statements reflecting the University's commitment to freedom of speech, ECF 103 at 24-25, which Columbia is alleged to have breached by failing to "uphold speech protections," SAC ¶ 219. (To the extent Plaintiffs attempt to reframe their contract claim in their letter, Ltr. 2, that effort should be rejected. *Scalercio-Isenberg v. Port Auth. of N.Y.*, 2018 WL 1633767, at *4 (S.D.N.Y. Mar. 31, 2018) (plaintiff "may not amend her Complaint by letter")). Again, Plaintiffs may not circumvent the limitations on APA discovery by repackaging their APA claim as one for breach of contract.

More broadly, since Plaintiffs' claims against Columbia, a private entity, are derivative of their claims against the government defendants, there is no basis for discovery to proceed against Columbia alone; after all, Plaintiffs' allegations that Columbia should be liable as a state actor depend on their proving violations of the First Amendment by the government defendants. At the very least, should the motions to dismiss be denied, Plaintiffs should review the administrative record. If Plaintiffs then believe that extra-record discovery is warranted, they may take up the issue at that time. *America First Legal Foundation v. Cardona*, 630 F. Supp. 3d 170 (D.D.C. 2022), cited by Plaintiffs, Ltr. 1-2, supports Columbia's position, not that of Plaintiffs. There, the court concluded that extra-record discovery and a Rule 26(f) conference were warranted *after* denying motions for summary judgment made exclusively on the administrative record. *Cardona*, 630 F. Supp. 3d at 187-88. That is precisely the sequencing Columbia proposes here.

## II.    There is Good Cause to Stay Discovery

In any event, there is good cause for a stay of discovery pending adjudication of the fully briefed motions to dismiss. Courts in this District regularly stay discovery in such circumstances upon a showing of "good cause," after considering: "(1) whether a defendant has made a strong showing that the plaintiff's claim is unmeritorious, (2) the breadth of discovery and the burden of responding to it, and (3) the risk of unfair prejudice to the party opposing the stay.'" *Alapaha View Ltd. v. Prodigy Network, LLC*, 2021 WL 1893316, at *2 (S.D.N.Y. May 10, 2021) (citation omitted). Here, all three factors clearly weigh in favor of granting a stay.

*First*, Plaintiffs incorrectly state the "strong showing" standard, relying on out-of-district authority. Ltr. 3. In this District, a "motion to dismiss cuts in favor of a stay" when "it 'is potentially dispositive, and appears to be not unfounded in the law.'" *Alapaha View*, at *2 (quoting *Negrete v. Citibank, N.A.*, 2015 WL 8207466, at *1 (S.D.N.Y. Dec. 7, 2015)); *see, e.g.*, *Boelter v. Hearst Commc'ns, Inc.*, 2016 WL 361554, at *5 (S.D.N.Y. Jan. 28, 2016) (arguments for dismissal support stay where "initial review . . . suggest[s] that none are frivolous"); *Spinelli v. Nat'l*

Hecker Fink LLP                                                                                              3

*Football League*, 2015 WL 7302266, at \*2 (S.D.N.Y. Nov. 17, 2015) (same where "viability of the Plaintiffs' claims is in at least some doubt"). And a stay is particularly warranted where colorable, threshold challenges have been raised as to whether Plaintiffs have standing as necessary to support Article III jurisdiction. *See, e.g.*, *Dunning v. Supergoop, LLC*, 2024 WL 2326082, at \*1 (S.D.N.Y. May 22, 2024); *Miller v. Brightstar Asia, Ltd.*, 2020 WL 7483945, at \*5 (S.D.N.Y. Dec. 21, 2020). Columbia easily clears this bar. As explained in Columbia's briefs, Plaintiffs lack standing to bring their First Amendment claim against Columbia, *see* ECF 84 ("MTD") at 15-22; ECF 118 ("Reply") at 5-20; fail to plausibly allege that Columbia was engaged in state action, s*ee* MTD 7-15; Reply 20-27; and fail to identify enforceable promises or how such promises were breached, *see* MTD 23-27; Reply 30-32.

*Second*, the breadth and burden of discovery also weigh in favor of a stay. Where "[t]he parties have not yet exchanged discovery requests," courts routinely evaluate this prong based on the scope of the complaint. *Ferrara v. Metro. Transp. Auth.*, 2025 WL 1653862, at \*1 (S.D.N.Y. June 11, 2025); *accord, e.g., Richardson v. City of New York*, 2022 WL 2003340, at \*1 (S.D.N.Y. June 6, 2022); *Alapaha View*, 2021 WL 1893316, at \*2. The 219-paragraph Second Amended Complaint brings five counts on behalf of eight Plaintiffs against nine defendants and concerns, among other things, the enforcement of multiple University policies governing the conduct of roughly 36,000 students and 20,000 employees. "Therefore, the discovery sought is likely to be"— at the least—"somewhat broad, which" is enough to "weigh[] in favor of a stay of discovery." *McNulty v. EZE Castle Integration, Inc.*, 2025 WL 1616991, at \*1 (S.D.N.Y. June 6, 2025); *see Alapaha View*, 2021 WL 1893316, at \*2 (staying discovery where complaint was "more than 200 paragraphs long, and involve[d] five separate counts," "26 plaintiffs, [and] six defendants"). Moreover, the broad scope of discovery alone does not capture the full burden here. Records concerning Columbia students and personnel, the vast majority of whom are non-parties, would likely be "protected by federal and state privacy laws," weighing in favor of a stay. *Ellington Credit Fund, Ltd. v. Select Portfolio Servs., Inc.*, 2008 WL 11510668, at \*3 (S.D.N.Y. June 12, 2008). And Plaintiffs' allegations concerning (for example) negotiations with the federal government and University policy changes would undoubtedly implicate records and information that would need to be reviewed for attorney-client privilege. *See, e.g., id.* (holding "that many of the documents sought would be protected by . . . the attorney-client privilege" creates "burden of responding" to discovery weighing in favor of stay).

*Third*, a stay pending resolution of the fully briefed motions will not prejudice Plaintiffs at this early stage, particularly when Plaintiffs themselves waited seven months to request a Rule 26(f) conference. Courts regularly hold that a stay pending resolution of an already-filed motion to dismiss does not cause unfair prejudice. *See, e.g., Valentini v. Grp. Health Inc.*, 2021 WL 861275, at \*2 (S.D.N.Y. Mar. 8, 2021); *Spinelli*, 2015 WL 7302266, at \*2. "[A] stay pending determination of a dispositive motion that potentially eliminates the entire action will neither substantially nor unduly delay the action, should it continue." *Gross v. Madison Square Garden Ent. Corp.*, 2023 WL 6815052, at \*2 (S.D.N.Y. Oct. 17, 2023) (citation omitted). Plaintiffs' bare assertion that "any delay in discovery undercuts [Plaintiffs'] ability to remediate [an] ongoing wrong," *Gross*, 2023 WL 6815052, at \*2; *see* Ltr. 3, does not suffice. *Broccoli v. Ashworth*, 2023 WL 6795253, at \*2 (S.D.N.Y. Oct. 11, 2023) ("[T]he passage of a reasonable amount of time, without any other form of attendant prejudice, cannot itself constitute prejudice sufficient to defeat a motion to stay discovery." (citation omitted)).

For these reasons, Columbia requests that the Court deny Plaintiffs' application.

Hecker Fink LLP

4

Respectfully submitted,

Marshall L. Miller