# MAIN STREET LEGAL SERVICES

January 15, 2026

**BY ECF**
The Honorable Arun Subramanian
United States District Judge
Southern District of New York
500 Pearl Street
New York, New York 10007

>  Re: *Khalil v. Columbia*, 25-cv-02079 (AS); Plaintiffs' Letter-Motion and Dispute with Agency Defendants Regarding Early Discovery in this Action

Dear Judge Subramanian:

Plaintiffs write to inform this Court of a dispute that has arisen between Plaintiffs and Defendants Attorney General Pam Bondi, Secretary of Education Linda McMahon, Leo Terrell, Sean Keveney, and Commissioner Josh Gruenbaum (the "Agency Defendants"). *See* Individual Practice Rule 5(c). Plaintiffs and Agency Defendants disagree about: (1) whether Plaintiffs validly served written discovery requests on Agency Defendants pursuant to this Court's recent order; (2) the necessity of Plaintiffs' early discovery requests; and (3) the burden of production. Plaintiffs seek a conference with the Court to resolve these disputes.

## I.     Plaintiffs Have Conferred with Agency Defendants and Reached Impasse.

Plaintiffs served Agency Defendants with ten limited Requests for Production on December 18, 2025—within one week of this Court's order on early discovery. *See* Dkt. 163 ("plaintiffs should think about what crucial information they need now, and target their requests on that discrete information"). Plaintiffs carefully crafted these requests to elicit evidence that Agency Defendants coerced Columbia University to adopt a series of speech-restrictive policies that harmed and continue to harm Plaintiffs. *See* Attorney Correspondence, Ex. A, at 17 ("limited discovery as to the fact of coercion is warranted to help the Court efficiently resolve the pending motions"); *see also* Early Discovery Requests to Agency Defendants, Ex. B. On December 18, 2025, Plaintiffs suggested that the parties confer promptly to address any dispute as to the scope of Plaintiffs' requests. *See* Ex. A, at 18.[1] Agency Defendants did not respond until December 23, 2025—deferring a response on their overall position but asserting that, prior to a Rule 26(f) conference, they were not required to respond to Plaintiffs' requests within 30 days of service. *Id.* at 15. On December 24, 2025, Plaintiffs responded that discovery was validly served and that a formal response was required within 30 days of service. *Id.* at 14. On December 26, 2025, Plaintiffs accepted Agency Defendants' request to delay the meet and confer until the week after the holidays. *Id.* at 11-12. On January 2, 2026, Plaintiffs e-mailed Agency Defendants a proposed list of 17 records custodians to further limit any possible burden on the Agency Defendants in locating relevant responsive records. *Id.* at 10-11. On January 7, 2026, the Agency Defendants categorically objected to all of Plaintiffs' early discovery requests and reiterated their position that no discovery should be available in this action. *Id.* at 7. The next day, Plaintiffs e-mailed Agency Defendants explaining the specific justification for each request, withdrawing one request, and offering a compromise position to withdraw four additional requests. *Id.* at 4-6. The parties conferred telephonically for approximately an hour on January 9, 2026.[2] Plaintiffs and Agency Defendants

---

[1] Because Agency Defendants did not agree to accept electronic service, Plaintiffs also served Agency Defendants with the discovery requests via mail on December 22, 2025.

[2] The meet and confer took place from 11:30 AM until 12:22 PM on November 25, 2025. The following attorneys were present on the call—with Lead Trial Counsel being confirmed by each participating party: Zal Shroff; Amy Greer; Gadeir Abbas; Nadia Bayado; Maria Kari; Deema Azizi; Jonathan Wallace; (counsel for Plaintiffs); Marshall Miller, Gabrielle Tenzer, Trisha Anderson, and Zachary Piaker (Columbia Defendants); Allison Rovner and one additional attorney (Agency Defendants); Andy Wang and one additional attorney (Congressional Defendants).

