**Wednesday, January 14, 2026 at 15:53:25 Eastern Standard Time**

| | |
|---|---|
| **Subject:** | Re: Khalil v. Columbia: Limited Discovery and Meet and Confer Request |
| **Date:** | Friday, January 9, 2026 at 6:38:14 PM Eastern Standard Time |
| **From:** | Zal Shroff |
| **To:** | Deema Azizi, Marshall L. Miller, Rovner, Allison (USANYS), Gabrielle E. Tenzer, Wang, Andy, Fidler, Harry (USANYS), Kornreich, Mollie (USANYS), Trisha Anderson, Zachary Piaker, Oestericher, Jeffrey (USANYS), Berry, Matthew, Daines, Ken, Tatelman, Todd |
| **CC:** | Gadeir Abbas, Maria Kari, Jonathan Wallace, Ahmad Kaki, Nadia Bayado, Trevor Godbolt, Jacob Acuna, Natasha Bunten, Ivy Girdwood, Amy Greer |
| **Attachments:** | image001.png, image002.gif, image003.png |

Counsel:

Thank you for a productive conference call earlier today. We write to memorialize our conversation from today's call and to identify our proposed next steps.

First, the following is a list of attendees for Plaintiffs: Zal Shroff; Amy Greer; Gadeir Abbas; Nadia Bayado; Maria Kari; Deema Azizi; Jonathan Wallace; Natasha Bunten. We would appreciate a list of attendees for the Agency Defendants and Columbia Defendants.

## Timing of Discovery and Validity of Service.

As an initial matter, we reached impasse regarding the appropriate deadline under the Federal Rules of Civil Procedure for Defendants' discovery responses. Plaintiffs reiterated that the Court's Order contemplated early discovery, and so Plaintiffs' discovery requests are validly served and Defendants are required to respond in the traditional 30-day timeframe required for written discovery. *See* Dkt. 163; *see also* Fed R. Civ. P. 26(d)(1) ("A party may not seek discovery from any source before the parties have conferred as required by Rule 26(f), except […] when authorized […] *by court order*") (emphasis added). Both Agency Defendants and Columbia Defendants' position is that the Court did not authorize service of early discovery within the meaning of the Rules and that Plaintiffs' discovery requests do not require a response absent further direction from the Court. We agree we are at impasse as to this issue.

## Early Discovery Against the Agency Defendants

Plaintiffs and Agency Defendants have reached impasse with respect to all of Plaintiffs' discovery requests—even as narrowed in Plaintiff's January 8, 2026 e-mail to Agency Defendants. Agency Defendants assert as a general matter that running search terms on 17 records custodians is inherently burdensome at this stage, and Agency Defendants are unwilling to run test searches to determine how many documents are in fact in the possession of the proposed custodians. Plaintiffs' position, as clarified during the call, is that burden cannot be determined prior to a test search and that Plaintiffs are nevertheless willing to negotiate down the number of custodians. Agency Defendants declined to perform a test search or to discuss a narrower list of custodians. Agency Defendants object to the underlying subject matter of Plaintiffs' requests as overbroad or unnecessary as a whole. Thus, the parties are at impasse. As to the specific document requests:

**Request Nos. 1-2.** Plaintiffs explained that these requests target the core weeks where Columbia University made formal changes to its definition of anti-Semitism—among other policy changes requested by the Agency Defendants. Plaintiffs reiterated their request for limited documents and communications from 17 custodians for a combined 15-week period. Agency Defendants objected to Plaintiffs' requests as burdensome due to the number of custodians from multiple agencies for whom searches are sought.

**Request No. 3.** Plaintiffs explained that this request will identify Agency Defendants' motivations in pressing the IHRA Definition, and any correspondence or communications that may have pressured Columbia to adopt it. Agency Defendants' position is that a search for records from 17 custodians is burdensome. Agency Defendants also objected to July 23, 2025 as an end-date for a potential records search. Plaintiffs' position is that burden cannot be determined prior to a test search and are nevertheless willing to negotiate down the number of custodians. Agency Defendants objected to the underlying request in its entirety and the parties are at impasse.

**Request Nos. 4-7.** Plaintiffs previously offered a compromise position with respect to these requests which pertain to intent, should Agency Defendants be willing to provide responses to Plaintiffs' other requests that are related to coercion. Plaintiffs are willing to drop these requests because intent is not strictly relevant to the pending motions.

**Request No. 8-9.** Plaintiffs explained that these requests address the preparation for and communications around the March 13, 2025 letter and times where Agency Defendants may have pressured Columbia regarding student disciplinary actions. Plaintiffs offered to limit these requests further by number of custodians, time period, and to limit or negotiate search terms. Agency Defendants reiterated their general objection to both requests.

**Request No. 10.** Withdrawn.

### Early Discovery Against the Columbia Defendants

Columbia Defendants have agreed to further consider Plaintiffs' discovery requests as narrowed in Plaintiff's January 8, 2026, e-mail to Columbia Defendants and as further limited during today's call. The discussion for each request was as follows:

**Request Nos. 1-2.** Plaintiffs explained that these requests target the core weeks where Columbia University made formal changes to its definition of anti-Semitism—among other policy changes requested by the Agency Defendants. Plaintiffs offered a list of 23 custodians, for a limited 15-week period, and proposed sample search terms to further narrow these requests. Plaintiffs' position is that a test search is required for a determination related to burden. *See, e.g., Mediatek, Inc. v. Freescale Semiconductor, Inc.*, Case No. 11-5341 YGR (JSC), 2013 U.S. Dist. LEXIS 122911, at *22 (N.D. Cal. Aug. 28, 2013) ("Freescale's objections to other search terms as too broad are premature. Freescale has not run a test search on a single identified custodian for any of the proposed searches"). Columbia Defendants do not agree that Plaintiffs' case law regarding test searches is apposite in this context. However, Columbia Defendants agreed to consider these requests and agreed to consider running a test search to assess the potential burden of these requests as limited by Plaintiffs.

**Request No. 3-5.** Plaintiffs reiterated their request for documents and communications sufficient to show *when* Columbia first determined to make the policy changes announced on March 21, 2025—which Columbia maintains were already "underway" prior to March 13. Plaintiffs had already condensed this into a single request via their January 8, 2026, email. Plaintiffs further clarified that these requests can be satisfied if Columbia is willing to identify the specific documents it relied on to assert that its policy changes were "underway" prior to March 13. Columbia Defendants questioned whether all the policy categories listed in Plaintiffs' requests were in fact related to the present motions. Plaintiffs have now taken that under advisement and can agree to limit their request to: 3(a), 3(b), 3(d), and 3(e). Columbia Defendants agreed to further consider this request.

**Request No. 6-8.** Plaintiffs explained that these requests seek communications regarding the timing and motivations for Columbia's changes to its anti-Semitism definition up to and including adopting the IHRA definition, incorporation of the definitions into university disciplinary policies, and announcements related to enforcement of those policies. Plaintiffs agreed to limit these requests to the 23 proposed custodians with search terms as appropriate. Columbia Defendants agreed to further consider these requests.

