UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------- x

MAHMOUD KHALIL, ET AL..  :  ECF CASE

        Plaintiffs,  :  25 CV 02079 (AS)

v.  :  **PLAINTIFFS' FIRST REQUEST TO DEFENDANTS FOR THE PRODUCTION OF DOCUMENTS**

COLUMBIA UNIVERSITY, ET AL.  :

        Defendants.

------------------------------------- x

      Pursuant to Rules 26 and 34 of the Federal Rules of Civil Procedure ("FRCP") and Local Rule 26.3 of the United States District Court for the Southern District of New York, Plaintiffs Mahmoud Khalil, Jane Joe, Sally Roe, Ned Noe, Lucy Loe, Sam Soe, Will Moe, and Kam Koe (collectively "Plaintiffs"), through their undersigned counsel of record, hereby request that Defendants Pamela Bondi, in her official capacity as U.S. Attorney General; Linda McMahon, in her official capacity as Secretary of the U.S. Department of Education; Leo Terrell, in his official capacity as the head of the U.S. Department of Justice Taskforce to Combat Anti-Semitism; Sean Keveney, in his official capacity as Acting General Counsel for the U.S. Department of Health and Human Services; and Josh Gruenbaum, in his official capacity as the Federal Acquisition Service Commissioner of the General Services Administration (collectively "Defendants") produce for inspection and copying the documents and information designated herein at the offices of Dratel & Lewis LLP, 29 Broadway, Suite 1412, New York, New York 10006 within 30 days of service of this request in the manner prescribed by the FRCP.

      These requests are continuing in nature and require supplemental responses as provided by FRCP Rule 26, in the event Defendants, counsel for Defendants, or anyone representing the interests of Defendants become aware of any additional information, documents, or things sought

1

by these requests between the time Defendants' written answers and responses are served and the time of trial.

## DEFINITIONS

1. "AGENT" includes any official, officer, director, employee, trustee, attorney, investigator, accountant, consultant, advisor, limited partner, general partner, or any other person or entity which acts or purports to act for, on behalf of, or for the benefit of, that person or entity referred to.

2. "ANTISEMITISM" means DISCRIMINATORY HARASSMENT against an individual or group of people who practice the religion Judaism, or who are of ethnic Jewish descent, because of their Jewish identity.

3. "COLUMBIA UNIVERSITY" includes all Columbia University trustees, the university president, officials, leadership, employees, and all other AGENTS, as herein defined.

4. "COMMUNICATIONS" includes, without limitation, in-person or telephone conversations, voicemail, memoranda, correspondence, notes, email messages, texts, direct messages, video calls, telegrams, tapes, facsimiles, other sound or video recordings, and all other means of transmitting information from one source to another.

5. "DISCRIMINATORY HARASSMENT" is any speech or COMMUNICATION that constitutes a personal attack on a person or group of people based on their religion, ethnicity, nationality, race, color, descent, gender or another immutable characteristic.

6. "RELATE TO," "RELATING TO," "RELATED TO," and "RELATES TO" mean without limitation, constituting, concerning, mentioning, referring to, describing, summarizing, evidencing, listing, relevant to, demonstrating, tending to prove, disproving, or explaining.

7. "RESOLUTION AGREEMENT" means the contract entered into between YOU and COLUMBIA UNIVERSITY on July 23, 2025.[1]

---

[1] Resolution Agreement Between the United States of America and Columbia University (Jul. 23, 2025), available at https://president.columbia.edu/sites/default/files/content/July%202025%20Announcement/Columbia%20University%20Resolution%20Agreement.pdf.

8. "SUFFICIENT TO SHOW" means sufficient to provide a true, correct, and complete disclosure of the DOCUMENTS, information, and/or factual matter requested.

9. "STUDENT DISCIPLINE" refers to actions taken by COLUMBIA UNIVERSITY and its AGENTS to investigate, prosecute, and punish student misconduct or student group misconduct—including punishments against individual students or student groups for DISCRIMINATORY HARASSMENT or any other violation of COLUMBIA UNIVERSITY rules and policies.

10. "UNIVERSITY POLICIES" means any written or unwritten rule, guideline, directive, procedure, protocol, standard, manual, handbook, instruction, memorandum, bulletin, training material, or customary practice, whether formal or informal, mandatory or advisory, former or current, that governs, relates to, or reflects actions taken or decisions made, including but not limited to in relation to conduct or speech of prospective students, current students, alumni, and guests at COLUMBIA UNIVERSITY.

