| | |
|---|---|
| Subject: | Re: Khalil v. Columbia: Limited Discovery and Meet and Confer Request |
| Date: | Tuesday, January 20, 2026 at 3:14:29 PM Eastern Standard Time |
| From: | Deema Azizi |
| To: | Marshall L. Miller, Rovner, Allison (USANYS), Gabrielle E. Tenzer, Wang, Andy, Fidler, Harry (USANYS), Kornreich, Mollie (USANYS), Trisha Anderson, Zachary Piaker, Oestericher, Jeffrey (USANYS), Berry, Matthew, Daines, Ken, Tatelman, Todd |
| CC: | Gadeir Abbas, Maria Kari, Jonathan Wallace, Ahmad Kaki, Nadia Bayado, Trevor Godbolt, Jacob Acuna, Natasha Bunten, Ivy Girdwood, Zal Shroff, Amy Greer |
| Attachments: | image001.png, image002.gif |

> ***ATTENTION:** This email came from an external source. Do not open attachments or click on links from unknown senders or unexpected emails.***

Counsel:

Thank you for your e-mail. We appreciate you confirming that we are at impasse regarding whether Plaintiffs' requests for production have been validly served and as to the necessity of Plaintiffs discovery now. We will therefore approach the Court regarding the parties' dispute. However, we are concerned by, and wish to address, the assertions made by Columbia Defendants in your most recent email. These are as follows:

**Availability of Discovery in this Action.** You maintain your position that no discovery is available in this action—at any time. The Court appears to have already rejected this argument. *See* Dkt. 163 ("plaintiffs should think about what crucial information they need now, and target their requests on that discrete information. Defendants should be reasonable in entertaining targeted requests for information"). As noted in our prior briefing, we are entitled to discovery against Columbia Defendants, a private university—despite the presence of some claims against Agency Defendants for APA violations. *See*, *e.g.*, *Am. First Legal Found. v. Cardona,* 630 F. Supp. 3d 170, 187 (D.D.C. 2022) ("Since this case involves not only an APA claim but also claims against a non-agency group […] that rule does not completely bar discovery outside the Administrative Record in this case"). We hoped that your client would agree to provide responsive records to our requests as narrowed via e-mail on January 8, 2026, and during our January 9, 2026, conference. But we understand that we are now at impasse with respect to those requests in their entirety.

**Timing of Early Discovery Requests.** You correctly note that the Court's order instructed Plaintiffs to articulate "why it would be important to have" the information that they seek "now, rather than later." Dkt. 163. We have done so. As we have clarified in our prior correspondence and discussions, Plaintiffs seek discovery now to help the Court in its evaluation of coercion and causation, should the Court find such discovery necessary to apply an inference of causation. *See* Dkt. 142, at 9 n.4 ("Should the Court not apply these chronological inferences, hearing or decision on Plaintiffs' motion for preliminary injunction could be deferred until Plaintiffs have the opportunity to conduct limited discovery of Agency and Columbia Defendants"). Columbia Defendants have not—and cannot

—deny that these records would be "important to have […] now, rather than later" because Columbia Defendants persist in arguing that their changes in policy occurred in a vacuum absent Agency Defendants' involvement. Dkt 163; *see also* Dkt. 138 at 9 ("Columbia took this step, along with other measures to combat antisemitism, because "[c]ommitting to reform on our own is a more powerful path.") (citing ECF 123-1 at 2). There is no substantive disagreement there.

Instead, Columbia Defendants raise a general objection to the overall timing of Plaintiffs' discovery requests. This is a distraction from the parties' substantive discovery dispute. Whether the limited records Plaintiffs seek were sought in September or December of last year is of little significance. The scope of production is the same; any brief delay caused Columbia Defendants no prejudice. In *Hurlock*, unlike here, the plaintiff had previously agreed to stay discovery, defendants relied on his representation, but the plaintiff nevertheless sought "extensive" discovery while defendants were busy preparing a brief in the matter and for an upcoming hearing. *See Hurlock v. Kelsier Ventures*, No. 25 Civ. 3891, 2025 WL 1993571, at *1 (S.D.N.Y. July 17, 2025). On the other hand, Plaintiffs here had previously proposed starting discovery in the ordinary course and have now served Defendants with discovery—pursuant to a Court order—when they are not occupied with any briefing in the case. As we discussed during the conference and as you are aware, the federal government was shut down from October 1, 2025, until November 12, 2025. Plaintiffs reached out via e-mail *two days* later, on November 14, 2025, to schedule an initial case management conference pursuant to Federal Rule of Civil Procedure 26(f), but Defendants declined. Regardless, Plaintiffs served their recent discovery requests in December following the Court's December 11, 2025, Order—which contemplated that some discovery may be warranted at this time. *See* Dkt. 163 ("plaintiffs should think about what crucial information they need *now*") (emphasis added).

It is also incorrect that Plaintiffs seek further briefing on the pending motions, as any relevant discovery may be filed via attorney declaration, a letter to the Court, or in any other manner the Court may permit.

**Whether the Requests Are Appropriately Targeted.** Your only substantive opposition to our requests appears to be that the search volume in response to Plaintiffs' requests will be burdensome. That seems to be based on our list of 23 records custodians and because some custodians are attorneys.

*Custodians and Search Terms.* We have heard no reason why the 23 records custodians proposed or the specific and concrete proposed search terms would be burdensome. Indeed, it appears that Columbia Defendants have no idea how many relevant records may or may not exist for these custodians based on the search terms proposed. *See Doe v. Kaiser Foundation Health Plan, Inc.*, 2024 WL 3225904, at *4 (N.D. Cal. June 28, 2024) (**"within five (5) business days"** defendants "should run test searches using the opposing party's proposed search terms to see if they return a reasonable and mutually agreeable hit count (whether too high or too low)").

