**U.S. Department of Justice**

*United States Attorney*
*Southern District of New York*

---

*86 Chambers Street*
*New York, New York 10007*

January 22, 2026

**BY ECF**

The Honorable Arun Subramanian
United States District Judge
500 Pearl Street, Courtroom 15A
New York, New York 10007

> Re:    *Khalil, et al. v. The Trustees of Columbia University in the City of New York, et al.*, 25 Civ. 2079 (AS)

Dear Judge Subramanian:

This Office represents the Executive Branch Defendants in the above-referenced action. We write respectfully in response to Plaintiffs' letter motion seeking "early discovery," filed on January 15, 2026. ECF No. 165 ("Pls. Ltr.") at 1. For the reasons summarized below, Plaintiffs are not entitled to discovery, and the Court should deny their motion.

## I.    Background

Plaintiffs assert two claims against the Executive Branch Defendants in the Second Amended Complaint, ECF No. 62 ("SAC"). First, they assert that the Executive Branch Defendants violated the First Amendment by allegedly coercing Columbia University into suppressing disfavored speech by pausing or terminating funding. *Id*. ¶¶ 176-181. Second, they assert that the Executive Branch Defendants violated the APA by "tak[ing] agency action against Columbia University in order to suppress Plaintiffs' speech and associations . . . in violation of the First Amendment." *Id*. ¶ 199. As Plaintiffs state in their Memorandum of Law in Support of Motion for Preliminary Injunction, ECF No. 99 ("PI Br."), their "substantive APA claim mirrors their First Amendment claim," and both are allegedly "based on the funding pause the Agency Defendants are using to coerce Columbia into doing as directed." *Id.* at 22. The Executive Branch Defendants moved to dismiss on May 23, 2025, ECF Nos. 85-89, 116, 136, and that motion, as well as Plaintiffs' motion for a preliminary injunction against the Executive Branch Defendants, ECF Nos. 99-101, 133-34, have been *sub judice* since August 6, 2025.

On November 14, 2025, Plaintiffs requested a conference with the Executive Branch Defendants pursuant to Rule 26(f). The Executive Branch Defendants explained that, pursuant to SDNY Local Rule 16.1, "reviews from administrative agencies . . . are exempted from the mandatory scheduling order required by Fed. R. Civ. P. 16(b)," and "[d]iscovery may proceed in those cases only at the time, and to the extent, authorized by the court." After the parties conferred, on December 5, 2025, Plaintiffs filed a motion requesting that the Court "confirm that Plaintiffs are entitled to seek discovery as to their free-standing First Amendment claim," but failed to identify the proposed contours of that discovery. ECF No. 160 at 1-3.

The Honorable Arun Subramanian
January 22, 2026
Page 2

On December 11, 2025, the Court denied Plaintiffs' motion to seek discovery without prejudice, stating that it declined to "speculate as to what plaintiffs might ask for, and why it would be important to have that information now, rather than later." ECF No. 163 (the "Order"). The Court instructed Plaintiffs to "think about what crucial information they need now, and target their requests on that discrete information," and instructed Defendants to "be reasonable in entertaining targeted requests for information that don't simply seek 'all documents' concerning broad categories of information." *Id.* The Court did not direct or permit Plaintiffs to serve discovery but rather ordered the parties to "meet and confer" regarding Plaintiffs' requests. *Id.*[1]

On December 18, 2025, Plaintiffs emailed the Executive Branch Defendants ten requests for production. *See* ECF No. 165-2 (the "Requests"). While Plaintiffs did not use the phrase "all documents" in the Requests, in effect, all but one request (Request No. 5), seek all documents and communications regarding broad categories of information. *See* Request Nos. 1-4, 6-10. On December 23, 2025, this Office informed Plaintiffs' counsel that we needed time to confer with our clients about the requests during the holiday season and agreed to meet and confer on January 9, 2026. *See* ECF No. 165-1, at 14-15. In the meantime, on January 2, 2026, Plaintiffs' counsel proposed that the search include records of 17 custodians from four different executive agencies. *Id.* at 10-11. On January 7, 2026, we informed Plaintiffs that although this was an administrative record case in which there should be no discovery, "[i]n accordance with the Court's order, the Executive Branch Defendants have considered plaintiffs' requests" but they "are unduly broad" and therefore not in compliance with the Order. *Id.* at 7-8. The next day, Plaintiffs offered to withdraw five of the requests (Request Nos. 4-7 and 10). *Id.* at 4-6. The parties conferred on January 9, 2026, and having reached an impasse, Plaintiffs filed the instant motion.

