**Hecker Fink LLP**

NEW YORK | WASHINGTON, DC | LOS ANGELES

350 FIFTH AVENUE | 63RD FLOOR
NEW YORK, NEW YORK 10118

TEL (212) 763-0883 | FAX (212) 564-0883
WWW.HECKERFINK.COM

mmiller@heckerfink.com

January 26, 2026

**BY ECF**

The Honorable Arun Subramanian
U.S. District Court, S.D.N.Y.
Daniel Patrick Moynihan U.S. Courthouse
500 Pearl St.
New York, NY 10007-1312

    Re: *Khalil, et al. v. Columbia University, et al.*, No. 25 Civ. 02079 (S.D.N.Y.)

Dear Judge Subramanian:

  We write on behalf of Defendants The Trustees of Columbia University in the City of New York and Acting President Claire Shipman (together, "Columbia" or the "University") in response to Plaintiffs' letter dated January 20, 2026, ECF 167, seeking a conference and to compel early discovery. Plaintiffs' application should be denied.

**I. Background**

  On December 11, 2025, the Court denied Plaintiffs' motion to compel participation in a Rule 26(f) conference. ECF 163. The Court directed Plaintiffs to "think about what crucial information they need now" and to provide targeted requests for "that discrete information," and directed Defendants to "entertain[] targeted requests for information that don't simply seek 'all documents' concerning broad categories of information." *Id.* Nevertheless, on December 18, Plaintiffs sent Columbia 11 wide-ranging requests for production. *See* ECF 165-1 at 17; ECF 167-1. On January 2, 2026, Plaintiffs proposed a list of 19 Columbia document custodians, including several lawyers. ECF 165-1 at 10-11. On January 8, Plaintiffs proposed adding four more Columbia custodians (for a total of 23) and made other revisions to their requests. ECF 167-2 at 14-15. The parties met and conferred on January 9, during which Columbia sought clarification as to the scope and purpose of Plaintiffs' requests. Plaintiffs made further modifications to their requests by email later that day. *Id.* at 10-13. Columbia carefully considered Plaintiffs' requests and, on January 16, conveyed that it could not at that time agree to produce documents in response to those requests. *Id.* at 5. Plaintiffs made further modifications to their requests by email on January 20, just before filing their letter with the Court. *Id.* at 1-4.

**II. Plaintiffs Are Not Entitled to Discovery**

  For the reasons explained in Columbia's letter of December 9, 2025, Plaintiffs are not entitled to discovery. *See* ECF 162. Plaintiffs have brought a claim under the Administrative Procedure Act ("APA"), pursuant to which the Court's "review is . . . limited to examining the administrative record." *Kakar v. USCIS*, 29 F.4th 129, 132 (2d Cir. 2022) (cleaned up). Plaintiffs cannot end-run this rule by predicating an entitlement to discovery on claims that mirror their APA claim, or by seeking discovery from Columbia, a private entity that Plaintiffs allege in their complaint is a state actor for purposes of their claims. *See* ECF 162 at 1-2. Even if standard discovery procedures did apply, there is good cause for a temporary stay because the fully briefed and pending motions to dismiss are potentially dispositive and not unfounded in the law, the

discovery Plaintiffs seek is broad and burdensome, and Plaintiffs will not be prejudiced by a brief stay at this early stage. *Id.* at 2-3. The breadth of the specific discovery requests that Plaintiffs have now provided and the burden they would impose on Columbia reinforce that a stay is warranted here. *See Hertz Glob. Holdings, Inc. v. Nat'l Union Fire Ins. Co. of Pittsburgh*, 2020 WL 6642188, at *1 (S.D.N.Y. Nov. 12, 2020).

"[A] preliminary-injunction applicant is not afforded an absolute right to merits discovery." *Hurlock v. Kelsier Ventures*, 2025 WL 1993571, at *1 (S.D.N.Y. July 17, 2025). Instead, to obtain expedited discovery under Rule 26(d), Plaintiffs must demonstrate "reasonableness and good cause." *Pearson Educ., Inc. v. Doe*, 2012 WL 4832816, at *3 (S.D.N.Y. Oct. 1, 2012). Although Plaintiffs admit that they seek "early discovery," ECF 167 at 1, they fail to acknowledge the standard they must meet, let alone attempt to satisfy it. Nor could they, given the unreasonable nature and prejudicial timing of their requests. *See, e.g.*, *Hubbuch v. Cap. One, N.A.*, 2025 WL 2161238, at *1 (S.D.N.Y. Feb. 3, 2025) (courts consider "reasonableness of the request" and "potential prejudice" to the parties under Rule 26(d)).

Plaintiffs' attempt to explain "why it would be important to have [this] information now," ECF 163, is belied by their lengthy delay in seeking it. Plaintiffs first raised their suddenly pressing need for discovery seven months after filing the operative complaint, six months after Defendants moved to dismiss, five months after seeking preliminary injunctive relief, and three months after briefing on the preliminary injunction motion—which included multiple sur-replies—concluded. If Plaintiffs believed this discovery was necessary to resolve their motions, they should have sought it many months earlier. *See, e.g.*, *Hurlock*, 2025 WL 1993571, at *1 (denying expedited discovery where "Plaintiff's request for expedited discovery on largely foreseeable topics comes more than a month after he moved for a TRO/PI"). Permitting discovery now, when Plaintiffs could have sought discovery before the extensive briefing on their motions concluded, would unfairly prejudice Columbia. *See id.*; *see also TushBaby, Inc. v. Jinjang Kangbersi Trade Co.*, 2024 WL 4627452, at *10 (S.D.N.Y. Oct. 30, 2024) (denying "eleventh hour" request for expedited discovery and hearing on preliminary injunction motion where court had already permitted "multiple supplemental filings"). Plaintiffs' only attempt at justifying the delay is to point to the government shutdown, but that began nearly two months after briefing on the motions concluded. ECF 167-2 at 2.

