January 26, 2026

Dear Shay Orentlicher:

The Office of Institutional Equity ("OIE") and the Student Division of Anti-Discrimination and Discriminatory Harassment ("Student Division") conducted a **Formal Investigation and Determination** into allegations that you subjected the Complainant(s) to **Discriminatory Harassment** in violation of the **Anti-Discrimination and Discriminatory Harassment Policy and Procedures for Students** ("Policy").

**Allegations**
It was alleged that on August 31, 2025, in the vicinity of Furnald Lawn, while a pre-authorized Hillel event was taking place, you held and/or distributed a flyer titled, "Why Should Jews Drop Hillel?" as well as held and/or displayed a sign, which stated, "Hillel Supports Genocide." It was alleged that your conduct may have created or contributed to a hostile working, learning, or campus living environment; altered the conditions of employment or education; and/or unreasonably interfered with individuals' work, academic performance, or ability to participate in or benefit from some aspect of the University's educational programs or activities on the basis of the individuals' actual or perceived membership in, or association with a Protected Class.

**Determination**
Based on a preponderance of the evidence, after considering all the circumstances, OIE determined that you **did** engage in conduct amounting to **Discriminatory Harassment** as defined by the Policy.

## Sanction

After reviewing the full record—including the Investigative Report and evidence, your Impact Statement, the Complainant's Impact Statement, and the nature and seriousness of the violation(s)—I have determined that:

- You are sanctioned to **Conditional Disciplinary Probation until the end of the Spring 2026 semester.**
- You must complete a **Policy Education Training with OIE by March 31st, 2026**. Further details on the Training will be provided at a later date.

The status of **Conditional Disciplinary Probation** indicates you are **in good disciplinary standing** during this period. Any additional violation of University policy—particularly of a similar or more serious nature—may result in more severe outcomes, up to and including **expulsion**.

## Factors Considered

In determining the appropriate sanction, I evaluated the Policy's sanctioning factors, including that the sanction is:

- Fair and appropriate given the facts of the particular case;
- Adequate to promote the ability of all members of the University community to access the University's activities and programs free from Discrimination or Discriminatory Harassment;
- Designed to address any Hostile Environment to which the Prohibited Conduct contributed in any of the University's programs or activities or at the University as a whole;
- Reflective of the seriousness of the Prohibited Conduct that was found to have occurred; and
- Generally consistent with Sanctions imposed in similar cases under similar circumstances.

In determining the appropriate sanction, I evaluated relevant factors that may be considered, but are not limited to:

- The specific Prohibited Conduct at issue;
- The totality of the information available about the circumstances surrounding the Prohibited Conduct;
- The Respondent's state of mind;
- The Respondent's prior disciplinary history in proceedings under the Policy or any other University policy;
- Sanctions imposed on the Respondent in other matters involving similar Prohibited Conduct;
- Sanctions imposed on any other Respondents in the same matter;
- The impact of the Prohibited Conduct on the Complainant and on the University community more generally;
- The existence of a Hostile Environment in any of the University's programs or activities or at the University as a whole, and the extent to which the Respondent's Prohibited Conduct created or contributed to any such Hostile Environment; and
- Any extenuating, aggravating, or other information deemed relevant.

In applying those factors, I note that you were found responsible for the conduct of creating or contributing to a hostile environment at or outside one (1) pre-authorized Hillel event, by holding and carrying a sign, and distributing flyers throughout the day. Specifically, the record reflects the impact on the University community, and the seriousness of the Prohibited Conduct. This decision was not made lightly. I encourage you to continue reflecting on the impact of your actions.

## Appeal Rights

You have the right to **appeal** this determination and/or sanction within **ten (10) business days** of receiving this letter. Appeals involving Student Respondents are decided by majority vote of an **Appellate Panel** of three Deans: the Dean of your School, and two Deans from other School(s).

**Conflict of Interest**

The Appellate Panel in this matter consists of: Dean Lisa Rosen-Metsch, Dean of Columbia School of General Studies, Dean Shih-Fu Chang, Dean of Columbia Engineering, and Dean Josef Sorett, Dean of Columbia College. If you believe a Panelist has a potential or actual conflict of interest or bias, submit a written request here asking that the Panelist not participate and explaining the conflict. You will receive a written response indicating any modification. Please submit any conflict of interest form within two (2) business days of receipt of this letter, on Tuesday, January 27, 2026.

**Grounds for Appeal**

The Appeal is **not** a de novo review of facts and does not revisit whether a Policy violation occurred beyond the permitted grounds. Appeals are limited to the following grounds:

1. **Procedural Irregularity**
2. **New Information**
3. **Conflict of Interest/Bias**
1. **Sanction Is Too Severe**

**How to Appeal**

- **Deadline:** Submit your **Written Statement** by **February 6, 2026 [ten (10) business days from receipt]**.

- **Where:** File electronically here, addressed to the **Appellate Panel**.

- **Format:** Your Statement must be **prepared by you**, no longer than **five (5) single-spaced pages** (12-point Times New Roman; 1-inch margins). **Do not attach exhibits.** Cite to the Determination Letter, the Sanctioning Notice, Investigative Report, or included materials.

The Appellate Panel may: **(1)** affirm the determination and/or sanction; **(2)** revise the sanction; or **(3)** reverse and remand to the Investigative Team (or a different team) with instructions. Decisions are generally rendered within **twenty (20) business days** after the last written submission, subject to Panel availability. The Office will notify the Parties of any delay. The Panel's decision is **final**.

Sincerely,

Kamala Kiem

Dean of Undergraduate Student Life, Columbia College and Columbia Engineering