**Hecker Fink LLP**

NEW YORK | WASHINGTON, DC | LOS ANGELES

350 FIFTH AVENUE | 63RD FLOOR
NEW YORK, NEW YORK 10118

TEL (212) 763-0883 | FAX (212) 564-0883
WWW.HECKERFINK.COM

mmiller@heckerfink.com

February 10, 2026

**BY ECF**

The Honorable Arun Subramanian
U.S. District Court, S.D.N.Y.
Daniel Patrick Moynihan U.S. Courthouse
500 Pearl St.
New York, NY 10007-1312

      Re:     *Khalil, et al. v. Columbia University, et al.*, No. 25 Civ. 02079 (S.D.N.Y.)

Dear Judge Subramanian:

      We write on behalf of Defendants Trustees of Columbia University in the City of New York and Acting President Claire Shipman (together, "Columbia" or the "University"), pursuant to the Court's January 30, 2026 Order, ECF 172, inviting Defendants to respond to Plaintiffs' letters dated November 18, 2025, ECF 156, and January 29, 2026, ECF 171. For the reasons explained in Columbia's briefs in support of its motion to dismiss and opposing Plaintiffs' motion for a preliminary injunction, Plaintiffs do not have standing for their claims against Columbia, nor are their allegations sufficient to show that Columbia is a state actor. *See* ECF 84, 118, 138. Plaintiffs' letters to the Court do not strengthen their position on either issue.

      ***November 18 Letter.*** Plaintiffs' November 18 letter brings to the Court's attention a California district court decision in *American Association of University Professors v. Trump*, — F. Supp. 3d —, No. 25 Civ. 7864, 2025 WL 3187762 (N.D. Cal. Nov. 14, 2025) (*"AAUP"*). This decision supports neither Plaintiffs' standing to assert claims against Columbia nor the merits of their contentions that Columbia is a state actor. In *AAUP*, the plaintiffs include membership organizations composed of university faculty and other academic professionals whose research and scholarship were directly affected by the federal government's termination of grants and contracts. In this distinct factual context, the court concluded that the record showed that the plaintiffs were "suffering present and ongoing injuries" redressable by and directly traceable to the challenged government actions. *Id.* at *16; *see also id.* at *10-11. This contrasts sharply with the speculative and attenuated nature of Plaintiffs' allegations here. *See* ECF 84 at 18-22; ECF 118 at 9-20; ECF 138 at 3-8. In addition, the *AAUP* decision exclusively addresses actions by the federal government (in the context of a public university), not a private party such as Columbia, so the decision has no bearing on the critical question of state action at issue in this case.

      *AAUP* also diverges from authority in this very district. In *American Association of University Professors v. U.S. Department of Justice,* the court considered similar claims brought by the AAUP seeking to challenge the federal government's termination of grants and contracts with Columbia and determined that the plaintiffs lacked standing based on their members' "'subjective' feelings of being chilled" and because they did not demonstrate that the federal government "threatened a specific, imminent future harm" to First Amendment-protected

Hecker Fink LLP

2

activities. No. 25 Civ. 2429, 2025 WL 1684817, at *13 (S.D.N.Y. June 16, 2025) (quoting *Laird v. Tatum*, 408 U.S. 1, 13 (1972)). Plaintiffs' allegations in this case rest on similarly insufficient claims of First Amendment harm. *See* ECF 84 at 18-21; ECF 118 at 9-17; ECF 138 at 3-8.

*January 29 Letter.* Plaintiffs' January 29 letter draws the Court's attention to a recent disciplinary decision that Plaintiffs assert bears on the pending motions before the Court. But the identified decision—which concerns one student, represents the adjudication of a single incident, and remains subject to appeal, *see* ECF 171-5, at 2-3—does nothing to cure the deficiencies in Plaintiffs' facial challenge to Columbia's Anti-Discrimination Policy. *See, e.g.*, ECF 118 at 9 ("To obtain relief on a facial basis, Plaintiffs must show that 'a substantial number of [the policy's] applications are unconstitutional, judged in relation to [its] plainly legitimate sweep[.]'" (quoting *Moody v. Netchoice, LLC*, 603 U.S. 707, 723-24 (2024))).

Notably, Plaintiffs' letter omits key factual context for the identified decision. Plaintiffs assert that the student at issue was disciplined for "criticizing Israel." ECF 171 at 1. But the appended determination letter discloses that the student was sanctioned for targeting a pre-authorized event held by Hillel, a principal hub of Jewish life on Columbia's campus,[1] handing out flyers titled "Why Should Jews Drop Hillel?," and holding a sign that stated "Hillel Supports Genocide." ECF 171-5 at 1-2. Considering those actions, and in light of the totality of the circumstances, the Office of Institutional Equity ("OIE") concluded that the student had engaged in conduct amounting to discriminatory harassment. This determination falls well "short of the kind of evidence Plaintiffs need to demonstrate that OIE has imposed or is reasonably likely to impose discipline for nothing more than anti-Israel speech." ECF 138 at 6.

Respectfully submitted,

Marshall L. Miller

---

[1] *See About Columbia/Barnard Hillel*, Columbia/Barnard Hillel, https://columbiabarnardhillel.org/about-us/ (last visited Feb. 10, 2026).