JAY CLAYTON
United States Attorney
Southern District of New York
By:    ALLISON M. ROVNER
Assistant United States Attorney
86 Chambers Street, Third Floor
New York, New York 10007
Telephone: (212) 637-2691
E-mail:  allison.rovner@usdoj.gov

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| MAHMOUD KHALIL, *et al.*, <br><br> *Plaintiffs,* <br><br> v. <br><br> TRUSTEES OF COLUMBIA UNIVERSITY IN THE CITY OF NEW YORK, *et al.*, <br><br> *Defendants.* | No. 25 Civ. 2079 (AS) <br><br> **EXECUTIVE BRANCH DEFENDANTS' ANSWER TO SECOND AMENDED COMPLAINT** |

Defendants Todd Blanche, Josh Gruenbaum, Mike Stuart, Linda McMahon, and Leo

Terrell (the "Executive Branch Defendants"),[1] by their attorney, Jay Clayton, United States

Attorney for the Southern District of New York, answer plaintiffs Sam Soe and Kam Koe's (the

"Remaining Plaintiffs") Second Amended Complaint (ECF No. 62)[2] on information and belief as

---

[1] Pursuant to Rule 25 of the Federal Rules of Civil Procedure, Acting Attorney General Todd Blanche is automatically substituted for former Attorney General Pam Bondi, and General Counsel Mike Stuart is automatically substituted for former Acting General Counsel Sean Keveney, as defendants in this matter.

[2] The Court dismissed all claims brought against the Executive Branch Defendants except for the First Amendment claim brought by Plaintiffs Sam Soe and Kam Koe based on Columbia University's ("Columbia") adoption of the International Holocaust Remembrance Alliance ("IHRA") definition of Anti-Semitism. *See* ECF No. 175 at 8, 14, 20. Further, all claims against

1

follows:

## IN ANSWER TO THE SECTION TITLED "INTRODUCTION"

1.      Paragraph 1 constitutes the Remaining Plaintiffs' characterization of their action to which no response is required. To the extent a response is required, the Executive Branch Defendants deny and aver that the Court dismissed all claims against them except for the First Amendment claim brought by the Remaining Plaintiffs based on Columbia's adoption of the IHRA definition of Anti-Semitism. *See* ECF No. 175 at 8, 14, 20.

2.      Deny the first and third sentences of Paragraph 2, and respectfully refer the Court to the March 13, 2025, letter issued by the Joint Task Force to Combat Anti-Semitism (the "March 13 Letter") for a complete and accurate reflection of its contents. The second sentence of Paragraph 2 sets forth allegations that do not pertain to the Executive Branch Defendants, to which no response is required.

3.      Paragraph 3 consists of legal conclusions, to which no response is required. To the extent a response is required, the Executive Branch Defendants deny, respectfully refer the Court to the March 13 Letter for a complete and accurate reflection of its contents, and aver that the Court dismissed all claims against them except for the First Amendment claim brought by the Remaining Plaintiffs based on Columbia's adoption of the IHRA definition of Anti-Semitism. *See* ECF No. 175 at 8, 14, 20.

4.      Paragraph 4 consists of legal conclusions, to which no response is required. To the extent a response is required, the Executive Branch Defendants deny and aver that the Court dismissed all claims against the Executive Branch Defendants except for the First Amendment

---

Pam Bondi, Josh Gruenbaum, Sean Keveney, Linda McMahon, and Leo Terrell, in their individual capacities, were dismissed on June 20, 2025. *See* ECF No. 98.

claim brought by the Remaining Plaintiffs based on Columbia's adoption of the IHRA definition of Anti-Semitism. *See* ECF No. 175 at 8, 14, 20.

5.      Paragraph 5 consists of legal conclusions, to which no response is required. To the extent a response is required, the Executive Branch Defendants deny.

6.      The Executive Branch Defendants deny and respectfully refer the Court to the March 3, 2025, U.S. Department of Education press release and March 7, 2025, 3:02 PM X Post cited in footnote 15 of the Second Amended Complaint for a complete and accurate reflection of their contents.

7.      Paragraph 7 consists of allegations that do not pertain to the Executive Branch Defendants, to which no response is required. To the extent the allegations pertain to the Executive Branch Defendants, deny.

8.      Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 8.

9.      The first sentence of Paragraph 9 consists of allegations that do not pertain to the Executive Branch Defendants, to which no response is required. The second sentence of Paragraph 9 consists of legal conclusions, to which no response is required. To the extent a response is required, the Executive Branch Defendants deny.

10.     The first sentence of Paragraph 10 consists of allegations that do not pertain to the Executive Branch Defendants, to which no response is required. The second sentence of Paragraph 10 consists of legal conclusions, to which no response is required. To the extent a response is required, the Executive Branch Defendants deny.

11.     The first and second sentences of Paragraph 11 consist of allegations that do not pertain to the Executive Branch Defendants, to which no response is required. The third sentence

3

of Paragraph 11 consists of legal conclusions, to which no response is required. To the extent a response is required, the Executive Branch Defendants deny that they engaged in coercion or attempted to chill speech or academic freedom and deny knowledge or information sufficient to form a belief as to the truth of the allegations regarding Remaining Plaintiffs' feelings.

12.    Paragraph 12 constitutes the Remaining Plaintiffs' characterization of their action to which no response is required. To the extent a response is required, the Executive Branch Defendants deny and aver that the Court dismissed all claims against them except for the First Amendment claim brought by the Remaining Plaintiffs based on Columbia's adoption of the IHRA definition of Anti-Semitism. *See* ECF No. 175 at 8, 14, 20.

## IN ANSWER TO THE SECTION TITLED "PARTIES"

13.    The Court dismissed all claims by Mahmoud Khalil against the Executive Branch Defendants. *See* ECF No. 175 at 8, 14, 20. Accordingly, no response is required.

14.    The Court dismissed all claims by Jane Joe against the Executive Branch Defendants. *See* ECF No. 175 at 8, 14, 20. Accordingly, no response is required.

15.    The Court dismissed all claims by Sally Roe against the Executive Branch Defendants. *See* ECF No. 175 at 8, 14, 20. Accordingly, no response is required.

16.    The Court dismissed all claims by Ned Noe against the Executive Branch Defendants. *See* ECF No. 175 at 8, 14, 20. Accordingly, no response is required.

17.    The Court dismissed all claims by Lucy Loe against the Executive Branch Defendants. *See* ECF No. 175 at 8, 14, 20. Accordingly, no response is required.

18.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations asserted in Paragraph 18.

19.    The Court dismissed all claims by Will Moe against the Executive Branch Defendants. *See* ECF No. 175 at 8, 14, 20. Accordingly, no response is required.

20.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations asserted in Paragraph 20.

21.    Admit that Columbia University is a private educational institution with a campus in upper Manhattan.  Deny knowledge or information sufficient to form a belief as to the truth of the remaining allegations asserted in Paragraph 21.

22.    Admit that Columbia University is a private educational institution with a campus in upper Manhattan. Deny knowledge or information sufficient to form a belief as to the truth of the remaining allegations asserted in Paragraph 22.

23.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations asserted in Paragraph 23.

24.    The Court dismissed all claims against the Committee on Education and Workforce. *See* ECF No. 175. Accordingly, no response is required.

