**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| MAHMOUD KHALIL, et al.,<br><br>*Plaintiffs,*<br><br>v.<br><br>TRUSTEES OF COLUMBIA UNIVERSITY<br>IN THE CITY OF NEW YORK, et al.,<br><br>*Defendants.* | No. 1:25 Civ. 02079 (AS) |

**TRUSTEES OF COLUMBIA UNIVERSITY IN THE
CITY OF NEW YORK AND ACTING PRESIDENT CLAIRE SHIPMAN'S
ANSWER AND AFFIRMATIVE DEFENSES**

Defendants Trustees of Columbia University in the City of New York and Acting President Claire Shipman (collectively, "Columbia Defendants"), by and through their undersigned attorneys, hereby respond to the Second Amended Complaint in the above-captioned action (the "Complaint") as follows:*

1. Columbia Defendants deny the allegations in Paragraph 1 of the Second Amended Complaint. No response is required to allegations in Paragraph 1 (or any other paragraph) of the Second Amended Complaint relating to Plaintiffs Lucy Loe and Will Moe because in its Order entered March 19, 2026 (ECF 175), the Court held that Plaintiffs Lucy Loe and Will Moe do not have standing to pursue their claims. Accordingly, none of Columbia Defendants' responses herein is with respect to Plaintiffs Lucy Loe and Will Moe.

---

* The Second Amended Complaint uses headings and subheadings, to which no response is required. To the extent that any of the headings or subheadings present factual allegations, Columbia Defendants deny knowledge or information sufficient to form a belief as to the truth or falsity of these allegations.

2. Columbia Defendants deny the allegations in Paragraph 2 of the Second Amended Complaint, except admit that the U.S. House of Representatives Committee on Education and the Workforce (the "Committee") sent a letter to Columbia University on February 13, 2025 (the "Feb. 13 Letter") (ECF 15-1), and the Joint Task Force to Combat Anti-Semitism sent a letter to Columbia University on March 13, 2025 (the "March 13 Letter") (ECF 15-2). Columbia Defendants further state that the referenced documents speak for themselves, refer to the referenced documents for a true and accurate representation of their contents, and deny any mischaracterization thereof.

3. Columbia Defendants deny the allegations in Paragraph 3 of the Second Amended Complaint. Columbia Defendants neither admit nor deny the allegations in the second sentence of Paragraph 3 of the Second Amended Complaint to the extent the allegations purport to state conclusions of law to which no response is required.

4. Columbia Defendants neither admit nor deny the allegations in Paragraph 4 of the Second Amended Complaint to the extent the allegations purport to state conclusions of law to which no response is required or pertain to claims that were dismissed in the Court's order entered March 19, 2026 (ECF 175). To the extent a response is required, Columbia Defendants deny the allegations in Paragraph 4 of the Second Amended Complaint.

5. Columbia Defendants deny the allegations in Paragraph 5 of the Second Amended Complaint as they relate to Columbia, and deny knowledge or information sufficient to form a belief as to the truth or falsity of those allegations as to other institutions.

6. Columbia Defendants deny the allegations in Paragraph 6 of the Second Amended Complaint, except admit that the U.S. Department of Education issued a press release on March 3, 2025, and that the Trump administration made a statement on March 7, 2025, that included the

quoted material. Columbia Defendants further state that the referenced documents speak for themselves, refer to the referenced documents for a true and accurate representation of their contents, and deny any mischaracterization thereof.

7. Columbia Defendants deny the allegations in Paragraph 7 of the Second Amended Complaint as they relate to Columbia, and otherwise deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 7 of the Second Amended Complaint.

8. No response is required to the allegations in Paragraph 8 of the Second Amended Complaint because in its Order entered March 19, 2026 (ECF 175), the Court dismissed Count V of the Second Amended Complaint. To the extent a response is required, Columbia Defendants deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 8 of the Second Amended Complaint, except admit the allegations in the second sentence of Paragraph 8 of the Second Amended Complaint, and neither admit nor deny the allegations in the third sentence of Paragraph 8 of the Second Amended Complaint as the allegations purport to state conclusions of law to which no response is required.

9. No response is required to the allegations in Paragraph 9 of the Second Amended Complaint because in its Order entered March 19, 2026 (ECF 175), the Court dismissed Count V of the Second Amended Complaint, and to the extent the allegations purport to state conclusions of law. To the extent a response is required, Columbia Defendants deny the allegations in Paragraph 9 of the Second Amended Complaint.

10. Columbia Defendants deny the allegations in Paragraph 10 of the Second Amended Complaint.

11. Columbia Defendants deny the allegations in Paragraph 11 of the Second Amended Complaint, except admit that reports concerning allegations of discrimination, discriminatory harassment, or other prohibited conduct where the respondent is an Active Alum as that term is defined are addressed under the University's Anti-Discrimination and Discriminatory Harassment Policies & Procedures for Faculty & Staff.

12. Columbia Defendants admit that Plaintiffs seek an injunction against them in Paragraph 12 of the Second Amended Complaint, but deny that Plaintiffs are entitled to any such relief, and neither admit nor deny the allegations in Paragraph 12 of the Second Amended Complaint to the extent they relate to the Government Defendants only.

13. Columbia Defendants deny the allegations in Paragraph 13 of the Second Amended Complaint, except deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in the first clause of the first sentence and the first clause of the second sentence of Paragraph 13 of the Second Amended Complaint, admit that Plaintiff Mahmoud Khalil graduated from Columbia University in Spring 2025, and neither admit nor deny the allegations in Paragraph 13 of the Second Amended Complaint to the extent that the allegations purport to state conclusions of law to which no response is required.

14. Columbia Defendants deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 14 of the Second Amended Complaint concerning Plaintiff Jane Joe's residence, and admit that Plaintiff Jane Joe graduated from their graduate program at Columbia University in Spring 2025.

15. Columbia Defendants deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 15 of the Second Amended Complaint

concerning Plaintiff Sally Roe's residence, and admit that Plaintiff Sally Roe graduated from their undergraduate program at Columbia University in Spring 2025.

16. Columbia Defendants deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 14 of the Second Amended Complaint concerning Plaintiff Ned Noe's residence, and admit that Plaintiff Ned Noe graduated from their undergraduate program at Columbia University in Spring 2025.

17. No response is required to the allegations in Paragraph 17 of the Second Amended Complaint because in its Order entered March 19, 2026 (ECF 175), the Court held that Plaintiff Lucy Loe does not have standing to pursue their claims.

18. Columbia Defendants deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 18 of the Second Amended Complaint concerning Plaintiff Sam Soe's residence, and admit that Plaintiff Sam Soe is an undergraduate student at Columbia University, with an anticipated graduation date of Spring 2027.

19. No response is required to the allegations in Paragraph 19 of the Second Amended Complaint because in its Order entered March 19, 2026 (ECF 175), the Court held that Plaintiff Will Moe does not have standing to pursue their claims.

20. Columbia Defendants deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 20 of the Second Amended Complaint concerning Plaintiff Kam Koe's residence, and admit that Plaintiff Kam Koe is an undergraduate student at Columbia University, with an anticipated graduation date of Spring 2028.

