# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF NEW YORK

MAHMOUD KHALIL, et al
*Plaintiffs.*

v.

THE TRUSTEES OF COLUMBIA
UNIVERSITY, et al

*Defendants.*

Civil Case No. 1:25-cv-02079-AS

Hon. Judge Arun Subramanian

### MEMORANDUM OF LAW IN MOTION FOR LEAVE TO FILE A THIRD AMENDED COMPLAINT

Plaintiffs, by and through undersigned counsel, move the Court for leave to file a Third Amended Complaint, a copy of which is attached to this filing, to add plaintiff Pauline Poe to the present case.[1] Ex. A. In support of this motion, Plaintiffs aver the following:

### BACKGROUND

Plaintiffs filed the complaint that gave rise to this action on March 13, 2025, alleging various violations of the rights of 8 plaintiffs by the Agency Defendants and Columbia University. *See* Dkt. 1. On April 18, 2025, Plaintiffs amended their complaint under Rule 15(a) to include additional issues raised by the Court. *See* Dkt. 62. On March 19, 2026, this Court issued its order on Defendants' Motion to Dismiss, identifying which plaintiffs had

---

[1] This Court granted Plaintiffs' motion to proceed pseudonymously and under seal. *See* March 18, 2025, Order (ECF #12). This Amended Complaint hereby incorporates that order to the additional plaintiff.

standing with respect to each claim. *See* Dkt. 175. The Court found that the two plaintiffs who were still students at Columbia had standing to challenge the Agency defendants and Columbia's actions regarding the March 13th letter. Dkt. 175. Separately, four plaintiffs had standing to challenge Columbia's actions regarding the February 13th letter. *Id.*

In April of 2026, counsel became aware of Ms. Poe's situation and began evaluating her possible involvement in the case. Counsel spoke with Ms. Poe for the first time in May of 2026 and determined that her circumstances fit squarely within the present case.

Plaintiff's circumstances are identical to those of the existing plaintiffs. She is a Columbia student with a history of engaging in public pro-Palestine speech on campus. She fears that she will be subject to discipline by Columbia for engaging in speech that falls within the university's adopted policy on antisemitism. She has been forced to censor her speech on Palestine and involvement in pro-Palestine events out of fear of discipline by Columbia.

On May 20, 2026, Plaintiff's counsel sent an email to Defendants' counsel to notify them of Plaintiff's intent to file a motion for leave to file a third amended complaint and seek Defendants' position on the motion. The parties hosted a meet and confer on May 28, 2026, where Columbia defendants expressed wanting to know the identity of the proposed plaintiff. On May 29, 2026, Columbia provided its position via email:

> "The Columbia Defendants are evaluating their position concerning Plaintiffs' proposed addition of Pauline Poe, pending receipt of additional information from Plaintiffs concerning the proposed amendment."

The Agency Defendants followed via email stating that "the Government takes the same position as Columbia." Plaintiff's counsel agreed to follow up with the plaintiff's identity on the condition that her identity be protected pursuant to the May 14th protective order.

## ARGUMENT

Rule 15(a) requires that amendments "shall be freely given when justice so requires." Fed. R. Civ. P. 15(a). The Court should not deny leave to amend absent good cause. *Stiller v. Colangelo*, 221 F.R.D. 316, 317 (D. Conn. 2004) (citing *Foman v. Davis*, 371 U.S. 178, 182, 83 S.Ct. 227, 9 L.Ed.2d 222 (1962)). Determining whether good cause exists involves an analysis of the factors articulated in *Foman*: undue delay, bad faith, futility of amendment or undue prejudice to the opposing party. *Lee v. HDR Glob. Trading Ltd.*, 347 F.R.D. 633, 638 (S.D.N.Y. 2024) (citing *Foman,* 371 U.S. at 182). Plaintiffs' proposed third amended complaint is not futile nor prejudicial. It is offered in good faith and does not cause undue delay. Accordingly, leave to amend should be granted.

First, amending the complaint to add Pauline Poe to the case does not cause undue delay because it will have no impact on the timeline of proceedings. Though "[d]elay alone is ordinarily an insufficient basis for denying leave to amend," *O'Rourke v. Pitney Bowes, Inc.*, No. 95 CIV 10288 (DLC), 1996 WL 539848, at *1 (S.D.N.Y. Sept. 23, 1996), the amendment will not cause any. The Amended Complaint is being submitted in advance of this Court's May 30th deadline for joinder of parties. And the amendment does not alter the parameters of the case or issues in any way. Pauline Poe brings the exact same claims already present in the case. The Amended Complaint, if accepted, will not affect any deadlines currently set by this Court, including the approaching discovery deadlines.

