Exhibit A - Agency Defendants' Responses and Objections to Plaintiffs' March 26th RFPD's

JAY CLAYTON
United States Attorney
Southern District of New York
Attorney for Executive Branch Defendants
By:    ALLISON M. ROVNER
Assistant United States Attorney
86 Chambers Street, Third Floor
New York, New York 10007
Telephone: (212) 637-2691
E-mail:  allison.rovner@usdoj.gov

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| MAHMOUD KHALIL, *et al.*, <br><br> *Plaintiffs,* <br><br> v. <br><br> TRUSTEES OF COLUMBIA UNIVERSITY IN THE CITY OF NEW YORK, *et al.*, <br><br> *Defendants.* | No. 25 Civ. 2079 (AS) |

**THE EXECUTIVE BRANCH DEFENDANTS' RESPONSES AND OBJECTIONS TO**
**PLAINTIFFS' FIRST REQUESTS FOR PRODUCTION OF DOCUMENTS**

Pursuant to Rules 26 and 34 of the Federal Rules of Civil Procedure and Rule 26.3 of the

Local Rules of the United States District Court for the Southern District of New York (the "Local

Civil Rules"), Defendants Todd Blanche, in his official capacity as Acting Attorney General, Linda

McMahon, in her official capacity as the Secretary of the Department of Education ("ED"), Leo

Terrell, in his official capacity as the head of the Department of Justice ("DOJ") Taskforce to

Combat Anti-Semitism, Mike Stuart, in his official capacity as General Counsel of the United

States Department of Health and Human Services ("HHS"), and Josh Gruenbaum, in his official

capacity as the Federal Acquisition Service Commissioner of the General Services Administration

("GSA," and collectively, the "Executive Branch Defendants" or the "Government"),[1] by their attorney, Jay Clayton, United States Attorney for the Southern District of New York, hereby object and respond to the First Requests to Defendants for the Production of Documents (the "Document Requests"), dated March 26, 2026, of Plaintiffs Kam Koe and Sam Soe (collectively, "Plaintiffs")[2] as follows:

**GENERAL OBJECTIONS**

A.  The Government objects to the Document Requests to the extent they seek to impose obligations greater than, or different from, those imposed by the Federal Rules of Civil Procedure, the Local Civil Rules, and other applicable law, including but not limited to Federal Rules of Civil Procedure 26 and 34 and Local Civil Rules 26.2 and 26.3.

B.  The Government objects to the definition of "You" and "Your" as overbroad and vague insofar as it purports to include any person or entity who "purports to act for, on behalf of, or for the benefit of" the Executive Branch Defendants.

C.  The Government objects to the Document Requests to the extent they call for the disclosure of information protected by the deliberative-process privilege, the attorney-client privilege, the work product doctrine, the law enforcement privilege, the investigative privilege, the common interest doctrine, the presidential communications privilege, or any other privilege or

---

[1] Pursuant to Rule 25 of the Federal Rules of Civil Procedure, Acting Attorney General Todd Blanche is automatically substituted for former Attorney General Pam Bondi, and General Counsel Mike Stuart is automatically substituted for former Acting General Counsel Sean Keveney, as defendants in this matter.

[2] The Court dismissed all claims brought against the Executive Branch Defendants except for the First Amendment claim brought by Plaintiffs Sam Soe and Kam Koe based on Columbia University's adoption of the International Holocaust Remembrance Alliance ("IHRA") definition of Anti-Semitism. *See* ECF No. 175 at 8, 14, 20.

immunity from disclosure. The Government construes the requests so as not to apply to privileged communications by or to litigation counsel for the United States.

D. The Government objects to the Document Requests to the extent they call for information not relevant to a claim or defense in this litigation, are vague or ambiguous, are unduly burdensome or oppressive to answer, and/or are not proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit.

E. The Government objects to the Document Requests to the extent they seek information that is publicly available to, has previously been provided to, is otherwise within the possession, custody or control of, or otherwise equally accessible to, Plaintiffs, their agents, and/or their counsel.

