Exhibit B - Meet and Confer Correspondence

**MAIN STREET
LEGAL SERVICES**

May 4, 2026

**Via Email to:** Allison.Rovner@usdoj.gov
Allison M. Rovner
Assistant United States Attorney
Southern District of New York
86 Chambers Street | 3rd Floor
New York, New York 10007

Re:     *Khalil v. Columbia University*, **25-cv-02079; Agency Defendants' Deficient Responses
to Plaintiffs' First Requests for Production.**

Counsel:

We write regarding Agency Defendants' objections and responses ("Responses") to Plaintiffs' First Requests for Production of Documents ("Requests") on April 27, 2026. Agency Defendants have failed to produce any documents in response to Plaintiffs' First Requests for Production by the deadline of April 27, 2026—or to indicate a date certain when documents will be produced. Additionally, by limiting your search to documents "regarding the definition of antisemitism" as you have proposed in our meetings and in your April 30th email, Defendants have refused to produce many documents relevant to government coercion—or to conduct an appropriate test search for ESI pertinent to Plaintiffs' requests.

For each of the Requests described below, please confirm that Defendants will produce all responsive information within the full scope of each request that are within Defendants' possession, custody, or control—and confirm the date for those productions. We request a response in writing to this letter on or before **May 6, 2026** and one final meeting then to try to bridge the gap before we approach the Court to ensure that the discovery process proceeds appropriately.

I.     **Plaintiffs' Repeatedly Met and Conferred with Defendants to Proactively Address These Deficiencies.**

Defendants' failure to produce a single document in discovery—or to conduct any appropriate search by the deadline—is particularly concerning given that Plaintiffs offered to collaborate with Defendants regarding the search process immediately after serving these requests and repeatedly thereafter. On March 26, 2026, Plaintiffs proposed a custodian and search term process during the parties' meet and confer to assist Defendants in their search process. Defendants would not commit to that process. On April 1, 2026, Plaintiffs again proposed that the parties agree to a custodian list and ESI search protocol for their Requests. On April 6, 2026, Plaintiffs provided an initial custodian list of ~40 custodians and proposed ESI search terms for their Requests. On April 16, 2026, Defendants responded indicating that they would agree to search solely 8 custodian accounts—*not* to include several Defendants in this action. Defendants also indicated that they would only search for documents regarding the IHRA definition of anti-Semitism.

On April 17, 2026, Plaintiffs met and conferred with Defendants. At that meet and confer, Defendants made clear that they: (1) did not intend to search for or produce any documents by the deadline; (2) Defendants were categorically opposed to the appropriate scope of discovery regarding government intent or government coercion, and would not search for any documents beyond the IHRA definition of anti-Semitism; (3) Defendants were therefore categorically opposed to the custodians and ESI searches Plaintiffs had proposed. On April 20, 2026, Plaintiffs responded in writing noting these likely impasses with Defendants and providing case law to support their timeliness, scope of discovery, and ESI process concerns. Plaintiffs requested Defendants to provide any case law that would justify Defendants' refusals. On April 23, 2026, Defendants responded purporting that no further discussion should take place until Defendants' production deadline had passed. On April 27, 2026, Defendants served their responses—which contained the same deficiencies Plaintiffs had already identified and sought to address.

## II.    GENERAL DEFICIENCIES

The following are categorical deficiencies in Defendants' productions that violate the Federal Rules. We address each in turn.

A.  <u>No Documents Have Been Produced; No Concrete Timeline for Production Specified, and No Reasonable Search Conducted.</u>

The Federal Rules required Defendants to either produce documents by the deadline or provide a date certain where documents would be produced. *See* Fed. R. Civ. P. 34(b)(2)(B) ("The production must then be completed *no later than the time for inspection specified in the request* or another *reasonable time* specified in the response.") (emphasis added). Defendants neither produced documents nor specified any concrete timeline for productions.

Nor is it clear that Defendants have conducted any reasonable search for documents—or any search for documents at all—by the 30-day deadline for discovery responses.  A diligent search for responsive records before the deadline is a basic discovery obligation. *Jose Luis Pelaez, Inc. v. Scholastic Inc.*, No. 16-CV-2791, 2017 WL 4776993, at *4 (S.D.N.Y. Oct. 19, 2017) ("The responding party must make its responses 'after a reasonable inquiry.'" (quoting Fed. R. Civ. P. 26(g)(1))); *Yong Ki Hong v. KBS Am., Inc.*, No. 05-CV-1177, 2006 WL 3680629, at *4 (E.D.N.Y. Dec. 12, 2006) ("The Court directs the KBS Defendants to undertake a diligent search for responsive documents."); *Milke v. City of Phoenix*, 497 F. Supp. 3d 442, 465 (D. Ariz. 2020), *aff'd*, No. 20-CV-17210, 2022 WL 259937 (9th Cir. Jan. 27, 2022) ("Before providing her initial responses to the requests for production, Milke did not conduct anything close to a reasonable search and review of the necessary documents.").

Failure to timely conduct *any* search for relevant documents within the 30-day window—or to identify a date certain for future disclosures based on those searches—is *per se* unreasonable. *Howard v. City of Rochester*, 758 F. Supp. 3d 109, 115 n.4 (W.D.N.Y. 2024) ("The County's response did not state . . . any time for producing the documents. Nor does it appear that the County made a serious effort at ascertaining whether inspection and related activities will be permitted as requested."); *Fischer v. Forrest*, No. 14-CV-1304, 2017 WL 773694, at *3 (S.D.N.Y. Feb. 28, 2017) ("[T]he responses do not indicate when documents and ESI that defendants are producing will be produced.").

**Required Response:** Defendants must either produce responsive documents immediately, or indicate a date certain when documents will be produced and the search undertaken to date or that will be undertaken. We've proposed that you commit to providing us these documents in May so that we can review and issue interrogatories by June 6th.

B.  <u>Defendants Purport That Various Searches Would Be Burdensome or Not Proportional—Which Are Not Valid Objections in the Absence of Test Searches or Further Explanation</u>.

Defendants' Responses raise objections based on burden or proportionality with respect to almost every Request. In meet and confer, Plaintiffs already made clear that burden cannot be assessed in the absence of test searches or information about *why* a particular search would be burdensome. *See, e.g.*, *Stinson v. City of New York*, No. 10-CV-4228, 2015 WL 4610422, at *4 (S.D.N.Y. July 23, 2015) ("When determining a motion to compel the production of ESI, a district court conducts a two-stage inquiry: first, has the party resisting discovery shown that the information in question is not reasonably accessible because of undue cost"); *Integrated Structures Corp. v. Liberty Mut. Ins. Co.*, No. 21-CV-1744, 2022 WL 16786747, at *2 (E.D.N.Y. Aug. 9, 2022) ("Saying something is voluminous, without describing the volume or the costs of search or production, is not persuasive."); *Robins v. Wal-Mart Real Est. Bus. Tr.*, No. 22-CV-273LJV(F), 2023 WL 3558213 (W.D.N.Y. May 19, 2023) ("It is well-established that an objection based on undue burdensomeness be supported by affidavit of someone with personal knowledge of the underlying facts such as a responding party's filing systems and available manpower to conduct a search of a party's records"); *Vaigasi v. Solow Mgmt. Corp.*, No. 11CIV5088RMBHBP, 2016 WL 616386, at *15 (S.D.N.Y. Feb. 16, 2016) (noting that "it was appropriate to conduct a sample search of defendants' ESI to assess the likelihood that the ESI would contain probative documents") (collecting cases); *see also Mediatek, Inc. v. Freescale Semiconductor, Inc.*, No. 11-CV-5341, 2013 U.S. Dist. LEXIS 122911, at *22 (N.D. Cal. Aug. 28, 2013) ("Freescale's objections to other search terms as too broad are premature. Freescale has not run a test search on a single identified custodian for any of the proposed searches").

During a meet and confer on April 30, 2026, Defendants purported that Plaintiffs' proposed search terms implicated "potentially hundreds of thousands of documents." Plaintiffs have no means to assess that because Defendants have declined to share what search was undertaken, for which custodians, and precisely how many documents were responsive to those test searches. Unless and until that information is shared, Plaintiffs cannot possibly assess the validity of Defendants' objections as to burden.

**Required Response:** For each Request, Defendants must conduct a test search to assess the volume of responsive material and indicate the results of those test searches with specificity as to search terms and custodians, or otherwise indicate why the search process would be particularly burdensome—with specific and articulable facts.

C.  <u>Defendants Have Sought to Limit the Scope of Discovery to Intentionally Exclude Evidence of Government Intent or Government Coercion—Which are Central to this Case</u>.

3

Defendants' Responses to every request indicate they will *only* respond with documents that discuss a definition of anti-Semitism. *See* Responses at 6 (agreement to search "the definition of antisemitism used by Columbia, including as it relates to student discipline, university policies, and the Government's financial relationship with Columbia").

This would mean declining to conduct *any* independent searches for documents that speak to: (1) Agency Defendants' *intent* to suppress speech critical of Israel when seeking to investigate and cancel Columbia University funding; (2) discussions between Agency Defendants and/or Columbia related to anti-Semitism or investigations of anti-Semitism; (3) Agency Defendants' threats with respect to student discipline for specific protests and events criticizing Israel; (4) Agency Defendants' ongoing efforts to change Columbia disciplinary, protest, and speech policies as a condition of further funding; and (5) discussions between and among Agency Defendants and Columbia regarding Columbia's ongoing financial relationship with the federal government and the terms of that relationship.

The Court has already made clear that Plaintiffs are entitled to seek discovery with respect to each of these issue areas necessary to assert an impermissible coercion theory under the First Amendment—which is premised on both coercive *intent* and coercive *impact*. *See* Dkt 175, at 19-20 ("the complaint plausibly alleges coercive threats *aimed at punishing or suppressing disfavored speech*, the plaintiff[s]") (emphasis added); *id.* at 13 ("plaintiffs […are] seeking to prevent the Agency defendants from leveraging their funding to suppress plaintiffs' speech"); *id.* at 19 ("plaintiffs have plausibly alleged that the Agency defendants have threatened coercive action against one party (Columbia) to squelch the protected speech of a third party (plaintiffs)").

This is about far more than the definition of anti-Semitism in a vacuum. Indeed, the Court has already cautioned Agency Defendants against this impermissibly narrow view of the issues in the Complaint. *See* Dkt. 175, at 19 ("most [arguments] fall flat for the simple reason that [they] require[] the Court to accept [the Agency defendants'] limited reading of the complaint"). Defendants must agree to remove the limitation on discovery to just the definition of anti-Semitism—and agree to independently search for communications pertaining to anti-Semitism at Columbia, student discipline, university policy changes, and the financial relationship between Columbia and the Agency Defendants.

**Confirming Impasse:** On April 30, 2026, Defendants confirmed during a meet and confer that the parties were at impasse on this issue. You suggested by email that "we are unsure whether the parties are at an impasse," but having confirmed with you your intention to search for only documents "regarding the definition of antisemitism used by Columbia," we are confirming our view that this issue is at an impasse. Plaintiffs will therefore approach the Court to seek resolution.

D. Defendants Have Refused to Search Federal Agency Custodian Accounts for Potentially Responsive Information.

Plaintiffs provided a list of approximately 40 custodians we believe were key decisionmakers for the Agency Defendants with respect to ongoing financial and regulatory threats against Columbia University. Agency Defendants responded with a willingness to search only 8 custodian

accounts—and are refusing to include 3/5 of the named Agency Defendants as custodian accounts (Defendants Pam Bondi, Linda McMahon, and Leo Terrell).

Plaintiffs have already made clear that they will not accept Defendants' representations about which custodians are likely to have relevant information. An ESI test search must be conducted on the custodian accounts to determine the volume of responsive material, which will then determine which custodians have relevant information. *See, e.g.*, *Vaigasi v. Solow Mgmt. Corp.*, No. 11-CV-5088, 2016 WL 616386, at \*15 (S.D.N.Y. Feb. 16, 2016) (noting that "it was appropriate to conduct a sample search of defendants' ESI to assess the likelihood that the ESI would contain probative documents") (collecting cases); *Cnty. of Cook v. Bank of Am. Corp.*, No. 14-CV-2280, 2019 WL 5393997, at \*6 (N.D. Ill. Oct. 22, 2019) ("[T]he County did not run any test searches across the ESI of any of the disputed custodians . . . . Lacking such information, the Court has no basis to conclude that inclusion of custodians from the Sheriff's Office, Clerk's Office, or Chief Judge's Office is too burdensome or that the burden exceeds the likely benefit of those searches.").

