

**U.S. Department of Justice**

*United States Attorney*
*Southern District of New York*

---

*86 Chambers Street*
*New York, New York 10007*

June 10, 2026

**BY ECF**
The Honorable Arun Subramanian
United States District Judge
500 Pearl Street, Courtroom 15A
New York, New York 10007

> Re:   *Khalil, et al. v. The Trustees of Columbia University in the City of New York, et al.*, 25 Civ. 2079 (AS)

Dear Judge Subramanian:

I write respectfully on behalf of the Executive Branch Defendants (the "Government") in response to Plaintiffs' letter motion to compel discovery relating to their First Set of Requests for Production of Documents ("Document Requests"). ECF No. 192. For the reasons explained below, Plaintiffs' motion should be denied, as Plaintiffs misconstrue aspects of the Court's decision on the Government's motion to dismiss and mischaracterize the Government's position relating to Plaintiffs' Document Requests.

### I.      Background

In its March 19, 2026, Opinion and Order, the Court dismissed Plaintiffs' Administrative Procedure Act claim as moot given that the Government had restored to Columbia University ("Columbia") the relevant grant funding. ECF No. 175 at 20. With respect to Plaintiffs' First Amendment claim against the Government, the Court concluded that only two of the eight Plaintiffs had standing to challenge the Government's actions because these Plaintiffs had "plausibly allege[d] that the Agency defendants coerced Columbia to adopt a definition of antisemitism through which it would punish and suppress plaintiffs' political speech." *Id.* at 8. The Court further concluded that, if proven, the conduct could be redressed by "[a]n injunction preventing Columbia from considering (at least portions of) the Taskforce or IHRA antisemitism definitions (and accompanying examples) in determining whether to discipline plaintiffs for their contemplated speech" and "enjoining the Agency defendants from threatening to withhold funds on that basis." *Id.* at 8-9. The Court further explained that the complaint raised two additional issues relating to the March 13, 2025, letter ("March 13 Letter") the Government sent to Columbia setting forth conditions for restoration of funding, namely a "face mask ban" implemented by Columbia and changes to Columbia's Middle East, South Asian, and African Studies ("MESAAS") department, but the Court concluded that Plaintiffs did not have standing to pursue these issues and therefore that "their challenges to these other actions by Columbia fail." *Id.* at 9.

The Honorable Arun Subramanian
June 10, 2026
Page 2

On March 26, 2026, Plaintiffs served ten document requests on the Government seeking, among other things, documents and communications in the Government's possession that relate to discussions of Columbia (Request Nos. 1-2); the International Holocaust Remembrance Alliance ("IHRA") definition of antisemitism (Request No. 3); the Government's investigation into Columbia (Request Nos. 4-5); the funding the Government terminated to Columbia (Request Nos. 6-7); the March 13 Letter (Request No. 8); demands or requests for student discipline at Columbia (Request No. 9); and the Resolution Agreement between the Government and Columbia that restored the vast majority of funding (Request No. 10). These requests are identical to a set that Plaintiffs prematurely emailed to the Government in December 2025, prior to the Court's decision on Defendants' motions to dismiss.

Before the Government's written responses to the Document Requests were due, on April 6, 2026, Plaintiffs sent the Government a list of 42 proposed custodians, including many individuals who this Office, after consultation with agency counsel, understands would lack responsive documents. Plaintiffs also proposed 34 search terms, including many terms that were not limited to Columbia (*e.g.*, "Antisemitism" AND "OCR" or "Office of Civil Rights"; "student" AND "protest") and were otherwise vastly overbroad (*e.g.*, "Columbia" AND "federal"; "Columbia" AND "grant"). *See* Ex. 1 at 2, 6-7, 9. On April 13, 2026, Plaintiffs served the Government with a Second Set of Requests for Documents, which included 41 additional sweeping requests, many of which have virtually no relevance to the issues in this litigation. *See* Ex. 2.

At a meet and confer on April 17, the Government agreed to run test searches of the search terms Plaintiffs proposed on April 6 and to further confer with Plaintiffs about a reasonable set of terms. On April 30, after each relevant federal agency had nearly completed the process of testing Plaintiffs' proposed terms, Plaintiffs served the Government with a different, even broader set of 72 proposed search terms, purportedly to replace their first set of search terms, again including terms that had no relationship to Columbia and that were not appropriately tailored to the issues in the litigation (*e.g.*, "Federal" AND "Grant"; "Federal" AND "Fund!"; "Resistance"; and "Student" AND "Demonstration"). *See* Ex. 3 at 46-47 (Ex. C to Plaintiffs' proposed ESI Protocol).

