**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

|  |  |
|---|---|
| MAHMOUD KHALIL, et al.,<br><br>*Plaintiffs,*<br><br>v.<br><br>TRUSTEES OF COLUMBIA UNIVERSITY<br>IN THE CITY OF NEW YORK, et al.,<br><br>*Defendants.* | No. 1:25 Civ. 02079 (AS) |

**DEFENDANTS TRUSTEES OF COLUMBIA UNIVERSITY IN THE**
**CITY OF NEW YORK AND ACTING PRESIDENT CLAIRE SHIPMAN'S**
**PARTIAL OPPOSITION TO PLAINTIFFS' MOTION FOR LEAVE TO AMEND**

Marshall L. Miller (Lead Counsel)
Gabrielle E. Tenzer
Maximillian L. Feldman
Zachary Piaker
HECKER FINK LLP
350 Fifth Avenue, 63rd Floor
New York, New York 10118
(212) 763-0883
mmiller@heckerfink.com
gtenzer@heckerfink.com
mfeldman@heckerfink.com
zpiaker@heckerfink.com

Trisha Anderson
HECKER FINK LLP
1050 K Street NW, 10th Floor
Washington, DC 20001
(212) 763-0883
tanderson@heckerfink.com

*Attorneys for Defendants Trustees*
*of Columbia University in the City*
*of New York and Acting President*
*Claire Shipman*

**PRELIMINARY STATEMENT**

The Columbia Defendants oppose Plaintiffs' request for leave to amend the Second Amended Complaint to add Pauline Poe where their proposed amendment seeks to relitigate issues already decided by this Court. Specifically, this Court should deny leave to amend the Second Amended Complaint to the extent Plaintiffs seek to add Ms. Poe to their Count III claim relating to a February 13, 2025 congressional letter, and to the extent that they press claims already dismissed from this lawsuit (Counts I, IV, and V). Under a straightforward application of this Court's decision dated March 19, 2026 (ECF 175, the "March 19 Decision" or "Op."), Ms. Poe's allegations are insufficient to establish standing to bring claims relating to the February 13 letter. The proposed amendment to add Ms. Poe to Count III with respect to the February 13 letter would therefore be futile and would waste the parties' and the Court's resources by forcing the Columbia Defendants to relitigate issues already decided by this Court. It would also risk delay in the completion of discovery and ultimate resolution of the case. The Columbia Defendants do not oppose Plaintiffs' request to add Ms. Poe to their Count III claim relating to a March 13, 2025 letter from the Agency Defendants to Columbia, as narrowed by the March 19 Decision.

**BACKGROUND**

Plaintiffs filed their initial complaint in this case well over a year ago, on March 13, 2025. *See* ECF 1. In that complaint they brought claims relating to a February 13, 2025 letter issued by the U.S. House of Representatives Committee on Education and the Workforce, *see id.* ¶¶ 73-116, requesting the production of student disciplinary records relating to eleven specific incidents (ECF 15-1, the "February 13 Letter"). In their First Amended Complaint, filed on March 19, 2025, *see* ECF 13, Plaintiffs added certain claims relating to a March 13, 2025 letter from the Agency Defendants to Columbia (ECF 15-2, the "March 13 Letter"). Plaintiffs subsequently filed a Second

1

Amended Complaint (ECF 62, the "SAC"), which, among other things, added new allegations concerning the February 13 and March 13 Letters. The Columbia Defendants and the other defendants in this case filed motions to dismiss the SAC based on Plaintiffs' lack of standing, among other grounds. *See* ECF 81, 84, 86.

On March 19, 2026, this Court partially denied and partially granted the Columbia Defendants' and Agency Defendants' motions to dismiss the SAC and granted the Congressional Defendants' motion to dismiss the SAC. In that March 19 Decision, the Court dismissed Counts I, IV, and V of the SAC altogether. Op. at 4-5, 20-22. The Court also narrowed the scope of Counts II and III, holding that only four Plaintiffs had established standing to pursue claims related to the February 13 Letter and only two other Plaintiffs had standing to pursue claims related to certain aspects of the March 13 Letter. *Id.* at 5-12. The Court ordered the parties to submit a revised case management plan by March 31, 2026. *Id.* at 23.

Pursuant to the schedule entered on April 1, 2026, ECF 179, discovery in this case is now well underway. The parties exchanged initial disclosures on April 16, 2026. Declaration of Marshall L. Miller ("Miller Decl.") ¶ 5. The parties have served multiple written discovery requests, including requests for the production of documents and interrogatories. *Id.* ¶¶ 3-4, 6. Plaintiffs have begun noticing depositions. *Id.* ¶ 8. And the Agency Defendants and Columbia Defendants have each answered the SAC. ECF 182, 183.

