

**U.S. Department of Justice**

*United States Attorney*
*Southern District of New York*

---

*86 Chambers Street*
*New York, New York 10007*

August 11, 2026

**BY ECF**
The Honorable Arun Subramanian
United States District Judge
500 Pearl Street, Courtroom 15A
New York, New York 10007

>       Re:    *Khalil, et al. v. The Trustees of Columbia University in the City of New*
>              *York, et al.*, 25 Civ. 2079 (AS)

Dear Judge Subramanian:

We write on behalf of the Executive Branch Defendants (the "Government") respectfully to request a stay of discovery pending the Court's decision on Defendants' motions to dismiss. *See* ECF Nos. 218-20 (the Government's motion to dismiss).[1] Good cause exists to stay discovery because: (1) the motions should be dispositive of the entire action; (2) the burdens of discovery on the parties will be substantial; and (3) Plaintiffs would not suffer unfair prejudice from a brief stay pending resolution of these motions.

## I.    Background

In a March 19, 2026, Opinion and Order, the Court dismissed all claims against the Government, aside from a First Amendment claim brought by two Plaintiffs relating to the limited issue of whether the Executive Branch Defendants "coerced Columbia to adopt a definition of antisemitism"—namely, the definition adopted by Columbia's Task Force on Antisemitism ("Task Force") and the International Holocaust Remembrance Alliance ("IHRA") definition—"through which it would punish and suppress plaintiffs' political speech." ECF No. 175 at 8-9, 20. The Court further concluded that, if proven, the Government's conduct could be redressed by "enjoining the Agency defendants from threatening to withhold funds on that basis." *Id.* at 8-9.

The parties thereafter have been engaged in discovery. Despite the limited claim remaining in this action against the Government, discovery has been burdensome and contentious. For example, as reflected in the record from Plaintiffs' motion to compel discovery from the Government, which the Court denied, Plaintiffs served the Government with 51 sweeping document requests, many of which have little or no relevance to the issues in the litigation. *See*

---

[1] The Government does not interpret the three-page limit for letters in Paragraph 3.A of the Court's Individual Practices to apply to letter-motions in Paragraph 8.A, but has nonetheless aimed for brevity.

The Honorable Arun Subramanian
August 11, 2026
Page 2

ECF No. 192 & Exs. A-B, ECF No. 200 & Exs. 1-3, ECF No. 207. Plaintiffs also proposed that the Government search records of 42 custodians (who this Office, after consultation with agency counsel, understands would lack responsive documents) and provided two separate lists comprising over 100 search terms, including many terms that were vastly overbroad and not even related to Columbia University ("Columbia") (*e.g.,* "Federal" AND "Grant"; "Federal" AND "Fund!"; "student" AND "protest"; "Resistance"; "Office of Civil Rights"; "Antisemitism"). *See* ECF No. 200 at 2 & Ex. 1 at 2, 6-7, 9 & Ex. 3 at 46-47. Moreover, the Government has reason to believe that Plaintiffs are seeking documents far beyond the limited issue remaining in the litigation—and may seek to do the same with depositions—because they want this information for reasons unrelated to proving their claims in this case or the relief they seek from the Court. Although, after much negotiation and litigation, the Court decided the scope of document discovery issue in favor of the Government, *see* ECF No. 192 Ex. B, ECF No. 207, which is now in the process of reviewing thousands of documents collected from four different agencies, the unnecessarily time-consuming nature of discovery in this action has not ended there.

For example, the parties have spent the past nearly four months negotiating two protective orders (which were "bifurcated" into two separate orders at Plaintiffs' insistence). This involved exchanging countless emails and draft protective orders and ultimately resulted in the need for a four-month extension of the discovery schedule. *See* ECF No. 210.

As a further example, Plaintiffs recently objected to the Government's interrogatory requests to identify witnesses with knowledge relevant to the non-dismissed allegations in Plaintiffs' declarations and complaints that their speech has been chilled as a result of the Government's alleged conduct on the basis of a purported associational privilege. Plaintiffs may also withhold documents in response to the Government's document requests on the basis of this privilege. The Government disagrees that an associational privilege applies here, and although the parties have been conferring about this issue, it is likely that the Government will need to seek judicial intervention to obtain the basic discovery it needs in support of its defense in this case.

Finally, although the parties have not discussed this issue since the Court's recent order denying Plaintiffs' motion to compel document discovery, Plaintiffs previously indicated an intention to take numerous depositions, even more than the 10 provided for under Federal Rule of Civil Procedure 30, including of high-level Government officials. To the extent the depositions Plaintiffs notice go beyond the scope of permissible discovery in this case, the parties may need to seek resolution by the Court. The first deposition in this litigation, of a Columbia employee who was on the Task Force, is scheduled for August 13, 2026. Although presumably the only relevant topic would relate to the definition of antisemitism in Columbia's policies, Plaintiffs have indicated that they intend to take the full seven hours permitted under Rule 30 for this deposition.

