# EXHIBIT A

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

MAHMOUD KHALIL, et al.,

*Plaintiffs,*

v.

TRUSTEES OF COLUMBIA UNIVERSITY IN THE CITY OF NEW YORK, et al.,

*Defendants.*

No. 1:25 Civ. 02079 (AS)

**STIPULATION**

WHEREAS, in March 2025, Defendant Trustees of Columbia University in the City of New York ("Columbia" or the "University") updated its antidiscrimination policies to reference a definition of antisemitism that had previously been drafted by Columbia's Task Force on Antisemitism (the "Task Force definition");

WHEREAS, in July 2025, Columbia further updated its antidiscrimination policies to also reference a definition of antisemitism promulgated by the International Holocaust Remembrance Alliance (the "IHRA definition");

WHEREAS, thereafter, on July 23, 2025, the United States of America and Columbia entered into an agreement (the "Resolution Agreement") restoring and releasing certain federal funding to Columbia, and closing investigations and releasing claims against Columbia of deliberate indifference to discriminatory harassment of Jewish students and staff under Title VI of the Civil Rights Act of 1964, 42 U.S.C. 2000d, *et seq.*, Section 1557 of the Affordable Care Act, and other statutes and at common law;

WHEREAS, the Resolution Agreement did not include as a condition of the restoration, closing, and release, or otherwise require that Columbia adopt, incorporate, reference, or maintain

any particular definition of antisemitism in its antidiscrimination policies or disciplinary policies or procedures, including the Task Force definition or the IHRA definition;

WHEREAS, Columbia remains subject to the obligation to comply with federal law, including Title VI of the Civil Rights Act of 1964 and its implementing regulations, as well as observe guidance from the U.S. Department of Education's Office for Civil Rights;

THEREFORE, it is hereby stipulated by Columbia and the United States of America as follows:

1. Absent a court order or change in the law requiring the United States Government to do so, the United States Government does not and will not:

(a) Require that Columbia adopt, incorporate, reference, or maintain any particular definition of antisemitism in its antidiscrimination policies or disciplinary policies or procedures, including the Task Force definition or the IHRA definition;

(b) Condition any contract, grant, award, funding, or benefit on Columbia adopting, incorporating, referencing, or maintaining any particular definition of antisemitism in its antidiscrimination policies or disciplinary policies or procedures, including the Task Force definition or the IHRA definition; or

(c) Initiate any investigation or compliance review, bring any claims, or impose any sanction on Columbia on the basis that Columbia does not adopt, incorporate, reference, or maintain any particular definition of antisemitism in its antidiscrimination policies or disciplinary policies or procedures, including the Task Force definition or the IHRA definition.

2. Columbia is free not to adopt, incorporate, reference, or maintain the Task Force definition or the IHRA definition in its antidiscrimination policies or disciplinary policies or

procedures without repercussion from the United States Government, absent a court order or change in the law to the contrary.

**SO STIPULATED AND AGREED.**

*The Trustees of Columbia University in the City of New York*:

By: ______________________
Felice B. Rosan, General Counsel

Dated: August 5, 2026

*The United States of America*:

JAMES M. MCDONALD
United States Attorney for the
Southern District of New York

By: ______________________
JEFFREY OESTERICHER
Assistant United States Attorney
86 Chambers Street, 3rd Floor
New York, New York 10007
Tel: (212) 637-2695

Dated: July 30, 2026