Hecker Fink LLP

NEW YORK | WASHINGTON, DC | LOS ANGELES

350 FIFTH AVENUE | 63RD FLOOR
NEW YORK, NEW YORK 10118

TEL (212) 763-0883 | FAX (212) 564-0883
WWW.HECKERFINK.COM

mmiller@heckerfink.com

August 11, 2026

**BY ECF**

The Honorable Arun Subramanian
U.S. District Court, S.D.N.Y.

> Re: *Khalil, et al. v. Trs. of Columbia Univ. in the City of N.Y., et al.*, No. 25 Civ. 02079 (AS)

Dear Judge Subramanian:

We write on behalf of the Columbia Defendants ("Columbia"), pursuant to Federal Rule of Civil Procedure 26(c) and Rule 8 of Your Honor's Individual Practices, to request a temporary stay of discovery in this case. Columbia has moved to dismiss the Third Amended Complaint ("TAC") for lack of subject matter jurisdiction on the basis that Plaintiffs' remaining claims have become moot. ECF 222. Columbia seeks a stay of discovery pending resolution of that motion.

**Background.** On March 19, 2026, this Court issued an opinion granting the Congressional Defendants' and granting in part and denying in part the Agency Defendants' and Columbia's motions to dismiss, as well as denying Plaintiffs' motion for a preliminary injunction. ECF 175 ("Opinion"). In its Opinion, the Court limited the claims remaining in the case. It held that only two Plaintiffs plausibly alleged facts to support standing to assert that the Agency Defendants coerced Columbia through a March 13, 2025 letter to violate their First Amendment rights by adopting a definition of antisemitism that Plaintiffs claim suppresses their protected speech. *Id.* at 6-9. And it held that only four Plaintiffs plausibly alleged facts to support standing to assert that the Congressional Defendants coerced Columbia to produce their records in violation of their First Amendment rights in response to a February 13, 2025 letter. *Id.* at 9-12.

The Court entered a Civil Case Management Plan and Scheduling Order on April 1, 2026. ECF 179. Although the parties have been actively engaged since that time, discovery has proceeded slowly, and much discovery remains to be undertaken. The parties have agreed on an ESI protocol only recently, and have yet to agree on a protective order, despite 17 drafts having been exchanged and seven meet and confers. Columbia is the only party to have produced any documents.

The discovery Plaintiffs seek is burdensome and overbroad. Despite the Court's Opinion limiting the claims remaining in this case, and the Court having previously admonished Plaintiffs to serve "targeted requests for information that don't simply seek 'all documents' concerning broad categories of information," ECF 163, Plaintiffs have served Columbia with voluminous, non-targeted discovery requests. They have served 60 separate requests for documents on Columbia, the majority of which are overbroad or seek information that is not related to the claims remaining under the Court's Opinion. *See* Exs. A-C. For example, Plaintiffs have requested "All DOCUMENTS and COMMUNICATIONS internal to YOU where you discussed any Congressional Committee, Senator, Representative, or any of their AGENTS," Ex. B at 10, despite their claims being limited to the alleged coercion of Columbia in connection with the Congressional Defendants' February 13 letter. Plaintiffs have also requested "All DOCUMENTS

AND COMMUNICATIONS regarding any statements YOU made that RELATE TO ANTISEMITISM at COLUMBIA UNIVERSITY," including, but "not limited to, all DOCUMENTS internal to YOU where you discussed ANTI-SEMITISM," *id.* at 12, though their claim related to Columbia's antisemitism definition is limited to the narrow allegation that the Agency Defendants coerced Columbia through their March 13 letter to adopt a particular definition. And despite this Court having dismissed Plaintiffs' claims concerning an alleged "face mask ban" and changes to the Middle East, South Asian, and African Studies ("MESAAS") department, ECF 175 at 9, Plaintiffs are requesting "DOCUMENTS and COMMUNICATIONS SUFFICIENT TO SHOW the reasons why YOU announced . . . Changes to . . . Mask Rules" and "Review of Middle East Studies Department," Ex. A at 7-8. Plaintiffs have also served Columbia with a Rule 30(b)(6) deposition notice that suffers from similar problems of overbreadth and lack of connection to remaining claims. It includes such broad topics, for example, as "policies, procedures, and practices governing the UJB" (a body with no role enforcing any policy containing a definition of antisemitism); "any changes to protest-related policies, including mask bans"; and "[t]he MESAAS department and any changes made to it." Ex. D at 10-13.

In light of the slow pace of discovery in this case, Plaintiffs recently asked Columbia and the Agency Defendants to jointly request an extension of the discovery schedule. The Court granted the parties' July 24, 2026 joint request, and discovery is now scheduled to continue until January 19, 2027. ECF 210. On July 28, 2026, the Court granted in part Plaintiffs' motion for leave to file a TAC. ECF 211.

Columbia and the Agency Defendants have now moved to dismiss the TAC under Federal Rule of Civil Procedure 12(b)(1) on the basis that the Court lacks subject matter jurisdiction because the case is now moot. The United States and Columbia have entered a stipulation that moots Plaintiffs' First Amendment claim against Columbia related to the Agency Defendants because it eliminates the alleged element of state action, which is a necessary predicate to Plaintiffs' remaining claims. ECF 223 at 7-13. Similarly, subsequent events, including a recent exchange of correspondence between Columbia and the dismissed Congressional Defendants, have mooted Plaintiffs' claim relating to the February 13 letter by eliminating any reasonable expectation that Columbia will be coerced into producing more of Plaintiffs' records. *Id.* at 13-17.

