**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

MAHMOUD KHALIL, et al.,

*Plaintiffs,*

v.

TRUSTEES OF COLUMBIA UNIVERSITY IN THE CITY OF NEW YORK, et al.,

*Defendants.*

No. 1:25 Civ. 02079 (AS)

**STIPULATION AND [PROPOSED AMENDED] PROTECTIVE ORDER**

ARUN SUBRAMANIAN, U.S.D.J.

The parties having agreed to the following terms of confidentiality with respect to the pseudonymous Plaintiffs' and Columbia personnel's personally identifiable information, as that term is defined in relation to the Family Educational Rights and Privacy Act, *see* 34 CFR § 99.3, and Identifying Material and Information, as defined below in paragraph 1, and the Court having found that good cause exists for issuance of an appropriately tailored protective order governing the pre-trial phase of this action, it is therefore hereby:

**ORDERED** that any person subject to this Order—including without limitation the parties to this action, their representatives, agents, experts, consultants, all third parties providing discovery in this action, and all other interested persons with actual or constructive notice of this Order—shall adhere to the following terms, upon pain of contempt:

1. Any person subject to this Order who in connection with this lawsuit receives from any other person any "Identifying Material" (to wit, any and all personally identifiable information regarding Plaintiffs' who are pseudonymous, including: (i) name, photographs, or physical descriptions; (ii) affiliation or membership with any particular association, group, or coalition, and/or their addresses; (iii) immigration status or related proceedings; and (iv) all documents filed

by Plaintiffs *ex parte* and under seal in support of their Motion for Temporary Restraining Order and Preliminary Injunction in the above-captioned case) shall not disclose such Identifying Material, or any personally identifiable information disclosed in connection with this lawsuit, of Columbia personnel (except for the names of high-ranking employees and officials) (collectively with Identifying Material, "Identifying Information"), to anyone else, including Defendants, except as expressly permitted hereunder. Columbia shall identify the names of high-ranking employees and/or officials in documents that Columbia produces at the time that Columbia produces the documents.

2. No person subject to this Order other than the producing person shall disclose any of the Identifying Information to any other person, entity, or organization whatsoever, except to those individuals set forth below:

a. Counsel and support staff retained for or assigned to this action by Defendant Trustees of Columbia University in the City of New York ("Columbia"), including any paralegal, clerical, or other support staff employed by such counsel and assigned to this matter, as well as counsel employed by Columbia's Office of General Counsel and assigned to this matter, and regarding Identifying Material specifically, provided each such person has first executed a Non-Disclosure Agreement in the form annexed as an Exhibit hereto, copies of which will be retained by Hecker Fink LLP for 30 days following the final termination of this Proceeding, including any appeals, and shall be made available to any other Party upon order of the Court following a showing of good cause.

b. Government counsel and support staff who have been assigned to this action on behalf of the Federal Agency Defendants, including any paralegal, clerical, or other support staff employed by such counsel and assigned to this matter, and regarding Identifying Material specifically, provided each such person has first executed a Non-Disclosure Agreement in the form annexed as an Exhibit hereto, copies of which will be retained by the United States Attorney's Office for the Southern District of New York for 30 days following the final termination of this Proceeding, including any appeals, and shall be made available to any other Party upon order of the Court following a showing of good cause;

c. Counsel and support staff who have been retained for or assigned to this action by Plaintiffs, including any paralegal, clerical, or other support staff employed by such counsel and assigned to this matter, provided each such person has first executed a

Non-Disclosure Agreement in the form annexed as an Exhibit hereto, copies of which will be retained by Plaintiffs' counsel of record for 30 days following the final termination of this Proceeding, including any appeals, and shall be made available to any other Party upon order of the Court following a showing of good cause.

d. The Court, including any appellate court, and its support personnel.

e. Individuals to whom Discovery Material designated as Confidential may be disclosed pursuant to Paragraph 8(c) – (h) of the Stipulation and Protective Order and Privacy Act Order.

3. The Parties will act in good faith to keep to a minimum the number of attorneys and support staff with access to Identifying Information for the purposes of litigating this action.

4. All Identifying Information filed with the Court, and all portions of pleadings, motions or other papers filed with the Court that disclose such Identifying Information, shall be filed under seal and kept under seal until further order of the Court. The parties will use their best efforts to minimize such sealing. In any event, any party filing a motion or any other papers with the Court under seal shall also publicly file a redacted copy of the same, via the Court's Electronic Case Filing system, that redacts only the Identifying Information itself, and not text that in no material way reveals the Identifying Information.

5. Each person who has access to Identifying Information shall take all due precautions to prevent the unauthorized or inadvertent disclosure of such information.

6. This Protective Order shall survive the termination of the litigation. Within 30 days of the final disposition of this action, all Identifying Information, and all copies thereof, shall be promptly returned to the producing person, or, upon permission of the producing person, destroyed.

7. Any party who either objects to any designation under this Protective Order for any reason, or who, by contrast, requests still further limits on disclosure, may serve upon counsel for the designating person a written notice stating with particularity the grounds of the objection or

request. If agreement cannot be reached promptly, counsel for all affected persons will address their dispute to this Court in accordance with Paragraph 5 of this Court's Individual Practices in Civil Cases.[1]

8. This Court shall retain jurisdiction over all persons subject to this Order to the extent necessary to enforce any obligations arising hereunder or to impose sanctions for any contempt thereof.

**SO STIPULATED AND AGREED.**

*Counsel for Plaintiffs*:

/s/ Amy E. Greer

Dated: August 19, 2026

*Counsel for Defendants Trustees of Columbia University in the City of New York and Claire Shipman*:

/s/ Gabrielle E. Tenzer

Dated: August 19, 2026

JAMES M. MCDONALD
United States Attorney for the
Southern District of New York

By: /s/ Allison Rovner
ALLISON M. ROVNER
Assistant United States Attorney

Dated: August 12, 2026

*Counsel for Defendants Todd Blanche, Linda McMahon, Leo Terrell, Robert Foster, and Laura Stanton, in their official capacities*

[1] Defendants reserve all rights to challenge Plaintiffs' pseudonymity.

**SO ORDERED.**

______________________________________
ARUN SUBRAMANIAN, U.S.D.J.

Dated: ______________________________
New York, New York

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

MAHMOUD KHALIL, et al.,

*Plaintiffs,*

v.

TRUSTEES OF COLUMBIA UNIVERSITY IN THE CITY OF NEW YORK, et al.,

*Defendants.*

No. 1:25 Civ. 02079 (AS)

**NON-DISCLOSURE AGREEMENT**

I ,__________________, acknowledge that I have read and understand the Protective Order in this action governing the non-disclosure of Identifying Information, as defined in Paragraph 1 of that Order. I agree that I will not disclose such Identifying Information to anyone other than to those individuals who are obligated under the Protective Order and executed a Non-Disclosure Agreement, and only for purposes of this litigation, and that at the conclusion of the litigation I will delete or return all Identifying Information to the party or attorney from whom I received it. By acknowledging these obligations under the Protective Order, I understand that I am submitting myself to the jurisdiction of the United States District Court for the Southern District of New York for the purpose of any issue or dispute arising hereunder and that my willful violation of any term of the Protective Order could subject me to punishment for contempt of Court.

Dated: ______________________ ________________________________________