**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

MAHMOUD KHALIL, et al.,

*Plaintiffs,*

v.

TRUSTEES OF COLUMBIA UNIVERSITY IN THE CITY OF NEW YORK, et al.,

*Defendants.*

No. 1:25 Civ. 02079 (AS)

**STIPULATION AND ~~[PROPOSED]~~ PROTECTIVE ORDER AND PRIVACY ACT ORDER**

ARUN SUBRAMANIAN, U.S.D.J.

Plaintiffs Mahmoud Khalil, Jane Joe, Sally Roe, Ned Noe, Sam Soe, and Kam Koe and Defendants Trustees of Columbia University in the City of New York, Claire Shipman, Todd Blanche, Linda McMahon, Leo Terrell, Robert Foster, and Laura Stanton[1] (collectively, the "Parties to this Action") having agreed to the following terms of confidentiality, and the Court having found that good cause exists for issuance of an appropriately tailored confidentiality order governing the pre-trial phase of this action, it is therefore hereby:

**ORDERED** that this Stipulation and Protective Order does not supersede the Stipulation and Protective Order entered on August 20, 2026, ECF No. 229. Nothing in this Stipulation and Protective Order shall be read to limit the terms or force of the August 20 Order. In the event of any conflict between the August 20 Order and this Order, the terms of the August 20 Order shall govern; and it is further

[1] Pursuant to Rule 25 of the Federal Rules of Civil Procedure, Attorney General Todd Blanche is automatically substituted for former Attorney General Pam Bondi, Acting General Counsel Robert Foster is automatically substituted for former Acting General Counsel Sean Keveney, and Acting Commissioner of the General Services Administration's Federal Acquisition Service, Laura Stanton is automatically substituted for Josh Gruenbaum, the former Commissioner of the General Services Administration's Federal Acquisition Service, as defendants in this matter.

**ORDERED** that any person subject to this Order—including without limitation the Parties to this Action, their representatives, agents, experts, consultants, all third parties providing discovery in this action, and all other interested persons with actual or constructive notice of this Order—shall adhere to the following terms, upon pain of contempt:

1. Any person subject to this Order who receives from any other person any "Discovery Material" (i.e., information of any kind provided in discovery in this action) that is designated as "Confidential" pursuant to the terms of this Order shall not disclose such Confidential Discovery Material to anyone else except as expressly permitted hereunder.

2. The person producing any given Discovery Material may designate as Confidential only such portion of such material as consists of:

    a. previously nondisclosed financial information (including without limitation profitability reports or estimates, percentage fees, design fees, royalty rates, minimum guarantee payments, sales reports, and sale margins);

    b. previously nondisclosed material relating to ownership or control of any non-public company;

    c. previously nondisclosed business plans, product development information, or marketing plans;

    d. any personally identifiable information (except for the names of high-ranking government or Columbia officials) or any information of a personal or intimate nature regarding any individual;

e. Identifying Information, as that term is defined in the amended protective order addressing identifying information, dated August 20, 2026, ECF No. 229;

f. any student's personally identifiable information, as well as any information that may reveal a student's identity, including affiliation or membership with any particular association, group, or coalition;

g. any Education Records as that term is defined in the Family Educational Rights and Privacy Act, 20 U.S.C. § 1232g, and associated regulations, 34 C.F.R. pt. 99 (together, "FERPA");

h. any other category of information hereinafter given confidential status by the Court.

3. Consistent with 20 U.S.C. § 1232g(b)(2)(B) and 34 C.F.R. § 99.31(a)(9) and (b)(1), in response to discovery requests or as otherwise necessary for use in this action, the University and its representatives are permitted to disclose education records as defined in FERPA (referred to herein as "Education Records").

a. If any current or former student informs the University of their intent to apply for protection from the Court to prevent disclosure, the University shall not be required to produce any documents and/or information containing such Education Records until the Court rules on the application.

b. For the avoidance of doubt, pursuant to 34 C.F.R. § 99.31(a)(9)(iii)(B), the University may disclose Plaintiffs' Education Records to the Court, consistent with this Order and the

August 20 Order, in order to defend itself in this action. Consistent with this Order and the August 20 Order, the University may also disclose Plaintiffs' Education Records in response to Plaintiffs' discovery requests.

4. Before any documents are used publicly in this litigation, including but not limited to in a court filing or deposition, the names of any current or former Columbia students or other information that may make the student publicly identifiable must be redacted and/or replaced with a pseudonym (*e.g.*, "Student").

5. With respect to the Confidential portion of any Discovery Material other than deposition transcripts and exhibits, the producing person or that person's counsel may designate such portion as Confidential by stamping or otherwise clearly marking as "Confidential" the protected portion in a manner that will not interfere with legibility or audibility, and, upon request from another party, the producing party will produce for future public use another copy of said Discovery Material with the confidential information redacted. With respect to deposition transcripts and exhibits, a producing person or that person's counsel may either (a) indicate on the record that a question calls for Confidential information, in which case the transcript of the designated testimony shall be bound in a separate volume and marked "Confidential Information Governed by Protective Order" by the reporter; or (b) notify the reporter and all counsel of record, in writing, within 30 days after a deposition has concluded, of the specific pages and lines of the transcript and of the exhibits that are to be designated "Confidential" in which case all counsel receiving the transcript and exhibits will be responsible for marking the copies of

the designated transcript and exhibits in their possession or under their control as directed by the designating party. During the 30-day period following a deposition, all parties will treat the entire deposition transcript and exhibits as if they had been designated Confidential.