1

agreed that they had reached impasse with respect to all of Plaintiffs' discovery requests—even as substantially narrowed by Plaintiffs on January 8, 2026. *Id.* at 1-2.[3]

## II. Discovery Was Validly Served—Requiring a Response from Agency Defendants.

Plaintiffs served their early discovery requests pursuant to this Court's recent order authorizing Plaintiffs to consider what "crucial information they need *now*, and target their requests on that discrete information." Dkt. 163 (emphasis added). The Court's Order specifically contemplates discovery responses from Defendants. *Id.* ("Defendants should be reasonable in entertaining targeted requests for information"). In fact, the Court pointed out that Plaintiffs' requests should be "served," rather than "delivered." *See id.* Plaintiffs' requests are therefore validly served. Fed R. Civ. P. 26(d)(1) ("A party may not seek discovery from any source before the parties have conferred as required by Rule 26(f), except […] when authorized […] *by court order*") (emphasis added). Accordingly, Agency Defendants' formal responses to Plaintiffs' requests are due on January 26, 2026. *See* Fed R. Civ. P. Rule 34(b)(2)(A) ("The party to whom the request is directed must respond in writing within 30 days after being served"); *see also* Rule 6(d).

## III. Plaintiffs Seek Evidence of Coercion Relevant to the Court's Analysis of Plaintiffs' Motion for Preliminary Injunction.

Plaintiffs argue in their preliminary injunction motion that Agency Defendants coerced Columbia into adopting policies that have and continue to restrict Plaintiffs' constitutionally protected speech. *See*, *e.g.*, Dkt. 133 at 10 ("the Trump Administration had already coerced Columbia into the enforcement of another antisemitism definition that Columbia *itself* had previously conceded would be unlawful to enforce"). Plaintiffs maintain that this Court can and should infer substantial coercion from the mere chronology of events at Columbia for purposes of Plaintiffs' motion for preliminary injunction before this Court—even absent discovery. *See* Dkt. 142, at 8 ("Federal courts regularly hold that chronology raises a strong inference of causation—including in First Amendment contexts"). However—given that both Agency Defendants and Columbia Defendants maintain that changes to Columbia's speech-related policies occurred absent intervention from the Trump Administration—limited discovery as to the fact of coercion is warranted to help this Court efficiently resolve the pending preliminary injunction motion. *See* Dkt. 142, at 9 n.4 ("Should the Court not apply these chronological inferences, hearing or decision on Plaintiffs' motion for preliminary injunction could be deferred until Plaintiffs have the opportunity to conduct limited discovery of Agency and Columbia Defendants"). Plaintiffs' early discovery requests seek records for a few weeks of critical activity from February to March 2025, and from June to July 2025 (a 15-week period). Ex. A, at 4-5. Plaintiffs served ten requests but narrowed them via e-mail and now seek responses for only **five** requests:

**Request Nos. 1-2.** Plaintiffs' first two requests are for documents and communications between the Columbia Defendants and the Agency Defendants during the core weeks when Columbia made formal changes to its definition of anti-Semitism. *See* Ex. A, at 4-5. This information is needed in support of Plaintiffs' key argument that the "Agency Defendants coerced Columbia via viewpoint discriminatory campus policies they have required Columbia to adopt." Dkt. 99, at 16. Correspondence and documents evincing the Agency Defendants' coercive conduct will fill any possible gaps in causation and establish whether Columbia's discriminatory policy changes were in fact a result of the Agency Defendants' coercion. *Compare* Dkt. 99, at 16, *with* Dkt. 116, at 16 ("Plaintiffs fail to credibly . . . prove that the Executive Branch Defendants coerced

---

[3] Agency Defendants made much of the "belated" timing of Plaintiffs' discovery requests during the meet and confer process. But Plaintiffs sought discovery in this action within two business days after the federal government's 43-day shutdown. These particular requests are also directly responsive to the Court's recent order regarding what discovery would be helpful to the Court *now* in resolving Plaintiffs' pending motion for preliminary injunction. *See* Dkt. 163. Meanwhile, Plaintiffs served the Columbia Defendants with similar early discovery requests. Columbia Defendants are currently considering Plaintiffs' requests as narrowed during the conference on January 9, 2026.

Columbia to take these actions"). Plaintiffs seek records from a combined 15-week period, proposed 17 or fewer records custodians to search—including the named defendants and relevant decision-makers in the four relevant federal agencies—and offered a defined list of proposed electronic search terms to limit any potential burden. *See* Ex. A, at 4-5 ("we can instead agree to a set of targeted and more limited subject-matter search terms").