**Request No. 9.** Plaintiffs will agree to limit this request for "Notice of Allegations" documents from the Office of Institutional Equity (OIE) to investigations that began *after* March 21, 2025. This is based on Defendants' representations that anti-Semitism definitions were not retroactively incorporated for allegations prior to that date. Plaintiffs further agreed to redactions of student names from any produced responses. Columbia Defendants agreed to consider this request.

**Request Nos. 10-11.** Withdrawn.

***

Thank you again for the productive meet and confer. We look forward to the Columbia Defendants' consideration of Plaintiffs' requests as described above. We request your reply within two business days (**Tuesday, January 13, 2026**) regarding your updated position. We will avoid approaching the Court regarding our impasse with the Agency Defendants until we can hopefully collaborate and resolve any outstanding disputes with the Columbia Defendants.

Best regards,

**Zal K. Shroff (he/him)**
Assistant Professor of Law
Director, Equality & Justice Clinic
—

**CUNY SCHOOL OF LAW**
LAW IN THE SERVICE OF HUMAN NEEDS

**Wednesday, January 14, 2026 at 15:57:00 Eastern Standard Time**

---

| | |
|---|---|
| **Subject:** | Re: Khalil v. Columbia: Limited Discovery and Meet and Confer Request |
| **Date:** | Thursday, January 8, 2026 at 11:49:33 AM Eastern Standard Time |
| **From:** | Zal Shroff |
| **To:** | Rovner, Allison (USANYS), Deema Azizi, Marshall L. Miller, Gabrielle E. Tenzer, Wang, Andy, Amy Greer, Fidler, Harry (USANYS), Kornreich, Mollie (USANYS), Trisha Anderson, Zachary Piaker, Oestericher, Jeffrey (USANYS), Berry, Matthew, Daines, Ken, Tatelman, Todd |
| **CC:** | Gadeir Abbas, Maria Kari, Lamya Agarwala, Jonathan Wallace, Ahmad Kaki, Nadia Bayado, Trevor Godbolt, Jacob Acuna, Natasha Bunten, Ivy Girdwood |
| **Attachments:** | image001.png, image002.gif, image003.png |

Allison:

It has now been 3 weeks since we served discovery on the Agency Defendants. We reluctantly accepted your request to defer meet and confer despite Judge Subramanian's 2-business day rule. But we explicitly noted that such allowance was premised on: (1) Agency Defendants not categorically opposing all discovery; and (2) Defendants agreeing that discovery was in fact validly served pursuant to the Court's order.

In your email, however, you renew your argument that no discovery is available in this action in its entirety. The Court's order appears to have already addressed—and rejected—that argument in contemplating early discovery. And as we have explained, discovery *was* validly served pursuant to the Court's order. Fed R. Civ. P. 26(d)(1) ("A party may not seek discovery from any source before the parties have conferred as required by Rule 26(f), except […] when authorized […] by court order").

Your blanket response is therefore troubling. Nor have you taken any steps to explain why specific document requests would be "unduly broad." We request that you clarify your position as to each specific request for production in writing prior to our telephonic conference. In the meantime, we will reiterate the basis for and scope of each request:

**Request Nos. 1-2.** These requests target the core weeks where Columbia University made formal changes to its definition of anti-Semitism—among other policy changes requested by the Agency Defendants. You maintained that the Trump Administration is not responsible for and did not coerce these specific changes in policy—and that Agency Defendants acted for viewpoint neutral reasons unrelated to the suppression of speech against Israeli policies. *See* Dkt. 136, at 11 ("Plaintiffs cannot show a likelihood of success on the merits as they fail to cite a single piece of evidence supporting that the Executive Branch Defendants coerced Columbia to adopt the IHRA antisemitism definition (or the 2024 Columbia Taskforce definition)"). We agree that Plaintiffs' motion for preliminary injunction turns on a likely showing that Agency Defendants did in fact coerce Columbia to adopt two separate definitions of anti-Semitism that violate the First Amendment. Plaintiffs maintain the Court can apply an inference of causation from the chronology of events alone. Assuming you disagree, early discovery is precisely how the Court can resolve this core question. *See* Dkt. 142, at 9 n.4 ("Should the Court not apply these chronological inferences, hearing or decision on Plaintiffs' motion for preliminary injunction could be deferred until Plaintiffs have the opportunity to conduct limited discovery of Agency and Columbia Defendants").

*Limiting Time Scope*. Plaintiffs are requesting that Agency Defendants perform an electronic records search for two brief time periods: (1) the 8 weeks surrounding the Trump Administration's list of demands and Columbia's responses; and (2) the 7 weeks around which Columbia formally adopted the IHRA definition of anti-Semitism and signed its Resolution Agreement with the administration. In total,

that is a request to search for less than 4 months of relevant records.

*Limiting Custodians*. As previously discussed, we are proposing a limited list of 17 custodian accounts to search with respect to these records requests—which will help focus only on the core agency decision-makers likely to have relevant information. That list includes the following individuals:

Named Defendants: Pam Bondi, Linda McMahon, Leo Terrell, Sean Kevin, Josh Gruenbaum;
Dep't of Education Staff: Rachel Oglesby, Jonathan Pidluzny, Chase Forrester, Steve Warzoha, Craig Trainor, Thomas Wheeler, Mark Washington, Ruth Ryder.
HHS/NIH Staff: Matt Buckham, Jon R. Lorsch, Michelle G. Bulls
GSA Staff: Stephen Ehikian

*Limiting Subject Matter*. We have also limited the subject matter of our correspondence search to the following core areas: (1) anti-Semitism; (2) student discipline; and (3) University policies. As such, to the extent that merely searching "Columbia" produces too many records and would be unduly burdensome for Defendants to produce, we can instead agree to a set of targeted and more limited subject-matter search terms such as: "Columbia" AND ("Antisemitism" or "Israel" or "student" or "discipline" or "punish" or "policy").

Defendants have not articulated any possible burden in conducting a limited electronic records search for 17 custodian accounts over a 4-month period with proposed search terms. Nor is such an assertion of burden possible without testing those searches for volume. *See, e.g., Mediatek, Inc. v. Freescale Semiconductor, Inc.*, Case No. 11-5341 YGR (JSC), 2013 U.S. Dist. LEXIS 122911, at *22 (N.D. Cal. Aug. 28, 2013) ("Freescale's objections to other search terms as too broad are premature. Freescale has not run a test search on a single identified custodian for any of the proposed searches"); *DeGeer v. Gillis*, 755 F. Supp. 2d 909, 929 (N.D. Ill. 2010) ("The Court is most troubled by the fact that there was no dialogue to discuss specific search terms or data custodians to be searched").