11. The terms "YOU" and "YOUR" shall refer to Defendants Pamela Bondi, U.S. Attorney General; Linda McMahon, Secretary of the U.S. Department of Education; Leo Terrell, head of the U.S. Department of Justice Taskforce to Combat Anti-Semitism; Sean Keveney, Acting General Counsel for the U.S. Department of Health and Human Services; Josh Gruenbaum, Federal Acquisition Service Commissioner of the General Services Administration—both individually and collectively—and their "AGENTS" as herein defined.

**SCOPE**

1. All documents produced in response to this request shall be organized and labeled to correspond with the number of the document request to which the documents are responsive.

2. Words in the singular form shall be construed to include the plural and vice versa. The terms "and" and "and/or" shall be construed either disjunctively or conjunctively as necessary to bring within the scope of a discovery request all responses that might otherwise be construed to be outside of its scope. The word "including" means "including without limitation." "Any" and "all" shall individually be construed to mean both any and all.

3. These document requests are continuing in nature, up to and during the course of trial. Documents sought by these requests that you obtain after you serve your responses must be promptly produced to counsel for Plaintiffs by supplementary response.

4. These requests call for all information that is known or available to Defendants, including all information in the possession, custody, or control of Defendants' employees, attorneys, auditors, agents, investigators, and any other person or entity acting on Defendant's behalf or under Defendants' direction or control.

## INSTRUCTIONS

1. Plaintiffs request that all documents be produced as follows:

   a. <u>For Emails</u>: Portable Document Format ("PDF") format with Optical Character Recognition ("PDF OCR"), with all attachments preserved.

   b. <u>For Email Attachments</u>: To the extent an email has an attachment, it must be maintained in its native format. A Bates-stamped PDF placeholder with a link to the file may be used as part of the production. In addition, Defendants must produce whatever program is normally used to open, view, and manipulate each attachment, unless such program is already in possession of Plaintiff's counsel. Defendants must consult with Plaintiffs to discuss what file types will be produced, and what programs will be needed to open, view, and manipulate them.

   c. <u>For Excel or other spreadsheets</u>: Native format. A Bates-stamped PDF placeholder with a link to the native file may be used as part of the production.

   d. <u>For Power Point</u>: Native format. A Bates-stamped PDF placeholder with a link to the native file may be used as part of the production.

   e. <u>For Database files or other compilations of data</u>: Native format, along with whatever program is normally used to open, view, and manipulate the file, unless such program is already in possession of Plaintiffs' counsel. Defendants must consult with Plaintiffs to discuss what file types will be produced, and what programs will be needed to open, view, and manipulate them. A Bates-stamped PDF placeholder with a link to the file

may be used as part of the production. Any database files produced must be fully searchable and manipulable.

  f. <u>For all other documents, including paper documents</u>: PDF with OCR. All documents produced must be fully searchable and manipulable.

  g. The term "native format" should be read to mean whatever format (for example, .pdf, .jpeg, or .doc) the file existed in originally, prior to production.

2. All documents shall be produced electronically in a readily accessible and downloadable version, unless the "native format" of the document requires production in a different manner.

3. Documents should not be zipped, compressed, encrypted, or otherwise restricted or proprietarily protected for specific use.

4. Where specialized or proprietary software is required to access or use documents in their native format, please supply such software.

5. All requests should be read to include a request for all metadata associated with all documents responsive to the request.

6. If Defendants are unable to comply with the above-listed requests for any reasons, Plaintiffs request that Defendants produce responsive documents after a meet and confer discussion with Plaintiffs' counsel about the preferred format for such production. Plaintiffs request that Defendants not unilaterally select an electronic format for production.

7. The time period for all requests for production identified below, unless otherwise specified shall be January 1, 2025 to present.

## **OBJECTIONS**

1. If Defendants object to part of a document request and refuse to answer that part, Defendants must state their objection and answer the remaining portions of that request. If Defendants object to the scope or time period of a request and refuse to answer for that scope or time period, Defendants must state their objection and answer the request for the scope or time period Defendants believe is appropriate.