But as discussed on January 9, we agreed to negotiate the number of custodians and narrow search terms. You have declined to engage in that process. We reasonably narrowed our requests on January 8, 2026 (after not receiving your written position in anticipation of the January 9, 2026, conference). In doing so, we hoped that you may negotiate with respect to search terms, number of

custodians, and anything else that would help to obtain the limited records we seek. We dispute that such limited discovery, on narrow topics related to an argument in Plaintiffs' preliminary injunction motion, would impose a substantial burden on Columbia Defendants or otherwise drain Columbia Defendants' resources. In *Gastineau*, discovery was unwarranted related to "varied claims" as the motion to dismiss had "the capacity to prune substantially the volume of worthy discovery." *Gastineau v. ESPN Inc.*, No. 25 Civ. 2041, 2025 WL 2733155, at *2 (S.D.N.Y. Sept. 24, 2025). But here, Plaintiffs seek limited early discovery *in support of* their coercion argument in the pending preliminary injunction motion. As such, a stay would not "meaningfully conserve the parties' resources." *Id.* In any event, we maintain that burden cannot be determined prior to a test search.

*Attorney-Client Privilege*. In the case you cite to argue that reviewing documents for attorney-client privilege is burdensome, the plaintiffs were seeking records from a period of nearly *16 years*. *See Broccoli v. Ashworth*, No. 21 Civ. 6931, 2023 WL 6795253, at *2 (S.D.N.Y. Oct. 11, 2023). Plaintiffs here seek records from a handful of weeks. And any documents exchanged between attorneys for Columbia and the federal government are decidedly *not* protected by attorney-client or work product privileges. *See In re Mutual Funds Investment Litigation*, 251 F.R.D. 185, 187 (D. Md. 2008) ("The documents, for which attorney-client privilege and/or work-product protection are now claimed, were disclosed to regulators […] the defendants will be ordered to produce the documents"). Reviewing documents for privilege is also not inherently burdensome or a reason to stay needed discovery. *See, e.g.*, *Durling v. Papa John's Int'l, Inc.*, No. 16CV3592, 2018 WL 557915, at *9 (S.D.N.Y. Jan. 24, 2018) (finding that defendant "has not adequately demonstrated that, under the circumstances, reviewing and redacting the strings at issue would be unduly burdensome in a case involving potential redactions of more than 1,600 email messages). While this is in the early discovery stage, Defendants are not occupied with briefing in this matter and otherwise have not presented a reasonable basis for not being able to review and potentially redact limited responsive documents that are relevant to Plaintiffs' pending motion.

*Specific Requests*. As to our specific requests:

- **Request Nos. 1 and 2.** Plaintiffs seek documents and communications between and among Columbia Defendants and Agency Defendants, but these are limited by the addition of search terms that narrow the requests to what is relevant. For example, searching "anti-Semitism" + "discipline" is unlikely to yield irrelevant e-mails or records. As to the volume, Plaintiffs do not seek records from 20,000 employees but have identified 23 relevant custodians who were selected for their respective decision-making roles in policy changes at Columbia. The records sought encompass a period of only 11 weeks (first, from March to April 2025, and then from June to July 2025). Again, we would be happy to further refine search terms, but 23 custodians does not seem voluminous. Nor do the proposed Boolean search terms: ("Department of Justice" OR "Health and Human Services" OR "General Services Administration" OR "Department of Education" OR "federal government" OR "Trump Administration") AND ("Antisemitism" or "Israel" or "student" or "discipline" or "punish" or "policy" or "IHRA").

- **Request No. 4.** Plaintiffs have clarified that this request can be satisfied through Columbia Defendants' identification of any specific document or communication you already relied on to assert before the Court that Columbia's policy changes were "underway" prior to March 13, 2025. Plaintiffs seek information with respect to the changes at Columbia that evince coercion, but agree to narrow their request to the changes most pertinent to their pending motion, i.e.,

Changes to Student Discipline Procedures and Changes to the Anti-Semitism Definition. Plaintiffs seek a preliminary injunction in relation to these changes. *See* Dkt. 101 at 5 ("Defendants' actions impact Plaintiffs directly"); Dkt. 142 at 3 ("Plaintiffs . . . have been subject to OIE investigations based purely on their anti-Israel speech"); Dkt. 101 at 15 ("A preliminary injunction … redresses this problem by relieving Plaintiffs from the present threat of future punishment campus officials could otherwise impose for violations of the speech code Columbia was compelled to adopt."); Dkt. 133 at 12 ("Plaintiffs . . . intend to engage in expressive activities now and in the future that will violate the IHRA and Columbia Taskforce definitions of antisemitism.").

- **Request Nos. 6-8.** These requests seek correspondence and communications that show that Agency Defendants may have pressured Columbia to adopt definitions of anti-Semitism that ban criticism of Israel—which coercion is central to Plaintiffs' pending preliminary injunction motion. We do not see why 23 records custodians is deemed a "large volume of custodians." While Columbia Defendants argue that such communications may involve lawyers, withholding all communications just because some of them may be privileged will "will deprive Plaintiffs of information to which they are entitled," especially where, as here, "attorneys were closely involved in the relevant decision-making and the relevant discussions involved both legal and business components." *Durling v. Papa John's Int'l, Inc.*, No. 16 Civ. 3592, 2018 WL 557915, at *9 (S.D.N.Y. Jan. 24, 2018).

- **Request No. 9.** Columbia Defendants do not appear to dispute the clear relevance of the OIE Notices of Allegation in investigations that apply Columbia's anti-Semitism definitions post-March 21, 2025. The sole concern articulated is instead concerns about FERPA compliance. Plaintiffs have made clear that they are happy to receive redacted, de-identified Notices of Allegation that specify the conduct being investigated without revealing the identity of the specific student. There is no disagreement there. Instead, Columbia Defendants assert that FERPA redactions would be burdensome. First, it is doubtful that Columbia would argue that these notices will be so voluminous, i.e., that so many students are under investigation pursuant to the anti-Semitism definitions, as that would indicate that the adopted definitions have indeed been used expansively to prosecute students for protected speech on a widespread basis. Second, Defendants' case law supporting burden was a case in which there were potentially *37 million* documents at issue—which is far from the case here. *Ellington Credit Fund, Ltd. v. Select Portfolio Servs., Inc.*, No. 08 Civ. 2437, 2008 WL 11510668, at *3 (S.D.N.Y. June 12, 2008).