## II.    Plaintiffs Are Not Entitled to Discovery

First, Plaintiffs fail to address the admitted overlap between their APA and First Amendment claims and therefore cannot justify deviating from the rule limiting review of administrative action to the administrative record. "Generally, a court reviewing an agency decision is confined to the administrative record compiled by that agency when it made the decision." *Safe Haven Home Care, Inc. v. United States Dep't of Health & Hum. Servs.,* 130 F.4th 305, 324 (2d Cir. 2025) (noting "limited circumstances under which the admission of extra-record evidence may be appropriate" (internal quotation marks omitted)); *see also Emps. Ret. Sys. for City of Providence v. Bd. of Governors of Fed. Rsrv. Sys.*, No. 24-MC-349 (AS), 2025 WL 1736602, at *9 (S.D.N.Y. June 23, 2025) ("A court will not lightly add to the administrative record."). Thus, extra-record discovery is generally impermissible. *Common Sense Salmon Recovery v. Evans*, 217 F. Supp. 2d 17, 20 (D.D.C. 2002) ("[B]ecause a court's review of an agency's decision is confined to the administrative record. . . . courts uniformly have held that discovery typically is not permitted.).

In determining whether a plaintiff may be entitled to extra-record discovery on

---

[1] For this reason, no formal response by Defendants is required within 30 days. *See* Fed. R. Civ. P. 26(d)(2)(B) and 34(b)(2)(A).

The Honorable Arun Subramanian
January 22, 2026
Page 3

constitutional claims pleaded independent of APA claims, courts in this District have evaluated the degree to which the constitutional and APA claims overlap. *See, e.g.*, *Reyes v. McHenry*, No. 19 Civ. 8674 (KPF), 2020 WL 5583521, at *1-2 (S.D.N.Y. Aug. 3, 2020) (denying extra-record discovery in case alleging APA and Fifth Amendment due process claim because the claims substantially overlapped). Here, Plaintiffs concede that their First Amendment and substantive APA claims "mirror[]" each other and are based on the same alleged conduct, *i.e.*, an allegedly coercive funding pause and the related March 13 Letter. *See, e.g.*, PI Br. at 22; *compare* SAC ¶¶ 176, 181 (First Amendment claim) *with* SAC ¶ 199 (APA claim). Plaintiffs cannot circumvent the restrictions on discovery by styling a challenge to administrative action as a constitutional claim. *Hadwin v. United States Dep't of State*, No. 17 Civ. 578 (VEC), 2021 WL 4037714, at *6 n.9 (S.D.N.Y. Sept. 3, 2021) ("[T]o allow broad ranging discovery under Rule 26, beyond the administrative record in every case where a plaintiff alleges a constitutional claim, would be inappropriate and render meaningless the APA's restriction of judicial review to the administrative record."); *Jarita Mesa Livestock Grazing Ass'n v. U.S. Forest Serv.*, 58 F. Supp. 3d 1191, 1238-40 (D.N.M. 2014) (holding that First Amendment claim was subject to the APA's restrictions on discovery). Plaintiffs should therefore be limited to the restrictions imposed by the APA.

Second, Plaintiffs did not heed the Court's admonition to "target" their requests to "discrete" and "crucial information they need now." Order at 1. As a threshold matter, it is unclear why Plaintiffs need any information now, as both the motion to dismiss and preliminary injunction motion have been *sub judice* for nearly six months, following multiple rounds of briefing, including sur-replies and additional letters to the Court, that took place over the course of several months. Plaintiffs first approached the Executive Branch Defendants about "early discovery" over three months after briefing was complete (which is not explained by a 43-day government shutdown as Plaintiffs claim, Pls. Ltr. 2 n.3). Plaintiffs appear to be on a belated fishing expedition to try to unnecessarily reopen briefing on long-pending motions, with no explanation of why they did not seek discovery much earlier (including before filing their preliminary injunction motion). Such discovery is unnecessary and a waste of Court and government resources.

Moreover, Plaintiffs did not target their requests to discrete or crucial information. They served ten requests (now limited to five) that seek essentially all documents and communications. For example, Request No. 1 seeks "DOCUMENTS and COMMUNICATIONS exchanged between YOU and COLUMBIA UNIVERSITY or internal to YOU, where you discussed COLUMBIA UNIVERSITY from February 3, 2025, to April 1, 2025." Although not purporting to limit the request, the request also specifies that it includes communications on such topics as "antisemitism," "student discipline," "university policies," and "and the terms of your ongoing financial relationship with Columbia University," topics far beyond those encompassed by Plaintiffs' preliminary injunction motion and even beyond what is relevant to the litigation as a whole. *Id.* (cleaned up). Request No. 2 contains the same language as Request No. 1 for a different time period. Plaintiffs then compounded the breadth of their "early discovery" requests by seeking documents from 17 different custodians in four different agencies. Such requests would be burdensome even if the parties were in full blown litigation discovery in a non-agency record review case, which they are not, let alone in response to the Court's Order instructing them to only seek discrete and crucial information that they need now through targeted requests. Accordingly, the Court should deny Plaintiffs' motion for early discovery.

The Honorable Arun Subramanian
January 22, 2026
Page 4

We thank the Court for its consideration of this letter.

Respectfully submitted,

JAY CLAYTON
United States Attorney for the
Southern District of New York

By:   /s/ Allison M. Rovner
ALLISON M. ROVNER
Assistant United States Attorney
86 Chambers Street, Third Floor
New York, New York 10007
Tel.: (212) 637-2691
Email: allison.rovner@usdoj.gov

cc:    Counsel of Record (by ECF)