In addition, Plaintiffs' requests are, on their face, overly broad. Plaintiffs assert that the discovery they seek is only relevant to their preliminary injunction motion. ECF 167 at 2-3. But as it relates to Columbia, that motion exclusively concerns enforcement of a definition of antisemitism and productions to Congress. ECF 133-1. As such, for example, Request No. 4's demand for documents regarding "Changes to Student Discipline Procedures" is irrelevant. ECF 167 at 3 n.4. As Columbia has repeatedly explained, those changes concern a time, place, and manner policy that does not contain or incorporate any definition of antisemitism. *See* ECF 118 at 11-12; ECF 124 at 1; ECF 138 at 9. Only Request No. 9 could even theoretically bear on the threshold and dispositive issue of Plaintiffs' standing. But no discovery is needed to resolve that issue: Even accepting Plaintiffs' allegations as true, those allegations fail to establish any certainly impending injury resulting from Columbia's incorporation of certain antisemitism definitions into its policies. ECF 118 at 17-28. Further, as Plaintiffs concede, Request No. 9 seeks student records that implicate the Family Educational Rights and Privacy Act, 20 U.S.C. § 1232g, which further increases the burden imposed by the request. *See, e.g.*, *Ellington Credit Fund, Ltd. v. Select Portfolio Servs., Inc.*, 2008 WL 11510668, at *3 (S.D.N.Y. June 12, 2008) (considering impact of privacy statute in evaluating burden of discovery). Any responsive productions would require de-

Hecker Fink LLP

3

identifying redactions and negotiation of a protective order and implicate the interests of non-parties to this litigation, which is itself burdensome. *Pujals v. BDO USA, P.C.*, 2025 WL 2644238, at *3 (S.D.N.Y. Sept. 15, 2025); *see also Gross v. Madison Square Garden Ent. Corp.*, 2023 WL 6815052, at *2 (S.D.N.Y. Oct. 17, 2023) (noting that the "time and fees" required to negotiate a protective order would prejudice defendants).

Plaintiffs themselves appear to recognize the overbreadth of their requests. They have presented a constantly moving target—repeatedly and unilaterally changing their requests and providing conflicting explanations as to what they are seeking. *See* ECF 167-2 at 1-4, 10-12, 14-17. But even as currently formulated, Request Nos. 1 and 2, for example, remain overly broad in seeking all documents and communications "between YOU and the AGENCY DEFENDANTS" *and* "internal to YOU where YOU discussed the AGENCY DEFENDANTS," within specified timeframes. ECF 167-1 at 7. Including any document that merely mentions one of these governmental agencies will necessarily encompass a significant number of documents with no relevance to this action. Plaintiffs purport to narrow the scope of these requests through search terms, but those too remain overinclusive. For example, any document with the terms "federal government" and "policy" would be responsive under Plaintiffs' proposal. As a further example, Request Nos. 6-8 seek ill-defined categories of documents concerning internal institutional policymaking, including "when" it was "first determined" that certain policies should be adopted. ECF 167-1 at 8-9. Responding to such vague document requests is itself a burdensome exercise. *See, e.g.*, *Monaco v. Smith*, 2001 WL 815529, at *4 (S.D.N.Y. July 18, 2001).

Further, Plaintiffs' contention that an assertion of burden is not possible without test searches, ECF 167 at 3, is incorrect.[1] In this District, in this posture, courts routinely conclude that the likely burden of discovery warrants a stay pending resolution of a motion to dismiss even before the parties exchange discovery requests—let alone run test searches—based on the scope of the complaint and the burdens that producing parties "reasonably foresee" given "the costly and time-consuming nature of modern electronic discovery involving numerous custodians." *Gastineau v. ESPN Inc.*, 2025 WL 2733155, at *2 (S.D.N.Y. Sept. 24, 2025) (cleaned up).

### III. Plaintiffs Have Not "Served" Discovery Under Rule 26

Finally, Plaintiffs contend that they "served" Columbia with document requests, such that Columbia must respond to those requests by today, January 26. That is incorrect. The parties have not yet held a Rule 26(f) conference—a prerequisite to commencing discovery. Fed. R. Civ. P. 26(d)(1). While "the moratorium on discovery imposed by Rule 26(d)" prior to a Rule 26(f) conference "may be removed by court order," doing so requires "some showing of good cause." *Pearson*, 2012 WL 4832816, at *3 (cleaned up). Plaintiffs' December 5, 2025 letter-motion did not seek expedited discovery under Rule 26(d), ECF 159, and, as discussed above, Plaintiffs have not articulated why there is good cause for such relief here, ECF 167.

\* \* \*

In sum, discovery is not required or appropriate at this time, and the Court should deny Plaintiffs' application. Columbia respectfully submits that no conference is required here, but we will of course make ourselves available if helpful to the Court.

---

[1] Plaintiffs' out-of-Circuit authority concerns a motion to compel discovery in response to requests served *after* discovery had already begun (*i.e.*, after documents had been collected and processed for review) and is therefore inapposite. *See Doe v. Kaiser Found. Health Plan, Inc.*, 2024 WL 3225904, at *2 (N.D. Cal. June 28, 2024). Requiring searches to test burden does not make sense here, where discovery has not commenced and may ultimately never take place.

Hecker Fink LLP

4

Respectfully submitted,

*[signature]*

Marshall L. Miller