25.    The Court dismissed all claims against Tim Walberg. *See* ECF No. 175. Accordingly, no response is required.

26.    Paragraph 26 constitutes the Remaining Plaintiffs' characterization of their action to which no response is required. The Executive Branch Defendants aver that, pursuant to Rule 25 of the Federal Rules of Civil Procedure, Acting Attorney General Todd Blanche is automatically substituted for former Attorney General Pam Bondi, as a defendant in this matter. Further, all claims against Pam Bondi, in her individual capacity, were dismissed on June 20, 2025. *See* ECF No. 98.

27.     Paragraph 27 constitutes the Remaining Plaintiffs' characterization of their action to which no response is required. Further, all claims against Linda McMahon, in her individual capacity, were dismissed on June 20, 2025. *See* ECF No. 98.

28.     Paragraph 28 constitutes the Remaining Plaintiffs' characterization of their action to which no response is required. Further, all claims against Leo Terrell, in his individual capacity, were dismissed on June 20, 2025. *See* ECF No. 98.

29.     Paragraph 29 constitutes the Remaining Plaintiffs' characterization of their action to which no response is required. The Executive Branch Defendants aver that, pursuant to Rule 25 of the Federal Rules of Civil Procedure, General Counsel Mike Stuart is automatically substituted for former Acting General Counsel Sean Keveney, as a defendant in this matter. Further, all claims against Sean Keveney, in his individual capacity, were dismissed on June 20, 2025. *See* ECF No. 98.

30.     Paragraph 30 constitutes the Remaining Plaintiffs' characterization of their action to which no response is required.  Further, all claims against Josh Gruenbaum, in his individual capacity, were dismissed on June 20, 2025. *See* ECF No. 98.

## IN ANSWER TO THE SECTION TITLED "JURISDICTION AND VENUE"

31.     Paragraph 31 consists of legal conclusions, to which no response is required.

32.     Paragraph 32 consists of legal conclusions, to which no response is required.

33.     Paragraph 33 consists of legal conclusions, to which no response is required, except admit that venue in this District is proper.

**IN ANSWER TO THE SECTION TITLED "STATEMENT OF FACTS" SUBSECTION "A. PLAINTIFFS ARE COLUMBIA AND BARNARD STUDENTS WHO FACE EXTREME CAMPUS REPRESSION AND RISKS BECAUSE OF THEIR ACTIVISM RELATED TO PALESTINE"**

34. Deny knowledge or information sufficient to form a belief as to the truth of the allegations asserted in Paragraph 34. Aver that the Court dismissed all claims against the Executive Branch Defendants except for the First Amendment claim brought by the Remaining Plaintiffs based on Columbia's adoption of the IHRA definition of Anti-Semitism. *See* ECF No. 175 at 8, 14, 20.

35. Deny knowledge or information sufficient to form a belief as to the truth of the allegations asserted in Paragraph 35. Aver that the Court dismissed all claims against the Executive Branch Defendants except for the First Amendment claim brought by the Remaining Plaintiffs based on Columbia's adoption of the IHRA definition of Anti-Semitism. *See* ECF No. 175 at 8, 14, 20.

36. Deny knowledge or information sufficient to form a belief as to the truth of the allegations asserted in Paragraph 36. Aver that the Court dismissed all claims against the Executive Branch Defendants except for the First Amendment claim brought by the Remaining Plaintiffs based on Columbia's adoption of the IHRA definition of Anti-Semitism. *See* ECF No. 175 at 8, 14, 20.

37. Deny knowledge or information sufficient to form a belief as to the truth of the allegations asserted in Paragraph 37. Aver that the Court dismissed all claims against the Executive Branch Defendants except for the First Amendment claim brought by the Remaining Plaintiffs based on Columbia's adoption of the IHRA definition of Anti-Semitism. *See* ECF No. 175 at 8, 14, 20.

38.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations asserted in Paragraph 38. Aver that the Court dismissed all claims against the Executive Branch Defendants except for the First Amendment claim brought by the Remaining Plaintiffs based on Columbia's adoption of the IHRA definition of Anti-Semitism. *See* ECF No. 175 at 8, 14, 20.

39.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations asserted in Paragraph 39. Aver that the Court dismissed all claims against the Executive Branch Defendants except for the First Amendment claim brought by the Remaining Plaintiffs based on Columbia's adoption of the IHRA definition of Anti-Semitism. *See* ECF No. 175 at 8, 14, 20.

40.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations asserted in Paragraph 40. Aver that the Court dismissed all claims against the Executive Branch Defendants except for the First Amendment claim brought by the Remaining Plaintiffs based on Columbia's adoption of the IHRA definition of Anti-Semitism. *See* ECF No. 175 at 8, 14, 20.

41.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations asserted in the first and second sentences of Paragraph 41. Aver that the Court dismissed all claims against the Executive Branch Defendants except for the First Amendment claim brought by the Remaining Plaintiffs based on Columbia's adoption of the IHRA definition of Anti-Semitism. *See* ECF No. 175 at 8, 14, 20. Accordingly, no response is required.

42.     The Court dismissed all claims against the Executive Branch Defendants except for the First Amendment claim brought by the Remaining Plaintiffs based on Columbia's adoption of

the IHRA definition of Anti-Semitism. *See* ECF No. 175 at 8, 14, 20. Accordingly, no response is required.

43. Deny.

44. Paragraph 44 sets forth allegations that do not pertain to the Executive Branch Defendants, to which no response is required.

45. To the extent Paragraph 45 sets forth allegations that do not pertain to the Executive Branch Defendants, the Executive Branch Defendants aver that the Court dismissed all claims against the Committee Defendants. *See* ECF No. 175.  To the extent Paragraph 45 pertains to the Executive Branch Defendants, deny.

46. Deny knowledge or information sufficient to form a belief as to the truth of the allegations regarding Remaining Plaintiffs' fears and otherwise deny.

**IN ANSWER TO THE SUBSECTION TITLED "B. THE COMMITTEE ON EDUCATION AND WORKFORCE'S PRESSURE CAMPAIGN"**

47. Paragraph 47 sets forth allegations that do not pertain to the Executive Branch Defendants, to which no response is required. The Executive Branch Defendants aver that the Court dismissed all claims against the Committee on Education and Workforce and Tim Walberg (together, the "Committee Defendants"). *See* ECF No. 175.

48. Paragraph 48 sets forth allegations that do not pertain to the Executive Branch Defendants, to which no response is required. The Executive Branch Defendants aver that the Court dismissed all claims against the Committee Defendants. *See* ECF No. 175.

49. Paragraph 49 sets forth allegations that do not pertain to the Executive Branch Defendants, to which no response is required. The Executive Branch Defendants aver that the Court dismissed all claims against the Committee Defendants. *See* ECF No. 175.

50.     Paragraph 50 sets forth allegations that do not pertain to the Executive Branch Defendants, to which no response is required. The Executive Branch Defendants aver that the Court dismissed all claims against the Committee Defendants. *See* ECF No. 175.

51.     Paragraph 51 sets forth allegations that do not pertain to the Executive Branch Defendants, to which no response is required. The Executive Branch Defendants aver that the Court dismissed all claims against the Committee Defendants. *See* ECF No. 175.

52.     Paragraph 52 sets forth allegations that do not pertain to the Executive Branch Defendants, to which no response is required. The Executive Branch Defendants aver that the Court dismissed all claims against the Committee Defendants. *See* ECF No. 175.