21. Columbia Defendants deny the allegations in Paragraph 21 of the Second Amended Complaint, except admit that The Trustees of Columbia University in the City of New York is the

legal name of Columbia University in the City of New York ("Columbia University" or "Columbia") and that it is a private educational institution with a campus in upper Manhattan.

22. Columbia Defendants deny the allegations in Paragraph 22 of the Second Amended Complaint, except admit that Columbia is a private educational institution with a campus in upper Manhattan. Columbia Defendants further state that The Trustees of Columbia University in the City of New York and Columbia University in the City of New York are the same legal entity.

23. Columbia Defendants deny the allegations in Paragraph 23 of the Second Amended Complaint, except admit that Claire Shipman is the Acting President of Columbia University.

24. No response is required to the allegations in Paragraph 24 of the Second Amended Complaint because in its Order entered March 19, 2026 (ECF 175), the Court dismissed the claims against the Committee on Education and Workforce.

25. No response is required to the allegations in Paragraph 25 of the Second Amended Complaint because in its Order entered March 19, 2026 (ECF 175), the Court dismissed the claims against Tim Walberg.

26. Columbia Defendants neither admit nor deny the allegations in Paragraph 26 of the Second Amended Complaint. To the extent a response is required, Columbia Defendants admit that Plaintiffs purport to sue Pam Bondi.

27. Columbia Defendants neither admit nor deny the allegations in Paragraph 27 of the Second Amended Complaint. To the extent a response is required, Columbia Defendants admit that Plaintiffs purport to sue Linda McMahon.

28. Columbia Defendants neither admit nor deny the allegations in Paragraph 28 of the Second Amended Complaint. To the extent a response is required, Columbia Defendants admit that Plaintiffs purport to sue Leo Terrell.

29. Columbia Defendants neither admit nor deny the allegations in Paragraph 29 of the Second Amended Complaint. To the extent a response is required, Columbia Defendants admit that Plaintiffs purport to sue Sean Keveney.

30. Columbia Defendants neither admit nor deny the allegations in Paragraph 30 of the Second Amended Complaint. To the extent a response is required, Columbia Defendants admit that Plaintiffs purport to sue Josh Gruenbaum.

31. Columbia Defendants neither admit nor deny the allegations in Paragraph 31 of the Second Amended Complaint as the allegations purport to state conclusions of law to which no response is required, except admit that Columbia is located and operated in New York, New York and that the Columbia President's official residence is in New York, New York.

32. Columbia Defendants neither admit nor deny the allegations in Paragraph 32 of the Second Amended Complaint as the allegations purport to state conclusions of law to which no response is required.

33. Columbia Defendants neither admit nor deny the allegations in Paragraph 33 of the Second Amended Complaint as the allegations purport to state conclusions of law to which no response is required, and to the extent they relate to the Government Defendants only, except admit that Columbia is located in part in the Southern District of New York.

34. Columbia Defendants deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 34 of the Second Amended Complaint, except admit that the pseudonymous Plaintiffs are current or former Columbia or Barnard College students.

35. No response is required to the allegations in Paragraph 35 of the Second Amended Complaint because in its Order entered March 19, 2026 (ECF 175), the Court dismissed Count V

of the Second Amended Complaint. To the extent a response is required, Columbia Defendants deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 35 of the Second Amended Complaint, except deny the allegations in the final clause of Paragraph 35 of the Second Amended Complaint.

36. No response is required to the allegations in Paragraph 36 of the Second Amended Complaint because in its Order entered March 19, 2026 (ECF 175), the Court dismissed Count V of the Second Amended Complaint. To the extent a response is required, Columbia Defendants deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 36 of the Second Amended Complaint.

37. Columbia Defendants deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 37 of the Second Amended Complaint, except admit that certain Plaintiffs have participated in protests, called for Columbia to divest from Israel, and/or participated in a sit-in.

38. Columbia Defendants deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 38 of the Second Amended Complaint, except admit that certain Plaintiffs have participated in at least one demonstration at Columbia since October 8, 2023 and have been involved in disciplinary proceedings.

39. Columbia Defendants deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 39 of the Second Amended Complaint.

40. Columbia Defendants deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 40 of the Second Amended Complaint, except deny that Columbia has taken measures in response to federal pressure that will cause Plaintiffs harm.

41. Columbia Defendants deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 41 of the Second Amended Complaint, except admit that Mahmoud Khalil and Mohsen Mahdawi were each detained by Immigration and Customs Enforcement ("ICE"), that ICE attempted to detain Yunseo Chung, and that Ranjani Srinivasan's visa was revoked.

42. Columbia Defendants deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 42 of the Second Amended Complaint.

43. Columbia Defendants deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 43 of the Second Amended Complaint.

44. Columbia Defendants admit that on March 26, 2025, the University received a letter from the Chair of the Senate Committee on Health, Education, Labor, and Pensions and that on April 9, 2025, Columbia notified the Court that it "will provide a narrative response to the HELP Committee's questions, which response will not identify individual students and will not provide student-identifying information." ECF 59 at 1. Columbia Defendants further state that the referenced documents speak for themselves, refer to the referenced documents for a true and accurate representation of their contents, and deny any mischaracterizations thereof.

45. Columbia Defendants deny the allegations in Paragraph 45 of the Second Amended Complaint, except deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in the first sentence of Paragraph 45 of the Second Amended Complaint.

46. Columbia Defendants deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 46 of the Second Amended Complaint.

47. Columbia Defendants deny the allegations in Paragraph 47 of the Second Amended Complaint.

48. Columbia Defendants deny the allegations in Paragraph 48 of the Second Amended Complaint.

49. Columbia Defendants deny the allegations in Paragraph 49 of the Second Amended Complaint, except admit that on February 12, 2024, and February 13, 2025, the Committee sent letters to Columbia including the bulleted requests set forth in Paragraph 49 of the Second Amended Complaint. Columbia Defendants further state that the referenced documents speak for themselves, refer to the referenced documents for a true and accurate representation of their contents, and deny any mischaracterization thereof.

50. Columbia Defendants admit the allegations in Paragraph 50 of the Second Amended Complaint.

51. Columbia Defendants admit the allegations in Paragraph 51 of the Second Amended Complaint.

52. Columbia Defendants deny the allegations in Paragraph 52 of the Second Amended Complaint, except admit that on August 1, 2024, the Committee sent a letter to Columbia including the material quoted in Paragraph 52 of the Second Amended Complaint. Columbia Defendants further state that the referenced document speaks for itself, refer to the referenced document for a true and accurate representation of its contents, and deny any mischaracterization thereof.

53. Columbia Defendants deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 53 of the Second Amended Complaint, except admit the allegations in the first sentence of Paragraph 53 of the Second Amended Complaint and admit that the House Committee on Education and the Workforce stated it conducted a "wide-reaching and intensive investigation" into "an explosion of campus antisemitism." Columbia

Defendants further state that the referenced document speaks for itself, refer to the document for a true and accurate representation of its contents, and deny any mischaracterization thereof.

54. Columbia Defendants admit the allegations in Paragraph 54 of the Second Amended Complaint.

55. Columbia Defendants deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 55 of the Second Amended Complaint. Columbia Defendants further state that the referenced Committee report speaks for itself, refer to the document for a true and accurate representation of its contents, and deny any mischaracterization thereof.