Additionally, mere weeks passed between when Plaintiffs became aware of the facts giving rise to this motion and when they notified Defendants of their intent to file the present motion. Plaintiffs subsequently raised the issue promptly with the Court and timely provided

3

Defendants with the proposed redlined Amended Complaint so they could provide their position and prepare for its use in dispositive motions.

Second, the present motion is offered in good faith. It is only being filed to include an additional Plaintiff whose relevance to the present complaint was unknown to Plaintiffs until recently. Rather than litigate Pauline Poe's claims in a separate case, allowing her to do so in this case will serve both the Court's and the parties' interests in an efficient adjudication.

Third, the present motion is not futile. "[I]t is well-established in the Second Circuit that '[the] burden of proving futility rests on the party opposing the amendment.'" *Toth v. New York City Dep't of Educ.*, 718 F. Supp. 3d 224, 240 (E.D.N.Y. 2024), report and recommendation adopted as modified, No. 21-CV-4245 (AMD) (JAM), 2024 WL 3565219 (E.D.N.Y. July 26, 2024), appeal withdrawn, No. 24-2171, 2024 WL 4815463 (2d Cir. Oct. 18, 2024) (collecting cases that state the same proposition). Here, the addition of a plaintiff is not futile and supports the existing claims because, as an existing Columbia student who has a history of attending pro-Palestine demonstrations, Ms. Poe has standing to challenge Defendants' actions regarding both the February 13th and March 13th letters. Moreover, the addition of Ms. Poe also preserves standing on this matter until her anticipated graduation date of 2029[2], ensuring that this Court's decisions are not disturbed during the pendency of proceedings. Plaintiffs' Proposed Third Amendment Complaint is thus not futile. *See Panther Partners Inc.*, 347 F. App'x at 622.

---

[2] In its Memorandum Opinion, this Court invited Plaintiff Sam Soe to "address whether and how [Sam Soe's suspension and thus delayed graduation] (and any other facts) affect Soe's standing." Dkt. 175 at 8 n.5. Facts that affect Sam Soe's (and every other Plaintiffs') standing include Columbia's ability to discipline her (and the other plaintiffs) even after graduation. If Plaintiffs' already-issued discovery reveals that Columbia University's Office of Institutional Equity is in fact investigating and disciplining active alumni, as their policy manual provides, Plaintiffs may seek a further amendment to plead that fact. *See* Office of Institutional Equity, *Anti-Discrimination and Discriminatory Harassment Policies & Procedures for Faculty & Staff,* at 6, 7 n.4, available here.

Finally, the present motion does not prejudice Defendants. Plaintiffs do not seek to raise additional claims in the amended complaint. They seek only to include an additional plaintiff and the relevant facts that support her claims, which are identical to those still pending before the Court. And because there are still more than three months of discovery remaining, Defendants have time to seek in discovery whatever they believe is appropriate.

The Third Amended Complaint makes minimal yet vital amendments to the present case. It does not cause undue delay, and it is offered in good faith, not futile, and not prejudicial. Leave to amend should thus be granted, and Pauline Poe's claims should be adjudicated in this case rather than in a separate standalone action. *See* Fed. R. Civ. P. 15(a); *Foman*, 371 U.S. at 182; *Stiller*, 221 F.R.D. at 317.

## CONCLUSION

Because courts should freely grant amendments in the interest of justice and because Plaintiff's joinder is proper under the circumstances, this Court should grant Plaintiff's motion for leave to file a third amended complaint.

 Dated: May 30, 2026                                          Respectfully Submitted,

                                                                          /s/  Amy E. Greer
                                                                          Amy E. Greer  (NY 5910179)
                                                                          **Dratel & Lewis**
                                                                          29 Broadway, Suite 1412
                                                                          New York, NY 10006
                                                                          (212) 732-8805
                                                                          agreer@dratellewis.com

                                                                          **CAIR NATIONAL
                                                                          LEGAL DEFENSE FUND**
                                                                          /s/Lena Masri
                                                                          Lena Masri
                                                                          Gadeir Abbas (VA 81161)*
                                                                          453 New Jersey Ave SE

Washington, DC 20003
(202) 742-6420

*Attorneys for Plaintiffs*