F. The Document Requests are being answered subject to the limitation that investigation and discovery in this case are ongoing. The Government expressly reserves its rights to supplement, clarify, revise, or correct any or all of the responses herein at any time. By making the following responses to the Document Requests, the Government does not waive, and hereby expressly reserves, the right to assert any and all objections as to the admissibility of such responses into evidence at the trial of this action, or in any other proceedings, on any and all ground, including, but not limited to, competency, relevancy, materiality, and privilege. Furthermore, the Government is providing the responses herein without in any manner implying or admitting that any of the Document Requests, or any of the responses thereto, is relevant or material to the subject matter of this action.

3

G. The Government objects to the Document Requests to the extent they seek the disclosure of information subject to the Privacy Act of 1974, 5 U.S.C. § 552a (the "Privacy Act"), unless such production is consistent with an appropriate Court order satisfying the requirements of these statutes and sufficiently protecting confidential information ("Privacy Act and Protective Order"). The Government will not produce documents until the entry of a Privacy Act and Protective Order.

H. The Government objects to the stated time period for all Document Requests of January 1, 2025, to present unless otherwise specified. For each request for which the Government will search for responsive documents, the Government has specified a date range for its search. As reflected in the specific responses and objections, the Government will not search for responsive documents beyond January 20, 2025, through July 23, 2025 (the date of the Resolution Agreement between the Government and The Trustees of Columbia University in the City of New York ("Columbia"), *see* Document Requests at 2 n.1).

## SPECIFIC RESPONSES AND OBJECTIONS TO THE DOCUMENT REQUESTS

**Document Request No. 1:**

DOCUMENTS and COMMUNICATIONS exchanged between YOU and COLUMBIA UNIVERSITY or internal to YOU where you discussed COLUMBIA UNIVERSITY from February 3, 2025 to April 1, 2025. This request includes COMMUNICATIONS regarding ANTISEMITISM, STUDENT DISCIPLINE, UNIVERSITY POLICIES, and the terms of YOUR ongoing financial relationship with COLUMBIA UNIVERSITY.

**Response to Document Request No. 1:**

The Government objects to this request as overbroad and not proportional to the needs of the case to the extent it seeks documents and communications regarding topics beyond the definition of antisemitism used by Columbia, including as it relates to student discipline, university policies, and the Government's financial relationship with Columbia. Additionally, the

4

Government further objects to this request to the extent it implicates documents protected by privileges, including the deliberative-process privilege, the attorney-client privilege, the work product doctrine, the presidential communications privilege, and the law enforcement privilege; the Government further objects to this request as unduly burdensome to the extent it would encompass a large number of potentially privileged documents requiring review for such privileges. The Government further objects to the extent this request calls for information protected by the Privacy Act.

Subject to the foregoing objections, the Government will produce non-privileged documents and communications dating from February 3, 2025 to April 1, 2025, that can be located through a reasonable search by HHS, ED, and GSA, as well as communications with Columbia or Columbia's counsel in that period that can be located through a reasonable search by DOJ, regarding the definition of antisemitism used by Columbia, including as it relates to student discipline, university policies, and the Government's financial relationship with Columbia.

**Document Request No. 2:**

DOCUMENTS and COMMUNICATIONS exchanged between YOU and COLUMBIA UNIVERSITY or internal to YOU where you discussed COLUMBIA UNIVERSITY from June 4, 2025 to July 23, 2025. This request includes COMMUNICATIONS regarding ANTISEMITISM, STUDENT DISCIPLINE, UNIVERSITY POLICIES, and the terms of YOUR ongoing financial relationship with COLUMBIA UNIVERSITY.

**Response to Document Request No. 2:**

The Government objects to this request as overbroad and not proportional to the needs of the case to the extent it seeks documents and communications regarding topics beyond the definition of antisemitism used by Columbia, including as it relates to student discipline, university policies, and the Government's financial relationship with Columbia. Additionally, the Government objects to this request to the extent it implicates documents protected by privileges,

including the deliberative-process privilege, the attorney-client privilege, the work product doctrine, the presidential communications privilege, and the law enforcement privilege; the Government further objects to this request as unduly burdensome to the extent it would encompass a large number of potentially privileged documents requiring review for such privileges. The Government further objects to the extent this request calls for information protected by the Privacy Act.

Subject to the foregoing objections, the Government will produce non-privileged documents and communications dating from June 4, 2025 to July 23, 2025, that can be located through a reasonable search by HHS, ED, and GSA, as well as communications with Columbia or Columbia's counsel in that period that can be located through a reasonable search by DOJ, regarding the definition of antisemitism used by Columbia, including as it relates to student discipline, university policies, and the Government's financial relationship with Columbia.