Furthermore, Plaintiffs have proposed less than 50 custodians, a number which the Southern District regularly finds to be appropriate for ESI discovery. *See, e.g.*, *Stinson v. City of New York*, No. 10-CV-4228, 2015 WL 4610422, at \*4 (S.D.N.Y. July 23, 2015) (ordering ESI discovery where "the Plaintiffs' May 26 letter narrows their request to 49 named custodians, along with an unspecified number of supervisors"); *Nat'l Day Laborer Organizing Network v. U.S. Immigration and Customs Enforcement Agency*, 877 F.Supp.2d 87, 112–13 (S.D.N.Y. 2012) (ordering the FBI, DHS, and ICE to search the ESI of 51 specified custodians, as well as an unspecified number of additional custodians meeting certain criteria, regarding ICE's Secure Communities program).

Plaintiffs have already offered to limit their initial list to 30 records custodians for ESI searches from the Agency Defendants—which must necessarily include all named Agency Defendants in this action. Defendants declined this offer.

**Required Response:** Defendants must agree to run agreed-upon ESI search terms across at least 30 of the custodians, including all Defendants, identified by Plaintiffs in their prior correspondence.

E. <u>Assertions of Privilege Are Generic or Invalid, There is No Indication Whether Records Will Be Withheld Based on These Objections, And No Privilege Log Has Been Provided</u>.

Defendants have asserted that a litany of privileges bar disclosure in response to Plaintiffs' Requests—but have provided no explanation for how or why these privileges apply. That is improper under the Federal Rules. *See*, *e.g.*, *LatinoJustice PRLDEF v. U.S. Dep't of Homeland Sec.*, No. 19-CV-3438 (BCM), 2021 WL 1721801 (S.D.N.Y. Apr. 29, 2021) ("defendants employed 'boilerplate' and 'conclusory' language in asserting the applicability of the deliberative process privilege (and, as to one category, the attorney-client privilege), even though courts routinely find such language inadequate in this context […] defendants did not provide information sufficient for the Court to properly evaluate the claim of exemption"); *Avoletta v. Danforth*, No. 3:11CV1126 WWE, 2012 WL 3113151 (D. Conn. July 31, 2012) ("The party asserting a privilege has the burden of establishing its applicability […] the Court has no way to assess what parts of the documents may be protected by attorney-client privilege").

Additionally, Defendants have failed to inform Plaintiffs whether or not they have withheld documents on the basis of any of the privileges asserted in their objections—nor have Defendants provided a privilege log for such information. These are also requirements under the Federal Rules. *See* Fed. R. Civ. P. 34(b)(2)(C) ("an objection must state whether any responsive materials are being withheld on the basis of that objection"); Fed. R. Civ. P. 26(b)(5) ("the party must: (i) expressly make the claim; and (ii) describe the nature of the documents, communications, or tangible things not produced or disclosed—and do so in a manner that, without revealing information itself privileged or protected, will enable the other parties to assess the claim"); *see also Eisenberg v. New England Motor Freight, Inc.*, No. 08CIV01469VMDF, 2008 WL 11403239 (S.D.N.Y. Nov. 7, 2008) ("To the extent any documents are being withheld by Defendants on the grounds of privilege or work product immunity, such documents shall be listed on appropriate privilege logs, which shall be produced to Plaintiff no later than one week from the date of this Order"). As such, Plaintiffs will have no way of knowing what records Defendants intend to produce, what records Defendants intend to withhold, and what records are in dispute.

Finally, Defendants' specific privilege asserted—although not explained—appear to be invalid on their face for the following reasons:

i.    **Presidential Communications Privilege**

The Executive or Presidential Communications Privilege does not shield communications between the President and Agency or Columbia Defendants. The privilege applies only to communication with immediate White House advisors, sensitive national security advisors, and their staff; not to the heads of federal executive agencies. *See Am. Civ. Liberties Union v. Dept. of Justice*, No. 15 Civ. 1954, 2016 WL 889739, at *4 (S.D.N.Y. Mar. 4, 2016); *In re Sealed Case*, 121 F.3d 729, 752 (D.C. Cir. 1997).

ii.    **Deliberative Process Privilege**

Deliberative process privilege cannot be invoked for purely factual material or after the relevant decision has been made. *See In re Sealed Case*, 121 F.3d at 737. Second, the privilege is qualified and is "routinely denied" where discovery may shed light on government misconduct and service the public's interest in honest, effective government. *Id.* at 738. Plaintiffs seek discovery related to willful government "jawboning" of an elite private university to silence protected speech dissenting from the government on issues of national import, satisfying the conditions to waive the privilege in any case.

iii.    **Attorney-Client or Work Product Privileges**

Attorney-client and attorney work product privileges do not shield communications or draft agreements exchanged between Columbia and Agency Defendants. These communications were made between counterparties negotiating at arm's length, not in confidence between attorney and

client. *See Tchrs. Ins. & Annuity Ass'n of Am. v. Shamrock Broad. Co.*, 521 F. Supp. 638, 642–45 (S.D.N.Y. 1981) (finding voluntary production during SEC investigation waived attorney-client privilege); *In re Steinhardt Partners, L.P.*, 9 F.3d 230, 236 (2d Cir. 1993) (the same waived work product privilege). Nor can either of these privileges protect internal attorney communications from disclosure if those attorneys were key decisionmakers with respect to Agency Defendants' or Columbia's responses to student political expression and the circumstances described in the Complaint. *See Cordero v. City of New York*, No. 15CV3436JBWCLP, 2017 WL 6375739 (E.D.N.Y. Dec. 13, 2017) ("the Court does not currently possess sufficient information to assess if attorney-client or attorney work-product would be properly asserted here, particularly since Mr. Reznick does not appear to be an attorney representing the IAB, but rather was a decisionmaker for the IAB").

    iv.       **Purported Privilege under the Privacy Act**

For each discovery request, you have asserted an objection on the basis of the Privacy Act. But the Privacy Act provides no cognizable basis for Defendants' refusal to produce the requested materials. *See Laxalt v. McClatchy,* 809 F.2d 885, 888 (D.C. Cir. 1987) (the Privacy Act "does not create a qualified discovery privilege or any other kind of privilege or bar that requires a party to show actual need as a prerequisite to invoking discovery"). Courts in this District have similarly recognized that the Privacy Act "cannot be used to block the normal course of court proceedings, including court-ordered discovery." *Innocence Project, Inc. v. Nat'l Museum of Health & Med.*, No. 19-CV-1574, 2022 WL 445789, at *3 (S.D.N.Y. Feb. 11, 2022) (quoting *Clavir v. United States*, 84 F.R.D. 612, 614 (S.D.N.Y. 1979)).

The Privacy Act allows for the production of material upon an order of a court of "competent jurisdiction." The proposed protective order fulfills that purpose explicitly. *See* Draft PO at ¶ 24. With the Privacy Act's disclosure conditions fulfilled, the statute provides no basis to withhold any documents**.**

**Required Response:** Defendants must agree to assert any privileges with specificity, explaining what the factual basis is for the assertion of each privilege, and whether any documents have or will be withheld on this basis. Defendants must also provide an appropriate privilege log.

    F.   <u>Defendants Purport That Searching for Any Potentially Privileged Records is Inherently Burdensome—Which is Not a Valid Objection.</u>

Defendants have made the blanket assertion in response to every Request that it would be "unduly burdensome to the extent it would encompass a large number of potentially privileged documents requiring review for such privileges." Responses, *passim*. The mere assertion of a high volume of likely privileged documented without any approximation of volume or estimated cost is not a valid objection. *See, e.g.*, *Hawkins v. Medapproach Holdings, Inc.*, No. 13CV5434 (ALC) (DF), 2014 WL 11350177 (S.D.N.Y. June 27, 2014) ("While the Court does not doubt that, at least

with respect to the files of the subpoenaed law firms and individual attorneys, some responsive documents are likely to be protected by attorney-client privilege […] Movants have failed to provide even a rough approximation of the volume of documents that would need to be reviewed, the proportion that would likely be withheld as privileged, an estimate of the associated costs, or any particular burdens associated with creating a privilege log and producing non-privileged documents").

**Required Response:** Defendants must assert with greater specificity the volume of material likely to be privileged, how Defendants made that determination, and what Defendant assert the costs would be of review.

### G. Defendants Have Refused to Search for DOJ Records Even Where Demonstrably Relevant.

For most Requests, Defendants have determined not to search any custodians from the DOJ for internal communications related to government coercion or the decision-making of Agency Defendants. *See* Response to Request Nos. 1-3, 8, 9 (acknowledging a search for DOJ records limited only to "communications with Columbia or Columbia's counsel in that period that can be located through a reasonable search by DOJ"). This ignores the fact that a named defendant in this action is the Attorney General, and that Agency Defendants' Anti-Semitism Taskforce—whose conduct remains central to the claims in this case—is led by DOJ.[1]

**Required Response:** Defendants must agree to conduct a reasonable search for internal records in the custody of DOJ that are responsive to each of Plaintiffs' Requests—and amend their discovery responses confirming their commitment to do so.

## III.    DEFICIENT RESPONSES TO SPECIFIC REQUESTS

Request No. 1, 2: Defendants do not dispute that these requests for "COMMUNICATIONS regarding ANTISEMITISM, STUDENT DISCIPLINE, UNIVERSITY POLICIES, and the terms of YOUR ongoing financial relationship with COLUMBIA UNIVERSITY" are relevant to Plaintiffs' claims. Nor can Defendants seriously dispute otherwise—as these requests seek to uncover the government's coercive intent and coercive impact—which are central to Plaintiffs' *Vullo* claims. *See supra* Section II(C).

Instead, Defendants purport merely that these searches are "overbroad and not proportional to the needs of the case." Responses, at 5. That boilerplate objection is indefensible when Defendants have provided no information on the search undertaken to date, the volume of responses, and why the request would be burdensome under those circumstances. *See* supra Section II(B); *see also Integrated Structures Corp. v. Liberty Mut. Ins. Co.*, No. 21-CV-1744, 2022 WL 16786747, at *2 (E.D.N.Y. Aug. 9, 2022) ("Saying something is voluminous, without describing the volume or the costs of search or production, is not persuasive."); *Vaigasi v. Solow Mgmt. Corp.*, No. 11CIV5088RMBHBP, 2016 WL 616386, at *15 (S.D.N.Y. Feb. 16, 2016) (noting in response to a burden objection that "it was appropriate to conduct a sample search of

---

[1] *Justice Department Announces Formation of Task Force to Combat Anti-Semitism* (Feb. 3, 2025), https://www.justice.gov/opa/pr/justice-department-announces-formation-task-force-combat-anti-semitism.

8

defendants' ESI to assess the likelihood that the ESI would contain probative documents") (collecting cases).

Request No. 3: Defendants do not dispute that their internal impressions, comments, and discussions regarding the International Holocaust Remembrance Alliance ("IHRA") definition are relevant to Plaintiffs' claims. These communications speak directly to coercive intent. *See* Dkt 175, at 19-20 ("the complaint plausibly alleges coercive threats *aimed at punishing or suppressing disfavored speech*, the plaintiff[s]") (emphasis added).

Instead, Defendants purport—without any explanation or an attempt to search—that producing internal communications regarding the IHRA definition would be burdensome. That is improper. *See supra* Section II(B). Plaintiffs expect that Defendants will search for and produce any responsive documents including documents that do not mention Columbia University.

Request No. 4: Defendants also do not dispute the relevance of this request. Nor can they. Defendants' intent when threatening Columbia with a Title VI investigation and the cancellation of government funds is central to Plaintiffs' claims—as Defendants themselves acknowledge. Responses, at 8 (conceding that Plaintiffs' claims "relate[] to alleged Government coercion through funding termination"). Instead, Defendants make the same unsupported burden claim of burden. *See supra* Section II(B). Plaintiffs expect that Defendants will search for and produce any responsive documents including documents relating to the Title VI investigation into Columbia University—regardless of whether or not those documents reference a particular definition of anti-Semitism. *See supra* Section II(C).

Request Nos. 5-7: Defendants purport that these requests pertaining to the reasons Defendants opened an investigation into Columbia and froze Columbia's grant funding are somehow "not relevant to the parties' claims or defenses to the extent it seeks documents and communications regarding issues beyond the definition of antisemitism used by Columbia." Responses, at 9. That is false. Defendants themselves acknowledge this is a case about "alleged Government coercion through funding termination." Responses, at 8. These are the precise vehicles through which Defendants engaged in that coercion—which Plaintiffs have a right to demonstrate. *See* Dkt 175, at 19-20 ("the complaint plausibly alleges coercive threats *aimed at punishing or suppressing disfavored speech*, the plaintiff[s]") (emphasis added).

On April 30, 20206, Defendants purported that—if the definition of anti-Semitism was not directly discussed—then the evidence would be irrelevant to coercion. Not so. For example, internal communications from Defendants may reveal that they cancelled Columbia's funding specifically to suppress student protest critical of Israel. Discovery as to the definition of anti-Semitism alone would not reveal this coercive intent, nor would it address any threats of financial coercion occurring in the backdrop of Columbia's about-face changes to its speech restrictions on campus. *See supra* Section II(C).