On multiple occasions in April and May, the parties exchanged emails and conferred about Plaintiffs' document requests, search terms, and requested custodians. As reflected in the email exchanges Plaintiffs attached to their letter motion, Plaintiffs repeatedly mischaracterized the Government's position on these issues. *See* ECF No. 192-2 at 2-4, 16-17, 19-21, 24-25, 27-30.

The last communication between the parties relating to the scope of discovery with respect to Plaintiffs' Document Requests is the May 11, 2026, email communication sent by counsel for the Government. *See* ECF No. 192-2 at 14-15. In this email, the Government provided Plaintiffs with hit counts relating to the test searches it had conducted of the search terms Plaintiffs proposed on April 6, explaining that running these search terms through the emails of Plaintiffs' proposed custodians would likely return millions of non-responsive documents, and that Plaintiffs' second set of terms, proposed on April 30, would likely return even more documents. Although the Government indicated it was willing to test the April 30 terms, it suggested that a more productive approach would be for Plaintiffs to propose a narrower set of terms. The Government also clarified its position regarding the Government's responses to Plaintiffs' First Set of Requests, stating:

The Honorable Arun Subramanian
June 10, 2026
Page 3

"[T]he Government has agreed to search for documents regarding student discipline, university policies, and the Government's financial relationship with Columbia (with the time limits and other parameters identified in the specific R&Os) to the extent such documents explicitly or implicitly relate to the definition of antisemitism used by Columbia. Accordingly, we agree that communications relating to the March 13 letter, Columbia's response, and the reasons for termination or reinstatement of federal funding to Columbia in the January 20 to July 23, 2025 period generally would be considered responsive. However, documents that are entirely about other demands in the letter would not be responsive."

Rather than engage with the Government's May 11 email and negotiate appropriate search terms, Plaintiffs did not respond and then filed the instant motion to compel a month later.

## II.    Argument

The Court should deny Plaintiffs' letter motion because it misconstrues the Court's motion to dismiss decision and mischaracterizes the Government's position. First, as discussed above, the Court clearly held that two Plaintiffs had standing to bring a First Amendment claim as it relates to their allegations of chilled speech resulting from the Government's alleged coercion of the definitions of antisemitism Columbia incorporated into its antidiscrimination policy and that other challenges failed. ECF No. 175 at 6-9. Plaintiffs' letter motion does not address or refute this. Rather, Plaintiffs appear to argue—and have argued in negotiations with the Government—that discovery of documents beyond the definition of antisemitism and its alleged coercion are relevant to showing the Government's allegedly coercive intent.

As indicated in the Government's May 11 email to Plaintiffs, the Government will agree to produce documents to Plaintiffs relating to the Government's intent with respect to the antisemitism definition. For example, the Government is willing to search for and produce documents relating to student discipline, communications with Columbia, and the Government's financial relationship with Columbia to the extent such documents explicitly or implicitly (*i.e.*, documents that do not explicitly reference the definition of antisemitism) relate to the definition of antisemitism used by Columbia. The Government is also willing to search for communications relating to the March 13 Letter, Columbia's response, and the reasons for termination or reinstatement of federal funding to Columbia. But it is not willing, for example, to search for communications that are entirely about other demands in the March 13 Letter, such as a mask ban or oversight of the MESAAS Department, since the Court ruled that Plaintiffs have standing only to challenge the antisemitism definition. Further, although the Government views the two sets of search terms proposed by Plaintiffs as extremely overbroad, the Government invites Plaintiffs to propose a more reasonable set of terms that, for example, is limited to Columbia and reasonably addresses Plaintiffs' desire for documents going towards the Government's motivations without imposing unduly burdensome discovery obligations on the Government. Accordingly, the Court should deny Plaintiffs' motion.

The Honorable Arun Subramanian
June 10, 2026
Page 4

        We thank the Court for its consideration of this letter.

Respectfully submitted,

JAY CLAYTON
United States Attorney for the
Southern District of New York

By:   /s/ Allison M. Rovner
     ALLISON M. ROVNER
     Assistant United States Attorney
     86 Chambers Street, Third Floor
     New York, New York 10007
     Tel.: (212) 637-2691
     Email: allison.rovner@usdoj.gov

cc: Counsel of Record (by ECF)