On May 20, 2026, Plaintiffs' counsel informed the Agency Defendants and Columbia Defendants for the first time that Plaintiffs intended to "seek leave to amend" for the purpose of "add[ing] a new plaintiff." Miller Decl. Ex. A at 10. Plaintiffs stated that they were "not seeking to add any new claims," represented that this new plaintiff would "allege the same claim regarding the March 13 letter as Sam Soe and Kam Koe," and sought Defendants' position on their motion

for leave to amend. *Id.* The Agency Defendants promptly requested that Plaintiffs provide a redline showing the changes being proposed to the SAC. *See id.* at 9. Seven days later, Plaintiffs circulated a redlined document reflecting their proposed amendments, *see id.* at 8-9, which included new allegations that went beyond simply adding Ms. Poe to the litigation in connection with the March 13 Letter, *see* Miller Decl. Ex. B ¶¶ 11, 145. And notwithstanding Plaintiffs' initial representation, the redline reflected that Ms. Poe would also seek to challenge Columbia's actions in response to the February 13 Letter. *See id.* ¶¶ 151, 154. Plaintiffs also indicated that they would re-allege counts that this Court previously dismissed from the case (Counts I, IV, and V). *See id.* ¶¶ 158-75, 199-220; Op. at 4-5, 20-22.

Over the next several days, the Columbia Defendants sought in good faith to reach an agreement with Plaintiffs on the scope of their proposed amendments. On May 29, 2026, Plaintiffs agreed to pare back their new allegations. *See* Miller Decl. Ex. A at 5. The following day, on May 30, 2026, Plaintiffs moved for leave to file their proposed third amended complaint. ECF 189-1 ("Mot."); *see* ECF 189-2 ("PTAC"). On June 2, 2026, Plaintiffs stipulated that, despite including the dismissed claims and parties, the PTAC "is meant to be read in conjunction with the Court's March 19 Opinion and Order, recognizing what aspects of the case are not currently live in light of that Opinion. Ms. Poe's current claims are only those live claims that remain following the March 19 Opinion." Miller Decl. Ex. A at 2. On June 8, 2026, the Columbia Defendants offered to drop their opposition to Plaintiffs' motion altogether if Plaintiffs would withdraw Ms. Poe's allegations concerning the February 13 Letter, which fail to establish standing under the Court's March 19 Decision. *See id.* at 1-2. Plaintiffs rejected that proposal, *id.* at 1, and the Columbia Defendants notified the Court of their intent to file this partial opposition, ECF 195.

## LEGAL STANDARD

Rule 15(a)(2) of the Federal Rules of Civil Procedure provides that "a party may amend its pleading only with the opposing party's written consent or the court's leave," and instructs that "[t]he court should freely give leave when justice so requires." "[I]t is within the sound discretion of the district court to grant or deny leave to amend," *Green v. Mattingly*, 585 F.3d 97, 104 (2d Cir. 2009) (quoting *McCarthy v. Dun & Bradstreet Corp.*, 482 F.3d 184, 200 (2d Cir. 2007)), and a motion for leave to amend may be denied "for good reason, including futility, bad faith, undue delay, or undue prejudice to the opposing party," *Holmes v. Grubman*, 568 F.3d 329, 334 (2d Cir. 2009) (quoting *McCarthy*, 482 F.3d at 200). "Futility is a determination, as a matter of law, that proposed amendments would fail to cure prior deficiencies or to state a claim under Rule 12(b)(6)." *Panther Partners Inc. v. Ikanos Commc'ns, Inc.*, 681 F.3d 114, 119 (2d Cir. 2012).

## ARGUMENT

**I.    The Court should deny Plaintiffs' requested amendment relating to the February 13 Letter.**

Plaintiffs' motion for leave to amend should be denied insofar as the proposed amendment pertains to the February 13 Letter (*i.e.*, PTAC ¶¶ 150, 153), because Ms. Poe's allegations are insufficient to establish standing. Where a plaintiff lacks Article III standing, leave to amend is futile and should be denied on that ground. *See, e.g.*, *Evolution Fast Food One, LP v. HVFG, LLC*, 720 F. Supp. 3d 251, 264 (S.D.N.Y. 2024) (denying as futile leave to amend complaint where plaintiff lacked Article III standing); *O'Shea v. P.C. Richard & Son, LLC*, No. 15 Civ. 9069, 2017 WL 3327602, at *7-8 (S.D.N.Y. Aug. 3, 2017) (same); *Ortiz v. Westchester Med. Ctr. Health Care Corp.*, No. 15 Civ. 5432, 2016 WL 6901314, at *9 (S.D.N.Y. Nov. 18, 2016) (same).