On July 28, 2026, the Court partially granted Plaintiffs' motion to file a Third Amended Complaint ("TAC") to add a third Plaintiff, ruling, in part, that this Plaintiff could only allege the claim that remained against the Executive Branch Defendants. ECF No. 211 at 8. Plaintiffs filed a TAC on August 3, 2026. ECF No. 212 (refiled due to filing deficiencies at ECF Nos. 213-15).

The Honorable Arun Subramanian
August 11, 2026
Page 3

In a stipulation fully executed on August 5, 2026, the Government and Columbia agreed that absent a court order or change in the law requiring the Government to do so, the Government does not and will not "[r]equire that Columbia adopt, incorporate, reference, or maintain any particular definition of antisemitism in its antidiscrimination policies or disciplinary policies or procedures, including the Task Force definition or the IHRA definition" (the definitions relevant to this litigation). ECF No. 219, Rovner Decl. Ex. A (Stipulation). The Stipulation also states that the Government will not condition any funding on Columbia's adoption of any particular definition of antisemitism in its antidiscrimination policies or disciplinary policies or procedures and will not investigate or impose any sanction on the basis that Columbia does not adopt any particular definition of antisemitism. *Id.*

Today, the Government filed a motion to dismiss Plaintiffs' TAC for lack of subject matter jurisdiction because the limited remaining claim against the Government, relating to the definition of antisemitism, is moot given the Stipulation. The Government understands that the Columbia Defendants intend to move to dismiss today the claims against them as well.

## II.    Argument

The Court should exercise its discretion to stay discovery in light of Defendants' motions to dismiss. "A district court has discretion to stay discovery pursuant to Rule 26(c) of the Federal Rules of Civil Procedure, upon a showing of good cause." *Hertz Glob. Holdings, Inc. v. Nat'l Union Fire Ins. Co. of Pittsburgh*, No. 19 Civ. 6957 (AJN), 2020 WL 6642188, at *1 (S.D.N.Y. Nov. 12, 2020) (citation omitted). "If a motion to dismiss is pending, courts typically consider several factors in determining whether to stay discovery; including: (1) whether a defendant has made a strong showing that the plaintiff's claim is unmeritorious, (2) the breadth of discovery and the burden of responding to it, and (3) the risk of unfair prejudice to the party opposing the stay." *Alapaha View Ltd. v. Prodigy Network, LLC*, No. 20 Civ. 7572 (VSB), 2021 WL 1893316, at *2 (S.D.N.Y. May 10, 2021) (quotation marks omitted). Each of these considerations strongly supports a stay.

### A. The Government's Motion to Dismiss Is Likely to Resolve the Action Against It

A stay is warranted because the Government's motion to dismiss should dispose of the action against it, and coupled with Columbia's motion to dismiss, may resolve the entire action. *See Alapaha View*, 2021 WL 1893316, at *2 (concluding that a stay of discovery pending disposition of a motion to dismiss is appropriate where the motion to dismiss "is potentially dispositive" and is "not unfounded in the law"). As courts in this District have recognized, where a party has "presented substantial arguments for dismissal of many, if not all, of the claims asserted in this lawsuit, a stay of discovery is appropriate." *HAHA Glob., Inc. v. Barclays*, No. 19 Civ. 04749 (VEC) (SDA), 2020 WL 832341, at *1 (S.D.N.Y. Feb. 20, 2020) (citation and quotation marks omitted); *see also Press v. Primavera*, No. 21 Civ. 10971 (JLR), 2022 WL 17736916, at *2 (S.D.N.Y. Dec. 16, 2022) (staying discovery because, among other reasons, the defendant made "substantial arguments for dismissal"); *Richardson v. City of New York*, No. 21 Civ. 5080 (PAE) (KHP), 2022 WL 2003340, at *2 (S.D.N.Y. June 6, 2022) (staying discovery where the defendants' motion to dismiss "arguments are supported by case law from this Circuit").

The Honorable Arun Subramanian
August 11, 2026
Page 4

As set forth above and in the Government's motion to dismiss, only a limited claim now remains against the Government in this action—whether the Government coerced Columbia to adopt the Task Force or IHRA definitions of antisemitism—and that claim has been rendered moot by the Stipulation, which makes clear that the Government does not and will not require, including through conditions on funding, Columbia to adopt any particular definition of antisemitism. Indeed, the Stipulation provides the very relief that the Court's Opinion and Order stated that the Court could order against the Government if warranted—"enjoining the Agency defendants from threatening to withhold funds on th[e] basis" of the definition of antisemitism adopted by Columbia. ECF No. 175 at 8-9.

Because a decision in the Government's favor in connection with its motion to dismiss would resolve the entirety of this action against it, and Defendants' motions potentially would resolve the entirety of this action, a stay is appropriate.