**Argument.** This Court should stay discovery pending the resolution of Columbia's motion to dismiss because it has the strong potential to resolve all remaining claims in the case on jurisdictional grounds. Proceeding with discovery, particularly at this early stage of it, notwithstanding this motion to dismiss would be especially burdensome and unwarranted given the overbreadth of Plaintiffs' discovery efforts, and it would threaten to waste party and judicial resources. Finally, Plaintiffs would not be prejudiced by a temporary stay of discovery pending the Court's resolution of the motion.

Under Federal Rule of Civil Procedure 26(c), a district court has discretion to "stay discovery for 'good cause.'" *Alapaha View Ltd. v. Prodigy Network, LLC*, 2021 WL 1893316, at *2 (S.D.N.Y. May 10, 2021). Courts "routinely" grant stays of discovery where a defendant seeks dismissal of a case in its entirety. *Moyse v. Soho Studio, LLC*, 2026 WL 2210986, at *4 (E.D.N.Y. July 31, 2026). In this context, courts typically consider: "(1) whether a defendant has made a strong showing that the plaintiff's claim is unmeritorious, (2) the breadth of discovery and the burden of responding to it, and (3) the risk of unfair prejudice to the party opposing the stay." *Alapaha View*, 2021 WL 1893316, at *2 (citation omitted). All three factors support a stay here.

***First***, Columbia has shown through its motion to dismiss that Plaintiffs' remaining claims

Hecker Fink LLP

should be dismissed for lack of subject matter jurisdiction because they are moot. Courts find that a motion to dismiss favors a stay of discovery when "it is potentially dispositive, and appears to be not unfounded in the law." *Id.* (quotation marks omitted); *see also, e.g.*, *Boelter v. Hearst Commc'ns, Inc.*, 2016 WL 361554, at *5 (S.D.N.Y. Jan. 28, 2016) (arguments for dismissal support stay where "initial review . . . suggest[s] that none are frivolous"); *Spinelli v. Nat'l Football League*, 2015 WL 7302266, at *2 (S.D.N.Y. Nov. 17, 2015) (same where "viability of the Plaintiffs' claims is in at least some doubt"). Jurisdictional challenges, such as Columbia's, particularly "favor a stay of discovery." *Cuhadar v. Savoya LLC*, 2024 WL 4142151, at *5 (E.D.N.Y. Sept. 11, 2024); *accord Sharma v. Open Door NY Home Care Servs., Inc.*, 345 F.R.D. 565, 569 (E.D.N.Y. 2024). Columbia's motion to dismiss under Rule 12(b)(1) presents a well-founded basis for dismissal of the case in its entirety. This factor therefore strongly favors a stay.

*Second*, the burdensome and overbroad discovery sought by Plaintiffs also strongly favors a stay while this Court considers Columbia's motion. Under this factor, courts typically consider the stage of discovery, and its time and expense, finding a stay more likely to be warranted where substantial discovery has yet to occur, as is the case here. *See, e.g.*, *Thomas v. Amazon.com Servs., LLC*, 2024 WL 3706844, at *5 (E.D.N.Y. Apr. 15, 2024) ("While some discovery has occurred, this case is still in its early stages," which "favors a stay."); *Apuzza v. NYU Langone Long Island*, 2023 WL 4471956, at *4-5 (E.D.N.Y. July 11, 2023) (similar). As described in detail above, Plaintiffs are seeking highly burdensome discovery, the majority of which is overbroad and has no or little relevance to the remaining claims as narrowed by the Court's Opinion. *See, e.g.*, *Broccoli v. Ashworth*, 2023 WL 6795253, at *2 (S.D.N.Y. Oct. 11, 2023) (granting stay where "Plaintiffs served 57 Requests for Production . . . on Defendants"). It will be time-consuming and expensive for all parties to proceed with such discovery, which may be unnecessary if the Court grants Columbia's motion. Although Columbia has made significant progress collecting documents, negotiating search parameters, and resolving objections, much of discovery—including document productions and witness depositions, including a 30(b)(6) deposition—has yet to occur. A stay is warranted in these circumstances. *See, e.g.*, *Palladino v. JPMorgan Chase & Co.*, 345 F.R.D. 270, 274-75 (E.D.N.Y.) ("significant burden" of discovery warranted stay where plaintiffs sought "depositions of Defendants' senior executives" and "at least one of the anticipated depositions would be taken pursuant to Fed. R. Civ. P. 30(b)(6)"), *aff'd*, 730 F. Supp. 3d 4 (E.D.N.Y. 2024).

*Third*, Plaintiffs will not be unfairly prejudiced by a temporary stay of discovery while the Court considers Columbia's motion to dismiss. Even "in a case that is already two years old," "[a]t this stage of the litigation, with the viability of the new Complaint unresolved, a delay in discovery, without more, does not amount to unfair prejudice." *Spinelli*, 2015 WL 7302266, at *2. The mere "passage of a reasonable amount of time, without any other form of attendant prejudice, cannot itself constitute prejudice sufficient to defeat a motion to stay discovery." *Broccoli*, 2023 WL 6795253, at *2 (citation omitted); *see also Gross v. Madison Square Garden Ent. Corp.*, 2023 WL 6815052, at *2 (S.D.N.Y. Oct. 17, 2023) (an argument that "delay in discovery undercuts [Plaintiffs'] ability to remediate [an] ongoing wrong," does not suffice absent a "compelling reason why [discovery] needs to be produced while the motion to dismiss is pending"). Under the circumstances here, where this case has been pending for seventeen months with almost no discovery being produced to date, Plaintiffs would not be prejudiced by a temporary stay of discovery.

For the foregoing reasons, Columbia respectfully requests that the Court enter an order temporarily staying discovery in this action pending resolution of Columbia's motion to dismiss the TAC as moot.

Hecker Fink LLP

4

Respectfully submitted,

Marshall L. Miller