6. Where marking every page of such material is not reasonably practicable, such as with certain native file documents, the producing person may designate material as Confidential by informing any receiving person in writing in a clear and conspicuous manner (such as in bold, underlined font) at the time of production of such material that such material is designated as Confidential. A person producing native file documents may also designate such native files as Confidential by including such designation in the production file name of the native file, for example, "ABC_00000001_CONFIDENTIAL.xlsx." Discovery Material not reduced to documentary form shall be designated by the Producing Person in a reasonably equivalent way.

7. The disclosure of Discovery Material without designating it as Confidential shall not constitute a waiver of the right to designate such Discovery Material as Confidential. If at any time prior to the trial of this action, a producing person realizes that some portion(s) of Discovery Material that that person previously produced without limitation should be designated as Confidential, he or she may so designate by so apprising all parties in writing, and such designated portion(s) of the Discovery Material will thereafter be treated as Confidential under the terms of this Order. In addition, the producing party shall provide the other parties with replacement versions of such discovery material that bears the "Confidential"

designation within two (2) business days of providing such notice. Notwithstanding the corrective designation process described in this Paragraph, the receiving party may challenge the producing party's designation of confidentiality under the procedure established in Paragraph 9.

8. No person subject to this Order other than the producing person shall disclose any of the Discovery Material designated by the producing person as Confidential to any other person whomsoever, except to:

a. the Parties to this Action, except with respect to information governed by the August 20 Order, whose disclosure shall be governed by the terms of the August 20 Order;

b. counsel retained or assigned specifically for this action and in-house or agency counsel, including any paralegal, clerical and other assistant employed by such counsel and assigned to this matter;

c. Outside vendors or service providers (such as IT, internet service providers, email managers, case management software vendors) that the parties use in their normal, day-to-day business operations;

d. Outside vendors or service providers (copy-service providers, document management consultants) that counsel specifically engage and assign to this matter, provided such person has first executed a Non-Disclosure Agreement in the form annexed as an Exhibit hereto;

e. as to any document, its author, its addressee, and any other person indicated on the face of the document as having received a copy;

f. any witness (and their counsel, if any) who counsel for a party in good faith believes may be called to testify at trial or deposition in this action, provided such person has first executed a Non-Disclosure Agreement in the form annexed as an Exhibit hereto;

g. any person retained by a party to serve as an expert witness or otherwise provide specialized advice to counsel in connection with this action, provided such person has first executed a Non-Disclosure Agreement in the form annexed as an Exhibit hereto;

h. stenographers or videographers engaged to transcribe or record depositions conducted in this action; and

i. the Court, including any appellate court, and its support personnel.

9. All Confidential Discovery Material filed with the Court, and all portions of pleadings, motions or other papers filed with the Court that disclose such Confidential Discovery Material, shall be filed under seal and kept under seal until further order of the Court. The parties will use their best efforts to minimize such sealing. In any event, any party filing a motion or any other papers with the Court under seal shall also publicly file a redacted copy of the same, via the Court's Electronic Case Filing system, that redacts only the Confidential Discovery Material itself, and not text that in no material way reveals the Confidential Discovery Material.

10. Any party who either objects to any designation of confidentiality, or who, by contrast, requests still further limits on disclosure, may at any time prior to the trial of this action serve upon counsel for the designating person a written notice stating

with particularity the grounds of the objection or request. If agreement cannot be reached promptly, counsel for all affected persons will address their dispute to this Court in accordance with Paragraph 5 of this Court's Individual Practices in Civil Cases.

11. All persons are hereby placed on notice that the Court is unlikely to seal or otherwise afford confidential treatment to any Discovery Material introduced in evidence at trial, even if such material has previously been sealed or designated as Confidential. The Court also retains unfettered discretion whether to afford confidential treatment to any Confidential Document or information contained in any Confidential Document submitted to the Court in connection with any motion, application, or proceeding that may result in an order and/or decision by the Court.

12. Each person who has access to Discovery Material that has been designated as Confidential shall take all due precautions to prevent the unauthorized or inadvertent disclosure of such material.

13. If, in connection with this litigation, a party inadvertently discloses information subject to a claim of attorney-client privilege or attorney-work-product protection ("Inadvertently Disclosed Information"), such disclosure shall not constitute or be deemed a waiver or forfeiture of any claim of privilege or work product protection with respect to the Inadvertently Disclosed Information and its subject matter. This Order shall be interpreted to provide the maximum protection allowed by Federal Rule of Evidence 502(d).