**Request No. 3.** Plaintiffs' third request is limited to documents and communications from the beginning of regulatory contact with Columbia on February 3, 2025, to the signing of the Resolution Agreement on July 23, 2025, that may identify Agency Defendants pressing the International Holocaust Remembrance Alliance ("IHRA") definition of anti-Semitism and the resulting pressure on Columbia to adopt the IHRA definition. Ex. A, at 5. This evidence will serve to refute the Agency Defendants' assertion that they did not coerce Columbia to adopt the IHRA definition and incorporate it into university disciplinary policies. *See* Dkt. 136, at 11 ("Plaintiffs cannot show a likelihood of success on the merits as they fail to cite a single piece of evidence supporting that the Executive Branch Defendants coerced Columbia to adopt the IHRA antisemitism definition (or the 2024 Columbia Taskforce definition)").[4]

**Request Nos. 8-9.** Plaintiffs' final two requests address the preparation for and the communications in the six weeks leading up to Agency Defendants' March 13, 2025 demand letter to Columbia and other times when Agency Defendants may have pressured Columbia regarding student speech and disciplinary actions. *See* Ex. A, at 6. For the reasons stated above, these requests are directly relevant to Plaintiffs' coercion argument in their preliminary injunction motion.[5]

### IV. Agency Defendants Cannot Argue that the Discovery is Burdensome— Particularly Without Conducting a Test Search.

Agency Defendants have not articulated any possible burden in conducting a limited electronic records search for 17 or fewer custodian accounts over a 15-week period with proposed search terms. *See Bensmaine v. City of New York*, No. 21-CV-04816, 2022 WL 3362188, at *2 (S.D.N.Y. Aug. 15, 2022) (defendants did "not explain ... what is unduly burdensome"). Nor is such an assertion of burden possible without testing those searches for volume. *See, e.g., Mediatek, Inc. v. Freescale Semiconductor, Inc.*, No. 11-5341, 2013 U.S. Dist. LEXIS 122911, at *22 (N.D. Cal. Aug. 28, 2013) ("Freescale's objections to other search terms as too broad are premature. Freescale has not run a test search on a single identified custodian for any of the proposed searches"); *DeGeer v. Gillis*, 755 F. Supp. 2d 909, 929 (N.D. Ill. 2010) ("The Court is most troubled by the fact that there was no dialogue to discuss specific search terms or data custodians to be searched"). Plaintiffs have been willing to further limit the number of records custodians and narrow the search terms to reduce any possible burden. Agency Defendants have not provided any reason why a limited search, even for records from the 5 named Agency Defendants, would be burdensome especially as Plaintiffs offered to limit these requests further by number of custodians, time period, and to limit or negotiate search terms. Ex. A, at 1-2, 4-6.

---

[4] Agency Defendants have objected to July 23, 2025 as an end-date for this search. This is the date of the Resolution Agreement and is the relevant end-date for preliminary discovery related to coercion. The Parties' briefings address how the Resolution Agreement bears on the argument of coercion. *Compare* Dkt. 136 at 17 ("recent events—namely, the Resolution Agreement that restored grant funding to Columbia—further support the Executive Branch Defendants' argument that the March 13 Letter was merely part of the negotiation process between the Government and Columbia"), *with* Dkt. 142, at 5 ("The only discernible explanation for Columbia's about-face" in relation to the adoption of the IHRA definition "is the announcement of a final settlement with the Agency Defendants"); *see also* SAC ¶ 192 (government is "threatening future egregious violations of Plaintiffs' First Amendment rights").

[5] This request regarding the Trump Administration's demands takes on new-found importance after U.S. DOJ attorneys recently admitted that they were "pressured to accuse the University of California of discriminating against Jewish students and faculty, at the urging of the Trump administration" *See* Dani Anguiano, *Lawyers accuse DoJ of political pressure in University of California antisemitism investigation*, The Guardian (December 15, 2025), available at https://www.theguardian.com/us-news/2025/dec/15/university-of-california-antisemitism-investigation.

***

We thank the Court for its consideration of this letter.

          Respectfully submitted,

          /s/Zal K. Shroff
          Zal K. Shroff

**MAIN STREET LEGAL SERVICES**
Zal K. Shroff (#5560669)
Main Street Legal Services Inc.
2 Court Square West
Long Island City, NY 11101
Zal.Shroff@law.cuny.edu
T: (718) 340-4200
F: (718) 340-4478

**CAIR-NY (COUNCIL ON AMERICANISLAMIC RELATIONS – NEW YORK)**
Deema Azizi (NY 5525670)
233 Broadway, Suite 820
New York, NY 10279
dazizi@cair.com
T: (347) 445-0928

*Attorneys for Plaintiffs*