**Request No. 3.** The IHRA Definition of Anti-Semitism is the very definition that the Agency Defendants requested Columbia to adopt and that—after months of contact with Agency Defendants—was ultimately adopted on the eve of the Resolution Agreement. This request seeks all Agency Defendant communications related to the IHRA definition from the beginning of regulatory contact with Columbia to the signing of the Resolution Agreement (Feb. 3, 2025 to July 23, 2025). The request calls for documents that will identify Agency Defendants' motivations in pressing the IHRA Definition, and any correspondence or communications that may have pressured Columbia to adopt it—which are arguments central to the pending motions. *See* Dkt. 136, at 6 ("the IHRA definition is not included in the Resolution Agreement […] nor is it required by the March 13 Letter"); Dkt. 142, at 8 (Defendants "suggest[] that it is *pure coincidence* the University adopted the IHRA definition of antisemitism just two weeks after agreeing that definition was unlawful in briefing before this Court").

**Request Nos. 4-7.** These requests seek the documentary record you relied on to open an investigation into Columbia, your announcement of a potential stop-work order, and your ultimate announcement of a funding freeze—as well as your internal communications about each of these steps. The stated basis for these decisions and your motivations speak directly to Agency Defendants' intent to engage in viewpoint discrimination. *See* Dkt. 133, at 10 ("courts have repeatedly rejected that the government has any legitimate interest in suppressing speech critical of the State of Israel"), *citing Amawi*, 373 F. Supp. 3d at 749 (speech regulation was "a viewpoint-based restriction intended not to combat discrimination on the basis of national origin, but to silence speech with which Texas disagrees"). You deny this—which puts Defendants' intent to engage in viewpoint discrimination at issue for the pending preliminary injunction motion.

Plaintiffs can agree to limit this request to the same electronic records custodians. And is prepared to limit this request to: (1) the investigative file into Columbia University from February 3, 2025 to March 7, 2025; and (2) electronic communications searches for the 17 above-referenced custodians—with search terms to be agreed on for the same 1-month time period.

<u>Compromise Position:</u> We are mindful that at this juncture—the Court has asked Plaintiffs only to engage in discovery to the extent necessary to resolve the pending motions. Defendants' intent—while absolutely relevant to the question of First Amendment viewpoint discrimination—is unnecessary to answer the related question of whether Agency Defendants coerced Columbia to enforce an *overbroad* speech restriction in violation of the First Amendment. All that is required to establish First Amendment overbreadth is that the speech restriction covers substantial amounts of constitutionally protected speech —regardless of government intent to serve some legitimate purpose. *See* Dkt. 142, at 6 ("Because Defendants could have tailored their policies to address antisemitism without targeting protected political speech—but declined to do so—Plaintiffs have established a likelihood of success in their facial [overbreadth] challenge"); Dkt. 133, at 9, *citing Abbott*, 756 F. Supp. 3d at 421 (finding a First Amendment claim properly alleged because "IHRA's labeling of these examples as antisemitic arguably proscribes [plaintiffs'] similar criticisms of Israel"). As a result, if Defendants are willing to agree to satisfy the remaining discovery requests regarding coercion, Plaintiffs are willing to forego these requests probative of Agency Defendants' intent.

**Request No. 8.** This request calls for communications surrounding and drafts of the March 13, 2025 letter —which will speak directly to Agency Defendants' goals in sending that letter, including intent to coerce Columbia to change its policies and approach to student discipline in line with administration demands. *Cf.* Dkt. 136, at 11 ("Plaintiffs cannot show a likelihood of success on the merits as they fail to cite a single piece of evidence supporting that the Executive Branch Defendants coerced Columbia"). We are willing to limit this request—as an initial matter—to the same 17 proposed custodians. The time period for the request can be February 3, 2025 to March 13, 2025. We would expect the production and search in two groups: (1) emails exchanging drafts of the March 13 letter and copies of those drafts; (2) emails responsive to agreed-upon electronic search terms that speak to the demands contained in the March 13 letter and their motivation.

**Request No. 9.** Whether Agency Defendants ever planned to or did pressure Columbia with respect to the discipline of individual students for their political criticism of Israel is directly related to Agency Defendant coercion of the policy changes at Columbia and plaintiffs' pre-enforcement standing to challenge enforcement of those policies against them. *See* Dkt. 136, at 11; Dkt. 133, at 16. We can agree to the same 17 custodians as an initial matter, from February 3, 2025 to July 23, 2025, with the following proposed initial search terms: "Columbia" AND "discipline" AND "student"; "Columbia" AND "student" AND "Israel"; "Columbia" AND "student" AND "protest"; "Columbia" AND "protest" AND "discipline."

**Request No. 10**. Withdrawn because the interaction between the IHRA definition of anti-Semtism and the Resolution Agreement is addressed—in relevant part—by Request Nos. 2-3 above.

\*\*\*

We look forward to conferring with you all and hope that you are in a position to reconsider your blanket declination to engage in limited early discovery pursuant to the Court's order. We would also appreciate your request-by-request response as soon as possible prior to meet and confer.

Best regards,

**Zal K. Shroff (he/him)**
Assistant Professor of Law
Director, Equality & Justice Clinic
—

**CUNY SCHOOL OF LAW**

LAW IN THE SERVICE OF HUMAN NEEDS

---

**From:** Rovner, Allison (USANYS) <Allison.Rovner@usdoj.gov>
**Date:** Wednesday, January 7, 2026 at 4:21 PM
**To:** Deema Azizi <dazizi@cair.com>, Marshall L. Miller <mmiller@heckerfink.com>, Zal Shroff <ZAL.SHROFF@law.cuny.edu>, Gabrielle E. Tenzer <gtenzer@heckerfink.com>, Wang, Andy <Andy.Wang@mail.house.gov>, Amy Greer <agreer@dratellewis.com>, Fidler, Harry (USANYS) <Harry.Fidler@usdoj.gov>, Kornreich, Mollie (USANYS) <Mollie.Kornreich@usdoj.gov>, Trisha Anderson <tanderson@heckerfink.com>, Zachary Piaker <zpiaker@heckerfink.com>, Oestericher, Jeffrey (USANYS) <Jeffrey.Oestericher@usdoj.gov>, Berry, Matthew <Matthew.Berry@mail.house.gov>, Daines, Ken <Ken.Daines@mail.house.gov>, Tatelman, Todd <Todd.Tatelman@mail.house.gov>
**Cc:** Gadeir Abbas <gAbbas@cair.com>, Maria Kari <info@mariakari.org>, Lamya Agarwala <LAgarwala@cair.com>, Jonathan Wallace <jonathan.wallace80@gmail.com>, Ahmad Kaki <akaki@cair.com>, Nadia Bayado <nBayado@cair.com>, Trevor Godbolt <trevor.godbolt@live.law.cuny.edu>, Jacob Acuna <jacob.acuna@live.law.cuny.edu>, Natasha Bunten <natasha.bunten@live.law.cuny.edu>, Ivy Girdwood <ivy.girdwood@live.law.cuny.edu>
**Subject:** RE: Khalil v. Columbia: Limited Discovery and Meet and Confer Request

> **\* External Sender - Proceed Cautiously with Links and Attachments. \***

Deema,

We have conferred with our clients and the Executive Branch Defendants' position remains the same: this is an administrative record case, and there should be no discovery. We will produce the record after the Court decides the motion to dismiss (if any claims remain). In accordance with the Court's order, the Executive Branch Defendants have considered plaintiffs' requests. However, plaintiffs' requests are unduly broad. As such, plaintiffs have not complied with the Court's order to seek only "crucial information they need now, and target their requests on that discrete information."