2. With respect to any requested document which Defendants refuse to produce in response to the Requests for Production on the basis of an asserted privilege, please provide a privilege log that states:

    a. The full identity of the document including:

        i. the date of the document;

        ii. its title (if any);

        iii. its authors, addressees, recipients, or parties;

        iv. the nature of the document (e.g., letter, memorandum, etc.);

        v. the individual or source from whom or which Defendant obtained it, and

        vi. its present location and identity of its custodian;

    b. whether Defendants' objection or refusal goes to part of the document, specifying the specific part(s) of the document to which Defendants' objection or refusal is directed;

    c. the specific factual basis that gives rise to the objection or refusal; and

    d. the specific legal privilege on which the objection or refusal is based.

3. If any of the following requests cannot be answered in full after exercising due diligence to secure the information, please so state and answer to the extent possible, specifying Defendants' inability to answer the remainder, and stating whatever information Defendants have concerning the unanswered portions. If Defendants' answer is qualified in any way, please set forth the details of such qualification.

4. If, to Defendants' knowledge, documents responsive to one or more requests were never in Defendants' possession, custody, or control but are or have been in the possession, custody, or control of any other person, please identify all such persons.

5. If any responsive document was formerly in Defendants' possession, custody, or control but has been eliminated from Defendants' possession in any way, including, but not limited to, having been lost, destroyed, transmitted, or discarded, please submit a written statement as follows:

      a.    Describe in detail the nature of the document and its contents;

      b.    Identify the person or persons who authored, prepared, or edited the document and, if applicable, the person or persons to whom the document was sent;

      c.    List all dates when the document was created, copied, or modified;

      d.    List all dates when the document was eliminated from your possession in any way;

      e.    State any reasons the document was eliminated from your possession in any way;

      f.    List all persons who have had possession of the document or have had knowledge of its contents.

## **REQUESTS**

1. DOCUMENTS and COMMUNICATIONS exchanged between YOU and COLUMBIA UNIVERSITY or internal to YOU where you discussed COLUMBIA UNIVERSITY from February 3, 2025 to April 1, 2025. This request includes COMMUNICATIONS regarding ANTISEMITISM, STUDENT DISCIPLINE, UNIVERSITY POLICIES, and the terms of YOUR ongoing financial relationship with COLUMBIA UNIVERSITY.

2. DOCUMENTS and COMMUNICATIONS exchanged between YOU and COLUMBIA UNIVERSITY or internal to YOU where you discussed COLUMBIA UNIVERSITY from June 4, 2025 to July 23, 2025. This request includes COMMUNICATIONS regarding ANTISEMITISM, STUDENT DISCIPLINE, UNIVERSITY POLICIES, and the terms of YOUR ongoing financial relationship with COLUMBIA UNIVERSITY.

3. DOCUMENTS and COMMUNICATIONS that RELATE TO the International Holocaust Remembrance Alliance ("IHRA") definition of ANTISEMITISM from February 3, 2025 to July 23, 2025. This request includes DOCUMENTS and COMMUNICATIONS both between and among YOU and between YOU and COLUMBIA UNIVERSITY.[2]

---

[2] *Working definition of antisemitism*, International Holocaust Remembrance Alliance (last updated Sep. 6, 2025), available at https://holocaustremembrance.com/resources/working-definition-antisemitism.

4. DOCUMENTS and COMMUNICATIONS that RELATE TO the investigation that YOU opened into COLUMBIA UNIVERSITY on February 3, 2025.[3] This request includes but is not limited to emails, memoranda, internal reports, meeting notes, complaint intake records, and correspondence with COLUMBIA UNIVERSITY, including all drafts and final versions of any DOCUMENTS referenced in this request. The request shall be limited from February 3, 2025 to March 13, 2025.

5. DOCUMENTS and COMMUNICATIONS SUFFICIENT TO SHOW the reasons that COLUMBIA UNIVERSITY was chosen as a subject of YOUR investigation described in Request No. 4.

6. DOCUMENTS and COMMUNICATIONS RELATED TO the reasons YOU were "considering Stop Work Orders for $51.4 million in contracts between" YOU and COLUMBIA UNIVERSITY on March 3, 2025.[4] This request includes any evidence YOU relied on when evaluating COLUMBIA'S response to ANTISEMITISM.