Thank you for your attention to this matter. As we are now at impasse, we will correspond with the Court to seek a decision with respect to both the deadline for Columbia Defendants' responses and the scope and burden of Plaintiffs' requests.

Best,

**Deema Azizi**
Senior Litigation Attorney
Legal Unit, CAIR-NY (Council on American-Islamic Relations-New York)
T (Office Line): 646.665.7599
E: dazizi@cair.com
Website: cair-ny.org

*Disclaimer: This email may contain confidential and privileged material, including attachments, for the sole use of the intended recipient(s) named above. Please do not review, use, copy, forward, or in any way distribute or disclose the contents of this e-mail including any attachments unless you are the intended recipient(s) named above. If you are not the intended recipient, or authorized to receive this message for the recipient, please contact the sender by reply email, delete all copies of*

*this message, and subsequently delete all copies of this message in the trash/deleted items folder. This email does not by itself establish an attorney-client relationship, and may not constitute legal advice.*

**From:** Marshall L. Miller <mmiller@heckerfink.com>
**Sent:** Friday, January 16, 2026 5:50 PM
**To:** Zal Shroff <ZAL.SHROFF@law.cuny.edu>; Deema Azizi <dazizi@cair.com>; Rovner, Allison (USANYS) <Allison.Rovner@usdoj.gov>; Gabrielle E. Tenzer <gtenzer@heckerfink.com>; Wang, Andy <Andy.Wang@mail.house.gov>; Fidler, Harry (USANYS) <Harry.Fidler@usdoj.gov>; Kornreich, Mollie (USANYS) <Mollie.Kornreich@usdoj.gov>; Trisha Anderson <tanderson@heckerfink.com>; Zachary Piaker <zpiaker@heckerfink.com>; Oestericher, Jeffrey (USANYS) <Jeffrey.Oestericher@usdoj.gov>; Berry, Matthew <Matthew.Berry@mail.house.gov>; Daines, Ken <Ken.Daines@mail.house.gov>; Tatelman, Todd <Todd.Tatelman@mail.house.gov>
**Cc:** Gadeir Abbas <gAbbas@cair.com>; Maria Kari <info@mariakari.org>; Jonathan Wallace <jonathan.wallace80@gmail.com>; Ahmad Kaki <akaki@cair.com>; Nadia Bayado <nBayado@cair.com>; Trevor Godbolt <trevor.godbolt@live.law.cuny.edu>; Jacob Acuna <jacob.acuna@live.law.cuny.edu>; Natasha Bunten <natasha.bunten@live.law.cuny.edu>; Ivy Girdwood <ivy.girdwood@live.law.cuny.edu>; Amy Greer <agreer@dratellewis.com>
**Subject:** RE: Khalil v. Columbia: Limited Discovery and Meet and Confer Request

Counsel:

Thank you for your email. As noted previously, we agree that Plaintiffs and the Columbia Defendants are at an impasse as to whether Plaintiffs' requests for production have been validly served and as to the necessity of discovery now.

Columbia continues to take the position that this case is "an action for review on an administrative record," Fed. R. Civ. P. 26(a)(1)(B)(i), that is exempt from the requirement of a Rule 26(f) conference, *id.* 26(f)(1), as laid out in our email of December 2, 2025. Nonetheless, we have entertained Plaintiffs' requests—as modified by Plaintiffs' January 2, January 8, and January 9, 2026 emails and during the parties' January 9, 2026 meet and confer—investing time and resources exploring whether there was an avenue to avoid a dispute.  Having explored this possibility and having conferred further with our client concerning Plaintiffs' requests, we cannot agree to produce documents in response to Plaintiffs' requests at this time. Plaintiffs' requests, even as modified, still do not comply with the Court's December 11, 2025 order, requiring Plaintiffs to provide "target[ed]" requests focused on "discrete information" that they need "now, rather than later." ECF 163.

**Plaintiffs' requests are not timely.** Plaintiffs have not explained "why it would be important to have" the information that they seek "now, rather than later." ECF 163. Plaintiffs did not seek discovery until November 14, 2025: seven months after filing the operative complaint; six months after Defendants moved to dismiss; five months after Plaintiffs sought a preliminary injunction; four months after briefing on Defendants' motions to dismiss concluded; and three

months after briefing on the motion for preliminary injunction, which included multiple sur-replies, concluded. Neither the Plaintiffs' correspondence nor the parties' meet and confer provided any clarity as to why Plaintiffs are seeking to serve requests for discovery that they now claim is needed for the pending motions so many months after the extensive briefing was concluded. If Plaintiffs believed this discovery necessary to resolve any of the pending motions, then Plaintiffs could have, and should have, sought it many months earlier, before the motions were fully briefed. Instead, Plaintiffs now apparently seek to conduct extensive discovery and then yet another round of briefing, as you explained during our recent meet and confer.

Plaintiffs have referred to language buried in a footnote in their sur-sur-reply which noted only that "hearing or decision on Plaintiffs' motion for preliminary injunction *could* be deferred until Plaintiffs have the opportunity to conduct limited discovery of Agency and Columbia Defendants." ECF 142 at 6 n.4 (emphasis added). But that only underscores Plaintiffs' failure to actually seek discovery until months after filing their preliminary injunction motion, precluding any finding of good cause for expedited discovery in this posture. *See, e.g.*, *Hurlock v. Kelsier Ventures*, No. 25 Civ. 3891, 2025 WL 1993571, at *1 (S.D.N.Y. July 17, 2025) (denying request for pre-Rule 26(f) conference discovery where "Plaintiff's request for expedited discovery on largely foreseeable topics comes more than a month after he moved for a TRO/PI and nearly two weeks after the status conference and Defendant Chow's filing").

***Plaintiffs' requests are not targeted.*** Further, Plaintiffs requests are not "target[ed]" requests, as ordered by the Court. Indeed, even Plaintiffs appear to recognize that the requests transmitted on December 18, 2025, were not "targeted," given that you unilaterally narrowed the scope of those requests weeks after providing them, on the eve of the parties' meet and confer. Even with these revisions, Plaintiffs' requests remain overbroad and unduly burdensome.