53.     Paragraph 53 sets forth allegations that do not pertain to the Executive Branch Defendants, to which no response is required. The Executive Branch Defendants aver that the Court dismissed all claims against the Committee Defendants. *See* ECF No. 175.

54.     Paragraph 54 sets forth allegations that do not pertain to the Executive Branch Defendants, to which no response is required. The Executive Branch Defendants aver that the Court dismissed all claims against the Committee Defendants. *See* ECF No. 175.

55.     Paragraph 55 sets forth allegations that do not pertain to the Executive Branch Defendants, to which no response is required. The Executive Branch Defendants aver that the Court dismissed all claims against the Committee Defendants. *See* ECF No. 175.

56.     Paragraph 56 sets forth allegations that do not pertain to the Executive Branch Defendants, to which no response is required. The Executive Branch Defendants aver that the Court dismissed all claims against the Committee Defendants. *See* ECF No. 175.

57.     The Executive Branch Defendants deny the allegation contained in the second clause of the first sentence of Paragraph 57. The remainder of Paragraph 57 sets forth allegations

10

that do not pertain to the Executive Branch Defendants, to which no response is required. The Executive Branch Defendants aver that the Court dismissed all claims against the Committee Defendants. *See* ECF No. 175.

58.     Paragraph 58 sets forth allegations that do not pertain to the Executive Branch Defendants, to which no response is required. The Executive Branch Defendants aver that the Court dismissed all claims against the Committee Defendants. *See* ECF No. 175.

59.     Paragraph 59 sets forth allegations that do not pertain to the Executive Branch Defendants, to which no response is required. The Executive Branch Defendants aver that the Court dismissed all claims against the Committee Defendants. *See* ECF No. 175.

60.     Paragraph 60 sets forth allegations that do not pertain to the Executive Branch Defendants, to which no response is required. The Executive Branch Defendants aver that the Court dismissed all claims against the Committee Defendants. *See* ECF No. 175.

61.     Paragraph 61 sets forth allegations that do not pertain to the Executive Branch Defendants, to which no response is required. The Executive Branch Defendants aver that the Court dismissed all claims against the Committee Defendants. *See* ECF No. 175.

62.     Paragraph 62 sets forth allegations that do not pertain to the Executive Branch Defendants, to which no response is required. The Executive Branch Defendants aver that the Court dismissed all claims against the Committee Defendants. *See* ECF No. 175.

63.     Paragraph 63 sets forth allegations that do not pertain to the Executive Branch Defendants, to which no response is required. The Executive Branch Defendants aver that the Court dismissed all claims against the Committee Defendants. *See* ECF No. 175.

64.    Paragraph 64 sets forth allegations that do not pertain to the Executive Branch Defendants, to which no response is required. The Executive Branch Defendants aver that the Court dismissed all claims against the Committee Defendants. *See* ECF No. 175.

65.    Paragraph 65 sets forth allegations that do not pertain to the Executive Branch Defendants, to which no response is required. The Executive Branch Defendants aver that the Court dismissed all claims against the Committee Defendants. *See* ECF No. 175.

66.    Paragraph 66 sets forth allegations that do not pertain to the Executive Branch Defendants, to which no response is required. The Executive Branch Defendants aver that the Court dismissed all claims against the Committee Defendants. *See* ECF No. 175.

67.    Paragraph 67 sets forth allegations that do not pertain to the Executive Branch Defendants, to which no response is required. The Executive Branch Defendants aver that the Court dismissed all claims against the Committee Defendants. *See* ECF No. 175.

68.    Paragraph 68 sets forth allegations that do not pertain to the Executive Branch Defendants, to which no response is required. The Executive Branch Defendants aver that the Court dismissed all claims against the Committee Defendants. *See* ECF No. 175.

69.    Paragraph 69 sets forth allegations that do not pertain to the Executive Branch Defendants, to which no response is required. The Executive Branch Defendants aver that the Court dismissed all claims against the Committee Defendants. *See* ECF No. 175.

70.    Paragraph 70 sets forth allegations that do not pertain to the Executive Branch Defendants, to which no response is required. The Executive Branch Defendants aver that the Court dismissed all claims against the Committee Defendants. *See* ECF No. 175.

71.     Paragraph 71 sets forth allegations that do not pertain to the Executive Branch Defendants, to which no response is required. The Executive Branch Defendants aver that the Court dismissed all claims against the Committee Defendants. *See* ECF No. 175.

72.     Paragraph 72 sets forth allegations that do not pertain to the Executive Branch Defendants, to which no response is required. The Executive Branch Defendants aver that the Court dismissed all claims against the Committee Defendants. *See* ECF No. 175.

73.     Paragraph 73 sets forth allegations that do not pertain to the Executive Branch Defendants, to which no response is required. The Executive Branch Defendants aver that the Court dismissed all claims against the Committee Defendants. *See* ECF No. 175.

74.     Paragraph 74 sets forth allegations that do not pertain to the Executive Branch Defendants, to which no response is required. The Executive Branch Defendants aver that the Court dismissed all claims against the Committee Defendants. *See* ECF No. 175.

75.     Paragraph 75 sets forth allegations that do not pertain to the Executive Branch Defendants, to which no response is required. The Executive Branch Defendants aver that the Court dismissed all claims against the Committee Defendants. *See* ECF No. 175.

76.     Paragraph 76 sets forth allegations that do not pertain to the Executive Branch Defendants, to which no response is required. The Executive Branch Defendants aver that the Court dismissed all claims against the Committee Defendants. *See* ECF No. 175.

77.     Paragraph 77 sets forth allegations that do not pertain to the Executive Branch Defendants, to which no response is required. The Executive Branch Defendants aver that the Court dismissed all claims against the Committee Defendants. *See* ECF No. 175.

78.     Paragraph 78 sets forth allegations that do not pertain to the Executive Branch Defendants, to which no response is required. The Executive Branch Defendants aver that the Court dismissed all claims against the Committee Defendants. *See* ECF No. 175.

79.     Paragraph 79 sets forth allegations that do not pertain to the Executive Branch Defendants, to which no response is required. The Executive Branch Defendants aver that the Court dismissed all claims against the Committee Defendants. *See* ECF No. 175.

80.     Paragraph 80 sets forth allegations that do not pertain to the Executive Branch Defendants, to which no response is required. The Executive Branch Defendants aver that the Court dismissed all claims against the Committee Defendants. *See* ECF No. 175.

81.     The first sentence of Paragraph 81 sets forth allegations that do not pertain to the Executive Branch Defendants, to which no response is required. As to the second sentence of Paragraph 81, the Executive Branch Defendants aver that the Court dismissed all claims against them except for the First Amendment claim brought by the Remaining Plaintiffs based on Columbia's adoption of the IHRA definition of Anti-Semitism. *See* ECF No. 175 at 8, 14, 20. Accordingly, no response is required. To the extent a response is required, deny.

82.     Paragraph 82 sets forth allegations that do not pertain to the Executive Branch Defendants, to which no response is required. To the extent Paragraph 82 pertains to the Executive Branch Defendants, deny, respectfully refer the Court to the March 13 Letter for a complete and accurate reflection of its contents, and aver that the Court dismissed all claims against the Committee Defendants, and all claims against the Executive Branch Defendants, except for the First Amendment claim brought by the Remaining Plaintiffs based on Columbia's adoption of the IHRA definition of Anti-Semitism. *See* ECF No. 175.