56. Columbia Defendants deny the allegations in Paragraph 56 of the Second Amended Complaint, except admit that the February 13, 2025 Letter includes the material quoted in Paragraph 56 of the Second Amended Complaint. Columbia Defendants further state that the referenced document speaks for itself, refer to the document for a true and accurate representation of its contents, and deny any mischaracterization thereof.

57. Columbia Defendants neither admit nor deny the allegations in Paragraph 57 of the Second Amended Complaint as the allegations contain statements of opinion, not fact, and/or purport to state conclusions of law to which no response is required. To the extent a response is required, Columbia Defendants deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 57 of the Second Amended Complaint. Columbia Defendants further state that the referenced document speaks for itself, refer to the document for a true and accurate representation of its contents, and deny any mischaracterization thereof.

58. Columbia Defendants deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 58 of the Second Amended Complaint, except

deny that Columbia's disclosures to the Committee contained personally identifying information, admit that Columbia complied with its legal obligations under FERPA, and neither admit nor deny the allegations in the second sentence of Footnote 43 of the Second Amended Complaint as the allegations purport to state conclusions of law to which no response is required.

59. Columbia Defendants neither admit nor deny the allegations in Paragraph 59 of the Second Amended Complaint as the allegations contain statements of opinion, not fact, and/or purport to state conclusions of law to which no response is required, except admit the allegations in the second sentence of Paragraph 59 of the Second Amended Complaint.

60. Columbia Defendants neither admit nor deny the allegations in Paragraph 60 of the Second Amended Complaint as the allegations contain statements of opinion, not fact. To the extent a response is required, Columbia Defendants deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 60 of the Second Amended Complaint, and state that the referenced documents or transcripts speak for themselves, refer to the referenced documents or transcripts for a true and accurate representation of their contents, and deny any mischaracterization thereof.

61. Columbia Defendants deny the allegations in Paragraph 61 of the Second Amended Complaint, except neither admit nor deny the allegations in the first two sentences of Paragraph 61 of the Second Amended Complaint as the allegations purport to state conclusions of law to which no response is required, and deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in the third sentence of Paragraph 61 of the Second Amended Complaint.

62. Columbia Defendants deny the allegations in Paragraph 62 of the Second Amended Complaint.

63. Columbia Defendants deny the allegations in Paragraph 63 of the Second Amended Complaint, except admit that Columbia responded to the Committee's letter.

64. Columbia Defendants neither admit nor deny the allegations in Paragraph 64 of the Second Amended Complaint as the allegations purport to state conclusions of law to which no response is required. To the extent a response is required, Columbia Defendants deny the allegations in Paragraph 64 of the Second Amended Complaint.

65. Columbia Defendants deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 65 of the Second Amended Complaint.

66. Columbia Defendants deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 66 of the Second Amended Complaint, except admit that the Committee has held several hearings on the topic of antisemitism on college campuses.

67. Columbia Defendants deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 67 of the Second Amended Complaint, except admit that the Committee held a hearing on December 5, 2023, entitled "Holding Campus Leaders Accountable and Confronting Antisemitism," and that University of Pennsylvania President Liz McGill and Harvard President Claudine Gay later resigned.

68. Columbia Defendants deny the allegations in Paragraph 68 of the Second Amended Complaint, except admit that then-President Shafik appeared before the Committee on April 17, 2024, at a hearing entitled "Columbia in Crisis: Columbia University's Response to Antisemitism" and that President Shafik committed to addressing antisemitism. Columbia Defendants further state that the referenced statements speak for themselves, refer to the hearing testimony for a true and accurate representation of its contents, and deny any mischaracterization thereof.

69. Columbia Defendants deny the allegations in Paragraph 69 of the Second Amended Complaint, except admit that then-President Shafik made the statements quoted in Paragraph 69 of the Second Amended Complaint, and deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Footnote 60. Columbia Defendants further state that the referenced statements speak for themselves, refer to the hearing testimony for a true and accurate representation of its contents, and deny any mischaracterization thereof.

70. Columbia Defendants admit that Representative Allen and then-President Shafik made the statements quoted in Paragraph 70 of the Second Amended Complaint. Columbia Defendants further state that the referenced statements speak for themselves, refer to the hearing testimony for a true and accurate representation of its contents, and deny any mischaracterization thereof.

71. Columbia Defendants deny the allegations in Paragraph 71 of the Second Amended Complaint, except admit that Professor Joseph Massad was referenced during the April 17, 2024, Committee Hearing. Columbia Defendants further state that the referenced statements speak for themselves, refer to the hearing testimony for a true and accurate representation of its contents, and deny any mischaracterization thereof.

72. Columbia Defendants deny the allegations in Paragraph 72 of the Second Amended Complaint. Columbia Defendants further state that the referenced statements speak for themselves, refer to the hearing testimony for a true and accurate representation of its contents, and deny any mischaracterization thereof.

73. Columbia Defendants deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 73 of the Second Amended Complaint. Columbia Defendants further state that the referenced documents speak for themselves, refer to the

referenced documents for a true and accurate representation of their contents, and deny any mischaracterization thereof.

74. Columbia Defendants deny the allegations in Paragraph 74 of the Second Amended Complaint, except admit that Professor Joseph Massad was discussed during the April 17, 2024, Committee Hearing. Columbia Defendants further state that the referenced statements speak for themselves, refer to the hearing testimony for a true and accurate representation of its contents, and deny any mischaracterization thereof.

75. Columbia Defendants neither admit nor deny the allegations in Paragraph 75 of the Second Amended Complaint as the allegations contain statements of opinion, not fact, to which no response is required. To the extent a response is required, Columbia Defendants deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 75 of the Second Amended Complaint.

76. Columbia Defendants deny the allegations in Paragraph 76 of the Second Amended Complaint.

77. Columbia Defendants deny the allegations in Paragraph 77 of the Second Amended Complaint.

78. Columbia Defendants deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 78 of the Second Amended Complaint, except admit that Speaker Johnson held a press conference at Columbia and that the referenced articles contain the quoted language. Columbia Defendants further state that the referenced articles speak for themselves, refer to the articles for a true and accurate representation of their contents, and deny any mischaracterizations thereof

79. Columbia Defendants deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 79 of the Second Amended Complaint, except admit that individuals erected tents on the University's South Lawn on April 17, 2024, and that then-President Shafik testified before the Committee on the same day.

80. Columbia Defendants deny the allegations in Paragraph 80 of the Second Amended Complaint, except admit that on April 18, 2024, then-President Shafik authorized the NYPD to begin clearing the encampment.

81. Columbia Defendants deny the allegations in Paragraph 81 of the Second Amended Complaint, except admit that Columbia has produced thousands of documents to the Committee.

82. Columbia Defendants deny the allegations in Paragraph 82 of the Second Amended Complaint, except admit that the University Judicial Board hears all charges of violations of the Rules of University Conduct. Columbia Defendants further state that the Rules of University conduct speak for themselves, refer to the Rules of University Conduct for a true and accurate representation of their contents, and deny any mischaracterizations thereof.