**Document Request No. 3:**

DOCUMENTS and COMMUNICATIONS that RELATE TO the International Holocaust Remembrance Alliance ("IHRA") definition of ANTISEMITISM from February 3, 2025 to July 23, 2025. This request includes DOCUMENTS and COMMUNICATIONS both between and among YOU and between YOU and COLUMBIA UNIVERSITY.[3]

**Response to Document Request No. 3:**

The Government objects to this request as overbroad and not proportional to the needs of the case to the extent it seeks documents and communications not related to Columbia University. Additionally, the Government objects to this request to the extent it implicates documents protected by privileges, including the deliberative-process privilege, the attorney-client privilege,

---

[3] *Working definition of antisemitism*, International Holocaust Remembrance Alliance (last updated Sep. 6, 2025), available at https://holocaustremembrance.com/resources/working-definition-antisemitism.

the work product doctrine, the presidential communications privilege, and the law enforcement privilege; the Government further objects to this request as unduly burdensome to the extent it would encompass a large number of potentially privileged documents requiring review for such privileges. The Government further objects to the extent this request calls for information protected by the Privacy Act.

Subject to the foregoing objections, the Government will produce non-privileged documents and communications dating from February 3, 2025, to July 23, 2025, that can be located through a reasonable search by HHS, ED, and GSA, as well as communications with Columbia or Columbia's counsel in that period that can be located through a reasonable search by DOJ, regarding Columbia's use of the IHRA definition of antisemitism, including any incorporation of the definition into Columbia's policies.

**Document Request No. 4:**

DOCUMENTS and COMMUNICATIONS that RELATE TO the investigation that YOU opened into COLUMBIA UNIVERSITY on February 3, 2025.[4] This request includes but is not limited to emails, memoranda, internal reports, meeting notes, complaint intake records, and correspondence with COLUMBIA UNIVERSITY, including all drafts and final versions of any DOCUMENTS referenced in this request. The request shall be limited from February 3, 2025 to March 13, 2025.

**Response to Document Request No. 4:**

The Government objects to this request as overbroad and not proportional to the needs of the case to the extent it seeks documents and communications that relate to a federal civil rights investigation that is not the subject of this action. Additionally, the Government objects to this request to the extent it implicates documents protected by privileges, including the deliberative-process privilege, the attorney-client privilege, the work product doctrine, the presidential

---

[4] *U.S. Department of Education Probes Cases of Antisemitism at Five Universities*, U.S. Dep't of Educ. (Feb. 3, 2025), available at https://www.ed.gov/about/news/press-release/us-department-of-education-probes-cases-of-antisemitism-five-universities.

communications privilege, and the law enforcement privilege; the Government further objects to this request as unduly burdensome to the extent it would encompass a large number of potentially privileged documents requiring review for such privileges. The Government further objects to the extent this request calls for information protected by the Privacy Act.

Subject to the foregoing objections, the Government will produce communications dating from February 3, 2025 to March 13, 2025, between the Government and Columbia that can be located through a reasonable search by HHS, ED, GSA, and DOJ pertaining to the definition of antisemitism used by Columbia, including any communications arising in the context of a U.S. Department of Education civil rights investigation.

**Document Request No. 5:**

DOCUMENTS and COMMUNICATIONS SUFFICIENT TO SHOW the reasons that COLUMBIA UNIVERSITY was chosen as a subject of YOUR investigation described in Request No. 4.

**Response to Document Request No. 5:**

The Government objects to this request as overbroad, as it seeks documents and communications that are not relevant to any claim or defense in this action, which relates to alleged Government coercion through funding termination. *See, e.g.*, Second Amended Complaint ¶¶ 176-181. Further, the Government objects to this request because it seeks documents protected by privileges, including the deliberative-process privilege, the attorney-client privilege, the work product doctrine, the presidential communications privilege, and the law enforcement privilege. The Government further objects to the extent this request calls for information protected by the Privacy Act.

On the basis of the foregoing objections, the Government will not conduct a search for documents responsive to this request.