Request No. 8: Defendants note that Plaintiffs' request included a footnote that referenced the wrong letter. For the avoidance of doubt, Plaintiffs clarify that the "Agency Letter on March 13, 2025" is the letter sent by Josh Gruenbaum, Sean R. Keveney, and Thomas E. Wheeler to Dr.

Katrina Armstrong, David Greenwald, and Claire Shipman on March 13th, 2025.[2] Defendants' response that the Request itself is not relevant because it falls outside of the scope of the definition of antisemitism ignores the fact that Defendants' internal and external discussions of any "preconditions" issued in the letter bear on the coercive interactions between the Agency Defendants and Columbia University. *See supra* Section II(C).

Request No. 9:  In response to Defendants' concerns about the scope of this Request, Plaintiffs will agree to limit the request as follows:

DOCUMENTS and COMMUNICATIONS that RELATE TO demands or requests made by YOU for STUDENT DISCIPLINE **based on ANTISEMITISM, EXPRESSIVE ACTIVITY, or PROTEST** at COLUMBIA UNIVERSITY.

Plaintiffs expect that Defendants will search for and produce any responsive documents to this request as amended herein. Plaintiffs will also agree to Defendants' front-end limitation regarding the timeframe for this request to January 20, 2025. However, Plaintiffs will expect documents to be produced from January 20, 2025 to present—as any ongoing pressure to discipline Columbia students for their political activism remains relevant to Plaintiffs' claims.

Request No. 10: Defendants do not contest the relevant of this request. Nor can they. Prior drafts of the Resolution Agreement bear on the intent to suppress protected speech which is central to the viewpoint discrimination analysis in this case—as do communications leading up to the Resolution Agreement regarding the handling of criticism of Israel or student discipline more broadly. Nor do Defendants provide any justification for why this search would be burdensome to conduct. *See supra* Section II(B).

Plaintiffs do not accept Defendants' attempts to limit the timeframe for this Request. Government actors are actively declaring that Columbia University is in violation of the Resolution Agreement for not continuing to target student protesters for their political activism.[3] This Request must therefore remain from January 20, 2025 to present. Plaintiffs expect that Defendants will search for and produce any responsive documents with the modifications described herein.

*      *      *

---

[2] Letter from Josh Gruenbaum, Sean R. Keveney, & Thomas E. Wheeler, to Dr, Katrina Armstrong, David Greenwald, & Claire Shipman, (Mar. 13, 2025), https://static01.nyt.com/newsgraphics/documenttools/6d3c124d8e20212d/85dec154-full.pdf.

[3] *Chairman Guthrie Writes to Columbia University Amid Concerns Over How the University is Combatting Antisemitism* (Mar. 26, 2026), https://republicans-energycommerce.house.gov/posts/chairman-guthrie-writes-tocolumbia-university-amid-concerns-over-how-the-university-is-combatting-antisemitism.

We request a written response to this letter by no later than **May 6, 2026** and a meet and confer to discuss these issues on that day. Plaintiffs continue to reserve all rights, including the right to seek relief via a letter motion to compel if Defendants either delay or refuse to correct these deficiencies.

Respectfully submitted,

**MAIN STREET LEGAL SERVICES**
Zal K. Shroff (#5560669)
Main Street Legal Services Inc.
2 Court Square West
Long Island City, NY 11101
Zal.Shroff@law.cuny.edu
T: (718) 340-4200
F: (718) 340-4478

Jacob Acuña
Natasha Bunten
Ivy Girdwood
Trevor Godbolt
*Law Student Interns*

**Dratel & Lewis**
Amy E. Greer (NY 5910179) (lead counsel)
29 Broadway, Suite 1412
New York, NY 10006
(212) 732-8805
agreer@dratellewis.com

**CAIR NATIONAL LEGAL DEFENSE FUND**
Lena Masri
Gadeir Abbas (VA 81161)
453 New Jersey Ave SE
Washington, DC 20003
(202) 742-6420

**CAIR-NY (COUNCIL ON AMERICAN-
ISLAMIC RELATIONS – NEW YORK)**
Deema Azizi (NY 5525670)
233 Broadway, Suite 820
New York, NY 10279
(347) 445-0928
dazizi@cair.com

11

**PROJECT TAHA**
Maria A. Kari (TX 24127161)
5300 N Braeswood Blvd, Ste 4-191
Houston, Texas 77096
info@mariakari.org
*Licensed in VA, practice limited to federal matters*

*Attorneys for Plaintiffs*


cc:      All counsel of record

 Outlook

---

**RE: Follow Up Meet and Confer**

---

**From** Rovner, Allison (USANYS) <Allison.Rovner@usdoj.gov>

**Date** Mon 5/11/2026 4:31 PM

**To**   Amy Greer <agreer@dratellewis.com>; Kornreich, Mollie (USANYS) <Mollie.Kornreich@usdoj.gov>; Fidler, Harry (USANYS) <Harry.Fidler@usdoj.gov>; Oestericher, Jeffrey (USANYS) <Jeffrey.Oestericher@usdoj.gov>

**Cc**   Zal Shroff <ZAL.SHROFF@law.cuny.edu>; Ahmad Kaki <akaki@cair.com>; Deema Azizi <dazizi@cair.com>; Gadeir Abbas <gAbbas@cair.com>; trevor.godbolt@live.law.cuny.edu <trevor.godbolt@live.law.cuny.edu>; info@mariakari.org <info@mariakari.org>; John Fossum <jfossum@cair.com>; Malak Dridi <MDridi@cair.com>; Azra Taslimi <at@rmlawyers.com>

---

🔗 1 attachment (17 KB)

Proposed Electronic Search Terms for Defendants.docx;

Counsel,

Thank you for speaking today.  As you requested, I write primarily to provide a recap of the test searches the Government has conducted relating to Plaintiffs' proposed search terms.

We asked each of the agency defendants to run the list of search terms Plaintiffs proposed to the agency defendants on April 6 (reattached here) across the electronic communications of the 16 custodians who we believe may have potentially responsive documents, for the time period of January 20 to July 23, 2025.  These custodians are:

- DOJ: Harmeet Dhillon, Gregory Brown, Jeffrey Morrison
- HHS: Sean Keveney, Matthew Memoli, Anant Kumar, Stefanie Spear, Bob Charrow, Hannah Anderson, Heather Melanson
- ED: Jonathan Pidluzny, Josh Kleinfield, Tom Wheeler, Craig Trainor, David Samberg
- GSA: Josh Greenbaum

The document hit count for each agency is below.  Note that the hit counts include emails but not attachments or full document families.  For GSA, the email-only hit count may be smaller than what is listed below because based on GSA's search capabilities we had to aggregate the hit count for each term and some documents could conceivably have hits from multiple terms.

- ED: 16,500
- HHS: 17,129
- DOJ: 13,062
- GSA: 26,211

If full document families were included and the search terms were run across all of Plaintiffs' custodians, we believe that millions of non-responsive documents would be returned.

As we mentioned, we are in the process of testing the additional list of terms you proposed on April 30.  However, as we explained, we view those terms as overly overbroad, even based on Plaintiffs' theory of the case.  We think a more productive path forward would be for Plaintiffs to propose a narrower set of terms for testing that have the potential to return a more manageable set of documents for manual

review.  Among other narrowing, we propose tailoring the terms to attempt to capture documents specific to Columbia.

Finally, we understand from today's call that Plaintiffs may not have previously understood the Government's position on what discovery may be relevant here, so we wanted to memorialize our view. As stated in the Government's responses and objections to Plaintiffs' document requests, the Government has agreed to search for documents regarding student discipline, university policies, and the Government's financial relationship with Columbia (with the time limits and other parameters identified in the specific R&Os) to the extent such documents explicitly or implicitly relate to the definition of antisemitism used by Columbia. Accordingly, we agree that communications relating to the March 13 letter, Columbia's response, and the reasons for termination or reinstatement of federal funding to Columbia in the January 20 to July 23, 2025 period generally would be considered responsive. However, documents that are entirely about other demands in the letter would not be responsive.

Sincerely,
Allison

---

**From:** Amy Greer <agreer@dratellewis.com>
**Sent:** Friday, May 8, 2026 1:13 PM
**To:** Rovner, Allison (USANYS) <Allison.Rovner@usdoj.gov>; Kornreich, Mollie (USANYS) <Mollie.Kornreich@usdoj.gov>; Fidler, Harry (USANYS) <Harry.Fidler@usdoj.gov>; Oestericher, Jeffrey (USANYS) <Jeffrey.Oestericher@usdoj.gov>
**Cc:** Zal Shroff <ZAL.SHROFF@law.cuny.edu>; Ahmad Kaki <akaki@cair.com>; Deema Azizi <dazizi@cair.com>; Gadeir Abbas <gAbbas@cair.com>; trevor.godbolt@live.law.cuny.edu; info@mariakari.org; John Fossum <jfossum@cair.com>; Malak Dridi <MDridi@cair.com>; Azra Taslimi <at@rmlawyers.com>
**Subject:** [EXTERNAL] Re: Follow Up Meet and Confer

Counsel,

Thank you for confirming that you have, indeed, run test searches using the earlier set of search terms that we proposed on April 6. We would appreciate further specifity and details regarding the results. While you did offer an example of approximately 16,500 documents for five DOE custodians, we have not been informed what terms or category of terms produced this result or what the results were for other search terms and custodians.

While you may not be required to provide "on demand" the Government's position, you are required to participate in discovery, and this is what we are trying to effectuate. Providing specific articulable facts regarding the test search results ahead of the meet and confer allows us to effectively assess any potential burden and arrive at points of agreement, or identify points of impasse, as we are all required to do within the discovery process.

To that end, Plaintiffs can meet and confer on Monday, May 12 at noon, and would appreciate having any further detail about searches conducted and search results provided in writing prior to that meeting.

Best,
Amy E. Greer

Dratel & Lewis
29 Broadway, Suite 1412
New York, New York 10006
Tel: (212) 732-0707
Fax: (212) 571-3792

agreer@dratellewis.com

This Electronic Message contains information from the Law Offices of Dratel & Lewis, and may be privileged, confidential, or contain attorney work-product. This information is intended for the use of the addressee only. If you are not the addressee, please note that any disclosure, copying, distribution, or other use of the content of this message is prohibited.

---

**From:** Rovner, Allison (USANYS) <Allison.Rovner@usdoj.gov>
**Sent:** Thursday, May 7, 2026 10:27 PM
**To:** Amy Greer <agreer@dratellewis.com>; Kornreich, Mollie (USANYS) <Mollie.Kornreich@usdoj.gov>; Fidler, Harry (USANYS) <Harry.Fidler@usdoj.gov>; Oestericher, Jeffrey (USANYS) <Jeffrey.Oestericher@usdoj.gov>
**Cc:** Zal Shroff <ZAL.SHROFF@law.cuny.edu>; Ahmad Kaki <akaki@cair.com>; Deema Azizi <dazizi@cair.com>; Gadeir Abbas <gAbbas@cair.com>; trevor.godbolt@live.law.cuny.edu <trevor.godbolt@live.law.cuny.edu>; info@mariakari.org <info@mariakari.org>; John Fossum <jfossum@cair.com>; Malak Dridi <MDridi@cair.com>; Azra Taslimi <at@rmlawyers.com>
**Subject:** Re: Follow Up Meet and Confer

Amy,

We are no longer available on Monday from 4-5pm but are still available the other times.

Allison

---

**From:** Rovner, Allison (USANYS) <Allison.Rovner@usdoj.gov>
**Sent:** Thursday, May 7, 2026 2:06 PM
**To:** Amy Greer <agreer@dratellewis.com>; Kornreich, Mollie (USANYS) <Mollie.Kornreich@usdoj.gov>; Fidler, Harry (USANYS) <Harry.Fidler@usdoj.gov>; Oestericher, Jeffrey (USANYS) <Jeffrey.Oestericher@usdoj.gov>
**Cc:** Zal Shroff <ZAL.SHROFF@law.cuny.edu>; Ahmad Kaki <akaki@cair.com>; Deema Azizi <dazizi@cair.com>; Gadeir Abbas <gAbbas@cair.com>; trevor.godbolt@live.law.cuny.edu <trevor.godbolt@live.law.cuny.edu>; info@mariakari.org <info@mariakari.org>; John Fossum <jfossum@cair.com>; Malak Dridi <MDridi@cair.com>; Azra Taslimi <at@rmlawyers.com>
**Subject:** RE: Follow Up Meet and Confer

Amy,

We would like to continue to meet and confer and believe such discussions may be productive, but we are not required to provide on demand the Government's position with respect to each of Plaintiffs' many lengthy emails and letters. That significantly delays the process, which is not in anyone's interest.