In its March 19 Decision, this Court determined that four Plaintiffs lacked standing to pursue claims relating to the February 13 Letter. *See* Op. at 9. In identifying those Plaintiffs who

4

had sufficiently pled standing, the Court relied upon allegations that they had "directly been subject to Columbia University disciplinary processes based on allegations of direct and/or indirect involvement in at least one of the eleven events outlined in the Committee's February 13 letter, and therefore expect that their records . . . will be disclosed to Government Defendants." Op. at 10 (quoting SAC ¶ 152) (ellipsis in original). In contrast, the four Plaintiffs determined to lack standing to pursue claims relating to the February 13 Letter had made no such allegations.

Like the four Plaintiffs who the Court previously determined lacked standing, Ms. Poe does not allege that she was the subject of disciplinary processes or a disciplinary investigation in connection with any of the eleven events on campus identified in the February 13 Letter. To the contrary, Ms. Poe expressly concedes that she has *not* been subject to discipline on such a basis. PTAC ¶ 153 (conceding that Ms. Poe "was not disciplined by Columbia for any of those specific events"). At most, Ms. Poe alleges that it is "unclear whether she was identified at those enumerated events, or identified as being affiliated with any participant student groups in those enumerated [events] such that her identity was disclosed to Government Defendants." *Id.* This conceded uncertainty represents the exact kind of speculative injury that does not establish standing. *See Clapper v. Amnesty Int'l USA*, 568 U.S. 398, 410 (2013) (explaining that "a highly attenuated chain of possibilities . . . does not satisfy the requirement that threatened injury must be certainly impending"). Indeed, this Court determined that Plaintiffs Lucy Loe and Will Moe did not have standing in connection with the February 13 Letter, *see* Op. at 9, despite their alleging, like Ms. Poe, that they "were each present at or attended expressive events on campus specifically identified by the Committee's February 13th letter," SAC ¶ 149; *see* PTAC ¶ 150.

Because Ms. Poe does not allege that she was the subject of discipline or any disciplinary investigation arising from any of the eleven events identified in the February 13 Letter, the PTAC

5

does not plausibly plead what this Court previously determined was "key"—that "at least some of [her] records relating to" the events referenced in the February 13 Letter "have not yet been disclosed but will be." Op. at 10. In the March 19 Decision, the Court made clear that its determination that four Plaintiffs had plausibly alleged standing turned on their express allegation that they "have directly been subject to Columbia University disciplinary processes based on allegations of direct and/or indirect involvement in at least one of the eleven events outlined in the Committee's February 13 letter, and therefore expect that their records . . . *will be disclosed* to Government Defendants." Op. at 10 (quoting SAC ¶ 152) (emphasis added). Notably, in the PTAC, Ms. Poe is not added to that key allegation, *see* PTAC ¶ 153, nor does she make this key assertion elsewhere. Accordingly, the PTAC does not adequately plead standing for Ms. Poe under the March 19 Decision, and the Court should deny leave to amend to add Ms. Poe to the Count III claim relating to the February 13 Letter.

Adding Ms. Poe to that claim after this case has been pending for 15 months would also create undue delay. *See, e.g.*, *AEP Energy Servs. Gas Holding Co. v. Bank of Am., N.A.*, 626 F.3d 699, 725-26 (2d Cir. 2010) (explaining that "[a]mendment may be prejudicial when, among other things, it would . . . significantly delay the resolution of the dispute" (quotation and citation omitted)); *Trump v. Vance*, 480 F. Supp. 3d 460, 503 (S.D.N.Y. 2020) ("Under Rule 15, 'leave to amend a pleading may only be given when factors such as undue delay or undue prejudice to the opposing party are absent.'" (quoting *SCS Commc'ns, Inc. v. Herrick Co.*, 360 F.3d 329, 345 (2d Cir. 2004))). Plaintiffs' assertion that adding Ms. Poe "will have no impact on the timeline of the proceedings," Mot. at 3, is implausible. Adding her to the February 13 Letter claim would require the Columbia Defendants to re-brief a motion to dismiss based on the same issues already resolved

6

by this Court in the March 19 Decision. Thus, adding Ms. Poe, a new party who lacks standing, at this stage in the litigation would be inefficient and risk delay in the ultimate resolution of the case.[1]