**B.  The Breadth and Burden of Discovery Weigh in Favor of a Stay**

The second factor—the breadth of discovery and the burden of responding to it—likewise favors a stay for multiple reasons.

As discussed above, although the claim that remains against the Government is limited, discovery has been and will continue to be onerous. *See, e.g.*, *Alapaha View*, 2021 WL 1893316, at *2 (staying discovery where "even document discovery would be onerous"); *Press*, 2022 WL 17736916, at *2 ("broad discovery . . . weighs in favor of granting a stay"); *Brockmole v. EZ Festivals, LLC*, No. 23 Civ. 8106 (MMG) (JW), 2026 WL 1760122, at *2 (S.D.N.Y. June 18, 2026) (granting stay of discovery, in part, because of burdens associated with preparation for and completion of depositions). Requiring the parties to undertake such discovery before the Court has determined whether any claim survives would impose burdens not "proportional to the needs of the case." Fed. R. Civ. P. 26(b)(1).

As indicated above, following resolution of a dispute over the scope of its document search and production, the Government is in the process of reviewing thousands of pages of documents that it has collected from four separate agencies. Because Plaintiffs have sought internal agency communications and draft documents to ascertain the motivations of executive-branch decisionmakers, the requested discovery implicates various privileges, including the attorney-client privilege, the work product doctrine, the deliberative process privilege, and other governmental privileges. Responding to such requests would require the Government to review and log large volumes of documents, and it would invite privilege disputes and motions to compel. Further, as noted above, the litigation to date strongly suggests that there will be other disputes over documents and depositions in the near future that may require judicial resolution. The expenditure of such resources in a case with only a limited claim against the Government remaining, which is unlikely to survive a motion to dismiss, is unwarranted. As one court in this District explained, because the disposition of a motion to dismiss "may significantly narrow, if not eliminate, the issues remaining in this case . . . proceeding with discovery while the motion is pending would waste the parties' resources and would constitute an undue burden." *Alapaha View*, 2021 WL 1893316, at *2 (citation omitted).

The Honorable Arun Subramanian
August 11, 2026
Page 5

### C. A Brief Stay Would Not Unfairly Prejudice Plaintiffs

Finally, because discovery would be stayed only pending the Court's decision on the motions to dismiss, "a short delay at this time would not be unfairly prejudicial." *Hertz*, 2020 WL 6642188, at \*1. Indeed, "[a] stay pending determination of a dispositive motion that potentially eliminates the entire action will neither substantially nor unduly delay the action, should it continue." *Alapaha View*, 2021 WL 1893316, at \*3 (citation and quotation marks omitted); *see also Spinelli v. Nat'l Football League*, No. 13 Civ. 7398 (RWS), 2015 WL 7302266, at \*2 (S.D.N.Y. Nov. 17, 2015) ("At this stage of the litigation, with the viability of the new Complaint unresolved, a delay in discovery, without more, does not amount to unfair prejudice.").

The Government has already filed its motion to dismiss today and anticipates that Columbia will file its motion to dismiss today as well. These motions should be fully briefed by September 1, 2026. *See* Local Rule 6.1(b). A stay of such limited duration would not meaningfully delay the litigation. Nor is there any risk that a brief stay would result in the loss of evidence or the fading of witness memories: the relevant time period for purposes of discovery began a short while ago, on January 20, 2025. *See Hertz*, 2020 WL 6642188, at \*1 ("Because Plaintiff's discovery requests appear to be primarily for documentary evidence and for testimony of corporate witnesses who will rely heavily on documents in preparing for their depositions, there is little risk [] that fading memories with the passage of time will result in unfair prejudice to Plaintiff if discovery were stayed." (citation and quotation marks omitted)). Resolution of Defendants' motions, which may resolve the entire action, will therefore neither substantially nor unduly delay this litigation should it proceed, while the alternative would require the parties and the Court to undertake burdensome and potentially unnecessary discovery.

Moreover, there is no prejudice because Plaintiffs have already received all the relief to which they are entitled—the Government has agreed not to require or condition funding on Columbia's adoption of a particular definition of antisemitism. In addition, Plaintiffs have not shown that they are entitled to discovery on this sole remaining claim where the Government has agreed to the very relief Plaintiffs could obtain from the Government.

***

For the foregoing reasons, the Government respectfully requests that the Court stay discovery pending the adjudication of Defendants' motions to dismiss.

The Honorable Arun Subramanian
August 11, 2026
Page 6

      We thank the Court for its consideration of this letter.

                                Respectfully submitted,

                                JAMES M. MCDONALD
                                United States Attorney for the
                                Southern District of New York

By:    */s/ Allison M. Rovner*
                                ALLISON M. ROVNER
                                Assistant United States Attorney
                                86 Chambers Street, Third Floor
                                New York, New York 10007
                                Tel.: (212) 637-2691
                                Email: allison.rovner@usdoj.gov

cc:  Counsel of Record (by ECF)