14. If a disclosing party makes a claim of inadvertent disclosure, the receiving party shall not thereafter review the Inadvertently Disclosed Information for any purpose,

except by order of the Court. The receiving party shall, within five (5) business days, return, delete, or destroy all copies (whether hard copy or electronic) of the Inadvertently Disclosed Information, and provide a certification of counsel that all such information has been returned, destroyed, or deleted.

15. Within five (5) business days of the notification that such Inadvertently Disclosed Information has been returned, deleted, or destroyed, the disclosing party shall produce a privilege log with respect to the Inadvertently Disclosed Information.

16. As with any information redacted or withheld, the receiving party may seek an order from the Court compelling production of the Inadvertently Disclosed Information. The receiving party should follow the procedures in Paragraph 5 of the Court's Individual Practices in Civil Cases and shall not assert as a ground for entering such an Order the fact or circumstances of the inadvertent production.

17. The disclosing party retains the burden of establishing the privileged or protected nature of any Information. Nothing in this Order shall limit the right of any party to request an in camera review of the Inadvertently Disclosed Information.

18. Any person subject to this Order who receives from any other person documents, information, or things of any kind provided by parties or non-parties in the course of discovery in this action, shall use such material solely for the purposes of preparing for and conducting the action and shall not use such material for any other purpose. However, any documents, records, or information that a party now possesses or later receives outside this litigation may be used in connection with any other proceeding, regardless of whether such documents, records, or information have been designated as "Confidential" under this Order.

19. Nothing herein shall preclude a party from disclosing Confidential Discovery Material to the extent the party receives a valid subpoena or other legal or regulatory process, demand, order, or FOIA request to produce such information, provided that the party required to make such disclosure (the receiving party) gives written notice, including, to the extent permitted by law, a copy of said subpoena or other process, demand, request, or order – or the components of said subpoena or other process, demand, request, or order that seek Confidential Discovery Material to the party that produced the Confidential Discovery Material in this litigation (the producing party) and their counsel as soon as reasonably possible, and if permitted by the time allowed under the request, at least fourteen (14) days before any disclosure.

20. Nothing in this Order shall preclude a Party from offering any material designated Confidential Discovery Material into evidence at the trial of this action or shall prejudice any Party's right to use the same in open court. The Parties reserve the right to seek a pretrial ruling from the Court regarding the treatment of specific Confidential Discovery Material, and further reserve the right to oppose any such application.

21. Pursuant to 5 U.S.C. § 552a(b)(11), this Order authorizes the United States of America to produce information that otherwise would be prohibited from disclosure under the Privacy Act without presenting Privacy Act objections to this Court for a decision regarding disclosure. To the extent the Privacy Act allows the disclosure of information pursuant to a court order, this Order constitutes such a court order and authorizes the disclosure of that information. However, nothing in this

paragraph shall require production of information that is prohibited from disclosure (even with the entry of this Order) by other applicable privileges, statutes, regulations, or authorities.

22. This Stipulation and Protective Order shall survive the termination of the litigation. Except for material filed on the public docket, within 30 days of the final disposition of this action, all documents produced in discovery and all copies thereof (whether hard copy or electronic), shall be returned, deleted, or destroyed.

23. This Court shall retain jurisdiction over all persons subject to this Order to the extent necessary to enforce any obligations arising hereunder or to impose sanctions for any contempt thereof.

**SO STIPULATED AND AGREED.**

*Counsel for Plaintiffs*:

/s/ Amy E. Greer

Dated: August 25, 2026

*Counsel for Defendants Trustees of Columbia University in the City of New York and Acting President Claire Shipman*:

/s/ Gabrielle E. Tenzer

Dated: August 24, 2026

JAMES M. MCDONALD
United States Attorney for the
Southern District of New York

By: /s/ Allison M. Rovner
ALLISON M. ROVNER
Assistant United States Attorney

Dated: August 25, 2026

*Counsel for Defendants Todd Blanche, Linda McMahon, Leo Terrell, Robert Foster, and Laura Stanton, in their official capacities*

**SO ORDERED.**

ARUN SUBRAMANIAN, U.S.D.J.

Dated: August 26, 2026
New York, New York

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| MAHMOUD KHALIL, et al.,<br>*Plaintiffs,*<br>v.<br>TRUSTEES OF COLUMBIA UNIVERSITY IN THE CITY OF NEW YORK, et al.,<br>*Defendants.* | No. 1:25 Civ. 02079 (AS)<br>**NON-DISCLOSURE AGREEMENT** |

I ,_________________, acknowledge that I have read and understand the Protective Order and Privacy Act Order in this action governing the non-disclosure of Confidential Material. I agree that I will not disclose such Confidential Material to anyone other than for purposes of this litigation and that at the conclusion of the litigation I will return or delete all Confidential Material to the party or attorney from whom I received it. By acknowledging these obligations under the Protective Order, I understand that I am submitting myself to the jurisdiction of the United States District Court for the Southern District of New York for the purpose of any issue or dispute arising hereunder and that my willful violation of any term of the Protective Order and Privacy Act Order could subject me to punishment for contempt of Court.

Dated: ______________________ ________________________________________