It also remains our position that the requests have not yet been served pursuant to Fed R. Civ. P. 26(d)(1) & (d)(2)(B) for the reasons both we and Columbia's counsel have explained.

Finally, we will send a Teams invite.  We do not think this meeting should last longer than 30 minutes but will send an invite for 60 minutes.

Sincerely,
Allison

---

**From:** Deema Azizi <dazizi@cair.com>
**Sent:** Wednesday, January 7, 2026 11:19 AM
**To:** Rovner, Allison (USANYS) <Allison.Rovner@usdoj.gov>; Marshall L. Miller <mmiller@heckerfink.com>; Zal Shroff <ZAL.SHROFF@law.cuny.edu>; Gabrielle E. Tenzer <gtenzer@heckerfink.com>; Wang, Andy <Andy.Wang@mail.house.gov>; Amy Greer <agreer@dratellewis.com>; Fidler, Harry (USANYS) <Harry.Fidler@usdoj.gov>; Kornreich, Mollie (USANYS) <Mollie.Kornreich@usdoj.gov>; Trisha Anderson <tanderson@heckerfink.com>; Zachary Piaker <zpiaker@heckerfink.com>; Oestericher, Jeffrey (USANYS) <Jeffrey.Oestericher@usdoj.gov>; Berry, Matthew <Matthew.Berry@mail.house.gov>; Daines, Ken <Ken.Daines@mail.house.gov>; Tatelman, Todd <Todd.Tatelman@mail.house.gov>
**Cc:** Gadeir Abbas <gAbbas@cair.com>; Maria Kari <info@mariakari.org>; Lamya Agarwala <LAgarwala@cair.com>; Jonathan Wallace <jonathan.wallace80@gmail.com>; Ahmad Kaki <akaki@cair.com>; Nadia Bayado <nBayado@cair.com>; Trevor Godbolt <trevor.godbolt@live.law.cuny.edu>; Jacob Acuna <jacob.acuna@live.law.cuny.edu>; Natasha Bunten <natasha.bunten@live.law.cuny.edu>; Ivy Girdwood <ivy.girdwood@live.law.cuny.edu>
**Subject:** [EXTERNAL] Re: Khalil v. Columbia: Limited Discovery and Meet and Confer Request

Counsel:

Thank you for your responses. We ask that your positions on Plaintiffs' requests for production be provided in writing before 12PM on Thursday, January 8, 2026 so that we can have a thorough and productive meet and confer on Friday.

Our meet and confer is set for Friday, January 9, 2026 at 11:30AM. We recommend that the parties reserve 90 minutes for the conference so that we can conclusively address any issues that arise with the discovery request by request. We would appreciate it if you can circulate a dial-in for the meeting, or we are happy to share a Zoom link if preferable.

Best regards,

**Deema Azizi**
Senior Litigation Attorney
Legal Unit, CAIR-NY (Council on American-Islamic Relations-New York)
T (Office Line): 646.665.7599

E: dazizi@cair.com
Website: cair-ny.org

*Disclaimer: This email may contain confidential and privileged material, including attachments, for the sole use of the intended recipient(s) named above. Please do not review, use, copy, forward, or in any way distribute or disclose the contents of this e-mail including any attachments unless you are the intended recipient(s) named above. If you are not the intended recipient, or authorized to receive this message for the recipient, please contact the sender by reply email, delete all copies of this message, and subsequently delete all copies of this message in the trash/deleted items folder. This email does not by itself establish an attorney-client relationship, and may not constitute legal advice.*

---

**From:** Rovner, Allison (USANYS) <Allison.Rovner@usdoj.gov>
**Sent:** Tuesday, January 6, 2026 10:35 PM
**To:** Marshall L. Miller <mmiller@heckerfink.com>; Deema Azizi <dazizi@cair.com>; Zal Shroff <ZAL.SHROFF@law.cuny.edu>; Gabrielle E. Tenzer <gtenzer@heckerfink.com>; Wang, Andy <Andy.Wang@mail.house.gov>; Amy Greer <agreer@dratellewis.com>; Fidler, Harry (USANYS) <Harry.Fidler@usdoj.gov>; Kornreich, Mollie (USANYS) <Mollie.Kornreich@usdoj.gov>; Trisha Anderson <tanderson@heckerfink.com>; Zachary Piaker <zpiaker@heckerfink.com>; Oestericher, Jeffrey (USANYS) <Jeffrey.Oestericher@usdoj.gov>; Berry, Matthew <Matthew.Berry@mail.house.gov>; Daines, Ken <Ken.Daines@mail.house.gov>; Tatelman, Todd <Todd.Tatelman@mail.house.gov>
**Cc:** Gadeir Abbas <gAbbas@cair.com>; Maria Kari <info@mariakari.org>; Lamya Agarwala <LAgarwala@cair.com>; Jonathan Wallace <jonathan.wallace80@gmail.com>; Ahmad Kaki <akaki@cair.com>; Nadia Bayado <nBayado@cair.com>; Trevor Godbolt <trevor.godbolt@live.law.cuny.edu>; Jacob Acuna <jacob.acuna@live.law.cuny.edu>; Natasha Bunten <natasha.bunten@live.law.cuny.edu>; Ivy Girdwood <ivy.girdwood@live.law.cuny.edu>
**Subject:** RE: Khalil v. Columbia: Limited Discovery and Meet and Confer Request

The same is true here.