7. DOCUMENTS and COMMUNICATIONS RELATED TO the reasons YOU cancelled "approximately $400 million in federal grants and contracts" to COLUMBIA UNIVERSITY.[5] This request includes DOCUMENTS and COMMUNICATIONS SUFFICIENT TO SHOW that "chaos and anti-Semitic harassment […] continued on and near campus in the days" before March 7, 2025.

8. DOCUMENTS and COMMUNICATIONS that RELATE TO YOUR request that COLUMBIA UNIVERSITY satisfy a set of "preconditions" regarding COLUMBIA UNIVERSITY's continued financial relationship with YOU. *See* Agency Letter on March 13,

---

[3] *U.S. Department of Education Probes Cases of Antisemitism at Five Universities*, U.S. Dep't of Educ. (Feb. 3, 2025), available at https://www.ed.gov/about/news/press-release/us-department-of-education-probes-cases-of-antisemitism-five-universities.

[4] *ED, HHS, and GSA Announce Additional Measures to End Anti-Semitic Harassment on College Campuses*, U.S. Dep't of Educ. (Mar. 3, 2025), available at https://www.ed.gov/about/news/press-release/ed-hhs-and-gsa-announce-additional-measures-end-anti-semitic-harassment-college-campuses.

[5] *DOJ, HHS, ED, and GSA Announce Initial Cancellation of Grants and Contracts to Columbia University Worth $400 Million: Members of the Joint Task Force to Combat Anti-Semitism take swift action to protect Jewish students in response to inaction by Columbia University,* U.S. Dep't Educ., (Mar. 7, 2025), available at https://www.ed.gov/about/news/press-release/doj-hhs-ed-and-gsa-announce-initial-cancelation-of-grants-and-contracts-columbia-university-worth-400-million.

2025.[6]  This request includes any drafts of YOUR March 13 letter and any COMMUNICATIONS regarding those drafts.

9.     DOCUMENTS and COMMUNICATIONS that RELATE TO demands or requests made by YOU for STUDENT DISCIPLINE at COLUMBIA UNIVERSITY.

10.    DOCUMENTS and COMMUNICATIONS exchanged between YOU and COLUMBIA UNIVERSITY that RELATE TO the RESOLUTION AGREEMENT. This request includes all prior drafts of the RESOLUTION AGREEMENT and all DOCUMENTS and COMMUNICATIONS exchanged pursuant to the RESOLUTION AGREEMENT.

DATED:  December 18, 2025

Respectfully submitted,

**MAIN STREET LEGAL SERVICES**

Zal K. Shroff (#5560669)
Main Street Legal Services Inc.
2 Court Square West
Long Island City, NY 11101
Zal.Shroff@law.cuny.edu
T: (718) 340-4200
F: (718) 340-4478

Jacob Acuña
Natasha Bunten
Ivy Girdwood
Trevor Godbolt
*Law Student Interns*

**Dratel & Lewis**
Amy E. Greer (NY 5910179) (lead counsel)
29 Broadway, Suite 1412
New York, NY 10006
(212) 732-8805
agreer@dratellewis.com

---

[6] *Advancing Our Work to Company Discrimination, Harassment, and Antisemitism at Columbia,* Office of the President (March 21, 2025), available at https://president.columbia.edu/sites/default/files/content/03.21.2025%20Columbia%20-%20FINAL.pdf.

**CAIR NATIONAL LEGAL DEFENSE FUND**
Lena Masri
Gadeir Abbas (VA 81161)*
Nadia Bayado (DC 90023648)
453 New Jersey Ave SE
Washington, DC 20003
(202) 742-6420


**CAIR-NY (COUNCIL ON AMERICAN-ISLAMIC RELATIONS – NEW YORK)**
Deema Azizi (NY 5525670)
233 Broadway, Suite 820
New York, NY 10279
(347) 445-0928
dazizi@cair.com


**Jonathan Wallace**
Jonathan Wallace (NY 1733757)
PO #728
Amagansett NY 11930
(917) 359-6234
jonathan.wallace80@gmail.com

**PROJECT TAHA**
Maria A. Kari (TX 24127161)
5300 N Braeswood Blvd, Ste 4-191
Houston, Texas 77096
info@mariakari.org
*Attorneys for Plaintiffs*
*\*Licensed in VA, practice limited to federal matters*

10