Plaintiffs have contended that "an assertion of burden [is not] possible without testing those searches for volume." That is incorrect. As discussed during the parties' meet and confer, neither of the out-of-Circuit authorities Plaintiffs cite is on point. And in this District, in this procedural posture, courts regularly conclude that the likely burden of discovery warrants a stay of discovery pending resolution of a motion to dismiss even before the parties have exchanged discovery requests—let alone run test searches—based on the scope of the complaint and the burdens that producing parties "reasonably foresee" given "the costly and time-consuming nature of modern electronic discovery in civil lawsuits like this that involv[e] numerous custodians." *Gastineau v. ESPN Inc.*, No. 25 Civ. 2041, 2025 WL 2733155, at *2 (S.D.N.Y. Sept. 24, 2025).

On their face, Plaintiffs' requests impose substantial burden. For one thing, Plaintiffs have proposed 23 different custodians for the Columbia Defendants—a voluminous number of document custodians, particularly at this early stage. On top of that, as previously mentioned,

several of these custodians are lawyers, which means that their documents and records will inevitably contain a large volume of privileged information. Courts in this District regularly conclude that discovery requests that implicate records and information that would need to be reviewed for attorney-client privilege weigh in favor of a stay of discovery prior to resolution of a motion to dismiss. *See, e.g.*, *Broccoli v. Ashworth*, No. 21 Civ. 6931, 2023 WL 6795253, at *2 (S.D.N.Y. Oct. 11, 2023). Similarly, courts regularly consider the impact of privacy statutes such as the Family Educational Rights and Privacy Act ("FERPA"), 20 U.S.C. § 1232g; 34 C.F.R. pt. 99, which is clearly implicated by Plaintiffs' requests, when evaluating whether the burden of discovery warrants a stay. *See, e.g.*, *Ellington Credit Fund, Ltd. v. Select Portfolio Servs., Inc.*, No. 08 Civ. 2437, 2008 WL 11510668, at *3 (S.D.N.Y. June 12, 2008).

Plaintiffs specific document requests are, likewise, extraordinarily broad—

- Request Nos. 1 and 2 seek all documents and communications "between YOU and the AGENCY DEFENDANTS" and "internal to YOU where YOU discussed the AGENCY DEFENDANTS," within the specified timeframes. The Agency Defendants are defined as including the entirety of the General Services Administration, Department of Education, Department of Health & Human Services, and Department of Justice, among other federal bodies, "and their AGENTS." In turn, Columbia is an institution with roughly 20,000 employees. Including any document or communication that merely mentions one of these governmental agencies will necessarily encompass a vast number of documents with no relevance to this action. The night before the parties' meet and confer, Plaintiffs proposed search terms presumably aimed at narrowing the scope of these requests to some extent. But the proposed search terms remain, on their face, extremely broad. For example, any document with the terms "federal government" and "policy" would be responsive under Plaintiffs' proposal.

- Plaintiffs' January 9, 2026 email characterizes Request Nos. 3-5 as seeking "documents and communications sufficient to show *when* Columbia first determined to make the policy changes announced on March 21, 2025—which Columbia maintains were already 'underway' prior to March 13." But as the parties discussed at length on January 9, institutional decision-making generally consists of processes involving multiple actors, and Plaintiffs did not meaningfully clarify what Plaintiffs mean in seeking documents showing "when" something was "first determined." Plaintiffs asserted during the meet and confer that they are looking for documents reflecting the "efforts" underlying the specified policy changes announced on March 21, 2025. Responding to such amorphous document requests is an inherently burdensome exercise, and one that will likely implicate many documents that would have to be reviewed for attorney-client privilege. And as we pointed out during the parties' January 9, 2026 meet and confer, these requests encompass documents pertaining to policy changes that are not at issue on Plaintiffs' preliminary injunction motion, including "Changes to Protest, Identification, and Mask Rules," "Review of Middle East Studies Department," and "Appointment of Faculty to the Institute for Israel." Plaintiffs clarified during the January 9, 2026 meet and confer that they also believe this discovery is relevant to Defendants' pending motions to dismiss. But that further calls into question why such discovery is needed now and was not sought until the end of last year. Although Plaintiffs' January 9, 2026 email "limit[s] their request" to certain subcategories, these continue to encompass policy changes that are not at issue on the preliminary injunction motion.

- Request Nos. 6-8 suffer from many of the same issues, including a lack of clarity concerning what, precisely, Plaintiffs are seeking, and the proposal to collect and search records from a large volume of custodians, including lawyers.

- Plaintiffs have now withdrawn Request Nos. 10 and 11 and seek discovery only in response to Request No. 9. But the documents sought in this request are likely to implicate FERPA. While Plaintiffs have expressed a willingness to agree to redactions, the very need to review and apply redactions and negotiate a protective order is highly burdensome. For this reason, courts regularly consider the impact of privacy statutes and the sensitive nature of documents when evaluating whether the burden of discovery warrants a stay. *See, e.g.*, *Ellington Credit Fund, Ltd.*, 2008 WL 11510668, at *3.

We appreciate Plaintiffs' engagement on these issues and are continuing to consider whether there might be a way to avoid a dispute on certain of Plaintiffs' requests. But since you are anxious to raise with the Court the issue of whether the Columbia Defendants owe discovery responses by January 26, 2026, an issue on which we have unquestionably reached an impasse, we wanted to provide you with our current position with respect to the modified requests.