83.     Paragraph 83 sets forth allegations that do not pertain to the Executive Branch Defendants, to which no response is required. The Executive Branch Defendants aver that the Court dismissed all claims against the Committee Defendants. *See* ECF No. 175.

84.     Paragraph 84 sets forth allegations that do not pertain to the Executive Branch Defendants, to which no response is required. The Executive Branch Defendants aver that the Court dismissed all claims against the Committee Defendants. *See* ECF No. 175.

85.     The first eight sentences of Paragraph 85 set forth allegations that do not pertain to the Executive Branch Defendants, to which no response is required. As to the last two sentences of Paragraph 85, the Executive Branch Defendants, deny, respectfully refer the Court to the March 13 Letter for a complete and accurate reflection of its contents, and aver that the Court dismissed all claims against the Committee Defendants, and all claims against the Executive Branch Defendants except for the First Amendment claim brought by the Remaining Plaintiffs based on Columbia's adoption of the IHRA definition of Anti-Semitism. *See* ECF No. 175.

86.     Paragraph 86 sets forth allegations that do not pertain to the Executive Branch Defendants, to which no response is required. The Executive Branch Defendants aver that the Court dismissed all claims against the Committee Defendants. *See* ECF No. 175.

87.     Paragraph 87 sets forth allegations that do not pertain to the Executive Branch Defendants, to which no response is required. The Executive Branch Defendants aver that the Court dismissed all claims against the Committee Defendants. *See* ECF No. 175.  To the extent a response is required, deny knowledge or information sufficient to form a belief as to the truth of the allegations asserted in Paragraph 87.

88.     Paragraph 88 sets forth allegations that do not pertain to the Executive Branch Defendants, to which no response is required. The Executive Branch Defendants aver that the

Court dismissed all claims against the Committee Defendants. *See* ECF No. 175. To the extent a response is required, deny knowledge or information sufficient to form a belief as to the truth of the allegations asserted in Paragraph 88.

89.    Paragraph 89 sets forth allegations that do not pertain to the Executive Branch Defendants, to which no response is required. The Executive Branch Defendants aver that the Court dismissed all claims against the Committee Defendants. *See* ECF No. 175. To the extent a response is required, deny.

90.    Paragraph 90 sets forth allegations that do not pertain to the Executive Branch Defendants, to which no response is required. The Executive Branch Defendants aver that the Court dismissed all claims against the Committee Defendants. *See* ECF No. 175. To the extent a response is required, deny knowledge or information sufficient to form a belief as to the truth of the allegations asserted in Paragraph 90.

91.    Paragraph 91 sets forth allegations that do not pertain to the Executive Branch Defendants, to which no response is required. The Executive Branch Defendants aver that the Court dismissed all claims against the Committee Defendants. *See* ECF No. 175. To the extent a response is required, deny knowledge or information sufficient to form a belief as to the truth of the allegations asserted in Paragraph 91.

92.    Paragraph 92 sets forth allegations that do not pertain to the Executive Branch Defendants, to which no response is required. The Executive Branch Defendants aver that the Court dismissed all claims against the Committee Defendants and all claims against the Executive Branch Defendants except for the First Amendment claim brought by the Remaining Plaintiffs based on Columbia's adoption of the IHRA definition of Anti-Semitism. *See* ECF No. 175. Accordingly, no response is required. To the extent a response is required, deny knowledge or

information sufficient to form a belief as to the truth of the allegation regarding whether Columbia's disciplinary process has become harsher with time and otherwise deny.

93. Paragraph 93 sets forth allegations that do not pertain to the Executive Branch Defendants, to which no response is required. The Executive Branch Defendants aver that the Court dismissed all claims against the Committee Defendants. *See* ECF No. 175.

94. Paragraph 94 sets forth allegations that do not pertain to the Executive Branch Defendants, to which no response is required. The Executive Branch Defendants aver that the Court dismissed all claims against the Committee Defendants. *See* ECF No. 175.

95. Paragraph 95 sets forth allegations that do not pertain to the Executive Branch Defendants, to which no response is required. The Executive Branch Defendants aver that the Court dismissed all claims against the Committee Defendants. *See* ECF No. 175.

96. Paragraph 96 sets forth allegations that do not pertain to the Executive Branch Defendants, to which no response is required. The Executive Branch Defendants aver that the Court dismissed all claims against the Committee Defendants. *See* ECF No. 175.

97. Paragraph 97 sets forth allegations that do not pertain to the Executive Branch Defendants, to which no response is required. The Executive Branch Defendants aver that the Court dismissed all claims against the Committee Defendants. *See* ECF No. 175.

98. Paragraph 98 sets forth allegations that do not pertain to the Executive Branch Defendants, to which no response is required. The Executive Branch Defendants aver that the Court dismissed all claims against the Committee Defendants. *See* ECF No. 175.

99. Paragraph 99 sets forth allegations that do not pertain to the Executive Branch Defendants, to which no response is required. The Executive Branch Defendants aver that the Court dismissed all claims against the Committee Defendants. *See* ECF No. 175.

**IN ANSWER TO THE SUBSECTION TITLED "C. AGENCY DEFENDANTS MAKE THEIR DEMANDS TO COLUMBIA UNIVERSITY CLEAR"**

100.    Admit that U.S. Department of Health and Human Services ("HHS"), the Department of Education ("ED"), and the General Services Administration ("GSA") issued a press release titled "HHS, ED, and GSA announce additional measures to end anti-Semitic harassment on college campuses," on March 3, 2025 (the "March 3 Press Release"), and respectfully refer the Court to that document for a complete and accurate reflection of its contents.

101.    Admit that HHS, ED, and GSA issued the March 3 Press Release and respectfully refer the Court to that document for a complete and accurate reflection of its contents.

102.    Admit that HHS, ED, and GSA issued the March 3 Press Release and respectfully refer the Court to that document for a complete and accurate reflection of its contents.

103.    Admit that, on March 7, 2025, 3:02 PM, the White House, through its official social media account, made a post on X, and respectfully refer the Court to that post for a complete and accurate reflection of its contents.

104.    Admit that, on March 7, 2025, DOJ, HHS, ED, and GSA issued a press release titled "DOJ, HHS, ED, and GSA Announce Initial Cancelation of Grants and Contracts to Columbia University Worth $400 Million," and respectfully refer the Court to that press release for a complete and accurate reflection of its contents.

105.    Admit that, on March 7, 2025, DOJ, HHS, ED, and GSA issued a press release titled "DOJ, HHS, ED, and GSA Announce Initial Cancelation of Grants and Contracts to Columbia University Worth $400 Million," and respectfully refer the Cour to that press release for a complete and accurate reflection of its contents.

106.    Admit.

107. Admit that, on March 7, 2025, DOJ, HHS, ED, and GSA issued a press release and that, on March 13, 2025, GSA, HHS, and ED sent a letter to Columbia. Deny Remaining Plaintiffs' characterization and respectfully refer the Court to the cited documents for a complete and accurate reflection of their contents.

108. Admit that, on March 13, 2025, GSA, HHS, and ED sent a letter to Columbia University. Deny Remaining Plaintiffs' characterization and respectfully refer the Court to the March 13 Letter for a complete and accurate reflection of its contents.