83. Columbia Defendants neither admit nor deny the allegations in Paragraph 83 of the Second Amended Complaint as the allegations contain statements of opinion, not fact, to which no response is required. To the extent a response is required, Columbia Defendants deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 83 of the Second Amended Complaint. Columbia Defendants further state that the referenced document speaks for itself, refer to the document for a true and accurate representation of its contents, and deny any mischaracterizations thereof.

84. Columbia Defendants neither admit nor deny the allegations in Paragraph 84 of the Second Amended Complaint as the allegations contain statements of opinion, not fact. To the

extent a response is required, Columbia Defendants deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 84 of the Second Amended Complaint.

85. Columbia Defendants deny the allegations in Paragraph 85 of the Second Amended Complaint, except admit that pursuant to the University's Standards & Discipline, attorneys do not participate in disciplinary hearings and admit that Columbia transferred oversight of the UJB to the Office of the Provost.

86. Columbia Defendants deny the allegations in Paragraph 86 of the Second Amended Complaint, except admit that Columbia created an Office of Institutional Equity ("OIE") in August 2024 to address reports of discrimination and harassment.

87. Columbia Defendants deny the allegations in Paragraph 87 of the Second Amended Complaint, except admit that sanctions can include suspension, expulsion, or degree revocation, and that the University may require students to receive appropriate education and/or training related to the misconduct at issue.

88. Columbia Defendants deny the allegations in Paragraph 88 of the Second Amended Complaint, except admit that students have received notices from OIE pertaining to a range of allegations and that OIE assesses those allegations based on the totality of the circumstances.

89. Columbia Defendants deny the allegations in Paragraph 89 of the Second Amended Complaint.

90. Columbia Defendants deny the allegations in Paragraph 90 of the Second Amended Complaint, except admit that certain Columbia community members have a duty to report instances or allegations of discrimination or harassment.

91. Columbia Defendants deny the allegations in Paragraph 91 of the Second Amended Complaint, except admit that conduct that violates multiple University policies may be adjudicated pursuant to each of those policies.

92. Columbia Defendants deny the allegations in Paragraph 92 of the Second Amended Complaint.

93. Columbia Defendants deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 93 of the Second Amended Complaint, except admit that certain records responsive to the Committee's February 13 Letter were transmitted to the Committee.

94. Columbia Defendants deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 94 of the Second Amended Complaint.

95. Columbia Defendants deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 95 of the Second Amended Complaint, except deny any misrepresentation of student records by Columbia, and admit that the Report discussed the contents of records provided by Columbia. Columbia Defendants further state that the referenced document speaks for itself, refer to the document for a true and accurate representation of its contents, and deny any mischaracterization thereof.

96. Columbia Defendants deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 96 of the Second Amended Complaint. Columbia Defendants further state that the referenced document speaks for itself, refer to the document for a true and accurate representation of its contents, and deny any mischaracterization thereof.

97. Columbia Defendants deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in the first sentence of Paragraph 97 of the Second Amended

Complaint, and deny the allegations in the second and third sentences of Paragraph 97 of the Second Amended Complaint, except admit that anonymized disclosures to the Committee included organization and school affiliations, social media posts, copies of emails, and other narrative information.

98. Columbia Defendants deny the allegations in Paragraph 98 of the Second Amended Complaint.

99. Columbia Defendants deny the allegations in Paragraph 99 of the Second Amended Complaint, except admit that the referenced articles contain the language quoted in Paragraph 99 of the Second Amended Complaint. Columbia Defendants further state that the referenced articles speak for themselves, refer to the articles for a true and accurate representation of their contents, and deny any mischaracterization thereof.

100. Columbia Defendants admit the allegations in Paragraph 100 of the Second Amended Complaint.

101. Columbia Defendants deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 101 of the Second Amended Complaint, except admit that the referenced document states, in part, that "the Federal Government's Task Force to Combat Anti-Semitism is considering Stop Work Orders for $51.4 million in contracts between Columbia University and the Federal Government. The task force will also conduct a comprehensive review of the more than $5 billion in federal grant commitments to Columbia University to ensure the university is in compliance with federal regulations, including its civil rights responsibilities." Columbia Defendants further state that the referenced document speaks for itself, refer to the referenced document for a true and accurate representation of its contents, and deny any mischaracterization thereof.

102. Columbia Defendants deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 102 of the Second Amended Complaint, except admit that the referenced agencies issued an announcement on March 3, 2025, referencing the Executive Order titled "Additional Measures to Combat Anti-Semitism." Columbia Defendants further state that the referenced document speaks for itself, refer to the referenced document for a true and accurate representation of its contents, and deny any mischaracterization thereof.

103. Columbia Defendants admit the allegations in Paragraph 103 of the Second Amended Complaint.

104. Columbia Defendants deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 104 of the Second Amended Complaint, except admit that on March 7, 2025, the Task Force on Anti-Semitism issued a press release. Columbia Defendants further state that the referenced document speaks for itself, refer to the referenced document for a true and accurate representation of its contents, and deny any mischaracterization thereof.

105. Columbia Defendants admit the allegations in Paragraph 105 of the Second Amended Complaint.

106. Columbia Defendants admit the allegations in Paragraph 106 of the Second Amended Complaint.

107. Columbia Defendants deny the allegations in Paragraph 107 of the Second Amended Complaint, except admit that the March 13 Letter followed a March 7, 2025, communication and stated "this letter outlines immediate next steps that we regard as a precondition for formal negotiations regarding Columbia University's continued financial relationship with the United States government." Columbia Defendants state that the referenced document speaks for itself,

refer to the referenced document for a true and accurate representation of its contents, and deny any mischaracterization thereof.

108. Columbia Defendants deny the allegations in Paragraph 108 of the Second Amended Complaint. Columbia Defendants state that the referenced document speaks for itself, refer to the referenced document for a true and accurate representation of its contents, and deny any mischaracterization thereof.

109. Columbia Defendants deny the allegations in Paragraph 109 of the Second Amended Complaint. Columbia Defendants state that the referenced document speaks for itself, refer to the referenced document for a true and accurate representation of its contents, and deny any mischaracterization thereof.

110. No response is required to the allegations in Paragraph 110 of the Second Amended Complaint because in its Order entered March 19, 2026 (ECF 175), the Court held that Plaintiffs failed to plausibly allege that they are unable to take any class in the MESAAS department. To the extent a response is required, Columbia Defendants neither admit nor deny the allegations in Paragraph 110 of the Second Amended Complaint as the allegations purport to state conclusions of law to which no response is required. Columbia Defendants further state that the referenced document speaks for itself, refer to the referenced document for a true and accurate representation of its contents, and deny any mischaracterization thereof.

111. No response is required to the allegations in Paragraph 111 of the Second Amended Complaint because in its Order entered March 19, 2026 (ECF 175), the Court held that Plaintiffs failed to plausibly allege that they were subject to a "mask ban." To the extent a response is required, Columbia Defendants deny the allegations in Paragraph 111 of the Second Amended Complaint.

112. Columbia Defendants deny the allegations in Paragraph 112 of the Second Amended Complaint, except admit that the referenced document contains the material quoted in Paragraph 112 of the Second Amended Complaint. Columbia Defendants further state that the referenced document speaks for itself, refer to the document for a true and accurate representation of its contents, and deny any mischaracterization thereof.