8

**Document Request No. 6:**

DOCUMENTS and COMMUNICATIONS RELATED TO the reasons YOU were "considering Stop Work Orders for $51.4 million in contracts between" YOU and COLUMBIA UNIVERSITY on March 3, 2025.[5] This request includes any evidence YOU relied on when evaluating COLUMBIA'S response to ANTISEMITISM.

   **Response to Document Request No. 6:**

   The Government objects to this request as overbroad and not relevant to the parties' claims or defenses to the extent it seeks documents and communications regarding issues beyond the definition of antisemitism used by Columbia, including as it relates to student discipline, university policies, and the Government's financial relationship with Columbia. *See* ECF No. 175 at 20 (dismissing Plaintiffs' Administrative Procedures Act and Title VI claim relating to the March 2025 suspension and termination of funding). The Government further objects to this request because it is not proportional to the needs of the case, and the burden and expense of the proposed discovery outweighs its likely benefit. Additionally, the Government objects to this request to the extent it implicates documents protected by privileges, including the deliberative-process privilege, the attorney-client privilege, the work product doctrine, the presidential communications privilege, and the law enforcement privilege; the Government further objects to this request as unduly burdensome to the extent it would encompass a large number of potentially privileged documents requiring review for such privileges. The Government further objects to the extent this request calls for information protected by the Privacy Act.

   Subject to the foregoing objections, the Government will produce communications between the Government and Columbia dating from January 20, 2025 through March 3, 2025, that

---

[5] *ED, HHS, and GSA Announce Additional Measures to End Anti-Semitic Harassment on College Campuses*, U.S. Dep't of Educ. (Mar. 3, 2025), available at https://www.ed.gov/about/news/press-release/ed-hhs-and-gsa-announce-additional-measures-end-anti-semitic-harassment-college-campuses.

can be located through a reasonable search by HHS, ED, GSA, and DOJ, regarding whether the definition of antisemitism used in Columbia University policies, including any student discipline related to it, was a factor in the consideration of the issuance of Stop Work Orders on or around March 3, 2025.

**Document Request No. 7:**

DOCUMENTS and COMMUNICATIONS RELATED TO the reasons YOU cancelled "approximately $400 million in federal grants and contracts" to COLUMBIA UNIVERSITY.[6] This request includes DOCUMENTS and COMMUNICATIONS SUFFICIENT TO SHOW that "chaos and anti-Semitic harassment […] continued on and near campus in the days" before March 7, 2025.

**Response to Document Request No. 7:**

The Government objects to this request as overbroad and not relevant to the parties' claims or defenses to the extent it seeks documents and communications regarding issues beyond the definition of antisemitism used by Columbia, including as it relates to student discipline, university policies, and the Government's financial relationship with Columbia. *See* ECF No. 175 at 20 (dismissing Plaintiffs' Administrative Procedures Act and Title VI claim relating to the March 2025 suspension and termination of funding). The Government further objects to this request because it is not proportional to the needs of the case, and the burden and expense of the proposed discovery outweighs its likely benefit. Additionally, the Government objects to this request to the extent it implicates documents protected by privileges, including the deliberative-process privilege, the attorney-client privilege, the work product doctrine, the presidential communications privilege, and the law enforcement privilege; the Government further objects to this request as

---

[6] *DOJ, HHS, ED, and GSA Announce Initial Cancellation of Grants and Contracts to Columbia University Worth $400 Million: Members of the Joint Task Force to Combat Anti-Semitism take swift action to protect Jewish students in response to inaction by Columbia University*, U.S. Dep't Educ., (Mar. 7, 2025), available at https://www.ed.gov/about/news/press-release/doj-hhs-ed-and gsa-announce-initial-cancelation-of-grants-and-contracts-columbia-university-worth-400-million.

unduly burdensome to the extent it would encompass a large number of potentially privileged documents requiring review for such privileges. The Government further objects to the extent this request calls for information protected by the Privacy Act.

Subject to the foregoing objections, the Government will produce communications between the Government and Columbia dating from January 20, 2025 through July 23, 2025, that can be located through a reasonable search by HHS, ED, GSA, and DOJ regarding whether the definition of antisemitism used in Columbia University policies, including any student discipline related to it, was a factor in the termination of grants and contracts to Columbia in March 2025.