That is particularly so here, where parts of your letter seem to ignore facts and positions that we have previously stated multiple times to you on calls and in writing. To cite just a few examples, your letter states that, on the April 17 meet and confer, "Defendants made clear that they . . . did not intend to search for . . . any documents by the deadline" and "burden cannot be assessed in the absence of test searches." We have consistently informed you that we have conducted multiple test searches, including of the original search terms proposed by Plaintiffs. Those search terms hit an unreasonably large number of documents, as we have previously explained. For example, for five custodians from the Department of Education alone, the terms hit approximately 16,500 documents, not including full document families. We understand that you proposed a different set of search terms on April 30, but

these terms appear to be even broader than the prior set of terms. We would like to discuss the terms on a call and hope the parties can reach an agreement.

Also, your letter states that "Defendants were categorically opposed to the appropriate scope of discovery regarding government intent and coercion, and would not search for any documents beyond the IHRA definition of anti-Semitism," and suggests that the Government's responses and objections to the RFPs "contained the same deficiencies." This assertion is flatly contradicted by the actual content of our responses and objections, as we already explained in our last email on this subject. However, to the extent Plaintiffs believe that internal agency documents unrelated to the Government's alleged coercion of Columbia to adopt a particular definition of antisemitism are relevant, we disagree.

We are not available to meet and confer on May 12, but are currently available on Monday, May 11 from 11am-1pm and 2pm-5pm.

Sincerely,
Allison

---

**From:** Amy Greer <agreer@dratellewis.com>
**Sent:** Thursday, May 7, 2026 9:51 AM
**To:** Rovner, Allison (USANYS) <Allison.Rovner@usdoj.gov>; Kornreich, Mollie (USANYS) <Mollie.Kornreich@usdoj.gov>; Fidler, Harry (USANYS) <Harry.Fidler@usdoj.gov>; Oestericher, Jeffrey (USANYS) <Jeffrey.Oestericher@usdoj.gov>
**Cc:** Zal Shroff <ZAL.SHROFF@law.cuny.edu>; Ahmad Kaki <akaki@cair.com>; Deema Azizi <dazizi@cair.com>; Gadeir Abbas <gAbbas@cair.com>; trevor.godbolt@live.law.cuny.edu; info@mariakari.org; John Fossum <jfossum@cair.com>; Malak Dridi <MDridi@cair.com>; Azra Taslimi <at@rmlawyers.com>
**Subject:** [EXTERNAL] Re: Follow Up Meet and Confer

Counsel:

Plaintiffs will need a clear written articulation of what Agency Defendants' positions are in order to facilitate an effective and efficient meet and confer. This is especially necessary in light of the fact that you have reiterated we are either misunderstanding or mischaracterizing your positions in this and other writings/meetings.

To that end, Plaintiffs are open to meeting on Tuesday of next week, provided that we receive a written response in advance.

Regards,
Amy E. Greer

Dratel & Lewis
29 Broadway, Suite 1412
New York, New York 10006
Tel: (212) 732-0707
Fax: (212) 571-3792
agreer@dratellewis.com

This Electronic Message contains information from the Law Offices of Dratel & Lewis, and may be privileged, confidential, or contain attorney work-product. This information is intended for the use of the addressee only. If you are not the addressee, please note that any disclosure, copying, distribution, or other use of the content of this message is prohibited.

**From:** Rovner, Allison (USANYS) <Allison.Rovner@usdoj.gov>
**Sent:** Wednesday, May 6, 2026 6:28 PM
**To:** Amy Greer <agreer@dratellewis.com>; Kornreich, Mollie (USANYS) <Mollie.Kornreich@usdoj.gov>; Fidler, Harry (USANYS) <Harry.Fidler@usdoj.gov>; Oestericher, Jeffrey (USANYS) <Jeffrey.Oestericher@usdoj.gov>
**Cc:** Zal Shroff <zal.shroff@law.cuny.edu>; Ahmad Kaki <akaki@cair.com>; Deema Azizi <dazizi@cair.com>; Gadeir Abbas <gabbas@cair.com>; trevor.godbolt@live.law.cuny.edu <trevor.godbolt@live.law.cuny.edu>; info@mariakari.org <info@mariakari.org>; jonathan.wallace80@gmail.com <jonathan.wallace80@gmail.com>; John Fossum <jfossum@cair.com>; ivy.girdwood@live.law.cuny.edu <ivy.girdwood@live.law.cuny.edu>; Malak Dridi <MDridi@cair.com>; jacob.acuna@live.law.cuny.edu <jacob.acuna@live.law.cuny.edu>; natasha.bunten@live.law.cuny.edu <natasha.bunten@live.law.cuny.edu>; Azra Taslimi <at@rmlawyers.com>
**Subject:** RE: Follow Up Meet and Confer

Amy,

Thanks for the email.  We are available to confer on Friday sometime between 10am-2pm.  Please let us know what time works.  We do not anticipate being able to send a detailed response before the meet and confer, but we disagree with many of the things stated in your letter and have previously addressed some of the mischaracterizations of the Government's position.

Sincerely,
Allison

**From:** Amy Greer <agreer@dratellewis.com>
**Sent:** Monday, May 4, 2026 7:36 AM
**To:** Rovner, Allison (USANYS) <Allison.Rovner@usdoj.gov>; Kornreich, Mollie (USANYS) <Mollie.Kornreich@usdoj.gov>; Fidler, Harry (USANYS) <Harry.Fidler@usdoj.gov>; Oestericher, Jeffrey (USANYS) <Jeffrey.Oestericher@usdoj.gov>
**Cc:** Zal Shroff <zal.shroff@law.cuny.edu>; Ahmad Kaki <akaki@cair.com>; Deema Azizi <dazizi@cair.com>; Gadeir Abbas <gabbas@cair.com>; trevor.godbolt@live.law.cuny.edu; info@mariakari.org; jonathan.wallace80@gmail.com; John Fossum <jfossum@cair.com>; ivy.girdwood@live.law.cuny.edu; Malak Dridi <MDridi@cair.com>; jacob.acuna@live.law.cuny.edu; natasha.bunten@live.law.cuny.edu; Azra Taslimi <at@rmlawyers.com>
**Subject:** [EXTERNAL] Follow Up Meet and Confer

Dear Counsel,

Plaintiffs write to schedule a meet and confer on or near May 6th to discuss the Agency Defendants efforts regarding the custodian list and test search terms provided by Plaintiffs per Allison's April 30 email, as well as the attached letter addressing Agency Defendants' deficient responses to Plaintiffs First RFPs.

Please advise as to the best dates and times on or around May 6th for Agency Defendants to meet and confer on the aforementioned topics. In advance of the scheduled meet and confer, please provide in writing any comments or objections to facilitate a more efficient meeting.

Regards,
Amy E. Greer

Dratel & Lewis
29 Broadway, Suite 1412
New York, New York 10006
Tel: (212) 732-0707
Fax: (212) 571-3792

agreer@dratellewis.com

This Electronic Message contains information from the Law Offices of Dratel & Lewis, and may be privileged, confidential, or contain attorney work-product. This information is intended for the use of the addressee only. If you are not the addressee, please note that any disclosure, copying, distribution, or other use of the content of this message is prohibited.

---

**From:** Rovner, Allison (USANYS) <Allison.Rovner@usdoj.gov>
**Sent:** Thursday, April 30, 2026 8:27 PM
**To:** Gadeir Abbas <gAbbas@cair.com>; Marshall L. Miller <mmiller@heckerfink.com>; Gabrielle E. Tenzer <gtenzer@heckerfink.com>; Amy Greer <agreer@dratellewis.com>; Max Feldman <mfeldman@heckerfink.com>; ZAL.SHROFF@law.cuny.edu <ZAL.SHROFF@law.cuny.edu>; Ahmad Kaki <akaki@cair.com>; Nadia Bayado <nBayado@cair.com>; Kornreich, Mollie (USANYS) <Mollie.Kornreich@usdoj.gov>; Fidler, Harry (USANYS) <Harry.Fidler@usdoj.gov>; Trisha Anderson <tanderson@heckerfink.com>; Oestericher, Jeffrey (USANYS) <Jeffrey.Oestericher@usdoj.gov>; Zachary Piaker <zpiaker@heckerfink.com>
**Cc:** Deema Azizi <dazizi@cair.com>; trevor.godbolt@live.law.cuny.edu <trevor.godbolt@live.law.cuny.edu>; info@mariakari.org <info@mariakari.org>; jonathan.wallace80@gmail.com <jonathan.wallace80@gmail.com>; John Fossum <jfossum@cair.com>; ivy.girdwood@live.law.cuny.edu <ivy.girdwood@live.law.cuny.edu>; Malak Dridi <MDridi@cair.com>; jacob.acuna@live.law.cuny.edu <jacob.acuna@live.law.cuny.edu>; natasha.bunten@live.law.cuny.edu <natasha.bunten@live.law.cuny.edu>
**Subject:** RE: follow up meet and confer

Gadeir,

Thanks for your email. On the first point, we are unsure whether the parties are at an impasse regarding the scope of discovery because it appears that Plaintiffs fundamentally misunderstand the Government's position. As stated in the Government's responses and objections to Plaintiffs' requests for production and reiterated on today's call, the Government is agreeing to search for nonprivileged documents "regarding the definition of antisemitism used by Columbia, including as it relates to student discipline, university policies, and the Government's financial relationship with Columbia." *See, e.g.*, Gov't. Resp. to Doc. Req. No. 1. We are unsure why Plaintiffs suggest that this is limited to "only IHRA-regarding material." It is not.

Further, as we mentioned on today's call, we have run hit counts for the search terms Plaintiffs proposed on April 6, and those terms would return a very large number of documents. We remain willing to discuss a more reasonable set of terms. We have also identified additional individuals who may have responsive documents and have added them as custodians.

With respect to deadlines, we note that the current schedule also does not include a production deadline for the Plaintiffs' document productions. We suggest that the parties confer on our next call regarding a reasonable schedule for all productions in this matter. Meanwhile, we consent to your request for an extended interrogatory deadline. However, as we previously explained, we do not understand the basis for this request, particularly as the Case Management Plan provides only for interrogatories pursuant to Local Civil Rule 33.3(a).

We continue to believe that the existing protective order is inconsistent with the needs of this case now that the parties are engaged in discovery. We remain hopeful, however, that the parties can reach agreement on some reasonable modifications before bringing the issue to the Court's attention.

We are available to confer further on these issues on May 5 at 1pm.

Sincerely,
Allison

---

**From:** Gadeir Abbas <gAbbas@cair.com>
**Sent:** Thursday, April 30, 2026 5:31 PM
**To:** Marshall L. Miller <mmiller@heckerfink.com>; Rovner, Allison (USANYS) <Allison.Rovner@usdoj.gov>; Gabrielle E. Tenzer <gtenzer@heckerfink.com>; Amy Greer <agreer@dratellewis.com>; Max Feldman <mfeldman@heckerfink.com>; ZAL.SHROFF@law.cuny.edu; Ahmad Kaki <akaki@cair.com>; Nadia Bayado <nBayado@cair.com>; Kornreich, Mollie (USANYS) <Mollie.Kornreich@usdoj.gov>; Fidler, Harry (USANYS) <Harry.Fidler@usdoj.gov>; Trisha Anderson <tanderson@heckerfink.com>; Oestericher, Jeffrey (USANYS) <Jeffrey.Oestericher@usdoj.gov>; Zachary Piaker <zpiaker@heckerfink.com>
**Cc:** Deema Azizi <dazizi@cair.com>; trevor.godbolt@live.law.cuny.edu; info@mariakari.org; jonathan.wallace80@gmail.com; John Fossum <jfossum@cair.com>; ivy.girdwood@live.law.cuny.edu; Malak Dridi <MDridi@cair.com>; jacob.acuna@live.law.cuny.edu; natasha.bunten@live.law.cuny.edu
**Subject:** [EXTERNAL] follow up meet and confer

All,

Thanks for taking the take to meet and confer with us earlier today. I wanted to follow up to memorialize the call, share our proposed ESI protocol, and schedule another time to meet and confer for Tuesday at 1 pm et.

**Scope of Discovery.** We met and conferred regarding Defendants' global position to search for only IHRA-regarding material. With regards to the Agency Defendants, we're at an impasse and will present the matter to the court. For Columbia, we look forward to discussing the broader approach you are considering and will follow up with you separately.

**Deadlines.** We met and conferred regarding two deadlines: (1) the absence of one for Defendants' production in response to the first set of document requests and (2) the May 6th interrogatory deadline we want extended by 30 days. You have not provided any dates regarding the production of documents thus far, and a sufficient, legally adequate response to the written discovery requests requires it. Having not yet received any documents has increased our concerns regarding a timely production. Because we haven't received a date certain from Defendants, we will ask the Court to impose a date.

Likewise, because we don't have any of the documents yet, we are not in a position to make use of our interrogatories—which must be issued by May 6th. We think a production timeline that has Defendants completing their search and production before June 6th (the interrogatory deadline we seek) can keep this case on track.