The Columbia Defendants do not oppose Plaintiffs' proposed amendment with respect to the March 13 Letter based on Plaintiffs' written acknowledgment that the new allegations relating to Ms. Poe are not an effort to relitigate claims and theories of liability already dismissed from the case. Specifically, Plaintiffs stipulated that "the TAC is meant to be read in conjunction with the Court's March 19 Opinion and Order, recognizing what aspects of the case are not currently live in light of that Opinion," and that "Ms. Poe's current claims are only those live claims that remain following the March 19 Opinion." Miller Decl. Ex. A at 2. On that basis, the Columbia Defendants do not oppose the proposed amendment adding Ms. Poe to Plaintiffs' claims relating to the March 13 Letter.

## II.      The Court should deny leave to amend claims it has dismissed.

Finally, the PTAC re-alleges and would add Ms. Poe to claims (including Counts I, IV, and V) that the Court has dismissed from the case. *See* PTAC ¶¶ 157-74, 198-219; Op. at 4-5, 20-22. There is no basis for Plaintiffs to include dismissed claims in the PTAC. Any amendment that includes the dismissed claims or adds Ms. Poe to such claims clearly would be futile and should be denied on that basis. *See, e.g.*, *Klecher v. Metro. Life Ins. Co.*, 331 F. Supp. 2d 279, 285 (S.D.N.Y. 2004) (finding amendment futile where plaintiff's proposed amendment attempted to reassert previously dismissed claim); *see also, e.g.*, *Bunim v. City of New York*, No. 04 Civ. 7922, 2009 WL 10740966, at *2 (S.D.N.Y. Oct. 19, 2009) (denying motion for leave to amend "insofar

---

[1] Adding Ms. Poe would also create additional delay in discovery. The parties are two months into a five-month period of discovery and have served multiple rounds of written discovery, including document requests and interrogatories. Miller Decl. ¶¶ 3-4, 6. The deadlines for serving initial document requests and interrogatories have long passed. *See* ECF 179 at 1. The Columbia Defendants' partial non-opposition to Plaintiffs' motion for leave to amend is therefore premised on the Court's permission to serve Ms. Poe with written discovery requests on a reasonable timeframe.

as the proposed amended complaints include . . . claims that have previously been dismissed" and directing "the dismissed claims . . . be deleted from the amended complaints"). To the extent the Court grants partial or full leave to amend the complaint, the Court's order should make clear, as Plaintiffs acknowledge, that the PTAC encompasses "only those live claims that remain following the March 19 [Decision]." Miller Decl. Ex. A at 2.[2]

### CONCLUSION

For the foregoing reasons, the Columbia Defendants respectfully request that the Court deny Plaintiffs' motion for leave to amend to the extent Ms. Poe seeks to assert any claim concerning the Columbia Defendants' actions in response to the February 13 Letter and to maintain claims that this Court has previously dismissed.

Dated: New York, New York
      June 15, 2026

Respectfully submitted,

Marshall L. Miller (Lead Counsel)
Gabrielle E. Tenzer
Maximillian L. Feldman
Zachary Piaker
HECKER FINK LLP
350 Fifth Avenue, 63rd Floor
New York, New York 10118
(212) 763-0883
mmiller@heckerfink.com
gtenzer@heckerfink.com
mfeldman@heckerfink.com
zpiaker@heckerfink.com

Trisha Anderson
HECKER FINK LLP
1050 K Street NW, 10th Floor
Washington, DC 20001

---

[2] Plaintiffs' motion suffers from multiple additional defects. For one thing, Plaintiffs have made factual assertions about when they learned of Ms. Poe's allegations that are unsupported by a declaration. *See* Mot. at 2, 4. For another, Plaintiffs have filed Ms. Poe's allegations pseudonymously, but they have not requested permission from this Court to do so. The Columbia Defendants reserve all rights with respect to Ms. Poe's pseudonymity and any motion by Ms. Poe to proceed in that manner.

(212) 763-0883
tanderson@heckerfink.com

*Attorneys for Defendants Trustees
of Columbia University in the City
of New York and Acting President
Claire Shipman*

9

**CERTIFICATE OF COMPLIANCE**

I, Marshall L. Miller, hereby certify that this memorandum of law complies with the word-count limitations set forth in Local Civil Rule 7.1(c) and contains 2,637 words, exclusive of the caption, the signature blocks, and this certificate.

Dated: New York, New York
      June 15, 2026

Marshall L. Miller