---

**From:** Marshall L. Miller <mmiller@heckerfink.com>
**Sent:** Tuesday, January 6, 2026 7:47 PM
**To:** Deema Azizi <dazizi@cair.com>; Zal Shroff <ZAL.SHROFF@law.cuny.edu>; Rovner, Allison (USANYS) <Allison.Rovner@usdoj.gov>; Gabrielle E. Tenzer <gtenzer@heckerfink.com>; Wang, Andy <Andy.Wang@mail.house.gov>; Amy Greer <agreer@dratellewis.com>; Fidler, Harry (USANYS) <Harry.Fidler@usdoj.gov>; Kornreich, Mollie (USANYS) <Mollie.Kornreich@usdoj.gov>; Trisha Anderson <tanderson@heckerfink.com>; Zachary Piaker <zpiaker@heckerfink.com>; Oestericher, Jeffrey (USANYS) <Jeffrey.Oestericher@usdoj.gov>; Berry, Matthew <Matthew.Berry@mail.house.gov>; Daines, Ken <Ken.Daines@mail.house.gov>; Tatelman, Todd <Todd.Tatelman@mail.house.gov>
**Cc:** Gadeir Abbas <gAbbas@cair.com>; Maria Kari <info@mariakari.org>; Lamya Agarwala <LAgarwala@cair.com>; Jonathan Wallace <jonathan.wallace80@gmail.com>; Ahmad Kaki <akaki@cair.com>; Nadia Bayado <nBayado@cair.com>; Trevor Godbolt <trevor.godbolt@live.law.cuny.edu>; Jacob Acuna <jacob.acuna@live.law.cuny.edu>; Natasha Bunten <natasha.bunten@live.law.cuny.edu>; Ivy Girdwood <ivy.girdwood@live.law.cuny.edu>
**Subject:** [EXTERNAL] RE: Khalil v. Columbia: Limited Discovery and Meet and Confer Request

Thank you for your emails. As we noted previously, due to the holidays, we haven't been able to discuss your discovery requests and the points raised below with our client prior to this week. Now that people have returned to the office, we are reviewing these matters

with our client.

Best regards,

Marshall

**Marshall L. Miller | Hecker Fink LLP**
Partner
350 Fifth Avenue | 63rd Floor
New York, NY 10118
(W) 212.404.8656 | (M) 646.208.3494
mmiller@heckerfink.com

| | |
|---|---|
| **Subject:** | Re: Khalil v. Columbia: Limited Discovery and Meet and Confer Request |
| **Date:** | Friday, January 2, 2026 at 12:54:21 PM Eastern Standard Time |
| **From:** | Deema Azizi |
| **To:** | Marshall L. Miller, Rovner, Allison (USANYS), Gabrielle E. Tenzer, Wang, Andy, Fidler, Harry (USANYS), Kornreich, Mollie (USANYS), Trisha Anderson, Zachary Piaker, Oestericher, Jeffrey (USANYS), Berry, Matthew, Daines, Ken, Tatelman, Todd |
| **CC:** | Gadeir Abbas, Maria Kari, Zal Shroff, Jonathan Wallace, Ahmad Kaki, Nadia Bayado, Amy Greer, Trevor Godbolt, Jacob Acuna, Natasha Bunten, Ivy Girdwood |
| **Attachments:** | image001.png, image002.gif |

Counsel:

As previously discussed, we look forward to reviewing your positions and authority in writing on January 6, 2026 and to a productive meet and confer on January 9, 2026 to resolve any outstanding issues you may raise regarding Plaintiffs' limited discovery. With respect to Request Nos. 1-2 as to both the Agency Defendants and Columbia Defendants, we also recommend agreeing on an initial list of records custodians to further limit any possible burden on Defendants in locating relevant communications for the few core weeks where Columbia made concrete changes to its speech and discipline policies. We propose the following records custodians for each Defendant group:

*Agency Defendants*

Named Defendants: Pam Bondi, Linda McMahon, Leo Terrell, Sean Kevin, Josh Gruenbaum;
Dep't of Education Staff: Rachel Oglesby, Jonathan Pidluzny, Chase Forrester, Steve Warzoha, Craig Trainor, Thomas Wheeler, Mark Washington, Ruth Ryder.
HHS/NIH Staff: Matt Buckham, Jon R. Lorsch, Michelle G. Bulls
GSA Staff: Stephen Ehikian

*Columbia Defendants*

Current/Former Presidents: Katrina Armstrong, Claire Shipman
Co-Chairs of the Trustees: David Greenwald, Jeh Johnson
Former Trustees: Jonathan Lavine, Claire Shipman
Relevant Employees: Angela V. Olinto, William Berger, Felice B. Rosan, Donna P. Fenn, Susan K. Rushing, Jeri L. Henry, David M. Schizer, Esther R. Fuchs, Nicholas Lemann, Gregory Wawro, Laura Kirchstein, Chloe Brighton, Jamie Kleidman

We look forward to hearing from you and thank you for your attention to this matter.

Best regards,

**Deema Azizi**
Senior Litigation Attorney
Legal Unit, CAIR-NY (Council on American-Islamic Relations-New York)
T (Office Line): 646.665.7599
E: dazizi@cair.com
Website: cair-ny.org

*Disclaimer: This email may contain confidential and privileged material, including attachments, for the sole use of the intended recipient(s) named above. Please do not review, use, copy, forward, or in any way distribute or disclose the contents of this e-mail including any attachments unless you are the intended recipient(s) named above. If you are not the intended recipient, or authorized to receive this message for the recipient, please contact the sender by reply email, delete all copies of this message, and subsequently delete all copies of this message in the trash/deleted items folder. This email does not by itself establish an attorney-client relationship, and may not constitute legal advice.*

**From:** Deema Azizi <dazizi@cair.com>
**Sent:** Friday, December 26, 2025 1:00 PM
**To:** Marshall L. Miller <mmiller@heckerfink.com>; Zal Shroff <ZAL.SHROFF@law.cuny.edu>; Rovner, Allison (USANYS) <Allison.Rovner@usdoj.gov>; Gabrielle E. Tenzer <gtenzer@heckerfink.com>; Wang, Andy <Andy.Wang@mail.house.gov>; Amy Greer <agreer@dratellewis.com>; Fidler, Harry (USANYS) <Harry.Fidler@usdoj.gov>; Kornreich, Mollie (USANYS) <Mollie.Kornreich@usdoj.gov>; Trisha Anderson <tanderson@heckerfink.com>; Zachary Piaker <zpiaker@heckerfink.com>; Oestericher, Jeffrey (USANYS) <Jeffrey.Oestericher@usdoj.gov>; Berry, Matthew <Matthew.Berry@mail.house.gov>; Daines, Ken <Ken.Daines@mail.house.gov>; Tatelman, Todd <Todd.Tatelman@mail.house.gov>
**Cc:** Gadeir Abbas <gAbbas@cair.com>; Maria Kari <info@mariakari.org>; Lamya Agarwala <LAgarwala@cair.com>; Jonathan Wallace <jonathan.wallace80@gmail.com>; Ahmad Kaki <akaki@cair.com>; Nadia Bayado <nBayado@cair.com>; Trevor Godbolt <trevor.godbolt@live.law.cuny.edu>; Jacob Acuna <jacob.acuna@live.law.cuny.edu>; Natasha Bunten <natasha.bunten@live.law.cuny.edu>; Ivy Girdwood <ivy.girdwood@live.law.cuny.edu>
**Subject:** Re: Khalil v. Columbia: Limited Discovery and Meet and Confer Request

> This email was sent from outside the Firm.