Best regards,

Marshall


Marshall L. Miller | Hecker Fink LLP
Partner
350 Fifth Avenue | 63rd Floor
New York, NY 10118
(W) 212.404.8656 | (M) 646.208.3494
mmiller@heckerfink.com

---

**From:** Zal Shroff <ZAL.SHROFF@law.cuny.edu>
**Sent:** Wednesday, January 14, 2026 2:02 PM
**To:** Marshall L. Miller <mmiller@heckerfink.com>; Deema Azizi <dazizi@cair.com>; Rovner, Allison (USANYS) <Allison.Rovner@usdoj.gov>; Gabrielle E. Tenzer <gtenzer@heckerfink.com>; Wang, Andy <Andy.Wang@mail.house.gov>; Fidler, Harry (USANYS) <Harry.Fidler@usdoj.gov>; Kornreich, Mollie (USANYS) <Mollie.Kornreich@usdoj.gov>; Trisha Anderson <tanderson@heckerfink.com>; Zachary Piaker <zpiaker@heckerfink.com>; Oestericher, Jeffrey (USANYS) <Jeffrey.Oestericher@usdoj.gov>; Berry, Matthew <Matthew.Berry@mail.house.gov>; Daines, Ken <Ken.Daines@mail.house.gov>; Tatelman, Todd <Todd.Tatelman@mail.house.gov>
**Cc:** Gadeir Abbas <gAbbas@cair.com>; Maria Kari <info@mariakari.org>; Jonathan Wallace <jonathan.wallace80@gmail.com>; Ahmad Kaki <akaki@cair.com>; Nadia Bayado <nBayado@cair.com>; Trevor Godbolt <trevor.godbolt@live.law.cuny.edu>; Jacob Acuna <jacob.acuna@live.law.cuny.edu>; Natasha Bunten <natasha.bunten@live.law.cuny.edu>; Ivy Girdwood <ivy.girdwood@live.law.cuny.edu>; Amy Greer <agreer@dratellewis.com>
**Subject:** Re: Khalil v. Columbia: Limited Discovery and Meet and Confer Request

> This email was sent from outside the Firm.

Marshall:
Thank you for your response. We appreciate you conferring with your clients and ask that you inform

us of your willingness to entertain Plaintiffs' most recent compromises to streamline the limited discovery sought by this Friday, January 16, 2025. After that date—in the absence of a firm agreement or a concrete counter-proposal—we will need to approach the Court for resolution. Plaintiffs served formal discovery requests via email on December 18, 2025 and via mail delivery on December 22, 2025 precisely so that the Court could have any relevant information on potential government coercion while deciding the pending motions. We are therefore reticent to delay resolution of this matter in a way that would preclude prompt responses from the Columbia Defendants on or before the traditional discovery deadline of January 26, 2026. *See* Fed. R. Civ. P. 6(d).

Thank you for your attention to this matter.

Best regards,

**Zal K. Shroff (he/him)**
Assistant Professor of Law
Director, Equality & Justice Clinic
—

**CUNY SCHOOL OF LAW**

LAW IN THE SERVICE OF HUMAN NEEDS

---

**From:** Marshall L. Miller <mmiller@heckerfink.com>
**Date:** Tuesday, January 13, 2026 at 7:39 PM
**To:** Zal Shroff <ZAL.SHROFF@law.cuny.edu>, Deema Azizi <dazizi@cair.com>, Rovner, Allison (USANYS) <Allison.Rovner@usdoj.gov>, Gabrielle E. Tenzer <gtenzer@heckerfink.com>, Wang, Andy <Andy.Wang@mail.house.gov>, Fidler, Harry (USANYS) <Harry.Fidler@usdoj.gov>, Kornreich, Mollie (USANYS) <Mollie.Kornreich@usdoj.gov>, Trisha Anderson <tanderson@heckerfink.com>, Zachary Piaker <zpiaker@heckerfink.com>, Oestericher, Jeffrey (USANYS) <Jeffrey.Oestericher@usdoj.gov>, Berry, Matthew <Matthew.Berry@mail.house.gov>, Daines, Ken <Ken.Daines@mail.house.gov>, Tatelman, Todd <Todd.Tatelman@mail.house.gov>
**Cc:** Gadeir Abbas <gAbbas@cair.com>, Maria Kari <info@mariakari.org>, Jonathan Wallace <jonathan.wallace80@gmail.com>, Ahmad Kaki <akaki@cair.com>, Nadia Bayado <nBayado@cair.com>, Trevor Godbolt <trevor.godbolt@live.law.cuny.edu>, Jacob Acuna <jacob.acuna@live.law.cuny.edu>, Natasha Bunten <natasha.bunten@live.law.cuny.edu>, Ivy Girdwood <ivy.girdwood@live.law.cuny.edu>, Amy Greer <agreer@dratellewis.com>
**Subject:** RE: Khalil v. Columbia: Limited Discovery and Meet and Confer Request

Counsel:

Thank you for your email. Marshall Miller, Gabrielle Tenzer, Trisha Anderson, and Zachary Piaker participated in the January 9, 2026, meet and confer on behalf of the Columbia Defendants.

We agree that Plaintiffs and the Columbia Defendants are at an impasse as to whether Plaintiffs' requests for production have been validly served.

We are continuing to discuss the latest iteration of Plaintiffs' discovery requests with our client. Plaintiffs have now modified their requests several times, including by emails on January 2 and the evening of January 8, 2026; during the parties' January 9, 2026 meet and confer; and most recently by email the evening of Friday, January 9.

We are working with our client in an effort to provide the Columbia Defendants' position on the latest iteration of Plaintiffs' discovery requests as soon as possible within the next few days.

Marshall L. Miller | Hecker Fink LLP
Partner
350 Fifth Avenue | 63rd Floor
New York, NY 10118
(W) 212.404.8656 | (M) 646.208.3494
mmiller@heckerfink.com

---

**From:** Zal Shroff <ZAL.SHROFF@law.cuny.edu>
**Sent:** Friday, January 9, 2026 6:38 PM
**To:** Deema Azizi <dazizi@cair.com>; Marshall L. Miller <mmiller@heckerfink.com>; Rovner, Allison (USANYS) <Allison.Rovner@usdoj.gov>; Gabrielle E. Tenzer <gtenzer@heckerfink.com>; Wang, Andy <Andy.Wang@mail.house.gov>; Fidler, Harry (USANYS) <Harry.Fidler@usdoj.gov>; Kornreich, Mollie (USANYS) <Mollie.Kornreich@usdoj.gov>; Trisha Anderson <tanderson@heckerfink.com>; Zachary Piaker <zpiaker@heckerfink.com>; Oestericher, Jeffrey (USANYS) <Jeffrey.Oestericher@usdoj.gov>; Berry, Matthew <Matthew.Berry@mail.house.gov>; Daines, Ken <Ken.Daines@mail.house.gov>; Tatelman, Todd <Todd.Tatelman@mail.house.gov>
**Cc:** Gadeir Abbas <gAbbas@cair.com>; Maria Kari <info@mariakari.org>; Jonathan Wallace <jonathan.wallace80@gmail.com>; Ahmad Kaki <akaki@cair.com>; Nadia Bayado <nBayado@cair.com>; Trevor Godbolt <trevor.godbolt@live.law.cuny.edu>; Jacob Acuna <jacob.acuna@live.law.cuny.edu>; Natasha Bunten <natasha.bunten@live.law.cuny.edu>; Ivy Girdwood <ivy.girdwood@live.law.cuny.edu>; Amy Greer <agreer@dratellewis.com>
**Subject:** Re: Khalil v. Columbia: Limited Discovery and Meet and Confer Request

> This email was sent from outside the Firm.