109. Admit that, on March 13, 2025, GSA, HHS, and ED sent a letter to Columbia University. Deny Remaining Plaintiffs' characterization and respectfully refer the Court to the March 13 Letter for a complete and accurate reflection of its contents. The Executive Branch Defendants aver that the Court dismissed all claims against them except for the First Amendment claim brought by the Remaining Plaintiffs based on Columbia's adoption of the IHRA definition of Anti-Semitism. *See* ECF No. 175 at 8, 14, 20. Accordingly, no response is required.

110. Paragraph 110 consists of a legal conclusion, to which no response is required. To the extent a response is required, deny. The Executive Branch Defendants respectfully refer the Court to the March 13 Letter for a complete and accurate reflection of its contents and aver that the Court dismissed all claims against them except for the First Amendment claim brought by the Remaining Plaintiffs based on Columbia's adoption of the IHRA definition of Anti-Semitism. *See* ECF No. 175 at 8, 14, 20. Accordingly, no response is required.

111. Admit that, on March 13, 2025, GSA, HHS, and ED sent a letter to Columbia. Deny Remaining Plaintiffs' characterization and respectfully refer the Court to the March 13 Letter for a complete and accurate reflection of its contents. The Executive Branch Defendants aver that the Court dismissed all claims against them except for the First Amendment claim brought by the

19

Remaining Plaintiffs based on Columbia's adoption of the IHRA definition of Anti-Semitism. *See* ECF No. 175 at 8, 14, 20. Accordingly, no response is required.

112.    Admit that, on March 13, 2025, GSA, HHS, and ED sent a letter to Columbia. Deny Remaining Plaintiffs' characterization and respectfully refer the Court to the March 13 Letter for a complete and accurate reflection of its contents. The Executive Branch Defendants aver that the Court dismissed all claims against them except for the First Amendment claim brought by the Remaining Plaintiffs based on Columbia's adoption of the IHRA definition of Anti-Semitism. *See* ECF No. 175 at 8, 14, 20. Accordingly, no response is required.

113.    Deny and respectfully refer the Court to the March 13 Letter for a complete and accurate reflection of its contents.

114.    Deny and respectfully refer the Court to the March 13 Letter for a complete and accurate reflection of its contents. The Executive Branch Defendants aver that the Court dismissed all claims against them except for the First Amendment claim brought by the Remaining Plaintiffs based on Columbia's adoption of the IHRA definition of Anti-Semitism. *See* ECF No. 175 at 8, 14, 20. Accordingly, no response is required.

115.    Deny.  The Executive Branch Defendants aver that the Court dismissed all claims against them except for the First Amendment claim brought by the Remaining Plaintiffs based on Columbia's adoption of the IHRA definition of Anti-Semitism. *See* ECF No. 175 at 8, 14, 20. Accordingly, no response is required.

116.    Deny Remaining Plaintiffs' characterization and respectfully refer the Court to the cited documents for a complete and accurate reflection of their contents. The Executive Branch Defendants aver that the Court dismissed all claims against them except for the First Amendment

20

claim brought by the Remaining Plaintiffs based on Columbia's adoption of the IHRA definition of Anti-Semitism. *See* ECF No. 175 at 8, 14, 20. Accordingly, no response is required.

117.    Deny Remaining Plaintiffs' characterization and respectfully refer the Court to the cited documents for a complete and accurate reflection of their contents. The Executive Branch Defendants aver that the Court dismissed all claims against them except for the First Amendment claim brought by the Remaining Plaintiffs based on Columbia's adoption of the IHRA definition of Anti-Semitism. *See* ECF No. 175 at 8, 14, 20. Accordingly, no response is required.

118.    Deny Remaining Plaintiffs' characterization and respectfully refer the Court to the cited documents for a complete and accurate reflection of their contents. The Executive Branch Defendants aver that the Court dismissed all claims against them except for the First Amendment claim brought by the Remaining Plaintiffs based on Columbia's adoption of the IHRA definition of Anti-Semitism. *See* ECF No. 175 at 8, 14, 20. Accordingly, no response is required. Deny.

119.    Deny.

120.    Deny.

121.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 121 and respectfully refer the Court to the cited document for a complete and accurate reflection of its contents.

122.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 122 and respectfully refer the Court to the cited document for a complete and accurate reflection of its contents.

123.    Deny, except admit that, on March 21, 2025, Columbia issued a letter in response to the March 13 Letter (the "March 21 Letter") and respectfully refer the Court to the March 21 Letter for a complete and accurate reflection of its contents.

124.    Paragraph 124 sets forth allegations that do not pertain to the Executive Branch Defendants, to which no response is required. The Executive Branch Defendants aver that the Court dismissed all claims against the Committee Defendants. *See* ECF No. 175.

125.    The Executive Branch Defendants aver that the Court dismissed all claims against them except for the First Amendment claim brought by the Remaining Plaintiffs based on Columbia's adoption of the IHRA definition of Anti-Semitism. *See* ECF No. 175 at 8, 14, 20. Accordingly, no response is required. To the extent a response is required, the Executive Branch Defendants deny Remaining Plaintiffs' characterization of the March 21 Letter and respectfully refer the Court to the letter for a complete and accurate reflection of its contents.

126.    The Executive Branch Defendants aver that the Court dismissed all claims against them except for the First Amendment claim brought by the Remaining Plaintiffs based on Columbia's adoption of the IHRA definition of Anti-Semitism. *See* ECF No. 175 at 8, 14, 20. Accordingly, no response is required. To the extent a response is required, the Executive Branch Defendants deny Remaining Plaintiffs' characterization of the March 21 Letter and respectfully refer the Court to the letter for a complete and accurate reflection of its contents.

127.    The Executive Branch Defendants aver that the Court dismissed all claims against them except for the First Amendment claim brought by the Remaining Plaintiffs based on Columbia's adoption of the IHRA definition of Anti-Semitism. *See* ECF No. 175 at 8, 14, 20. Accordingly, no response is required. To the extent a response is required, the Executive Branch Defendants deny Remaining Plaintiffs' characterizations of the March 13 and March 21 Letters and respectfully refer the Court to those letters for a complete and accurate reflection of their contents.

128. The Executive Branch Defendants aver that the Court dismissed all claims against them except for the First Amendment claim brought by the Remaining Plaintiffs based on Columbia's adoption of the IHRA definition of Anti-Semitism. *See* ECF No. 175 at 8, 14, 20. Accordingly, no response is required.

129. The Executive Branch Defendants aver that the Court dismissed all claims against them except for the First Amendment claim brought by the Remaining Plaintiffs based on Columbia's adoption of the IHRA definition of Anti-Semitism. *See* ECF No. 175 at 8, 14, 20. Accordingly, no response is required.

130. The Executive Branch Defendants aver that the Court dismissed all claims against them except for the First Amendment claim brought by the Remaining Plaintiffs based on Columbia's adoption of the IHRA definition of Anti-Semitism. *See* ECF No. 175 at 8, 14, 20. Accordingly, no response is required.

131. The Executive Branch Defendants aver that the Court dismissed all claims against them except for the First Amendment claim brought by the Remaining Plaintiffs based on Columbia's adoption of the IHRA definition of Anti-Semitism. *See* ECF No. 175 at 8, 14, 20. Accordingly, no response is required.