113. Columbia Defendants deny the allegations in Paragraph 113 of the Second Amended Complaint, except admit that the referenced document contains the material quoted in Paragraph 113 of the Second Amended Complaint. Columbia Defendants further state that the referenced document speaks for itself, refer to the document for a true and accurate representation of its contents, and deny any mischaracterization thereof.

114. Columbia Defendants deny the allegations in Paragraph 114 of the Second Amended Complaint. Columbia Defendants further state that the referenced document speaks for itself, refer to the document for a true and accurate representation of its contents, and deny any mischaracterization thereof.

115. Columbia Defendants deny the allegations in Paragraph 115 of the Second Amended Complaint, except admit that the Washington Post published an article referencing Columbia on March 25, 2025. Columbia Defendants further state that the referenced document speaks for itself, refer to the referenced document for a true and accurate representation of its contents, and deny any mischaracterization thereof.

116. Columbia Defendants deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 116 of the Second Amended Complaint.

117. Columbia Defendants deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 117 of the Second Amended Complaint, except deny that Columbia was "compelled by federal threats."

118. Columbia Defendants deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 118 of the Second Amended Complaint. Columbia Defendants further state that the referenced documents speak for themselves, refer to the documents for a true and accurate representation of their contents, and deny any mischaracterization thereof.

119. Columbia Defendants deny the allegations in Paragraph 119 of the Second Amended Complaint.

120. Columbia Defendants deny the allegations in Paragraph 120 of the Second Amended Complaint.

121. Columbia Defendants deny the allegations in Paragraph 121 of the Second Amended Complaint, except admit that the UJB made its findings and issued its sanctions prior to the University receiving the March 13 Letter.

122. Columbia Defendants admit the allegations in Paragraph 122 of the Second Amended Complaint.

123. Columbia Defendants deny the allegations in Paragraph 123 of the Second Amended Complaint, except admit that Columbia issued a document on March 21, 2025 titled "Advancing Our Work to Combat Discrimination, Harassment, and Antisemitism at Columbia." Columbia Defendants further state that the referenced document speaks for itself, refer to the document for a true and accurate representation of its contents, and deny any mischaracterization thereof.

124. Columbia Defendants deny the allegations in Paragraph 124 of the Second Amended Complaint, except admit that a post was made on March 21, 2025. Columbia Defendants further state that the referenced document speaks for itself, refer to the document for a true and accurate representation of its contents, and deny any mischaracterization thereof.

125. Columbia Defendants deny the allegations in Paragraph 125 of the Second Amended Complaint.

126. Columbia Defendants deny the allegations in Paragraph 126 of the Second Amended Complaint.

127. No response is required to the allegations in Paragraph 127 of the Second Amended Complaint because in its Order entered March 19, 2026 (ECF 175), the Court held that Plaintiffs failed to plausibly allege that they were subject to a "mask ban." To the extent a response is required, Columbia Defendants deny the allegations in Paragraph 127 of the Second Amended Complaint, except admit that the March 21 Letter contains the material quoted in Paragraph 127 of the Second Amended Complaint. Columbia Defendants further state that the referenced document speaks for itself, refer to the document for a true and accurate representation of its contents, and deny any mischaracterization thereof.

128. No response is required to the allegations in Paragraph 128 of the Second Amended Complaint because in its Order entered March 19, 2026 (ECF 175), the Court held that Plaintiffs failed to plausibly allege that they were subject to a "mask ban." To the extent a response is required, Columbia Defendants deny the allegations in Paragraph 128 of the Second Amended Complaint, except admit that President Armstrong discussed the approach to masks at a faculty meeting and announced her resignation on March 28, 2025.

129. No response is required to the allegations in Paragraph 129 of the Second Amended Complaint because in its Order entered March 19, 2026 (ECF 175), the Court held that Plaintiffs failed to plausibly allege that they were subject to a "mask ban." To the extent a response is required, Columbia Defendants deny the allegations in Paragraph 129 of the Second Amended Complaint.

130. No response is required to the allegations in Paragraph 130 of the Second Amended Complaint because in its Order entered March 19, 2026 (ECF 175), the Court held that Plaintiffs failed to plausibly allege that they were subject to a "mask ban." To the extent a response is required, Columbia Defendants deny the allegations in Paragraph 130 of the Second Amended Complaint, except admit that University policy requires that individuals who engage in protests or demonstrations, including those who wear face masks or face coverings, must, when asked, present their University identification to the satisfaction of a University Delegate or Public Safety officer, and that Public Safety officers have the ability to remove individuals from campus and/or arrest individuals who refuse to present University identification.

131. No response is required to the allegations in Paragraph 131 of the Second Amended Complaint because in its Order entered March 19, 2026 (ECF 175), the Court held that Plaintiffs failed to plausibly allege that they are unable to take any class in the MESAAS department. To the extent a response is required, Columbia Defendants deny the allegations in Paragraph 131 of the Second Amended Complaint, except admit that in the March 21 Letter, Columbia stated it would "appoint new faculty members with joint positions in both the Institute for Israel and Jewish Studies and the departments of Economics, Political Science, and School for International and Public Affairs," and that these "faculty members will contribute to a robust and intellectually diverse academic environment, reinforcing the University's commitment to excellence and

fairness in Middle East studies," and that programming for the Tel Aviv Global Hub would launch in 2025, and further state that the referenced document speaks for itself, refer to the document for a true and accurate representation of its contents, and deny any mischaracterization thereof.

132. Columbia Defendants deny the allegations in Paragraph 132 of the Second Amended Complaint, except admit that Columbia has engaged at least thirty-six special officers who have the ability to remove individuals from campus and/or arrest them when appropriate and that these officers were authorized by the NYPD pursuant to Section 2.10(27) of New York State Criminal Procedure Law.

133. Columbia Defendants deny the allegations in Paragraph 133 of the Second Amended Complaint, except admit that on April 2, 2025, three individuals were removed by officers after being given warnings, and that physical force is rarely used by Columbia Public Safety, and deny knowledge or information sufficient to form a belief as to the religious affiliation of the referenced individuals.

134. No response is required to the allegations in Paragraph 134 of the Second Amended Complaint because in its Order entered March 19, 2026 (ECF 175), the Court held that Plaintiffs failed to plausibly allege that they are unable to take any class in the MESAAS department or that they were subject to a "mask ban." To the extent a response is required, Columbia Defendants deny the allegations in Paragraph 134 of the Second Amended Complaint, except deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in the third and fourth sentences of Paragraph 134.

135. Columbia Defendants neither admit nor deny the allegations in Paragraph 135 of the Second Amended Complaint as the allegations purport to state conclusions of law to which no response is required. To the extent a response is required, Columbia Defendants deny the

26

allegations in Paragraph 135 of the Second Amended Complaint, except admit the allegations in the first sentence in Footnote 107 of the Second Amended Complaint, deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in the second sentence of Footnote 107, and further state that the referenced document speaks for itself, refer to the document for a true and accurate representation of its contents, and deny any mischaracterization thereof.