**Document Request No. 8:**

DOCUMENTS and COMMUNICATIONS that RELATE TO YOUR request that COLUMBIA UNIVERSITY satisfy a set of "preconditions" regarding COLUMBIA UNIVERSITY's continued financial relationship with YOU. See Agency Letter on March 13, 2025.[7] This request includes any drafts of YOUR March 13 letter and any COMMUNICATIONS regarding those drafts.

**Response to Document Request No. 8:**

The Government objects to this request as overbroad and not relevant to the parties' claims or defenses to the extent it seeks documents and communications relating to any demands in the March 13, 2025, letter other than the request that Columbia "[f]ormalize, adopt, and promulgate a definition of antisemitism," or any other "preconditions" not relating to Columbia's adoption of a definition of antisemitism. The Government further objects to this request because it is not proportional to the needs of the case, and the burden and expense of the proposed discovery outweighs its likely benefit. Additionally, the Government objects to this request to the extent it

---

[7] *Advancing Our Work to Company Discrimination, Harassment, and Antisemitism at Columbia,* Office of the President (March 21, 2025), available at https://president.columbia.edu/sites/default/files/content/03.21.2025%20Columbia%20-%20FINAL.pdf.

implicates documents protected by privileges, including the deliberative-process privilege, the attorney-client privilege, the work product doctrine, the presidential communications privilege, and the law enforcement privilege, particularly to the extent it seeks draft documents and communications regarding those drafts. The Government further objects to this request as vague and ambiguous because, while it references the "Agency Letter on March 13, 2025," it cites a statement by Columbia dated March 21, 2025, which does not reference Government funding conditions. The Government further objects to the extent this request calls for information protected by the Privacy Act.

Subject to the foregoing objections, the Government will produce non-privileged documents and communications dating from January 20, 2025 to July 23, 2025, that can be located through a reasonable search by HHS, ED, and GSA, as well as communications with Columbia or Columbia's counsel in that period that can be located through a reasonable search by DOJ, regarding whether Columbia's adoption of any particular definition of antisemitism was a condition for the University to receive federal funding.

**Document Request No. 9:**

DOCUMENTS and COMMUNICATIONS that RELATE TO demands or requests made by YOU for STUDENT DISCIPLINE at COLUMBIA UNIVERSITY.

**Response to Document Request No. 9:**

The Government objects to this request as overbroad and not relevant to the parties' claims or defenses, as it encompasses demands or requests for student discipline for any reason. The Government further objects to the extent this request calls for information protected by the Privacy Act.

Subject to the foregoing objections, the Government will produce non-privileged documents and communications dating from January 20, 2025, to July 23, 2025, that can be located

12

through a reasonable search by HHS, ED, and GSA, as well as communications with Columbia or Columbia's counsel in that period that can be located through a reasonable search by DOJ, regarding Columbia's adoption of a definition of antisemitism, including any incorporation of the definition into Columbia's student disciplinary policies.

**Document Request No. 10:**

DOCUMENTS and COMMUNICATIONS exchanged between YOU and COLUMBIA UNIVERSITY that RELATE TO the RESOLUTION AGREEMENT. This request includes all prior drafts of the RESOLUTION AGREEMENT and all DOCUMENTS and COMMUNICATIONS exchanged pursuant to the RESOLUTION AGREEMENT.

**Response to Document Request No. 10:**

The Government objects to this request as overbroad and not proportional to the needs of the case, as the Resolution Agreement does not require Columbia to adopt or maintain any definition of antisemitism, let alone the IHRA definition. *See* https://president.columbia.edu/sites/president.columbia.edu/files/content/July%202025%20Anno uncement/Columbia%20University%20Resolution%20Agreement.pdf. The Government further objects to the extent this request calls for information protected by the Privacy Act.

Subject to the foregoing objections, the Government will produce all communications between the Government and Columbia University dating from January 20, 2026, through July 23, 2026, that can be located through a reasonable search by HHS, ED, GSA, and DOJ regarding Columbia's adoption and use of a definition of antisemitism, including any such communications relating to the Resolution Agreement.

Dated: New York, New York
       April 27, 2026

                              JAY CLAYTON
                              United States Attorney for the
                              Southern District of New York

                    By:    /s/ Allison M. Rovner
                           ALLISON M. ROVNER
                           Assistant United States Attorney
                           86 Chambers Street, 3rd Floor
                           New York, New York 10007
                           Tel.: (212) 637-2691
                           E-mail: allison.rovner@usdoj.gov

14