**ESI Protocol meet and confer:** We're attaching our proposed ESI protocol for discussion. We'd propose discussing 5/5 at 1 pm et.

**May 14 Protective order:** We believe that the existing protective order, which governs plaintiff-specific information, remains appropriate. We intend to file under seal all documents with personally identifying information regarding our clients, and that is enough to cover any prospective PII information obtained in discovery or otherwise used in the case. To the extent any party would like more attorneys to have access to PO-covered information, Paragraph 4 addresses that need in a manner that keeps in place the general principle that access to Plaintiffs' names—because they are proceeding by pseudonym—should not be open ended.

**Proposed PO re FERPA, Privacy Act:** Thank you for engaging with us on its various parts. We're optimistic that the remaining gaps can be bridged. We're discussing internally and will circulate our response tomorrow by email.

Regards,
Gadeir


Gadeir Abbas, Esq.
**Senior Litigation Attorney**

logo-1359288842
453 New Jersey Ave, SE
Washington, DC 20003
Tel: 202.742.6420 Fax: 202.488.0833
Dir: 202.640.4935 Cell: 720.251.0425
www.cair.com

*licensed in VA: not in DC - practice limited to federal matters*

---

**From:** Marshall L. Miller <mmiller@heckerfink.com>
**Sent:** Thursday, April 30, 2026 12:09 PM
**To:** Gadeir Abbas <gAbbas@cair.com>; Rovner, Allison (USANYS) <Allison.Rovner@usdoj.gov>; Gabrielle E. Tenzer <gtenzer@heckerfink.com>; Amy Greer <agreer@dratellewis.com>; Max Feldman <mfeldman@heckerfink.com>; ZAL.SHROFF@law.cuny.edu <ZAL.SHROFF@law.cuny.edu>; Ahmad Kaki <akaki@cair.com>; Nadia Bayado <nBayado@cair.com>; Kornreich, Mollie (USANYS) <Mollie.Kornreich@usdoj.gov>; Fidler, Harry (USANYS) <Harry.Fidler@usdoj.gov>; Trisha Anderson <tanderson@heckerfink.com>; Oestericher, Jeffrey (USANYS) <Jeffrey.Oestericher@usdoj.gov>; Zachary Piaker <zpiaker@heckerfink.com>
**Cc:** Deema Azizi <dazizi@cair.com>; trevor.godbolt@live.law.cuny.edu <trevor.godbolt@live.law.cuny.edu>; info@mariakari.org <info@mariakari.org>; jonathan.wallace80@gmail.com <jonathan.wallace80@gmail.com>; John Fossum <jfossum@cair.com>; ivy.girdwood@live.law.cuny.edu <ivy.girdwood@live.law.cuny.edu>; Malak Dridi <MDridi@cair.com>; jacob.acuna@live.law.cuny.edu <jacob.acuna@live.law.cuny.edu>; natasha.bunten@live.law.cuny.edu <natasha.bunten@live.law.cuny.edu>
**Subject:** RE: Executive Branch Defendants' Initial Disclosures + proposed custodians and search terms

Sorry that we had to drop, I'm 8 minutes late to the next engagement.  We look forward to continuing the discussion.

**Marshall L. Miller | Hecker Fink LLP**
Partner
350 Fifth Avenue | 63rd Floor
New York, NY 10118
(W) 212.404.8656 | (M) 646.208.3494
mmiller@heckerfink.com

---

**From:** Gadeir Abbas <gAbbas@cair.com>
**Sent:** Friday, April 24, 2026 9:07 PM
**To:** Rovner, Allison (USANYS) <Allison.Rovner@usdoj.gov>; Gabrielle E. Tenzer <gtenzer@heckerfink.com>; Amy Greer <agreer@dratellewis.com>; Max Feldman <mfeldman@heckerfink.com>; ZAL.SHROFF@law.cuny.edu; Ahmad Kaki <akaki@cair.com>; Nadia Bayado <nBayado@cair.com>; Kornreich, Mollie (USANYS) <Mollie.Kornreich@usdoj.gov>; Fidler, Harry (USANYS) <Harry.Fidler@usdoj.gov>; Marshall L. Miller <mmiller@heckerfink.com>; Trisha Anderson <tanderson@heckerfink.com>; Oestericher, Jeffrey (USANYS) <Jeffrey.Oestericher@usdoj.gov>; Zachary Piaker <zpiaker@heckerfink.com>
**Cc:** Deema Azizi <dazizi@cair.com>; trevor.godbolt@live.law.cuny.edu; info@mariakari.org; jonathan.wallace80@gmail.com; John Fossum <jfossum@cair.com>; ivy.girdwood@live.law.cuny.edu; Malak Dridi <MDridi@cair.com>; jacob.acuna@live.law.cuny.edu; natasha.bunten@live.law.cuny.edu
**Subject:** Re: Executive Branch Defendants' Initial Disclosures + proposed custodians and search terms

This email was sent from outside the Firm.

Monday at noon ET works for us. We'll send around an invite shortly!

Gadeir Abbas, Esq.
**Senior Litigation Attorney**

logo-1359288842
453 New Jersey Ave, SE
Washington, DC 20003
Tel: 202.742.6420 Fax: 202.488.0833
Dir: 202.640.4935 Cell: 720.251.0425
**www.cair.com**
*licensed in VA: not in DC - practice limited to federal matters*

---

**From:** Rovner, Allison (USANYS) <Allison.Rovner@usdoj.gov>
**Sent:** Friday, April 24, 2026 3:20 PM
**To:** Gabrielle E. Tenzer <gtenzer@heckerfink.com>; Gadeir Abbas <gAbbas@cair.com>; Amy Greer <agreer@dratellewis.com>; Max Feldman <mfeldman@heckerfink.com>; ZAL.SHROFF@law.cuny.edu <ZAL.SHROFF@law.cuny.edu>; Ahmad Kaki <akaki@cair.com>; Nadia Bayado <nBayado@cair.com>; Kornreich, Mollie (USANYS) <Mollie.Kornreich@usdoj.gov>; Fidler, Harry (USANYS) <Harry.Fidler@usdoj.gov>; Marshall L. Miller <mmiller@heckerfink.com>; Trisha Anderson <tanderson@heckerfink.com>; Oestericher, Jeffrey (USANYS) <Jeffrey.Oestericher@usdoj.gov>; Zachary Piaker <zpiaker@heckerfink.com>
**Cc:** Deema Azizi <dazizi@cair.com>; trevor.godbolt@live.law.cuny.edu <trevor.godbolt@live.law.cuny.edu>; info@mariakari.org <info@mariakari.org>; jonathan.wallace80@gmail.com <jonathan.wallace80@gmail.com>; John Fossum <jfossum@cair.com>; ivy.girdwood@live.law.cuny.edu <ivy.girdwood@live.law.cuny.edu>; Malak Dridi <MDridi@cair.com>; jacob.acuna@live.law.cuny.edu <jacob.acuna@live.law.cuny.edu>; natasha.bunten@live.law.cuny.edu <natasha.bunten@live.law.cuny.edu>
**Subject:** RE: Executive Branch Defendants' Initial Disclosures + proposed custodians and search terms

We are available from 12-1pm on Monday.

---

**From:** Gabrielle E. Tenzer <gtenzer@heckerfink.com>
**Sent:** Friday, April 24, 2026 4:16 PM
**To:** Gadeir Abbas <gAbbas@cair.com>; Rovner, Allison (USANYS) <Allison.Rovner@usdoj.gov>; Amy Greer <agreer@dratellewis.com>; Max Feldman <mfeldman@heckerfink.com>; ZAL.SHROFF@law.cuny.edu; Ahmad Kaki <akaki@cair.com>; Nadia Bayado <nBayado@cair.com>; Kornreich, Mollie (USANYS) <Mollie.Kornreich@usdoj.gov>; Fidler, Harry (USANYS) <Harry.Fidler@usdoj.gov>; Marshall L. Miller <mmiller@heckerfink.com>; Trisha Anderson <tanderson@heckerfink.com>; Oestericher, Jeffrey (USANYS) <Jeffrey.Oestericher@usdoj.gov>; Zachary Piaker <zpiaker@heckerfink.com>
**Cc:** Deema Azizi <dazizi@cair.com>; trevor.godbolt@live.law.cuny.edu; info@mariakari.org; jonathan.wallace80@gmail.com; John Fossum <jfossum@cair.com>; ivy.girdwood@live.law.cuny.edu; Malak Dridi <MDridi@cair.com>; jacob.acuna@live.law.cuny.edu; natasha.bunten@live.law.cuny.edu
**Subject:** [EXTERNAL] RE: Executive Branch Defendants' Initial Disclosures + proposed custodians and search terms

Hi, Gadeir –

Thanks for your email.  We're happy to meet and confer concerning the protective order on Monday and can be available at the following times:  10 – 11am and 12 – 1pm.  We remain optimistic that the parties will be able to work together to reach an agreement on a protective order in a timely fashion that should not cause delay in the production of documents.  It would

probably make sense to also discuss on Monday the ESI protocol that we circulated on April 22, as that is similarly important to the production of documents, as well as the proposal we made during the April 17 meet and confer that the parties seek a settlement conference with the magistrate judge.

As discussed during our meet and confer on April 17, and in Zal's follow-up email on April 20, we had agreed with Plaintiffs' counsel to meet and confer to discuss proposed custodians and search terms just after we served our responses and objections. Without responding to each of the points in Amy's email, we continue to plan to serve those responses and objections on April 27, consistent with the requirements of Rule 34. In response to Zal's email, we had indicated our availability for a meet and confer on April 29 but now understand from Amy's email of yesterday that Plaintiffs' counsel wishes to meet and confer on April 30.  We're available on April 30 for a meet and confer anytime from 12 – 3pm or after 4:30pm.

Regards,

**Gabrielle E. Tenzer | Hecker Fink LLP**

350 Fifth Avenue | 63rd Floor

New York, NY 10118

(W) 929.294.2536 | (M) 646.856.7275

gtenzer@heckerfink.com

---

**From:** Gadeir Abbas <gAbbas@cair.com>
**Sent:** Friday, April 24, 2026 9:03 AM
**To:** Rovner, Allison (USANYS) <Allison.Rovner@usdoj.gov>; Amy Greer <agreer@dratellewis.com>; Max Feldman <mfeldman@heckerfink.com>; ZAL.SHROFF@law.cuny.edu; Ahmad Kaki <akaki@cair.com>; Gabrielle E. Tenzer <gtenzer@heckerfink.com>; Nadia Bayado <nBayado@cair.com>; Kornreich, Mollie (USANYS) <Mollie.Kornreich@usdoj.gov>; Fidler, Harry (USANYS) <Harry.Fidler@usdoj.gov>; Marshall L. Miller <mmiller@heckerfink.com>; Trisha Anderson <tanderson@heckerfink.com>; Oestericher, Jeffrey (USANYS) <Jeffrey.Oestericher@usdoj.gov>; Zachary Piaker <zpiaker@heckerfink.com>
**Cc:** Deema Azizi <dazizi@cair.com>; trevor.godbolt@live.law.cuny.edu; info@mariakari.org; jonathan.wallace80@gmail.com; John Fossum <jfossum@cair.com>; ivy.girdwood@live.law.cuny.edu; Malak Dridi <MDridi@cair.com>; jacob.acuna@live.law.cuny.edu; natasha.bunten@live.law.cuny.edu
**Subject:** Re: Executive Branch Defendants' Initial Disclosures + proposed custodians and search terms

This email was sent from outside the Firm.

Allison and all,

We'd like to meet and confer about the protective order as soon as possible—sometime today or Monday. Given next week's deadline, we want to make sure that negotiations regarding the protective order conclude promptly and that no party uses them to excuse the timely production of documents.