Counsel:

Thank you for your response. We disagree with your interpretation that the Court's December 11, 2025, Order does not contemplate discovery responses from Defendants. *See* Dkt. No. 163 ("Defendants should be reasonable in entertaining targeted requests for information"). As noted, the Court permitted limited discovery to proceed immediately as to what Plaintiffs need "now" that is relevant to the pending motions. *Id.* In addition, the Court is aware of the parties' dispute regarding the timing of the Rule 26(f) conference (*see* Dkt. Nos. 159-160)—but still pointed out that Plaintiffs' requests should be "served." Dkt. No. 163. An interpretation that service is ineffective until the Rule 26(f) conference is not aligned with the language and purpose of the Court's December 11, 2025, Order.

Having said that, and in the interest of efficiency, Plaintiffs are willing to meet and confer on January 9, 2026 (at any of the suggested times) to further discuss this point and Defendants' responses to Plaintiffs' discovery requests. To help make that a productive discussion, we ask that Defendants inform us in writing by **COB on January 6, 2026**, whether

Defendants: (1) categorically object to Plaintiffs' requests for production, and if so, what facts or authorities support Defendants' positions; (2) object to specific requests as burdensome or irrelevant to the pending motions—by reference to the specific RFP number and with an explanation as to the expected burden; (3) object to the 30-day standard timeline for discovery responses, which will be January 26, 2026; or (4) do not object to the discovery.

We hope you all have a wonderful holiday break.

Best,

**Deema Azizi**
Senior Litigation Attorney
Legal Unit, CAIR-NY (Council on American-Islamic Relations-New York)
T (Office Line): 646.665.7599
E: dazizi@cair.com
Website: cair-ny.org

*Disclaimer: This email may contain confidential and privileged material, including attachments, for the sole use of the intended recipient(s) named above. Please do not review, use, copy, forward, or in any way distribute or disclose the contents of this e-mail including any attachments unless you are the intended recipient(s) named above. If you are not the intended recipient, or authorized to receive this message for the recipient, please contact the sender by reply email, delete all copies of this message, and subsequently delete all copies of this message in the trash/deleted items folder. This email does not by itself establish an attorney-client relationship, and may not constitute legal advice.*

---

**From:** Marshall L. Miller <mmiller@heckerfink.com>
**Sent:** Wednesday, December 24, 2025 2:19 PM
**To:** Zal Shroff <ZAL.SHROFF@law.cuny.edu>; Rovner, Allison (USANYS) <Allison.Rovner@usdoj.gov>; Gabrielle E. Tenzer <gtenzer@heckerfink.com>; Wang, Andy <Andy.Wang@mail.house.gov>; Amy Greer <agreer@dratellewis.com>; Fidler, Harry (USANYS) <Harry.Fidler@usdoj.gov>; Kornreich, Mollie (USANYS) <Mollie.Kornreich@usdoj.gov>; Trisha Anderson <tanderson@heckerfink.com>; Zachary Piaker <zpiaker@heckerfink.com>; Oestericher, Jeffrey (USANYS) <Jeffrey.Oestericher@usdoj.gov>; Berry, Matthew <Matthew.Berry@mail.house.gov>; Daines, Ken <Ken.Daines@mail.house.gov>; Tatelman, Todd <Todd.Tatelman@mail.house.gov>
**Cc:** Gadeir Abbas <gAbbas@cair.com>; Maria Kari <info@mariakari.org>; Lamya Agarwala <LAgarwala@cair.com>; Jonathan Wallace <jonathan.wallace80@gmail.com>; Ahmad Kaki <akaki@cair.com>; Nadia Bayado <nBayado@cair.com>; Trevor Godbolt <trevor.godbolt@live.law.cuny.edu>; Jacob Acuna <jacob.acuna@live.law.cuny.edu>; Natasha Bunten <natasha.bunten@live.law.cuny.edu>; Deema Azizi <dazizi@cair.com>; Ivy Girdwood <ivy.girdwood@live.law.cuny.edu>
**Subject:** RE: Khalil v. Columbia: Limited Discovery and Meet and Confer Request

Counsel:

We agree with the Agency Defendants that the parties have not held a Rule 26(f) conference—indeed, the Court denied Plaintiffs' request to compel such a conference. ECF 163. Accordingly, pursuant to Rule 26(d), the requests have not been "served," such that any responses would be required within 30 days. Fed. R. Civ. P. 26(d)(2)(B).

You note an exception to that general rule where the Court has, nevertheless, ordered discovery—but here, the Court's order does not contemplate responses, let alone "final production," by January 26. Instead, the Court has outlined a different procedure: Plaintiffs were required to provide their discovery requests, Defendants are required to consider them, and the parties are required to meet and confer concerning any dispute. We fail to see how lobbing in 2-day deadlines on Christmas Eve is either productive or consistent with the Court's direction.

In all events, the Columbia Defendants intend to follow the procedure outlined by the Court. As we have previously explained, our client is largely shut down for the holidays, so we are not able to provide a definitive position on Plaintiffs' wide-ranging requests, as you appear to demand. We look forward to meeting and conferring on January 9, once we have had a reasonable opportunity to consult with our client.

Sincerely,

Marshall

**Marshall L. Miller | Hecker Fink LLP**
Partner
350 Fifth Avenue | 63rd Floor
New York, NY 10118
(W) 212.404.8656 | (M) 646.208.3494
mmiller@heckerfink.com

---

**From:** Zal Shroff <ZAL.SHROFF@law.cuny.edu>
**Sent:** Wednesday, December 24, 2025 10:42 AM
**To:** Rovner, Allison (USANYS) <Allison.Rovner@usdoj.gov>; Gabrielle E. Tenzer <gtenzer@heckerfink.com>; Wang, Andy <Andy.Wang@mail.house.gov>; Marshall L. Miller <mmiller@heckerfink.com>; Amy Greer <agreer@dratellewis.com>; Fidler, Harry (USANYS) <Harry.Fidler@usdoj.gov>; Kornreich, Mollie (USANYS) <Mollie.Kornreich@usdoj.gov>; Trisha Anderson <tanderson@heckerfink.com>; Zachary Piaker <zpiaker@heckerfink.com>; Oestericher, Jeffrey (USANYS) <Jeffrey.Oestericher@usdoj.gov>; Berry, Matthew <Matthew.Berry@mail.house.gov>; Daines, Ken <Ken.Daines@mail.house.gov>; Tatelman, Todd <Todd.Tatelman@mail.house.gov>
**Cc:** Gadeir Abbas <gAbbas@cair.com>; Maria Kari <info@mariakari.org>; Lamya Agarwala <lagarwala@cair.com>; Jonathan Wallace <jonathan.wallace80@gmail.com>; Ahmad Kaki <akaki@cair.com>; Nadia Bayado <nBayado@cair.com>; Trevor Godbolt <trevor.godbolt@live.law.cuny.edu>; Jacob Acuna <jacob.acuna@live.law.cuny.edu>; Natasha Bunten <natasha.bunten@live.law.cuny.edu>; dazizi@cair.com; Ivy Girdwood <ivy.girdwood@live.law.cuny.edu>
**Subject:** Re: Khalil v. Columbia: Limited Discovery and Meet and Confer Request

> This email was sent from outside the Firm.