Counsel:

Thank you for a productive conference call earlier today. We write to memorialize our conversation from today's call and to identify our proposed next steps.

First, the following is a list of attendees for Plaintiffs: Zal Shroff; Amy Greer; Gadeir Abbas; Nadia Bayado; Maria Kari; Deema Azizi; Jonathan Wallace; Natasha Bunten. We would appreciate a list of attendees for the Agency Defendants and Columbia Defendants.

**Timing of Discovery and Validity of Service.**

As an initial matter, we reached impasse regarding the appropriate deadline under the Federal Rules of Civil Procedure for Defendants' discovery responses. Plaintiffs reiterated that the Court's Order contemplated early discovery, and so Plaintiffs' discovery requests are validly served and Defendants

are required to respond in the traditional 30-day timeframe required for written discovery. *See* Dkt. 163; *see also* Fed R. Civ. P. 26(d)(1) ("A party may not seek discovery from any source before the parties have conferred as required by Rule 26(f), except […] when authorized […] *by court order*") (emphasis added). Both Agency Defendants and Columbia Defendants' position is that the Court did not authorize service of early discovery within the meaning of the Rules and that Plaintiffs' discovery requests do not require a response absent further direction from the Court. We agree we are at impasse as to this issue.

**Early Discovery Against the Agency Defendants**

Plaintiffs and Agency Defendants have reached impasse with respect to all of Plaintiffs' discovery requests—even as narrowed in Plaintiff's January 8, 2026 e-mail to Agency Defendants. Agency Defendants assert as a general matter that running search terms on 17 records custodians is inherently burdensome at this stage, and Agency Defendants are unwilling to run test searches to determine how many documents are in fact in the possession of the proposed custodians. Plaintiffs' position, as clarified during the call, is that burden cannot be determined prior to a test search and that Plaintiffs are nevertheless willing to negotiate down the number of custodians. Agency Defendants declined to perform a test search or to discuss a narrower list of custodians. Agency Defendants object to the underlying subject matter of Plaintiffs' requests as overbroad or unnecessary as a whole. Thus, the parties are at impasse. As to the specific document requests:

**Request Nos. 1-2.** Plaintiffs explained that these requests target the core weeks where Columbia University made formal changes to its definition of anti-Semitism—among other policy changes requested by the Agency Defendants. Plaintiffs reiterated their request for limited documents and communications from 17 custodians for a combined 15-week period. Agency Defendants objected to Plaintiffs' requests as burdensome due to the number of custodians from multiple agencies for whom searches are sought.

**Request No. 3.** Plaintiffs explained that this request will identify Agency Defendants' motivations in pressing the IHRA Definition, and any correspondence or communications that may have pressured Columbia to adopt it. Agency Defendants' position is that a search for records from 17 custodians is burdensome. Agency Defendants also objected to July 23, 2025 as an end-date for a potential records search. Plaintiffs' position is that burden cannot be determined prior to a test search and are nevertheless willing to negotiate down the number of custodians. Agency Defendants objected to the underlying request in its entirety and the parties are at impasse.

**Request Nos. 4-7.** Plaintiffs previously offered a compromise position with respect to these requests which pertain to intent, should Agency Defendants be willing to provide responses to Plaintiffs' other requests that are related to coercion. Plaintiffs are willing to drop these requests because intent is not strictly relevant to the pending motions.

**Request No. 8-9.** Plaintiffs explained that these requests address the preparation for and communications around the March 13, 2025 letter and times where Agency Defendants may have pressured Columbia regarding student disciplinary actions. Plaintiffs offered to limit these requests further by number of custodians, time period, and to limit or negotiate search terms. Agency Defendants reiterated their general objection to both requests.

**Request No. 10.** Withdrawn.

### Early Discovery Against the Columbia Defendants

Columbia Defendants have agreed to further consider Plaintiffs' discovery requests as narrowed in Plaintiff's January 8, 2026, e-mail to Columbia Defendants and as further limited during today's call. The discussion for each request was as follows:

**Request Nos. 1-2.** Plaintiffs explained that these requests target the core weeks where Columbia University made formal changes to its definition of anti-Semitism—among other policy changes requested by the Agency Defendants. Plaintiffs offered a list of 23 custodians, for a limited 15-week period, and proposed sample search terms to further narrow these requests. Plaintiffs' position is that a test search is required for a determination related to burden. *See*, *e.g.*, *Mediatek, Inc. v. Freescale Semiconductor, Inc.*, Case No. 11-5341 YGR (JSC), 2013 U.S. Dist. LEXIS 122911, at *22 (N.D. Cal. Aug. 28, 2013) ("Freescale's objections to other search terms as too broad are premature. Freescale has not run a test search on a single identified custodian for any of the proposed searches"). Columbia Defendants do not agree that Plaintiffs' case law regarding test searches is apposite in this context. However, Columbia Defendants agreed to consider these requests and agreed to consider running a test search to assess the potential burden of these requests as limited by Plaintiffs.