132. The Executive Branch Defendants aver that the Court dismissed all claims against them except for the First Amendment claim brought by the Remaining Plaintiffs based on Columbia's adoption of the IHRA definition of Anti-Semitism. *See* ECF No. 175 at 8, 14, 20. Accordingly, no response is required.

133. The Executive Branch Defendants aver that the Court dismissed all claims against them except for the First Amendment claim brought by the Remaining Plaintiffs based on

Columbia's adoption of the IHRA definition of Anti-Semitism. *See* ECF No. 175 at 8, 14, 20. Accordingly, no response is required.

134.    The Executive Branch Defendants aver that the Court dismissed all claims against them except for the First Amendment claim brought by the Remaining Plaintiffs based on Columbia's adoption of the IHRA definition of Anti-Semitism. *See* ECF No. 175 at 8, 14, 20. Accordingly, no response is required to the first three sentences of Paragraph 134. As to the last sentence of Paragraph 134, deny knowledge or information sufficient to form a belief as to the truth of the allegations asserted in the sentence.

**IN ANSWER TO THE SUBSECTION TITLED "D. DEFENDANTS' ACTIONS DO NOT COMPLY WITH TITLE VI, POINTING TO AN IMPERMISSIBLE MOTIVATION FOR THEIR BEHAVIOR"**

135.    Paragraph 135 consists of legal conclusions, to which no response is required. The Executive Branch Defendants aver that the Court dismissed all claims against them except for the First Amendment claim brought by the Remaining Plaintiffs based on Columbia's adoption of the IHRA definition of Anti-Semitism. *See* ECF No. 175 at 8, 14, 20. Accordingly, no response is required.

136.    Paragraph 136 consists of legal conclusions, to which no response is required. The Executive Branch Defendants aver that the Court dismissed all claims against them except for the First Amendment claim brought by the Remaining Plaintiffs based on Columbia's adoption of the IHRA definition of Anti-Semitism. *See* ECF No. 175 at 8, 14, 20. Accordingly, no response is required.

137.    Paragraph 137 consists of legal conclusions, to which no response is required. The Executive Branch Defendants aver that the Court dismissed all claims against them except for the First Amendment claim brought by the Remaining Plaintiffs based on Columbia's adoption of the

IHRA definition of Anti-Semitism. *See* ECF No. 175 at 8, 14, 20. Accordingly, no response is required.

138.    Paragraph 138 consists of legal conclusions, to which no response is required. The Executive Branch Defendants aver that the Court dismissed all claims against them except for the First Amendment claim brought by the Remaining Plaintiffs based on Columbia's adoption of the IHRA definition of Anti-Semitism. *See* ECF No. 175 at 8, 14, 20. Accordingly, no response is required.

139.    Paragraph 139 consists of legal conclusions, to which no response is required. The Executive Branch Defendants aver that the Court dismissed all claims against them except for the First Amendment claim brought by the Remaining Plaintiffs based on Columbia's adoption of the IHRA definition of Anti-Semitism. *See* ECF No. 175 at 8, 14, 20. Accordingly, no response is required.

**IN ANSWER TO THE SUBSECTION TITLED "E. AGENCY DEFENDANTS FAILED TO SATISFY THE PROCEDURAL REQUIREMENTS OF TITLE VI"**

140.    Paragraph 140 consists of legal conclusions, to which no response is required. The Executive Branch Defendants aver that the Court dismissed all claims against them except for the First Amendment claim brought by the Remaining Plaintiffs based on Columbia's adoption of the IHRA definition of Anti-Semitism. *See* ECF No. 175 at 8, 14, 20. Accordingly, no response is required.

141.    Paragraph 141 consists of legal conclusions, to which no response is required. The Executive Branch Defendants aver that the Court dismissed all claims against them except for the First Amendment claim brought by the Remaining Plaintiffs based on Columbia's adoption of the IHRA definition of Anti-Semitism. *See* ECF No. 175 at 8, 14, 20. Accordingly, no response is required.

142.    Paragraph 142 consists of legal conclusions, to which no response is required. The Executive Branch Defendants aver that the Court dismissed all claims against them except for the First Amendment claim brought by the Remaining Plaintiffs based on Columbia's adoption of the IHRA definition of Anti-Semitism. *See* ECF No. 175 at 8, 14, 20. Accordingly, no response is required.

**IN ANSWER TO THE SUBSECTION TITLED "F. IMPACTS OF GOVERNMENT'S JAWBONING AND COLUMBIA'S COMPLIANCE ON STUDENT RIGHTS TO SPEECH, EXPRESSION, AND ASSOCIATION UNDER THE FIRST AMENDMENT"**

143.    Paragraph 143 consists of legal conclusions, to which no response is required. To the extent a response is required, deny. Further, the Executive Branch Defendants aver that the Court dismissed all claims against them except for the First Amendment claim brought by the Remaining Plaintiffs based on Columbia's adoption of the IHRA definition of Anti-Semitism. *See* ECF No. 175 at 8, 14, 20. As such, no response is required to allegations concerning the dismissed Plaintiffs or dismissed aspects of their First Amendment claim.

144.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 144. Further, the Executive Branch Defendants aver that the Court dismissed all claims against them except for the First Amendment claim brought by the Remaining Plaintiffs based on Columbia's adoption of the IHRA definition of Anti-Semitism. *See* ECF No. 175 at 8, 14, 20. As such, no response is required to allegations concerning the dismissed Plaintiffs or dismissed aspects of their First Amendment claim.

145.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 145. Further, the Executive Branch Defendants aver that the Court dismissed all claims against them except for the First Amendment claim brought by the Remaining Plaintiffs based on Columbia's adoption of the IHRA definition of Anti-Semitism. *See*

ECF No. 175 at 8, 14, 20. As such, no response is required to allegations concerning the dismissed Plaintiffs or dismissed aspects of their First Amendment claim.

146. Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 146. Further, the Executive Branch Defendants aver that the Court dismissed all claims against them except for the First Amendment claim brought by the Remaining Plaintiffs based on Columbia's adoption of the IHRA definition of Anti-Semitism. *See* ECF No. 175 at 8, 14, 20. As such, no response is required to allegations concerning the dismissed Plaintiffs or dismissed aspects of their First Amendment claim.

147. Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 147. Further, the Executive Branch Defendants aver that the Court dismissed all claims against them except for the First Amendment claim brought by the Remaining Plaintiffs based on Columbia's adoption of the IHRA definition of Anti-Semitism. *See* ECF No. 175 at 8, 14, 20. As such, no response is required to allegations concerning the dismissed Plaintiffs or dismissed aspects of their First Amendment claim.

148. Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 148. Further, the Executive Branch Defendants aver that the Court dismissed all claims against them except for the First Amendment claim brought by the Remaining Plaintiffs based on Columbia's adoption of the IHRA definition of Anti-Semitism. *See* ECF No. 175 at 8, 14, 20. As such, no response is required to allegations concerning the dismissed Plaintiffs or dismissed aspects of their First Amendment claim.

149. The Court dismissed all claims against the Executive Branch Defendants brought by the plaintiffs identified in Paragraph 149. As such, no response is required.

150.    The first clause of the first sentence of Paragraph 150 consists of a legal conclusion, to which no response is required. To the extent a response is required to the first clause, deny. The Executive Branch Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in the remainder of Paragraph 150. Further, the Executive Branch Defendants aver that the Court dismissed all claims against them except for the First Amendment claim brought by the Remaining Plaintiffs based on Columbia's adoption of the IHRA definition of Anti-Semitism. *See* ECF No. 175 at 8, 14, 20. As such, no response is required to allegations concerning the dismissed Plaintiffs or dismissed aspects of their First Amendment claim.