136. Columbia Defendants neither admit nor deny the allegations in Paragraph 136 of the Second Amended Complaint as the allegations purport to state conclusions of law to which no response is required.

137. Columbia Defendants admit the allegations in Paragraph 137 of the Second Amended Complaint.

138. Columbia Defendants neither admit nor deny the allegations in the first sentence of Paragraph 138 of the Second Amended Complaint as the allegations purport to state conclusions of law to which no response is required. Columbia Defendants admit the allegations in the second sentence of Paragraph 138 of the Second Amended Complaint.

139. Columbia Defendants neither admit nor deny the allegations in Paragraph 139 of the Second Amended Complaint as the allegations purport to state conclusions of law to which no response is required.

140. Columbia Defendants neither admit nor deny the allegations in Paragraph 140 of the Second Amended Complaint as the allegations purport to state conclusions of law to which no response is required.

141. Columbia Defendants neither admit nor deny the allegations in Paragraph 141 of the Second Amended Complaint as the allegations purport to state conclusions of law to which no response is required.

142. Columbia Defendants deny the allegations in Paragraph 142 of the Second Amended Complaint, except admit the allegations in the first sentence of Paragraph 142 of the Second Amended Complaint, admit that on March 3, 2025, Agency Defendants sent a letter to Columbia and that on March 7, 2025, the Agency Defendants made an announcement, and neither admit nor deny the allegations in the fifth sentence of Paragraph 142 of the Second Amended Complaint as the allegations purport to state conclusions of law to which no response is required. Columbia Defendants further state that the referenced documents speak for themselves, refer to the documents for a true and accurate representation of their contents, and deny any mischaracterization thereof.

143. Columbia Defendants deny the allegations in Paragraph 143 of the Second Amended Complaint.

144. Columbia Defendants deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 144 of the Second Amended Complaint.

145. Columbia Defendants deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 145 of the Second Amended Complaint.

146. Columbia Defendants deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 146 of the Second Amended Complaint.

147. Columbia Defendants deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 147 of the Second Amended Complaint.

148. Columbia Defendants deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 148 of the Second Amended Complaint, except deny the allegations concerning the definition of antisemitism adopted by Columbia.

149. Columbia Defendants deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 149 of the Second Amended Complaint, except admit that certain of the Plaintiffs were present at or attended one of the eleven events referenced in the Committee's February 13 letter.

150. Columbia Defendants deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 150 of the Second Amended Complaint, except deny the allegations in the first clause of the first sentence of Paragraph 150 and in the last paragraph of Paragraph 150 of the Second Amended Complaint.

151. Columbia Defendants deny the allegations in Paragraph 151 of the Second Amended Complaint, except deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in the first sentence of Paragraph 151.

152. Columbia Defendants neither admit nor deny the allegations in Paragraph 152 of the Second Amended Complaint as the allegations purport to state conclusions of law to which no response is required. To the extent a response is required, Columbia Defendants deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 152 of the Second Amended Complaint, except admit that Plaintiffs Ned Noe, Sally Roe, Jane Joe, and Mahmoud Khalil have been subject to Columbia disciplinary processes based on allegations of direct and/or indirect involvement in at least one of the eleven events outlined in the Committee's February 13 Letter.

153. Columbia Defendants deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 153 of the Second Amended Complaint, except admit that some Plaintiffs have not been subject to disciplinary proceedings.

154. No response is required to the allegations in Paragraph 154 of the Second Amended Complaint because in its Order entered March 19, 2026 (ECF 175), the Court held that Plaintiffs failed to plausibly allege that they are unable to take any class in the MESAAS department. To the extent a response is required, Columbia Defendants deny the allegations in Paragraph 154 that the "Government Defendants have ordered review and receivership of the department" and otherwise deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 154 of the Second Amended Complaint.

155. No response is required to the allegations in Paragraph 155 of the Second Amended Complaint because in its Order entered March 19, 2026 (ECF 175), the Court held that Plaintiffs failed to plausibly allege that they are unable to take any class in the MESAAS department. To the extent a response is required, Columbia Defendants deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 155 of the Second Amended Complaint.

156. Columbia Defendants deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 156 of the Second Amended Complaint, except deny that Columbia is engaging in any efforts to suppress pro-Palestine views on campus.

157. No response is required to the allegations in Paragraph 157 of the Second Amended Complaint because Count I of the Second Amended Complaint is not brought against the Columbia Defendants. To the extent a response is required to Paragraph 157 of the Second Amended

Complaint, Columbia Defendants restate the response to each and every allegation above as if fully set forth herein.

158. No response is required to the allegations in Paragraph 158 of the Second Amended Complaint because Count I of the Second Amended Complaint is not brought against the Columbia Defendants, and because the allegations in Paragraph 158 of the Second Amended Complaint purport to state conclusions of law to which no response is required.

159. No response is required to the allegations in Paragraph 159 of the Second Amended Complaint because Count I of the Second Amended Complaint is not brought against the Columbia Defendants, and because the allegations in Paragraph 159 of the Second Amended Complaint purport to state conclusions of law to which no response is required.

160. No response is required to the allegations in Paragraph 160 of the Second Amended Complaint because Count I of the Second Amended Complaint is not brought against the Columbia Defendants, and because the allegations in Paragraph 160 of the Second Amended Complaint purport to state conclusions of law to which no response is required.

161. No response is required to the allegations in Paragraph 161 of the Second Amended Complaint because Count I of the Second Amended Complaint is not brought against the Columbia Defendants, and because the allegations in Paragraph 161 of the Second Amended Complaint purport to state conclusions of law to which no response is required.

162. No response is required to the allegations in Paragraph 162 of the Second Amended Complaint because Count I of the Second Amended Complaint is not brought against the Columbia Defendants, and because the allegations in Paragraph 162 of the Second Amended Complaint purport to state conclusions of law to which no response is required.

163. No response is required to the allegations in Paragraph 163 of the Second Amended Complaint because Count I of the Second Amended Complaint is not brought against the Columbia Defendants. To the extent a response is required, the Columbia Defendants deny the allegations in Paragraph 163 as they relate to Columbia.

164. No response is required to the allegations in Paragraph 164 of the Second Amended Complaint because Count I of the Second Amended Complaint is not brought against the Columbia Defendants. To the extent a response is required, the Columbia Defendants deny the allegations in Paragraph 164 as they relate to Columbia.

165. No response is required to the allegations in Paragraph 165 of the Second Amended Complaint because Count I of the Second Amended Complaint is not brought against the Columbia Defendants. To the extent a response is required, the Columbia Defendants deny the allegations in Paragraph 165 as they relate to Columbia.

166. No response is required to the allegations in Paragraph 166 of the Second Amended Complaint because Count I of the Second Amended Complaint is not brought against the Columbia Defendants. To the extent a response is required, the Columbia Defendants deny the allegations in Paragraph 166 as they relate to Columbia.

167. No response is required to the allegations in Paragraph 167 of the Second Amended Complaint because Count I of the Second Amended Complaint is not brought against the Columbia Defendants. To the extent a response is required, the Columbia Defendants deny the allegations in Paragraph 167 and accompanying footnote as they relate to Columbia.