Regards,

Gadeir Abbas, Esq.
**Senior Litigation Attorney**

logo-1359288842
453 New Jersey Ave, SE
Washington, DC 20003
Tel: 202.742.6420 Fax: 202.488.0833

Dir: 202.640.4935 Cell: 720.251.0425
www.cair.com

*licensed in VA: not in DC - practice limited to federal matters*

---

**From:** Rovner, Allison (USANYS) <Allison.Rovner@usdoj.gov>
**Sent:** Thursday, April 23, 2026 8:32 PM
**To:** Amy Greer <agreer@dratellewis.com>; Max Feldman <mfeldman@heckerfink.com>;
ZAL.SHROFF@law.cuny.edu <ZAL.SHROFF@law.cuny.edu>; Ahmad Kaki <akaki@cair.com>; Gabrielle E. Tenzer
<gtenzer@heckerfink.com>; Nadia Bayado <nBayado@cair.com>; Kornreich, Mollie (USANYS)
<Mollie.Kornreich@usdoj.gov>; Fidler, Harry (USANYS) <Harry.Fidler@usdoj.gov>; Marshall L. Miller
<mmiller@heckerfink.com>; Trisha Anderson <tanderson@heckerfink.com>; Oestericher, Jeffrey (USANYS)
<Jeffrey.Oestericher@usdoj.gov>; Zachary Piaker <zpiaker@heckerfink.com>
**Cc:** Deema Azizi <dazizi@cair.com>; trevor.godbolt@live.law.cuny.edu <trevor.godbolt@live.law.cuny.edu>;
info@mariakari.org <info@mariakari.org>; jonathan.wallace80@gmail.com <jonathan.wallace80@gmail.com>;
Gadeir Abbas <gAbbas@cair.com>; John Fossum <jfossum@cair.com>;
ivy.girdwood@live.law.cuny.edu <ivy.girdwood@live.law.cuny.edu>; Malak Dridi <MDridi@cair.com>;
jacob.acuna@live.law.cuny.edu <jacob.acuna@live.law.cuny.edu>;
natasha.bunten@live.law.cuny.edu <natasha.bunten@live.law.cuny.edu>
**Subject:** RE: Executive Branch Defendants' Initial Disclosures + proposed custodians and search terms

Zal and Amy,

Thanks for your emails. We write to clarify a few points regarding the Government's positions, which are not accurately reflected in Zal's summary below.

Most fundamentally, as we repeatedly stated on Friday's call, we are amenable to meeting and conferring with Plaintiffs to identify custodians and search terms that are tied to the claims and defenses still at issue in this action.  However, rather than determining custodians and search terms before the parties agree on the substance of what documents the Government is searching for, we believe the most logical and productive approach is the one required by the Federal Rules of Civil Procedure—namely, for the Government to serve responses and objections to Plaintiffs' first set of requests for production so that the parties can then attempt to resolve any disagreements around the scope of production. Following that, we can more easily discuss search terms and custodians. Towards this end, you will receive the Government's responses and objections to the first set of requests for production on Monday, which will state the scope of what the Government is agreeing to produce. We are considering the points that you have raised regarding the appropriate scope of discovery and are in the process of conducting test searches, collecting documents, and assessing burden, although it is unlikely that we will be able to produce documents by Monday.

Further, with respect to document custodians, we have conferred with our clients regarding who might have relevant documents. As we explained on Friday's call, we asked our clients about each custodian proposed by Plaintiffs, and we were prepared on Friday's call to answer any questions you had regarding the specific custodians that Plaintiffs proposed. We also invited you to let us know if you have reason to believe that our clients are incorrect regarding the likelihood that any particular custodian proposed by Plaintiffs would have relevant material, as we will consider any information you provide and discuss it with our clients. That offer still stands. It is not, as you suggest, imposing a requirement that Plaintiffs "prove" that custodians have relevant information. Rather, the Government is taking steps to identify appropriate custodians in good faith. Your suggestion that, as an alternative approach, "searches will reveal who has relevant information" is illogical. Each defendant agency has numerous employees, only some of whom might have documents relevant to this case. For obvious reasons, the Government should not be required to collect, search, and review the documents of individuals who are unlikely to have relevant information.

We are available to meet and confer about these issues on April 30, from 12-5pm as you proposed.  We can also use that time to discuss the draft protective order.  We generally do not agree with Plaintiffs' revisions to our edits to the draft protective order and are unlikely to be able to produce documents until a Privacy Act and Protective Order has been entered.

Finally, the Executive Branch Defendants agree to participate in a settlement conference with the magistrate judge.

Sincerely,
Allison

---

**From:** Amy Greer <agreer@dratellewis.com>
**Sent:** Thursday, April 23, 2026 6:01 PM
**To:** Max Feldman <mfeldman@heckerfink.com>; ZAL.SHROFF@law.cuny.edu; Rovner, Allison (USANYS) <Allison.Rovner@usdoj.gov>; Ahmad Kaki <akaki@cair.com>; Gabrielle E. Tenzer <gtenzer@heckerfink.com>; Nadia Bayado <nBayado@cair.com>; Kornreich, Mollie (USANYS) <Mollie.Kornreich@usdoj.gov>; Fidler, Harry (USANYS) <Harry.Fidler@usdoj.gov>; Marshall L. Miller <mmiller@heckerfink.com>; Trisha Anderson <tanderson@heckerfink.com>; Oestericher, Jeffrey (USANYS) <Jeffrey.Oestericher@usdoj.gov>; Zachary Piaker <zpiaker@heckerfink.com>
**Cc:** Deema Azizi <dazizi@cair.com>; trevor.godbolt@live.law.cuny.edu; info@mariakari.org; jonathan.wallace80@gmail.com; Gadeir Abbas <gAbbas@cair.com>; John Fossum <jfossum@cair.com>; ivy.girdwood@live.law.cuny.edu; Malak Dridi <MDridi@cair.com>; jacob.acuna@live.law.cuny.edu; natasha.bunten@live.law.cuny.edu
**Subject:** [EXTERNAL] Re: Executive Branch Defendants' Initial Disclosures + proposed custodians and search terms

Counsel,

Plaintiffs are available for a further meet and confer regarding the ESI protocol and the potential of a settlement conference next week; however, we are not available on April 29. Counsel is available on Thursday, April 30 from 12-5pm. Please let us know if there is a time in that block that works for you.

Given that Defendants' RFP response deadline is Monday, April 27, time is of the essence. To ensure timely and appropriate disclosures, Plaintiffs propose one of two paths: (1) finalization and entry of a Protective Order before that deadline; or (2) a written agreement by all parties that any and all disclosures will be treated as confidential pending entry of a mutually agreed-upon Protective Order. Plaintiffs are prepared to proceed on either basis.

As to the Protective Orders:

1. **Pseudonymous Plaintiffs' Protective Order.** The May 14, 2025, Protective Order (ECF #73) is necessarily protective of the Plaintiffs who are proceeding pseudonymously, and should remain in place.  Per our April 17, 2026, meet and confer, Plaintiffs understand from Defendants that they wish to authorize additional attorneys to see and review sensitive pseudonymous plaintiff information. To that end, on April 17th, Plaintiffs invited Defendants to redline the May 14 PO to address those concerns. We have not yet received a redlined version of that PO, but we continue to invite proposals for any amendments or addenda you deem necessary.

2. **General Protective Order for Discovery.** To address full discovery, Plaintiffs proposed the adoption of Judge Subramanian's Protective Order template, with the Defendants' requested additions regarding FERPA and the Privacy Act. This standard protective order—as adjusted — is sufficiently protective against "annoyance, embarrassment, oppression, or undue burden or expense' in the discovery process[,]" as required under Fed. R. Civ. P. 26(c). *See Gonzalez v. City of New York*, No. 25-CV-1452 (LJL), 2025 WL 2926866, at *2 (S.D.N.Y. Oct. 15, 2025).

*See also Austin v. Fordham Univ.*, No. 23 CIV. 4696 (PAC) (GS), 2024 WL 749636, at *3 (S.D.N.Y. Feb. 23, 2024). Moreover, Defendants have not articulated good cause for further deviations from Judge Subramanian's standard protective order—which the Court otherwise requires the parties to use. *See* Individual Rule 11(D) ("The parties should conform any proposed protective order as closely as possible to the Court's Model Protective Order"). *See also Liederbach v. NYU Langone Hosps.*, No. 24-CV-00742 (JAV), 2025 WL 521370, at *1 (S.D.N.Y. Feb. 18, 2025) ("a party seeking a protective  order must submit a proposed protective order that conforms as closely as possible to the Court's Model Protective Order"). Thus, Plaintiffs urge that the Court's model PO, along with protections provided by the FERPA and Privacy Act provisions, and the supplemental PO (ECF #73) already in place should be sufficient protective.

Plaintiffs request that Defendants review the Proposed PO, emailed to you by Gadeir Abbas on Tuesday, April 21 at 7:07pm, as well as our previously filed PO (ECF #73), and provide redlines or counterproposals as soon as practicable.

Should Defendants believe further discussion of the POs is warranted, please confirm that you consent to a collective agreement that any and all disclosures made on the April 27th deadline will be confidential until the Protective Order agreed upon by all parties is in place. Please respond in writing by COB on Friday, April 24th.

Notwithstanding our agreement as to the POs, Plaintiffs note the April 27 RFP response deadline remains firm, as "[a] party is not free to unilaterally withhold production without court authorization." *Gordon v. Target Corp.*, 318 F.R.D. 242, 244–45 (E.D.N.Y. 2016) (citing Fed. R. Civ. P. 26(c)(1)). Failing to timely respond results in waiver of all objections. *See DeNicola v. Frontline Asset Strategies*, 279 F.R.D. 214, 215 (E.D.N.Y. 2012).

Regards,

Amy E. Greer

Dratel & Lewis
29 Broadway, Suite 1412
New York, New York 10006
Tel: (212) 732-0707
Fax: (212) 571-3792
agreer@dratellewis.com

This Electronic Message contains information from the Law Offices of Dratel & Lewis, and may be privileged, confidential, or contain attorney work-product.  This information is intended for the use of the addressee only.  If you are not the addressee, please note that any disclosure, copying, distribution, or other use of the content of this message is prohibited.

---

**From:** Max Feldman <mfeldman@heckerfink.com>
**Sent:** Wednesday, April 22, 2026 12:05 PM
**To:** ZAL.SHROFF@law.cuny.edu <ZAL.SHROFF@law.cuny.edu>; Rovner, Allison (USANYS <Allison.Rovner@usdoj.gov>; Ahmad Kaki <akaki@cair.com>; Gabrielle E. Tenzer <gtenzer@heckerfink.com>; Nadia Bayado <nBayado@cair.com>; Kornreich, Mollie (USANYS <Mollie.Kornreich@usdoj.gov>; Fidler, Harry (USANYS <Harry.Fidler@usdoj.gov>; Marshall L. Miller <mmiller@heckerfink.com>; Trisha Anderson <tanderson@heckerfink.com>; Oestericher, Jeffrey (USANYS <Jeffrey.Oestericher@usdoj.gov>; Zachary Piaker <zpiaker@heckerfink.com>
**Cc:** Deema Azizi <dazizi@cair.com>; trevor.godbolt@live.law.cuny.edu <trevor.godbolt@live.law.cuny.edu>; info@mariakari.org <info@mariakari.org>; jonathan.wallace80@gmail.com <jonathan.wallace80@gmail.com>; Gadeir Abbas <gAbbas@cair.com>; John Fossum <jfossum@cair.com>;

ivy.girdwood@live.law.cuny.edu <ivy.girdwood@live.law.cuny.edu>; Amy Greer <agreer@dratellewis.com>; Malak Dridi <MDridi@cair.com>; jacob.acuna@live.law.cuny.edu <jacob.acuna@live.law.cuny.edu>; natasha.bunten@live.law.cuny.edu <natasha.bunten@live.law.cuny.edu>
**Subject:** RE: Executive Branch Defendants' Initial Disclosures + proposed custodians and search terms

Counsel,

We are available for a further meet and confer on April 29 between 3 and 6pm. During that meet and confer, we should also discuss the protective order and the Columbia Defendant's proposed ESI protocol, which I attach here.

At the last meet and confer, we discussed getting a settlement conference with the magistrate on calendar. We have discussed with our client and are prepared to move forward; please let us know if you are as well, so we can commence the process.

Best,
Max

**Max Feldman | Hecker Fink LLP**
Counsel
350 Fifth Avenue | 63rd Floor
New York, NY 10118
(W) 212.763.0883 | (M) 646.618.0332
mfeldman@heckerfink.com

---

**From:** Zal Shroff <ZAL.SHROFF@law.cuny.edu>
**Sent:** Monday, April 20, 2026 5:26:03 PM
**To:** Rovner, Allison (USANYS) <Allison.Rovner@usdoj.gov>; Ahmad Kaki <akaki@cair.com>; Gabrielle E. Tenzer <gtenzer@heckerfink.com>; Nadia Bayado <nBayado@cair.com>; Kornreich, Mollie (USANYS) <Mollie.Kornreich@usdoj.gov>; Fidler, Harry (USANYS) <Harry.Fidler@usdoj.gov>; Marshall L. Miller <mmiller@heckerfink.com>; Trisha Anderson <tanderson@heckerfink.com>; Oestericher, Jeffrey (USANYS) <Jeffrey.Oestericher@usdoj.gov>; Zachary Piaker <zpiaker@heckerfink.com>
**Cc:** Deema Azizi <dazizi@cair.com>; trevor.godbolt@live.law.cuny.edu <trevor.godbolt@live.law.cuny.edu>; info@mariakari.org <info@mariakari.org>; jonathan.wallace80@gmail.com <jonathan.wallace80@gmail.com>; Gadeir Abbas <gAbbas@cair.com>; John Fossum <jfossum@cair.com>; ivy.girdwood@live.law.cuny.edu <ivy.girdwood@live.law.cuny.edu>; agreer@dratellewis.com <agreer@dratellewis.com>; Malak Dridi <MDridi@cair.com>; jacob.acuna@live.law.cuny.edu <jacob.acuna@live.law.cuny.edu>; natasha.bunten@live.law.cuny.edu <natasha.bunten@live.law.cuny.edu>
**Subject:** Re: Executive Branch Defendants' Initial Disclosures + proposed custodians and search terms

This email was sent from outside the Firm.