Counsel:

Defendants' responses are due within 30 days of service where—as here—a court order specifically contemplates that discovery may be propounded. *See* Dkt. No. 163 ("[P]laintiffs should think about what crucial information they need *now*, and target their requests on that discrete information.") (emphasis added); Fed R. Civ. P. 26(d)(1) ("A party may not seek discovery from any source before the parties have conferred as required by Rule 26(f), except […] when authorized […] by court order); *see also* Fed. R. Civ. P. 34(b)(2)(A) ("The party to whom the request is directed must respond in writing within 30 days after being served").

If either the Agency Defendants or the Columbia Defendants disagree, it seems we have a discovery dispute that requires resolution within two business days. We otherwise appreciate Agency Defendants' clarification that Defendants do not categorically oppose Plaintiffs' discovery requests—and are merely reviewing the substance of particular requests. With this in mind, Plaintiffs are happy to meet on January 9 at 11:30AM after Defendants have conducted an initial review so that the parties can work proactively to address any concerns and agree on relevant custodians before final production is due on January 26.

Best regards,

**Zal K. Shroff (he/him)**
Assistant Professor of Law
Director, Equality & Justice Clinic
—

CUNY SCHOOL OF LAW

LAW IN THE SERVICE OF HUMAN NEEDS

---

**From:** Rovner, Allison (USANYS) <Allison.Rovner@usdoj.gov>
**Date:** Tuesday, December 23, 2025 at 2:46 PM
**To:** Zal Shroff <ZAL.SHROFF@law.cuny.edu>, Gabrielle E. Tenzer <gtenzer@heckerfink.com>, Wang, Andy <Andy.Wang@mail.house.gov>, Marshall L. Miller <mmiller@heckerfink.com>, Amy Greer <agreer@dratellewis.com>, Fidler, Harry (USANYS) <Harry.Fidler@usdoj.gov>, Kornreich, Mollie (USANYS) <Mollie.Kornreich@usdoj.gov>, Trisha Anderson <tanderson@heckerfink.com>, Zachary Piaker <zpiaker@heckerfink.com>, Oestericher, Jeffrey (USANYS) <Jeffrey.Oestericher@usdoj.gov>, Berry, Matthew <Matthew.Berry@mail.house.gov>, Daines, Ken <Ken.Daines@mail.house.gov>, Tatelman, Todd <Todd.Tatelman@mail.house.gov>
**Cc:** Gadeir Abbas <gAbbas@cair.com>, Maria Kari <info@mariakari.org>, Lamya Agarwala <lagarwala@cair.com>, Jonathan Wallace <jonathan.wallace80@gmail.com>, Ahmad Kaki <akaki@cair.com>, Nadia Bayado <nBayado@cair.com>, Trevor Godbolt <trevor.godbolt@live.law.cuny.edu>, Jacob Acuna <jacob.acuna@live.law.cuny.edu>, Natasha Bunten <natasha.bunten@live.law.cuny.edu>, dazizi@cair.com <dazizi@cair.com>, Ivy Girdwood <ivy.girdwood@live.law.cuny.edu>
**Subject:** RE: Khalil v. Columbia: Limited Discovery and Meet and Confer Request

Zal,

Like the Columbia Defendants, the Executive Branch Defendants are unable to meet and confer this week regarding Plaintiffs' discovery requests. You cite Rule 5.C. of the Court's individual practices, but that only applies where "a party raises a discovery dispute with the opposing party." Here, we are considering Plaintiffs' discovery requests and have not yet raised a dispute. Notably, Plaintiffs sent these requests on the eve of the holidays, at a time when it is predictably difficult for us to confer with our clients, despite the Court issuing its order denying Plaintiffs' motions for discovery a week earlier, on December 11.

Further, regarding your comment suggesting that responses to discovery requests are due 30 days after service, we do not believe that is the case here as the parties have not yet had a Rule 26(f) conference.  See Fed. R. Civ. P. 34(b)(2)(A) and 26(d)(2).

Of the times proposed by the Columbia Defendants, we are available to meet and confer on January 9 between 11:30am-1pm or 2pm-4:30pm.

Thanks,
Allison

**From:** Zal Shroff <ZAL.SHROFF@law.cuny.edu>
**Sent:** Tuesday, December 23, 2025 11:07 AM
**To:** Gabrielle E. Tenzer <gtenzer@heckerfink.com>; Wang, Andy <Andy.Wang@mail.house.gov>; Rovner, Allison (USANYS) <Allison.Rovner@usdoj.gov>; Marshall L. Miller <mmiller@heckerfink.com>; Amy Greer <agreer@dratellewis.com>; Fidler, Harry (USANYS) <Harry.Fidler@usdoj.gov>; Kornreich, Mollie (USANYS) <Mollie.Kornreich@usdoj.gov>; Trisha Anderson <tanderson@heckerfink.com>; Zachary Piaker <zpiaker@heckerfink.com>; Oestericher, Jeffrey (USANYS) <Jeffrey.Oestericher@usdoj.gov>; Berry, Matthew <Matthew.Berry@mail.house.gov>; Daines, Ken <Ken.Daines@mail.house.gov>; Tatelman, Todd <Todd.Tatelman@mail.house.gov>
**Cc:** Gadeir Abbas <gAbbas@cair.com>; Maria Kari <info@mariakari.org>; Lamya Agarwala <lagarwala@cair.com>; Jonathan Wallace <jonathan.wallace80@gmail.com>; Ahmad Kaki <akaki@cair.com>; Nadia Bayado <nBayado@cair.com>; Trevor Godbolt <trevor.godbolt@live.law.cuny.edu>; Jacob Acuna <jacob.acuna@live.law.cuny.edu>; Natasha Bunten <natasha.bunten@live.law.cuny.edu>; dazizi@cair.com; Ivy Girdwood <ivy.girdwood@live.law.cuny.edu>
**Subject:** [EXTERNAL] Re: Khalil v. Columbia: Limited Discovery and Meet and Confer Request

Counsel:

Thank you for your email.  We have formally served your offices with the written discovery identified below via mail because we did not hear from you regarding e-service. We will therefore anticipate complete responses to these requests on or before January 26, 2026.

We are happy to confer the week of January 8 to address any outstanding questions or concerns you may have regarding the scope of particular requests—including a discussion of proposed custodians for Request Nos. 1-2 to further limit any possible burden on Defendants in locating relevant communications. We are available at any of the times you proposed on January 9.

However, to the extent the Columbia Defendants—or Agency Defendants—will oppose the

discovery in its entirety, we note that Judge Subramanian's individual rules require meet and confer within two business days. *See* Individual Rule 5(C). In which case, we expect a meet and confer as soon as possible next week. This is particularly important as the purpose of our targeted discovery is to assist the Court in resolving the pending motions.