**Request No. 3-5.** Plaintiffs reiterated their request for documents and communications sufficient to show *when* Columbia first determined to make the policy changes announced on March 21, 2025—which Columbia maintains were already "underway" prior to March 13. Plaintiffs had already condensed this into a single request via their January 8, 2026, email. Plaintiffs further clarified that these requests can be satisfied if Columbia is willing to identify the specific documents it relied on to assert that its policy changes were "underway" prior to March 13. Columbia Defendants questioned whether all the policy categories listed in Plaintiffs' requests were in fact related to the present motions. Plaintiffs have now taken that under advisement and can agree to limit their request to: 3(a), 3(b), 3(d), and 3(e). Columbia Defendants agreed to further consider this request.

**Request No. 6-8.** Plaintiffs explained that these requests seek communications regarding the timing and motivations for Columbia's changes to its anti-Semitism definition up to and including adopting the IHRA definition, incorporation of the definitions into university disciplinary policies, and announcements related to enforcement of those policies. Plaintiffs agreed to limit these requests to the 23 proposed custodians with search terms as appropriate. Columbia Defendants agreed to further consider these requests.

**Request No. 9.** Plaintiffs will agree to limit this request for "Notice of Allegations" documents from the Office of Institutional Equity (OIE) to investigations that began *after* March 21, 2025. This is based on Defendants' representations that anti-Semitism definitions were not retroactively incorporated for allegations prior to that date. Plaintiffs further agreed to redactions of student names from any produced responses. Columbia Defendants agreed to consider this request.

**Request Nos. 10-11.** Withdrawn.

***

Thank you again for the productive meet and confer. We look forward to the Columbia Defendants' consideration of Plaintiffs' requests as described above. We request your reply within two business days (**Tuesday, January 13, 2026**) regarding your updated position. We will avoid approaching the Court regarding our impasse with the Agency Defendants until we can hopefully collaborate and resolve any outstanding disputes with the Columbia Defendants.

Best regards,

**Zal K. Shroff (he/him)**
Assistant Professor of Law
Director, Equality & Justice Clinic
—

CUNY SCHOOL OF LAW

LAW IN THE SERVICE OF HUMAN NEEDS

| | |
|---|---|
| Subject: | Re: Khalil v. Columbia: Limited Discovery and Meet and Confer Request |
| Date: | Thursday, January 8, 2026 at 7:26:18 PM Eastern Standard Time |
| From: | Deema Azizi |
| To: | Marshall L. Miller, Rovner, Allison (USANYS), Gabrielle E. Tenzer, Wang, Andy, Fidler, Harry (USANYS), Kornreich, Mollie (USANYS), Trisha Anderson, Zachary Piaker, Oestericher, Jeffrey (USANYS), Berry, Matthew, Daines, Ken, Tatelman, Todd |
| CC: | Gadeir Abbas, Maria Kari, Jonathan Wallace, Ahmad Kaki, Nadia Bayado, Trevor Godbolt, Jacob Acuna, Natasha Bunten, Ivy Girdwood, Zal Shroff, Amy Greer |
| Attachments: | image001.png, image002.gif |

> ***ATTENTION:** This email came from an external source. Do not open attachments or click on links from unknown senders or unexpected emails.***

Marshall:

We have yet to hear from the Columbia Defendants in writing regarding their position on Plaintiffs' specific requests for production. We had anticipated hearing from the Columbia Defendants in writing as to each document request first by January 6—and then by 12PM today. We have yet to receive that response. Kindly provide a written response as soon as possible prior to our meet and confer scheduled for tomorrow at 11:30AM so that we can use our time productively.

In the meantime, we will reiterate the basis for and scope of each request made against the Columbia Defendants:

**Request Nos. 1-2.** These requests target the core weeks where Columbia Defendants made formal changes to its definition of anti-Semitism—among other policy changes requested by the Agency Defendants. You maintained that the Trump Administration is not responsible for and did not coerce these specific changes in your policy. Dkt. 84 at 11-12 (purporting that your policy changes "reflected work that had been underway long before" the Agency Defendants' March 13, 2025 letter).; *see also* Dkt. 138 at 9 ("On July 15, Columbia announced it would incorporate consideration of the IHRA definition into OIE's policies. Columbia took this step, along with other measures to combat antisemitism, because "[c]ommitting to reform on our own is a more powerful path.") (citing ECF 123-1 at 2). We agree that Plaintiffs' motion for preliminary injunction turns on a likely showing that Agency Defendants did in fact coerce Columbia to adopt two separate definitions of anti-Semitism that violate the First Amendment, and that Columbia capitulated to this compulsion. Plaintiffs maintain the Court can apply an inference of causation from the chronology of events alone. Assuming you disagree, early discovery is precisely how the Court can resolve this core question. *See* Dkt. 142, at 9 n.4 ("Should the Court not apply these chronological inferences, hearing or decision on Plaintiffs' motion for preliminary injunction could be deferred until Plaintiffs have the opportunity to conduct limited discovery of Agency and Columbia Defendants").

*Limiting Time Scope*. Plaintiffs are requesting that Columbia Defendants perform an electronic records search for two brief time periods: (1) the 8 weeks surrounding the Trump Administration's list of

demands and Columbia's responses; and (2) the 7 weeks around which Columbia formally adopted the IHRA definition of anti-Semitism and signed its Resolution Agreement with the administration. In total, that is a request to search for less than 4 months of relevant records.

*Limiting Custodians*. As previously discussed, we are proposing a limited list of 23 custodian accounts to search with respect to these records requests—which will help focus only on the core university decision-makers and employees likely to have relevant information. That list (slightly updated) includes the following individuals:

> Current/Former Presidents: Katrina Armstrong, Claire Shipman
>
> Co-Chairs of the Trustees: David Greenwald, Jeh Johnson
>
> Former Trustees: Jonathan Lavine, Claire Shipman
>
> Relevant Employees: Angela V. Olinto, William Berger, Felice B. Rosan, Donna P. Fenn, Susan K. Rushing, Jeri L. Henry, David M. Schizer, Esther R. Fuchs, Nicholas Lemann, Gregory Wawro, Laura Kirchstein, Chloe Brighton, Jamie Kleidman, Cas Holloway, Gerald Lewis Jr., Joshua Mitts, Gil Zussman, Lisa Rosen-Metsch.