151.    The Executive Branch Defendants aver that the Court dismissed all claims against them except for the First Amendment claim brought by the Remaining Plaintiffs based on Columbia's adoption of the IHRA definition of Anti-Semitism. *See* ECF No. 175 at 8, 14, 20. As such, no response is required.

152.    The Court dismissed all claims against the Executive Branch Defendants brought by the plaintiffs identified in Paragraph 152. As such, no response is required.

153.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 153. Further, the Executive Branch Defendants aver that the Court dismissed all claims against them except for the First Amendment claim brought by the Remaining Plaintiffs based on Columbia's adoption of the IHRA definition of Anti-Semitism. *See* ECF No. 175 at 8, 14, 20. As such, no response is required to allegations concerning the dismissed Plaintiffs or dismissed aspects of their First Amendment claim.

154.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 154. Further, the Executive Branch Defendants aver that the Court dismissed all claims against them except for the First Amendment claim brought by the

Remaining Plaintiffs based on Columbia's adoption of the IHRA definition of Anti-Semitism. *See* ECF No. 175 at 8, 14, 20. As such, no response is required.

155. The Court dismissed all claims against the Executive Branch Defendants brought by the plaintiff identified in Paragraph 155. As such, no response is required.

156. Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in the first sentence of Paragraph 156. The second sentence of Paragraph 156 sets forth a legal conclusion, to which no response is required. To the extent a response is required, deny. Further, the Executive Branch Defendants aver that the Court dismissed all claims against them except for the First Amendment claim brought by the Remaining Plaintiffs based on Columbia's adoption of the IHRA definition of Anti-Semitism. *See* ECF No. 175 at 8, 14, 20. As such, no response is required to allegations concerning the dismissed Plaintiffs or dismissed aspects of their First Amendment claim.

### IN ANSWER TO THE SECTION TITLED "CLAIM I – THE COMMITTEE DEFENDANTS' DEMAND THAT COLUMBIA UNIVERSITY RELINQUISH TO IT INDIVIDUAL STUDENT RECORDS VIOLATES THE FIRST AMENDMENT (AGAINST COMMITTEE DEFENDANTS)"

157. The Executive Branch Defendants incorporate by reference their responses to Paragraphs 1 through 156 as if fully set forth herein.

158. The Court dismissed Claim I, *see* ECF No. 175, which also does not pertain to the Executive Branch Defendants. As such, no response is required.

159. The Court dismissed Claim I, *see* ECF No. 175, which also does not pertain to the Executive Branch Defendants. As such, no response is required.

160. The Court dismissed Claim I, *see* ECF No. 175, which also does not pertain to the Executive Branch Defendants. As such, no response is required.

161.    The Court dismissed Claim I, *see* ECF No. 175, which also does not pertain to the Executive Branch Defendants. As such, no response is required.

162.    The Court dismissed Claim I, *see* ECF No. 175, which also does not pertain to the Executive Branch Defendants. As such, no response is required.

163.    The Court dismissed Claim I, *see* ECF No. 175, which also does not pertain to the Executive Branch Defendants. As such, no response is required.

164.    The Court dismissed Claim I, *see* ECF No. 175, which also does not pertain to the Executive Branch Defendants. As such, no response is required.

165.    The Court dismissed Claim I, *see* ECF No. 175, which also does not pertain to the Executive Branch Defendants. As such, no response is required.

166.    The Court dismissed Claim I, *see* ECF No. 175, which also does not pertain to the Executive Branch Defendants. As such, no response is required.

167.    The Court dismissed Claim I, *see* ECF No. 175, which also does not pertain to the Executive Branch Defendants. As such, no response is required.

168.    The Court dismissed Claim I, *see* ECF No. 175, which also does not pertain to the Executive Branch Defendants. As such, no response is required.

169.    The Court dismissed Claim I, *see* ECF No. 175, which also does not pertain to the Executive Branch Defendants. As such, no response is required.

170.    The Court dismissed Claim I, *see* ECF No. 175, which also does not pertain to the Executive Branch Defendants. As such, no response is required.

171.    The Court dismissed Claim I, *see* ECF No. 175, which also does not pertain to the Executive Branch Defendants. As such, no response is required.

172.    The Court dismissed Claim I, *see* ECF No. 175, which also does not pertain to the Executive Branch Defendants. As such, no response is required.

173.    The Court dismissed Claim I, *see* ECF No. 175, which also does not pertain to the Executive Branch Defendants. As such, no response is required.

174.    The Court dismissed Claim I, *see* ECF No. 175, which also does not pertain to the Executive Branch Defendants. As such, no response is required.

**IN ANSWER TO THE SECTION TITLED "CLAIM II – THE TASKFORCE DEFENDANTS' DEMANDS THAT COLUMBIA UNIVERSITY PUNISH STUDENTS AND IMPLEMENT CHANGES THAT INFRINGE UPON PLAINTIFFS' PROTECTED SPEECH RIGHTS OR LOSE BILLIONS OF DOLLARS OF FUNDING VIOLATES THE FIRST AMENDMENT (AGAINST AGENCY DEFENDANTS)"**

175.    The Executive Branch Defendants incorporate by reference their responses to Paragraphs 1 through 174 as if fully set forth herein.

176.    Paragraph 176 consists of legal conclusions, to which no response is required. To the extent a response is required, the Executive Branch Defendants deny and incorporate by reference their responses to Paragraphs 100 through 119 as if fully set forth herein.

177.    Paragraph 177 consists of legal conclusions, to which no response is required. To the extent a response is required, the Executive Branch Defendants deny and incorporate by reference their responses to Paragraphs 120 through 134 as if fully set forth herein. Further, the Executive Branch Defendants aver that the Court dismissed all claims against them except for the First Amendment claim brought by the Remaining Plaintiffs based on Columbia's adoption of the IHRA definition of Anti-Semitism. *See* ECF No. 175 at 8, 14, 20.

178.    Paragraph 178 consists of legal conclusions, to which no response is required. To the extent a response is required, the Executive Branch Defendants deny and incorporate by reference their responses to Paragraphs 100 through 119 as if fully set forth herein. Further, the

Executive Branch Defendants aver that the Court dismissed all claims against them except for the First Amendment claim brought by the Remaining Plaintiffs based on Columbia's adoption of the IHRA definition of Anti-Semitism. *See* ECF No. 175 at 8, 14, 20.

179.    Deny the first sentence of Paragraph 179. The second sentence of Paragraph 179 consists of the Remaining Plaintiffs' characterization of their legal claim, to which no response is required.

180.    Paragraph 180 consists of legal conclusions, to which no response is required. To the extent a response is required, deny.

181.    Paragraph 181 consists of legal conclusions, to which no response is required. To the extent a response is required, deny.

**IN ANSWER TO THE SECTION TITLED "CLAIM III – THE UNIVERSITY DEFENDANTS' COMPLIANCE WITH THE COMMITTEE DEFENDANT'S RECORD REQUEST AND THE AGENCY DEFENDANT'S DEMANDS VIOLATE THE FIRST AMENDMENT (AGAINST COLUMBIA DEFENDANTS)"**

182.    The Executive Branch Defendants incorporate by reference their responses to Paragraphs 1 through 181 as if fully set forth herein.