168. No response is required to the allegations in Paragraph 168 of the Second Amended Complaint because Count I of the Second Amended Complaint is not brought against the Columbia

Defendants. To the extent a response is required, the Columbia Defendants deny the allegations in Paragraph 168 as they relate to Columbia.

169. No response is required to the allegations in Paragraph 169 of the Second Amended Complaint because Count I of the Second Amended Complaint is not brought against the Columbia Defendants. To the extent a response is required, the Columbia Defendants deny the allegations in Paragraph 169 as they relate to Columbia.

170. No response is required to the allegations in Paragraph 170 of the Second Amended Complaint because Count I of the Second Amended Complaint is not brought against the Columbia Defendants, and because the allegations in Paragraph 170 of the Second Amended Complaint purport to state conclusions of law to which no response is required.

171. No response is required to the allegations in Paragraph 171 of the Second Amended Complaint because Count I of the Second Amended Complaint is not brought against the Columbia Defendants. To the extent a response is required, the Columbia Defendants deny the allegations in Paragraph 171 as they relate to Columbia.

172. No response is required to the allegations in Paragraph 172 of the Second Amended Complaint because Count I of the Second Amended Complaint is not brought against the Columbia Defendants, and because the allegations in Paragraph 172 of the Second Amended Complaint purport to state conclusions of law to which no response is required.

173. No response is required to the allegations in Paragraph 173 of the Second Amended Complaint because Count I of the Second Amended Complaint is not brought against the Columbia Defendants, and because the allegations in Paragraph 173 of the Second Amended Complaint purport to state conclusions of law to which no response is required.

174. No response is required to the allegations in Paragraph 174 of the Second Amended Complaint because Count I of the Second Amended Complaint is not brought against the Columbia Defendants, and because the allegations in Paragraph 174 of the Second Amended Complaint purport to state conclusions of law to which no response is required.

175. No response is required to the allegations in Paragraph 175 of the Second Amended Complaint because Count II of the Second Amended Complaint is not brought against the Columbia Defendants. To the extent a response is required to Paragraph 175 of the Second Amended Complaint, Columbia Defendants restate the response to each and every allegation above as if fully set forth herein.

176. No response is required to the allegations in Paragraph 176 of the Second Amended Complaint because Count II of the Second Amended Complaint is not brought against the Columbia Defendants. To the extent a response is required, the Columbia Defendants deny the allegations in Paragraph 176 as they relate to Columbia.

177. No response is required to the allegations in Paragraph 177 of the Second Amended Complaint because Count II of the Second Amended Complaint is not brought against the Columbia Defendants. To the extent a response is required, the Columbia Defendants deny the allegations in Paragraph 177 as they relate to Columbia.

178. No response is required to the allegations in Paragraph 178 of the Second Amended Complaint because Count II of the Second Amended Complaint is not brought against the Columbia Defendants. To the extent a response is required, the Columbia Defendants deny the allegations in Paragraph 178 as they relate to Columbia.

179. No response is required to the allegations in Paragraph 179 of the Second Amended Complaint because Count II of the Second Amended Complaint is not brought against the

34

Columbia Defendants. To the extent a response is required, the Columbia Defendants deny the allegations in Paragraph 179 as they relate to Columbia.

180. No response is required to the allegations in Paragraph 180 of the Second Amended Complaint because Count II of the Second Amended Complaint is not brought against the Columbia Defendants. To the extent a response is required, the Columbia Defendants deny the allegations in Paragraph 180 as they relate to Columbia.

181. No response is required to the allegations in Paragraph 181 of the Second Amended Complaint because Count II of the Second Amended Complaint is not brought against the Columbia Defendants, and because the allegations in Paragraph 181 of the Second Amended Complaint purport to state conclusions of law to which no response is required.

182. To the extent a response is required to Paragraph 182 of the Second Amended Complaint, Columbia Defendants restate the response to each and every allegation above as if fully set forth herein.

183. Columbia Defendants neither admit nor deny the allegations in Paragraph 183 of the Second Amended Complaint as the allegations purport to state conclusions of law to which no response is required. To the extent a response is required, Columbia Defendants deny the allegations in Paragraph 183 of the Second Amended Complaint.

184. Columbia Defendants neither admit nor deny the allegations in Paragraph 184 of the Second Amended Complaint as the allegations purport to state conclusions of law to which no response is required. To the extent a response is required, Columbia Defendants deny the allegations in Paragraph 184 of the Second Amended Complaint.

185. Columbia Defendants neither admit nor deny the allegations in Paragraph 185 of the Second Amended Complaint as the allegations purport to state conclusions of law to which no

35

response is required. To the extent a response is required, Columbia Defendants deny the allegations in Paragraph 185 of the Second Amended Complaint.

186. Columbia Defendants neither admit nor deny the allegations in Paragraph 186 of the Second Amended Complaint as the allegations purport to state conclusions of law to which no response is required. To the extent a response is required, Columbia Defendants deny the allegations in Paragraph 186 of the Second Amended Complaint.

187. Columbia Defendants neither admit nor deny the allegations in Paragraph 187 of the Second Amended Complaint as the allegations purport to state conclusions of law to which no response is required. To the extent a response is required, Columbia Defendants deny the allegations in Paragraph 187 of the Second Amended Complaint.

188. Columbia Defendants neither admit nor deny the allegations in Paragraph 188 of the Second Amended Complaint as the allegations purport to state conclusions of law to which no response is required. To the extent a response is required, Columbia Defendants deny the allegations in Paragraph 188 of the Second Amended Complaint.

189. Columbia Defendants deny the allegations in Paragraph 189 of the Second Amended Complaint.

190. Columbia Defendants neither admit nor deny the allegations in Paragraph 190 of the Second Amended Complaint as the allegations purport to state conclusions of law to which no response is required. To the extent a response is required, Columbia Defendants deny the allegations in Paragraph 190 of the Second Amended Complaint.

191. Columbia Defendants neither admit nor deny the allegations in Paragraph 191 of the Second Amended Complaint as the allegations purport to state conclusions of law to which no

response is required. To the extent a response is required, Columbia Defendants deny the allegations in Paragraph 191 of the Second Amended Complaint.

192. Columbia Defendants neither admit nor deny the allegations in Paragraph 192 of the Second Amended Complaint as the allegations purport to state conclusions of law to which no response is required. To the extent a response is required, Columbia Defendants deny the allegations in Paragraph 192 of the Second Amended Complaint.

193. Columbia Defendants neither admit nor deny the allegations in Paragraph 193 of the Second Amended Complaint as the allegations purport to state conclusions of law to which no response is required. To the extent a response is required, Columbia Defendants deny the allegations in Paragraph 193 of the Second Amended Complaint.

194. Columbia Defendants neither admit nor deny the allegations in Paragraph 194 of the Second Amended Complaint as the allegations purport to state conclusions of law to which no response is required. To the extent a response is required, Columbia Defendants deny the allegations in Paragraph 194 of the Second Amended Complaint.

195. Columbia Defendants deny the allegations in Paragraph 195 of the Second Amended Complaint, except admit that the document referenced in the second sentence of Paragraph 195 contains the material quoted in Paragraph 195 of the Second Amended Complaint. Columbia Defendants further state that the referenced document speaks for itself, refer to the document for a true and accurate representation of its contents, and deny any mischaracterization thereof.