Counsel:

We write to follow up on our meet and confer last Friday. Our conversation raised a series of likely disputes that—absent resolution prior to Defendants' initial responses to Plaintiffs' First Requests for Production on April 27, 2026—will result in Plaintiffs needing to approach the Court to ensure an efficient discovery process. Below are the potential disputes identified, the agreements we reached regarding next steps, and Plaintiffs' follow-up proposals regarding: Agency Defendants' Responses to Plaintiffs' First RFPs; Columbia Defendants' Responses to Plaintiffs' First RFPs; and a proposed revised or second Protective Order.

1. **Agency Defendants' Responses to Plaintiffs' First Requests for Production:**
Plaintiffs have identified four areas where we anticipate dispute with Agency Defendants based on representations of the Agency Defendants' positions: the scope of relevant discovery material; the number and identity of appropriate custodians; burdens of Plaintiffs' requested discovery; and the timing and substance of discovery response and production.

## 1. Relevant Scope of Discovery

Agency Defendants maintain that the *sole* discovery in this case must be limited to documents that discuss the IHRA definition of anti-Semitism or any other specific definition of anti-Semitism. Which would mean declining to conduct *any* searches for documents that speak to: (1) Agency Defendants' *intent* to suppress anti-Israel speech when seeking to investigate and cancel Columbia University funding; (2) discussions between Agency Defendants and/or Columbia related to anti-Semitism or investigations of anti-Semitism; (3) Agency Defendants' threats with respect to student discipline for specific anti-Israel protests and events; (4) Agency Defendants' ongoing efforts to change Columbia disciplinary, protest, and speech policies as a condition of further funding; and (5) discussions between and among Agency Defendants and Columbia regarding Columbia's ongoing financial relationship with the federal government and the terms of that relationship.

The Court has already made clear that Plaintiffs are entitled to seek discovery with respect to each of these issue areas necessary to assert an impermissible coercion theory under the First Amendment—which is premised on both coercive *intent* and coercive *impact*. *See* Dkt 175, at 19-20 ("the complaint plausibly alleges coercive threats *aimed at punishing or suppressing disfavored speech*, the plaintiff[s]") (emphasis added); *id.* at 13 ("plaintiffs […are] seeking to prevent the Agency defendants from leveraging their funding to suppress plaintiffs' speech"); *id.* at 19 ("plaintiffs have plausibly alleged that the Agency defendants have threatened coercive action against one party (Columbia) to squelch the protected speech of a third party (plaintiffs)").

This is about far more than the definition of anti-Semitism in a vacuum. Indeed, the Court has already cautioned Agency Defendants against this impermissibly narrow view of the issues in the Complaint. *See* Dkt. 175, at 19 ("most [arguments] fall flat for the simple reason that [they] require[] the Court to accept [the Agency defendants'] limited reading of the complaint").

Please provide any contrary authority in writing. If Defendants refuse to conduct any search for documents beyond the definition of anti-Semitism by the deadline on April 27, 2026, we will be at impasse on this issue regarding the scope of discovery.

## 2. Appropriate Custodians for Search.

Plaintiffs provided a list of approximately 40 custodians we believe were key decisionmakers for the Agency Defendants with respect to ongoing financial and regulatory threats against Columbia University. Agency Defendants have responded with a willingness to search only 8 custodian accounts—and are refusing to include 3/5 of the named Agency Defendants as custodian accounts (Defendants Pam Bondi, Linda McMahon, and Leo Terrell).

Agency Defendants' have suggested that Defendants need not search a custodian's account unless Plaintiffs can prove that the custodian has relevant information before the fact. That is the opposite of how ESI discovery works. The searches will reveal who has relevant information. *See, e.g.*, *Vaigasi v. Solow Mgmt. Corp.*, No. 11-CV-5088, 2016 WL 616386, at *15 (S.D.N.Y. Feb. 16, 2016) (noting that "it was appropriate to conduct a sample search of defendants' ESI to assess the likelihood that the ESI would contain probative documents") (collecting cases); *Cnty. of Cook v. Bank of Am. Corp.*, No. 14-CV-2280, 2019 WL 5393997, at *6 (N.D. Ill. Oct. 22, 2019) ("[T]he County did not run any test searches across the ESI of any of the disputed custodians . . . . Lacking such information, the Court has no basis to conclude that inclusion of custodians from the Sheriff's Office, Clerk's Office, or Chief Judge's Office is too burdensome or that the burden exceeds the likely benefit of those searches."). Plaintiffs will not rely on Defendants' representations regarding who has relevant information.

Furthermore, Plaintiffs have proposed less than 50 custodians, a number which the Southern District regularly finds to be appropriate for ESI discovery. *See, e.g.*, *Stinson v. City of New York*, No. 10-CV-4228, 2015 WL 4610422, at

*4 (S.D.N.Y. July 23, 2015) (ordering ESI discovery where "the Plaintiffs' May 26 letter narrows their request to 49 named custodians, along with an unspecified number of supervisors"); *Nat'l Day Laborer Organizing Network v. U.S. Immigration and Customs Enforcement Agency*, 877 F.Supp.2d 87, 112–13 (S.D.N.Y. 2012) (ordering the FBI, DHS, and ICE to search the ESI of 51 specified custodians, as well as an unspecified number of additional custodians meeting certain criteria, regarding ICE's Secure Communities program).

In the interest of compromise, Plaintiffs would be willing to agree to an initial list of 30 records custodians for ESI searches from the Agency Defendants—which must necessarily include all named Agency Defendants in this action. In the absence of agreement to these terms, and if Defendants' RFP responses on April 27 reveal that no additional custodian accounts were searched, we will be at impasse.

### 3. Burden Objections Have Not Yet Been Raised.

Agency Defendants stated that their primary opposition to Plaintiffs' discovery requests are as to relevance—and not burden. We agree. In the absence of any ESI test searches, there is no possible way for the parties to assess the burdens of production. *See, e.g.*, *Stinson v. City of New York*, No. 10-CV-4228, 2015 WL 4610422, at *4 (S.D.N.Y. July 23, 2015) ("When determining a motion to compel the production of ESI, a district court conducts a two-stage inquiry: first, has the party resisting discovery shown that the information in question is not reasonably accessible because of undue cost"); *Integrated Structures Corp. v. Liberty Mut. Ins. Co.*, No. 21-CV-1744, 2022 WL 16786747, at *2 (E.D.N.Y. Aug. 9, 2022) ("Saying something is voluminous, without describing the volume or the costs of search or production, is not persuasive."); *see also Mediatek, Inc. v. Freescale Semiconductor, Inc.*, No. 11-CV-5341, 2013 U.S. Dist. LEXIS 122911, at *22 (N.D. Cal. Aug. 28, 2013) ("Freescale's objections to other search terms as too broad are premature. Freescale has not run a test search on a single identified custodian for any of the proposed searches.").

Plaintiffs remain committed to working with Agency Defendants to reduce the burdens of ESI discovery if Defendants conduct test searches and share the results with Plaintiffs so that the parties can collaborate on a reasonable number of responsive documents.

### 4. The Response Deadline and Timings of Production.

Agency Defendants suggested that the deadline for their discovery responses requires neither that a prior search be undertaken nor that Defendants actually produce any documents responsive to Plaintiffs' requests by the deadline. That is incorrect. *See* Fed. R. Civ. P. 34(b)(2)(B) ("The production must then be completed *no later than the time for inspection specified in the request* or another *reasonable time* specified in the response.") (emphasis added). Agency Defendants must either: (1) produce all relevant documents by April 27; or (2) indicate the search conducted to date and identify a specific time when disclosures will be made in light of the specific burdens of the search at issue.

A diligent search for responsive records before the 30-day deadline is a basic discovery obligation. *Jose Luis Pelaez, Inc. v. Scholastic Inc.*, No. 16-CV-2791, 2017 WL 4776993, at *4 (S.D.N.Y. Oct. 19, 2017) ("The responding party must make its responses 'after a reasonable inquiry.'" (quoting Fed. R. Civ. P. 26(g)(1))); *Yong Ki Hong v. KBS Am., Inc.*, No. 05-CV-1177, 2006 WL 3680629, at *4 (E.D.N.Y. Dec. 12, 2006) ("The Court directs the KBS Defendants to undertake a diligent search for responsive documents."); *Milke v. City of Phoenix*, 497 F. Supp. 3d 442, 465 (D. Ariz. 2020), *aff'd*, No. 20-CV-17210, 2022 WL 259937 (9th Cir. Jan. 27, 2022) ("Before providing her initial responses to the requests for production, Milke did not conduct anything close to a reasonable search and review of the necessary documents.").

Failure to timely conduct *any* search for relevant documents within the 30-day window—or to identify a date certain for future disclosures based on those searches—is *per se* unreasonable. *Howard v. City of Rochester*, 758 F. Supp. 3d 109, 115 n.4 (W.D.N.Y. 2024) ("The County's response did not state . . . any time for producing the documents. Nor does it appear that the County made a serious effort at ascertaining whether inspection and related activities will be permitted as requested."); *Fischer v. Forrest*, No. 14-CV-1304, 2017 WL 773694, at *3 (S.D.N.Y. Feb. 28, 2017) ("[T]he responses do not indicate when documents and ESI that defendants are producing will be produced.").

At a minimum, notwithstanding Plaintiffs' dispute with Agency Defendants regarding the scope of discovery, relevant custodians, and potential burdens or objections, Plaintiffs expect that Agency Defendants will produce documents responsive to Plaintiffs' requests and will run ESI searches and produce documents for the eight custodians Agency Defendants have agreed are relevant, with the following search terms Agency Defendants already agreed to: (1) (definition OR define OR defined OR defines OR defining) AND (antisemitism OR anti-semitism OR antisemitic); (2) IHRA; and (3) "International Holocaust Remembrance Alliance."

2. **Columbia Defendants' Responses to Plaintiffs' First Requests for Production:**

Columbia Defendants have agreed to consider Plaintiffs' proposed custodians and proposed search terms and will provide its responses regarding the scope of search terms and the custodians to be searched via its responses to the first set of RFPs on April 27, 2026. The parties agreed that a follow-up meet and confer shortly after Columbia Defendants' responses would facilitate a discussion to resolve any further disagreements regarding scope in order to avoid any need to approach the Court. Plaintiffs note, however, that if Columbia Defendants share Agency Defendants' positions on any of the above-discussed issues, such a position would be at odds with Plaintiffs and Columbia Defendants must be prepared to defend their position should Plaintiffs need to approach the Court.

**Scheduling Future Meet and Confer:** Plaintiffs propose that this meet and confer take place on April 28 after 2PM, or on April 29 from 9AM-5PM. Plaintiffs request that Columbia Defendants provide their availability for this meet and confer regarding their responses.

3. **Protective Order**

Defendants provided a proposed discovery protective order draft late last week. Agency Defendants proposed a red-lined version of that protective order today. Plaintiffs are reviewing these proposals and intend to provide a red-lined counterproposal by tomorrow.

Best regards,

**Zal K. Shroff (he/him)**
Assistant Professor of Law
Director, Equality & Justice Clinic
—

**CUNY SCHOOL OF LAW**

LAW IN THE SERVICE OF HUMAN NEEDS

---

**From:** Rovner, Allison (USANYS) <Allison.Rovner@usdoj.gov>
**Date:** Thursday, April 16, 2026 at 5:02 PM
**To:** Ahmad Kaki <akaki@cair.com>, Gabrielle E. Tenzer <gtenzer@heckerfink.com>, Nadia Bayado <nBayado@cair.com>, Kornreich, Mollie (USANYS) <Mollie.Kornreich@usdoj.gov>, Fidler, Harry (USANYS) <Harry.Fidler@usdoj.gov>, Marshall L. Miller <mmiller@heckerfink.com>, Trisha Anderson <tanderson@heckerfink.com>, Oestericher, Jeffrey (USANYS) <Jeffrey.Oestericher@usdoj.gov>, Zachary Piaker <zpiaker@heckerfink.com>
**Cc:** Deema Azizi <dazizi@cair.com>, trevor.godbolt@live.law.cuny.edu <trevor.godbolt@live.law.cuny.edu>, info@mariakari.org <info@mariakari.org>, jonathan.wallace80@gmail.com <jonathan.wallace80@gmail.com>, Gadeir Abbas <gAbbas@cair.com>, John Fossum <jfossum@cair.com>, ivy.girdwood@live.law.cuny.edu <ivy.girdwood@live.law.cuny.edu>, agreer@dratellewis.com <agreer@dratellewis.com>, Zal Shroff <zal.shroff@law.cuny.edu>, Malak Dridi <MDridi@cair.com>, jacob.acuna@live.law.cuny.edu <jacob.acuna@live.law.cuny.edu>,

natasha.bunten@live.law.cuny.edu <natasha.bunten@live.law.cuny.edu>
**Subject:** Executive Branch Defendants' Initial Disclosures + proposed custodians and search terms

---

| **\* External Sender - Proceed Cautiously with Links and Attachments. \*** |
| --- |

Counsel,

The Executive Branch Defendants' initial disclosures are attached.