Best regards,

**Zal K. Shroff (he/him)**
Assistant Professor of Law
Director, Equality & Justice Clinic
—

**CUNY SCHOOL OF LAW**

LAW IN THE SERVICE OF HUMAN NEEDS

---

**From:** Gabrielle E. Tenzer <gtenzer@heckerfink.com>
**Date:** Monday, December 22, 2025 at 8:00 PM
**To:** Zal Shroff <ZAL.SHROFF@law.cuny.edu>, Wang, Andy <Andy.Wang@mail.house.gov>, Rovner, Allison (USANYS) <Allison.Rovner@usdoj.gov>, Marshall L. Miller <mmiller@heckerfink.com>, Amy Greer <agreer@dratellewis.com>, Fidler, Harry (USANYS) <Harry.Fidler@usdoj.gov>, Kornreich, Mollie (USANYS) <Mollie.Kornreich@usdoj.gov>, Trisha Anderson <tanderson@heckerfink.com>, Zachary Piaker <zpiaker@heckerfink.com>, Oestericher, Jeffrey (USANYS) <Jeffrey.Oestericher@usdoj.gov>, Berry, Matthew <Matthew.Berry@mail.house.gov>, Daines, Ken <Ken.Daines@mail.house.gov>, Tatelman, Todd <Todd.Tatelman@mail.house.gov>
**Cc:** Gadeir Abbas <gAbbas@cair.com>, Maria Kari <info@mariakari.org>, Lamya Agarwala <lagarwala@cair.com>, Jonathan Wallace <jonathan.wallace80@gmail.com>, Ahmad Kaki <akaki@cair.com>, Nadia Bayado <nBayado@cair.com>, Trevor Godbolt <trevor.godbolt@live.law.cuny.edu>, Jacob Acuna <jacob.acuna@live.law.cuny.edu>, Natasha Bunten <natasha.bunten@live.law.cuny.edu>, dazizi@cair.com <dazizi@cair.com>, Ivy Girdwood <ivy.girdwood@live.law.cuny.edu>
**Subject:** RE: Khalil v. Columbia: Limited Discovery and Meet and Confer Request

> **\* This email originates from a sender outside of CUNY. Verify the sender before replying or clicking on links and attachments. \***

Counsel:

Thanks for your email. Our client is already largely shut down for the holidays. Accordingly, we are not in a position to meet and confer on the dates you proposed. Can you please let us know your availability to meet and confer on January 8 between 9:00-10:30 am, 12:00-

1:00 pm, or 2:30-4:00 pm, or January 9 between 9:00 am-1:00 pm or 2:00-4:30 pm?

Regards,

**Gabrielle E. Tenzer | Hecker Fink LLP**
350 Fifth Avenue | 63rd Floor
New York, NY 10118
(W) 929.294.2536 | (M) 646.856.7275
gtenzer@heckerfink.com

---

**From:** Zal Shroff <ZAL.SHROFF@law.cuny.edu>
**Sent:** Thursday, December 18, 2025 1:45 PM
**To:** Wang, Andy <Andy.Wang@mail.house.gov>; Rovner, Allison (USANYS) <Allison.Rovner@usdoj.gov>; Marshall L. Miller <mmiller@heckerfink.com>; Amy Greer <agreer@dratellewis.com>; Fidler, Harry (USANYS) <Harry.Fidler@usdoj.gov>; Kornreich, Mollie (USANYS) <Mollie.Kornreich@usdoj.gov>; Gabrielle E. Tenzer <gtenzer@heckerfink.com>; Trisha Anderson <tanderson@heckerfink.com>; Zachary Piaker <zpiaker@heckerfink.com>; Oestericher, Jeffrey (USANYS) <Jeffrey.Oestericher@usdoj.gov>; Berry, Matthew <Matthew.Berry@mail.house.gov>; Daines, Ken <Ken.Daines@mail.house.gov>; Tatelman, Todd <Todd.Tatelman@mail.house.gov>
**Cc:** Gadeir Abbas <gAbbas@cair.com>; Maria Kari <info@mariakari.org>; Lamya Agarwala <lagarwala@cair.com>; Jonathan Wallace <jonathan.wallace80@gmail.com>; Ahmad Kaki <akaki@cair.com>; Nadia Bayado <nBayado@cair.com>; Trevor Godbolt <trevor.godbolt@live.law.cuny.edu>; Jacob Acuna <jacob.acuna@live.law.cuny.edu>; Natasha Bunten <natasha.bunten@live.law.cuny.edu>; dazizi@cair.com; Ivy Girdwood <ivy.girdwood@live.law.cuny.edu>
**Subject:** Khalil v. Columbia: Limited Discovery and Meet and Confer Request

> This email was sent from outside the Firm.

Counsel:

Plaintiffs write pursuant to the Court's recent order regarding discovery. *See* Dkt. 163 ("plaintiffs should think about what crucial information they need now, and target their requests on that discrete information"). Plaintiffs have maintained that the Court can infer substantial coercion from the mere chronology of events at Columbia University for purposes of the pending motions before the Court—even absent discovery. *See* Dkt. 142, at 8 ("Federal courts regularly hold that chronology raises a strong inference of causation—including in First Amendment contexts"). However—given that both Agency Defendants and Columbia Defendants maintain that changes to Columbia's speech-related policies occurred absent intervention from the Trump Administration—limited discovery as to the fact of coercion is warranted to help the Court efficiently resolve the pending motions. *See* Dkt. 142, at 9 n.4 ("Should the Court not apply these chronological inferences, hearing or decision on Plaintiffs' motion for preliminary injunction could be deferred until Plaintiffs have the opportunity to conduct limited discovery of Agency and Columbia Defendants").

Plaintiffs are therefore serving limited written discovery on Agency Defendants related to coercive intent—and are serving limited discovery on the Columbia Defendants related to coercive impact. These reciprocal requests focus on the few weeks of critical activity between

Agency Defendants and Columbia Defendants—as well as the immediate impact of those changes for Columbia students experiencing speech-related discipline. Attached are copies of these truncated Requests for Production. Please confirm your willingness to accept electronic service at your earliest convenience. *See* Fed. R. Civ. P. 5(b)(2)(E).

We welcome the opportunity to meet and confer with you to the extent you have questions or concerns about any of our specific document requests. We request that you review the attached requests and—in the event of any dispute regarding the scope of these requests—that we confer promptly to resolve any issues and inform the Court of any outstanding disputes. *See* Dkt. 163 ("Defendants should be reasonable in entertaining targeted requests for information […] The parties should meet and confer, and if there is a dispute, the Court will evaluate plaintiffs' request for discovery and defendants' request to preclude it, at that juncture"). Plaintiffs are generally available to confer on December 19, December 22, or December 23 as necessary.

Best regards,

**Zal K. Shroff (he/him)**
Assistant Professor of Law
Director, Equality & Justice Clinic
—

CUNY SCHOOL OF LAW

LAW IN THE SERVICE OF HUMAN NEEDS