*Limiting Subject Matter*. We have also limited the subject matter of our correspondence search to the following core areas: (1) anti-Semitism; (2) student discipline; and (3) University policies. As such, to the extent that a general search for documents about or exchanged with the federal government produces too many records and would be unduly burdensome for Defendants to produce, we can instead agree to a set of targeted and more limited subject-matter search terms such as: "Department of Justice" OR "Health and Human Services" OR "General Services Administration" OR "Department of Education" OR "federal government" OR "Trump Administration" AND ("Antisemitism" or "Israel" or "student" or "discipline" or "punish" or "policy" or "IHRA").

Defendants have not articulated any possible burden in conducting a limited electronic records search for 23 custodian accounts over a 4-month period with proposed search terms. Nor is such an assertion of burden possible without testing those searches for volume. *See*, *e.g.*, *Mediatek, Inc. v. Freescale Semiconductor, Inc.*, Case No. 11-5341 YGR (JSC), 2013 U.S. Dist. LEXIS 122911, at *22 (N.D. Cal. Aug. 28, 2013) ("Freescale's objections to other search terms as too broad are premature. Freescale has not run a test search on a single identified custodian for any of the proposed searches"); *DeGeer v. Gillis*, 755 F. Supp. 2d 909, 929 (N.D. Ill. 2010) ("The Court is most troubled by the fact that there was no dialogue to discuss specific search terms or data custodians to be searched").

**Request Nos. 3-5.** These requests seek communications related to six of the nine specific policy changes that Columbia adopted and announced on March 21, 2025. These communications will elucidate the timing and motivations for Columbia's policy changes and are relevant to showing which such changes were not, as Columbia Defendants argue, "underway" prior to the Agency Defendants' March 13, 2025, demands. *Compare* Dkt. 84 at 11-12 ("Columbia's actions … reflected work that had been underway long before the March 13 Letter."); *id.* at 13 ("the March 13 Letter crystalized efforts that were already underway and impacted their timing"), *with* Dkt. 142, at 8 ("Columbia previously suggested that it was coincidence when the University stated that its Taskforce Definition of

antisemitism would be unlawful to enforce, only to then start enforcing it. The only interceding reason for that change? The Trump administration's March 13 letter"); Dkt. No. 103 at 12 ("Columbia's March 21 policy changes and subsequent enforcement constitute state action").

To further narrow these requests, Plaintiffs are willing to seek responses only as to Request No. 4— with Columbia Defendants pointing to any documents that conclusively identify *when* the decision or plan was first made to adopt each of the changes specifically identified in Request No. 3(a)-3(f) and the accompanying footnotes.

**Request Nos. 6-8.** The IHRA Definition of Anti-Semitism is the very definition that the Agency Defendants requested Columbia to adopt and that—after months of contact with Agency Defendants— was ultimately adopted on the eve of the Resolution Agreement. These requests seek communications regarding the timing and motivations for Columbia's changes to its anti-Semitism definition up to an including adopting the IHRA definition, incorporation of the definitions into university disciplinary policies, and announcements related to enforcement of those policies. Plaintiffs are willing to further limit the time period for this request from the beginning of regulatory contact with the Agency Defendants until the signing of the Resolution Agreement (Feb. 3, 2025 to July 23, 2025). Plaintiffs are also willing to limit this request to the 23 proposed custodian accounts.

These requests will elicit any correspondence or communications that may have pressured Columbia to adopt definitions of anti-Semitism that ban criticism of Israel—which coercion is central to the pending motions. *Compare* Dkt. 138 at 9 ("Columbia subsequently entered the Resolution Agreement, which contains no provisions pertaining to any antisemitism definition."), *with* Dkt. 142, at 8 (Defendants "suggest[] that it is *pure coincidence* the University adopted the IHRA definition of antisemitism just two weeks after agreeing that definition was unlawful in briefing before this Court").

**Request Nos. 9.** Columbia Defendants are maintaining that Plaintiffs lack pre-enforcement standing because Columbia is not applying definitions of anti-Semitism in a way that prohibits or chills pure political speech critical of Israel. Dkt. 138, at 10 ("their facial challenge rests on pure specula[tion] about improbable imaginary cases in which they hypothesize Columbia might apply its Anti-Discrimination Policy"). Plaintiffs note from the limited examples publicly available that the opposite is true. Dkt. 142, at 7 ("Columbia is hauling students into disciplinary proceedings for uttering phrases like: 'Land Back Now'"). If Defendants are insisting for purposes of the pending motion that there are no OIE anti-Semitism investigations rooted solely in political expression critical of Israel—and that therefore Plaintiffs are unlikely to experience such a speech regulation—Plaintiffs should have the right to see the allegations that Defendants deem sufficient to haul students into disciplinary proceedings.

We expect that it would not be burdensome for the OIE to pull the charging document from each anti-Semitism investigation—which investigations are already being reviewed and reported on regularly by the University. The request is also appropriately time limited to any anti-Semitism probes that follow the March 21, 2025, letter announcing changes to the definition of anti-Semitism to the Trump Administration.

**Request No. 10.** For the avoidance of burden, and because Request No. 9 already contains sufficient information to support the pending motions, Plaintiffs will withdraw this request.

**Request No. 11.** Withdrawn because the interaction between the IHRA definition of anti-Semitism and the Resolution Agreement is addressed—in relevant part—by Request Nos. 2, 6-7.

\*\*\*

We look forward to conferring with you all. We would also appreciate your request-by-request response as soon as possible prior to meet and confer.

Best regards,

**Deema Azizi**
Senior Litigation Attorney
Legal Unit, CAIR-NY (Council on American-Islamic Relations-New York)
T (Office Line): 646.665.7599
E: dazizi@cair.com
Website: cair-ny.org

*Disclaimer: This email may contain confidential and privileged material, including attachments, for the sole use of the intended recipient(s) named above. Please do not review, use, copy, forward, or in any way distribute or disclose the contents of this e-mail including any attachments unless you are the intended recipient(s) named above. If you are not the intended recipient, or authorized to receive this message for the recipient, please contact the sender by reply email, delete all copies of this message, and subsequently delete all copies of this message in the trash/deleted items folder. This email does not by itself establish an attorney-client relationship, and may not constitute legal advice.*