183.    Paragraph 183 sets forth legal conclusions that do not pertain to the Executive Branch Defendants, to which no response is required. To the extent a response is required, deny.

184.    Paragraph 184 sets forth legal conclusions that do not pertain to the Executive Branch Defendants, to which no response is required. To the extent a response is required, deny.

185.    Paragraph 185 sets forth legal conclusions that do not pertain to the Executive Branch Defendants, to which no response is required. To the extent a response is required, deny.

186.    Paragraph 186 sets forth legal conclusions, to which no response is required. To the extent a response is required, the Executive Branch Defendants deny and incorporate by reference their responses to Paragraphs 100 through 119 as if fully set forth herein.

187.    Paragraph 187 sets forth legal conclusions, to which no response is required. To the extent a response is required, deny.

188.    Paragraph 188 sets forth legal conclusions, to which no response is required. To the extent a response is required, deny.

189.    Deny and respectfully refer the Court to the March 13 and March 21 Letters for a complete and accurate reflection of their contents. Further, the Executive Branch Defendants aver that the Court dismissed all claims against them except for the First Amendment claim brought by the Remaining Plaintiffs based on Columbia's adoption of the IHRA definition of Anti-Semitism. *See* ECF No. 175 at 8, 14, 20.

190.    Paragraph 190 sets forth legal conclusions that do not pertain to the Executive Branch Defendants, to which no response is required. To the extent a response is required, deny.

191.    Paragraph 191 sets forth legal conclusions, to which no response is required. To the extent a response is required, deny.

192.    Paragraph 192 sets forth legal conclusions, to which no response is required. To the extent a response is required, deny.

193.    Paragraph 193 sets forth legal conclusions, to which no response is required. To the extent a response is required, deny.

194.    Paragraph 194 sets forth legal conclusions that do not pertain to the Executive Branch Defendants, to which no response is required. To the extent a response is required, deny.

195.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in the first two sentences of Paragraph 195 and respectfully refer the Court to Columbia's Task Force on Antisemitism's Second Report, issued in August 2024 for a complete

and accurate reflection of its contents. The last sentence of Paragraph 195 sets forth legal conclusions, to which no response is required. To the extent a response is required, deny.

196.    Paragraph 196 consists of the Remaining Plaintiffs' characterization of their legal claim, to which no response is required.

197.    Paragraph 197 sets forth legal conclusions, to which no response is required. To the extent a response is required, deny.

**IN ANSWER TO THE SECTION TITLED "CLAIM IV – THE GOVERNMENT DEFENDANTS' WITHHOLDING OF FUNDS VIOLATES THE APA AND TITLE VI (AGAINST AGENCY DEFENDANTS)"**

198.    The Court dismissed Claim IV. *See* ECF No. 175. As such, no response is required.

199.    The Court dismissed Claim IV. *See* ECF No. 175. As such, no response is required.

200.    The Court dismissed Claim IV. *See* ECF No. 175. As such, no response is required.

201.    The Court dismissed Claim IV. *See* ECF No. 175. As such, no response is required.

202.    The Court dismissed Claim IV. *See* ECF No. 175. As such, no response is required.

203.    The Court dismissed Claim IV. *See* ECF No. 175. As such, no response is required.

204.    The Court dismissed Claim IV. *See* ECF No. 175. As such, no response is required.

205.    The Court dismissed Claim IV. *See* ECF No. 175. As such, no response is required.

206.    The Court dismissed Claim IV. *See* ECF No. 175. As such, no response is required.

207.    The Court dismissed Claim IV. *See* ECF No. 175. As such, no response is required.

**IN ANSWER TO THE SECTION TITLED "CLAIM V – THE UNIVERSITY'S COMPLIANCE WITH THE COMMITTEE'S AND FEDERAL GOVERNMENT'S DEMANDS CONSTITUTES A BREACH OF CONTRACT (AGAINST UNIVERSITY DEFENDANTS)"**

208.    The Executive Branch Defendants incorporate by reference their responses to Paragraphs 1 through 207 as if fully set forth herein.

34

209.  The Court dismissed Claim V. *See* ECF No. 175. As such, no response is required.

210.  The Court dismissed Claim V. *See* ECF No. 175. As such, no response is required.

211.  The Court dismissed Claim V. *See* ECF No. 175. As such, no response is required.

212.  The Court dismissed Claim V. *See* ECF No. 175. As such, no response is required.

213.  The Court dismissed Claim V. *See* ECF No. 175. As such, no response is required.

214.  The Court dismissed Claim V. *See* ECF No. 175. As such, no response is required.

215.  The Court dismissed Claim V. *See* ECF No. 175. As such, no response is required.

216.  The Court dismissed Claim V. *See* ECF No. 175. As such, no response is required.

217.  The Court dismissed Claim V. *See* ECF No. 175. As such, no response is required.

218.  The Court dismissed Claim V. *See* ECF No. 175. As such, no response is required.

219.  The Court dismissed Claim V. *See* ECF No. 175. As such, no response is required.

## IN ANSWER TO THE SECTION TITLED "PRAYER FOR RELIEF"

The allegations following "WHEREFORE" constitute the Remaining Plaintiffs' prayer for relief, to which no response is required. To the extent a response is required, deny that the Remaining Plaintiffs are entitled to the relief they seek or to any relief. The Executive Branch Defendants aver that much of the requested relief pertains to claims that the Court has dismissed. *See* ECF No. 175.

Further, any allegations in the Second Amended Complaint not specifically admitted, denied, or otherwise answered are hereby denied.

35

## DEFENSES

### FIRST DEFENSE

The Remaining Plaintiffs fail to state a claim upon which relief can be granted.

### SECOND DEFENSE

This Court lacks subject matter jurisdiction.

### THIRD DEFENSE

The Remaining Plaintiffs lack standing.

### FOURTH DEFENSE

The Executive Branch Defendants did not violate Plaintiffs' First Amendment rights.

### FIFTH DEFENSE

The Executive Branch Defendants did not coerce Columbia to suppress protected speech.

### SIXTH DEFENSE

The IHRA definition of antisemitism does not constitute viewpoint discrimination.

### SEVENTH DEFENSE

The Remaining Plaintiffs have not demonstrated that their speech was or will be chilled or that they were otherwise harmed.

### EIGHTH DEFENSE

The Court cannot award the injunctive relief the Remaining Plaintiffs request against the Executive Branch Defendants.

### NINTH DEFENSE

The Executive Branch Defendants reserve the right to amend this answer to assert any other matter that constitutes an avoidance or affirmative defense under Rule 8(c) of the Federal Rules of Civil Procedure.

WHEREFORE the Executive Branch Defendants respectfully request that the Court: (1) dismiss the Second Amended Complaint in its entirety with prejudice; (2) enter judgment in favor of the Executive Branch Defendants; and (3) grant such further relief as the Court deems just and proper.

Dated: New York, New York
      April 23, 2026

JAY CLAYTON
United States Attorney for the
Southern District of New York

By:    */s/ Allison M. Rovner*
ALLISON M. ROVNER
Assistant United States Attorney
86 Chambers Street, 3rd Floor
New York, New York 10007
Tel.: (212) 637-2691
E-mail: allison.rovner@usdoj.gov