196. To the extent a response is required to Paragraph 196 of the Second Amended Complaint, Columbia Defendants restate the response to each and every allegation above as if fully set forth herein.

197. Columbia Defendants neither admit nor deny the allegations in Paragraph 197 of the Second Amended Complaint as the allegations purport to state conclusions of law to which no response is required. To the extent a response is required, Columbia Defendants deny the allegations in Paragraph 197 of the Second Amended Complaint.

198. No response is required to the allegations in Paragraph 198 of the Second Amended Complaint because Count IV of the Second Amended Complaint is not brought against the Columbia Defendants, and because the allegations in Paragraph 198 of the Second Amended Complaint purport to state conclusions of law to which no response is required.

199. No response is required to the allegations in Paragraph 199 of the Second Amended Complaint because Count IV of the Second Amended Complaint is not brought against the Columbia Defendants. To the extent a response is required, the Columbia Defendants deny the allegations in Paragraph 199 as they relate to Columbia.

200. No response is required to the allegations in Paragraph 200 of the Second Amended Complaint because Count IV of the Second Amended Complaint is not brought against the Columbia Defendants, and because the allegations in Paragraph 200 of the Second Amended Complaint purport to state conclusions of law to which no response is required.

201. No response is required to the allegations in Paragraph 201 of the Second Amended Complaint because Count IV of the Second Amended Complaint is not brought against the Columbia Defendants, and because the allegations in Paragraph 201 of the Second Amended Complaint purport to state conclusions of law to which no response is required.

202. No response is required to the allegations in Paragraph 202 of the Second Amended Complaint because Count IV of the Second Amended Complaint is not brought against the

38

Columbia Defendants, and because the allegations in Paragraph 202 of the Second Amended Complaint purport to state conclusions of law to which no response is required.

203. No response is required to the allegations in Paragraph 203 of the Second Amended Complaint because Count IV of the Second Amended Complaint is not brought against the Columbia Defendants, and because the allegations in Paragraph 203 of the Second Amended Complaint purport to state conclusions of law to which no response is required.

204. No response is required to the allegations in Paragraph 204 of the Second Amended Complaint because Count IV of the Second Amended Complaint is not brought against the Columbia Defendants, and because the allegations in Paragraph 204 of the Second Amended Complaint purport to state conclusions of law to which no response is required.

205. No response is required to the allegations in Paragraph 205 of the Second Amended Complaint because Count IV of the Second Amended Complaint is not brought against the Columbia Defendants, and because the allegations in Paragraph 205 of the Second Amended Complaint purport to state conclusions of law to which no response is required.

206. No response is required to the allegations in Paragraph 206 of the Second Amended Complaint because Count IV of the Second Amended Complaint is not brought against the Columbia Defendants, and because the allegations in Paragraph 206 of the Second Amended Complaint purport to state conclusions of law to which no response is required.

207. No response is required to the allegations in Paragraph 207 of the Second Amended Complaint because Count IV of the Second Amended Complaint is not brought against the Columbia Defendants. To the extent a response is required, the Columbia Defendants deny the allegations in Paragraph 207 as they relate to Columbia.

208. No response is required to the allegations in Paragraph 208 of the Second Amended Complaint because in its Order entered March 19, 2026 (ECF 175), the Court dismissed Count V of the Second Amended Complaint.

209. No response is required to the allegations in Paragraph 209 of the Second Amended Complaint because in its Order entered March 19, 2026 (ECF 175), the Court dismissed Count V of the Second Amended Complaint.

210. No response is required to the allegations in Paragraph 210 of the Second Amended Complaint because in its Order entered March 19, 2026 (ECF 175), the Court dismissed Count V of the Second Amended Complaint.

211. No response is required to the allegations in Paragraph 211 of the Second Amended Complaint because in its Order entered March 19, 2026 (ECF 175), the Court dismissed Count V of the Second Amended Complaint.

212. No response is required to the allegations in Paragraph 212 of the Second Amended Complaint because in its Order entered March 19, 2026 (ECF 175), the Court dismissed Count V of the Second Amended Complaint.

213. No response is required to the allegations in Paragraph 213 of the Second Amended Complaint because in its Order entered March 19, 2026 (ECF 175), the Court dismissed Count V of the Second Amended Complaint.

214. No response is required to the allegations in Paragraph 214 of the Second Amended Complaint because in its Order entered March 19, 2026 (ECF 175), the Court dismissed Count V of the Second Amended Complaint.

215. No response is required to the allegations in Paragraph 215 of the Second Amended Complaint because in its Order entered March 19, 2026 (ECF 175), the Court dismissed Count V of the Second Amended Complaint.

216. No response is required to the allegations in Paragraph 216 of the Second Amended Complaint because in its Order entered March 19, 2026 (ECF 175), the Court dismissed Count V of the Second Amended Complaint.

217. No response is required to the allegations in Paragraph 217 of the Second Amended Complaint because in its Order entered March 19, 2026 (ECF 175), the Court dismissed Count V of the Second Amended Complaint.

218. No response is required to the allegations in Paragraph 218 of the Second Amended Complaint because in its Order entered March 19, 2026 (ECF 175), the Court dismissed Count V of the Second Amended Complaint.

219. No response is required to the allegations in Paragraph 219 of the Second Amended Complaint because in its Order entered March 19, 2026 (ECF 175), the Court dismissed Count V of the Second Amended Complaint.

## PRAYER FOR RELIEF

Columbia Defendants admit that Plaintiffs seek the relief stated in the Prayer for Relief, but deny that Plaintiffs are entitled to any such relief.

## AFFIRMATIVE DEFENSES

Columbia Defendants raise the following affirmative defenses, without assuming the burden of proof for any issues to which applicable law places the burden on Plaintiffs. Nothing stated herein is intended to be construed as an acknowledgement that any particular issues or subject matter is relevant to Plaintiffs' allegations. All defenses are pleaded in the alternative, and none constitutes an admission of liability or that Plaintiffs are entitled to relief on their claims.

41

## FIRST DEFENSE

The Second Amended Complaint fails to state a claim upon which relief may be granted.

## SECOND DEFENSE

Plaintiffs' claims are barred because they lack standing.

## RESERVATION OF RIGHTS

Columbia Defendants expressly reserve the right to amend and/or supplement this Answer and Affirmative Defenses. Columbia Defendants assert all defenses (affirmative or otherwise) that may be revealed during the course of discovery or other investigation.

Dated: New York, New York
         April 23, 2026

Respectfully submitted,

Marshall L. Miller (Lead Counsel)
Gabrielle E. Tenzer
Zachary J. Piaker
HECKER FINK LLP
350 Fifth Avenue, 63rd Floor
New York, New York 10118
(212) 763-0883
mmiller@heckerfink.com
gtenzer@heckerfink.com
zpiaker@heckerfink.com

Trisha B. Anderson
HECKER FINK LLP
1050 K Street NW, Suite 1040
Washington, DC 20001
(212) 763-0883
tanderson@heckerfink.com

*Attorneys for Defendants Trustees of Columbia University in the City of New York and Acting President Claire Shipman*

42