The agency individuals listed in the initial disclosures, as well as Harmeet Dhillon and Gregory Brown, are the Executive Branch Defendants' proposed custodians.

For search terms, we propose running the following terms within communications between the government and Columbia or its counsel, although reserve the right to amend search terms once they have been further tested:
- (definition OR define OR defined OR defines OR defining) AND (antisemitism OR anti-semitism OR antisemitic)
- IHRA
- "International Holocaust Remembrance Alliance"

Many of the individuals plaintiffs listed as custodians would not possess potentially responsive documents.  We can walk through each custodian individually during tomorrow's call.  Although it is difficult to negotiate search terms before the parties have had the opportunity to meet and confer regarding the Executive Branch Defendants' responses and objections to plaintiffs' requests for production, suffice it to say for now that plaintiffs' proposed search terms are overbroad given the limited issue that remains in the litigation.  We look forward to further discussing tomorrow.

Finally, we disagree that defendants have an upcoming production deadline on April 27, as you mentioned in a prior email.  The deadline for written discovery responses to plaintiffs' first set of document requests is April 27.  It is not a document production deadline.  Given the position that plaintiffs have taken on custodians and search terms, it is unlikely that the Executive Branch Defendants will be able to make a first production by April 27.

Sincerely,
Allison

---

**From:** Ahmad Kaki <akaki@cair.com>
**Sent:** Wednesday, April 15, 2026 1:45 PM
**To:** Gabrielle E. Tenzer <gtenzer@heckerfink.com>; Rovner, Allison (USANYS) <Allison.Rovner@usdoj.gov>; Nadia Bayado <nBayado@cair.com>; Kornreich, Mollie (USANYS) <Mollie.Kornreich@usdoj.gov>; Fidler, Harry (USANYS) <Harry.Fidler@usdoj.gov>; Marshall L. Miller <mmiller@heckerfink.com>; Trisha Anderson <tanderson@heckerfink.com>; Oestericher, Jeffrey (USANYS) <Jeffrey.Oestericher@usdoj.gov>; Zachary Piaker <zpiaker@heckerfink.com>
**Cc:** Deema Azizi <dazizi@cair.com>; trevor.godbolt@live.law.cuny.edu; info@mariakari.org; jonathan.wallace80@gmail.com; Gadeir Abbas <gAbbas@cair.com>; John Fossum <jfossum@cair.com>; ivy.girdwood@live.law.cuny.edu; agreer@dratellewis.com; zal.shroff@law.cuny.edu; Malak Dridi <MDridi@cair.com>; jacob.acuna@live.law.cuny.edu; natasha.bunten@live.law.cuny.edu
**Subject:** [EXTERNAL] RE: Service of Plaintiffs' Second RFPs and First Interrogatories

Thank you for your responses, Allison and Gabrielle. We can meet at 3pm on Friday and can circulate a link for that call.

In advance of the meet and confer, we again request that Agency Defendants and Columbia Defendants state their respective positions on the search terms and custodians or assert any counterproposals you may have so that we can promptly address any disagreement prior to Defendants' production deadline.

Kind Regards,

Ahmad Kaki
**Staff Attorney**
**CAIR Legal Defense Fund**



453 New Jersey Ave, SE
Washington, DC 20003
Tel: 202.640.4935 Fax: 202.379.3317
www.cair.com

*[This email may contain confidential and privileged material for the sole use of the intended recipient(s). Any review, use, distribution or disclosure by others is strictly prohibited. If you are not the intended recipient (or authorized to receive for the recipient), please contact the sender by reply email and delete all copies of this message.]*

---

**From:** Gabrielle E. Tenzer <gtenzer@heckerfink.com>
**Sent:** Wednesday, April 15, 2026 11:38 AM
**To:** Rovner, Allison (USANYS) <Allison.Rovner@usdoj.gov>; Nadia Bayado <nBayado@cair.com>; Kornreich, Mollie (USANYS) <Mollie.Kornreich@usdoj.gov>; Fidler, Harry (USANYS) <Harry.Fidler@usdoj.gov>; Marshall L. Miller <mmiller@heckerfink.com>; Trisha Anderson <tanderson@heckerfink.com>; Oestericher, Jeffrey (USANYS) <Jeffrey.Oestericher@usdoj.gov>; Zachary Piaker <zpiaker@heckerfink.com>
**Cc:** Deema Azizi <dazizi@cair.com>; trevor.godbolt@live.law.cuny.edu; info@mariakari.org; jonathan.wallace80@gmail.com; Gadeir Abbas <gAbbas@cair.com>; John Fossum <jfossum@cair.com>; ivy.girdwood@live.law.cuny.edu; Ahmad Kaki <akaki@cair.com>; agreer@dratellewis.com; zal.shroff@law.cuny.edu; Malak Dridi <MDridi@cair.com>; jacob.acuna@live.law.cuny.edu; natasha.bunten@live.law.cuny.edu
**Subject:** RE: Service of Plaintiffs' Second RFPs and First Interrogatories

Counsel –

Counsel for the Columbia Defendants should be available on Friday afternoon.

Regards,

**Gabrielle E. Tenzer | Hecker Fink LLP**
350 Fifth Avenue | 63rd Floor
New York, NY 10118
(W) 929.294.2536 | (M) 646.856.7275

gtenzer@heckerfink.com

---

**From:** Rovner, Allison (USANYS) <Allison.Rovner@usdoj.gov>
**Sent:** Tuesday, April 14, 2026 6:23 PM
**To:** Nadia Bayado <nBayado@cair.com>; Gabrielle E. Tenzer <gtenzer@heckerfink.com>; Kornreich, Mollie (USANYS) <Mollie.Kornreich@usdoj.gov>; Fidler, Harry (USANYS) <Harry.Fidler@usdoj.gov>; Marshall L. Miller <mmiller@heckerfink.com>; Trisha Anderson <tanderson@heckerfink.com>; Oestericher, Jeffrey (USANYS) <Jeffrey.Oestericher@usdoj.gov>; Zachary Piaker <zpiaker@heckerfink.com>
**Cc:** Deema Azizi <dazizi@cair.com>; trevor.godbolt@live.law.cuny.edu; info@mariakari.org; jonathan.wallace80@gmail.com; Gadeir Abbas <gAbbas@cair.com>; John Fossum <jfossum@cair.com>; ivy.girdwood@live.law.cuny.edu; Ahmad Kaki <akaki@cair.com>; agreer@dratellewis.com; zal.shroff@law.cuny.edu; Malak Dridi <MDridi@cair.com>; jacob.acuna@live.law.cuny.edu; natasha.bunten@live.law.cuny.edu
**Subject:** RE: Service of Plaintiffs' Second RFPs and First Interrogatories

This email was sent from outside the Firm.

Nadia,

Counsel for the Executive Branch Defendants currently have good availability on Friday if you would like to schedule a time to confer about custodians and search terms.

Sincerely,
Allison

---

**From:** Nadia Bayado <nBayado@cair.com>
**Sent:** Monday, April 13, 2026 6:46 PM
**To:** Rovner, Allison (USANYS) <Allison.Rovner@usdoj.gov>; gtenzer@heckerfink.com; Kornreich, Mollie (USANYS) <Mollie.Kornreich@usdoj.gov>; Fidler, Harry (USANYS) <Harry.Fidler@usdoj.gov>; mmiller@heckerfink.com; tanderson@heckerfink.com; Oestericher, Jeffrey (USANYS) <Jeffrey.Oestericher@usdoj.gov>; zpiaker@heckerfink.com
**Cc:** Deema Azizi <dazizi@cair.com>; trevor.godbolt@live.law.cuny.edu; info@mariakari.org; jonathan.wallace80@gmail.com; Gadeir Abbas <gAbbas@cair.com>; John Fossum <jfossum@cair.com>; ivy.girdwood@live.law.cuny.edu; Ahmad Kaki <akaki@cair.com>; agreer@dratellewis.com; zal.shroff@law.cuny.edu; Malak Dridi <MDridi@cair.com>; jacob.acuna@live.law.cuny.edu; natasha.bunten@live.law.cuny.edu
**Subject:** [EXTERNAL] Service of Plaintiffs' Second RFPs and First Interrogatories

Good evening, Counsel,

Please find attached Plaintiffs' Second Set of RFPs and 1st Interrogatories to both Columbia and Agency Defendants.

We'd also like to check in regarding the proposed search terms and custodians. We have not yet heard whether Defendants will object to the terms or custodians, and we would like to have adequate time to raise any issues with the court. We would like to meet and confer if there are issues, preferably by week's end given Defendants' incoming deadline to respond to the initial discovery requests.

Thank you!
Nadia

*This email and its attachments may contain information that is confidential and/or protected from disclosure by the attorney-client, work product or other applicable legal privilege. If you are not the intended recipient of the email, please be aware that any unauthorized review, use, disclosure, dissemination, distribution, or copying of this communication, or any of its contents, is strictly prohibited. If you have received this communication in error, please notify the sender immediately and destroy all copies of the message from your computer system. Thank you.*

*This email and its attachments may contain information that is confidential and/or protected from disclosure by the attorney-client, work product or other applicable legal privilege. If you are not the intended recipient of the email, please be aware that any unauthorized review, use, disclosure, dissemination, distribution, or copying of this communication, or any of its contents, is strictly prohibited. If you have received this communication in error, please notify the sender immediately and destroy all copies of the message from your computer system. Thank you.*

## Disclaimer

The information contained in this communication from the sender is confidential. It is intended solely for use by the recipient and others authorized to receive it. If you are not the recipient, you are hereby notified that any disclosure, copying, distribution or taking action in relation of the contents of this information is strictly prohibited and may be unlawful.

This email has been scanned for viruses and malware, and may have been automatically archived by **Mimecast Ltd**, an innovator in Software as a Service (SaaS) for business. Providing a **safer** and **more useful** place for your human generated data. Specializing in; Security, archiving and compliance. To find out more Click Here.

*This email and its attachments may contain information that is confidential and/or protected from disclosure by the attorney-client, work product or other applicable legal privilege. If you are not the intended recipient of the email, please be aware that any unauthorized review, use, disclosure, dissemination, distribution, or copying of this communication, or any of its contents, is strictly prohibited. If you have received this communication in error, please notify the sender immediately and destroy all copies of the message from your computer system. Thank you.*

*This email and its attachments may contain information that is confidential and/or protected from disclosure by the attorney-client, work product or other applicable legal privilege. If you are not the intended recipient of the email, please be aware that any unauthorized review, use, disclosure, dissemination, distribution, or copying of this communication, or any of its contents, is strictly prohibited. If you have received this communication in error, please notify the sender immediately and destroy all copies of the message from your computer system. Thank you.*

## Disclaimer

The information contained in this communication from the sender is confidential. It is intended solely for use by the recipient and others authorized to receive it. If you are not the recipient, you are hereby notified that any disclosure, copying, distribution or taking action in relation of the contents of this information is strictly prohibited and may be unlawful.

This email has been scanned for viruses and malware, and may have been automatically archived by **Mimecast Ltd**, an innovator in Software as a Service (SaaS) for business. Providing a **safer** and **more useful** place for your human generated data. Specializing in; Security, archiving and compliance. To find out more Click Here.

## Disclaimer

The information contained in this communication from the sender is confidential. It is intended solely for use by the recipient and others authorized to receive it. If you are not the recipient, you are hereby notified that any disclosure, copying, distribution or taking action in relation of the contents of this information is strictly prohibited and may be unlawful.

This email has been scanned for viruses and malware, and may have been automatically archived by **Mimecast Ltd**, an innovator in Software as a Service (SaaS) for business. Providing a **safer** and **more useful** place for your human generated data. Specializing in; Security, archiving and compliance. To find out more Click Here.

**Disclaimer**

The information contained in this communication from the sender is confidential. It is intended solely for use by the recipient and others authorized to receive it. If you are not the recipient, you are hereby notified that any disclosure, copying, distribution or taking action in relation of the contents of this information is strictly prohibited and may be unlawful.

This email has been scanned for viruses and malware, and may have been automatically archived by **Mimecast Ltd**, an innovator in Software as a Service (SaaS) for business. Providing a **safer** and **more useful** place for your human generated data. Specializing in; Security, archiving and compliance. To find out more Click Here.