MAIN STREET
LEGAL SERVICES

October 6, 2026

**BY ECF**

The Honorable Arun Subramanian
United States District Judge
Southern District of New York
500 Pearl Street
New York, New York 10007

Re: Notice of Recent Authorities in *Khalil v. Columbia*, 25-cv-02079 (AS)

Dear Judge Subramanian:

Plaintiffs respectfully request that the Court take judicial notice of two recent public reports that bolster the ongoing risk of future harm Plaintiffs allege in the Federal Government's coercion of Columbia to suppress their protected political speech. The first, titled *The Federal Response to Antisemitism on American College and University Campuses*, is a statutory enforcement report issued by the U.S. Commission on Civil Rights on September 28, 2026.[1] The second, titled *Student Speech Under Attack: Suppression of Pro-Palestine Speech and Dissent on Campus*, was published by the Amnesty International and the American Civil Liberties Union on September 23, 2026.[2] The Court may properly take judicial notice of these reports in considering Defendants' pending motions to dismiss on the grounds of mootness. *See* ECF 238, at 13-15.[3]

The following excerpts are most relevant to the pending mootness dispute:

1. The U.S. Commission on Civil Rights states that the Trump Administration's Antisemitism Taskforce has categorically failed to follow the requirements of Title VI before continuing to threaten University funding in all funding termination cases—including at Columbia. *See* USCCR Report, at 76-77 ("before terminating funding under Title VI, agencies must provide notice, seek voluntary compliance, hold a hearing and make an express finding on the record"); *id.* at 171 ("[i]n *all the funding termination cases involving antisemitism and the Task Force thus far*, it appears the statutorily required procedural steps listed above have not been followed") (emphasis added); *id.* at 180 (noting that "[f]our days later, on March 7, 2025, the Task Force announced the cancellation of $400 million in federal grants to Columbia University"). *Cf.* ECF 238, at 14 ("The stipulation's reservation of Title VI authority confirms the problem").

---

[1] The USCCR Report is available at: https://www.usccr.gov/files/2026-09/antisemitism-report.pdf.

[2] The Amnesty Report is available at: https://www.amnestyusa.org/wp-content/uploads/2026/09/Student-Speech-Under-Attack-Suppression-of-Pro-Palestine-Speech-and-Dissent-on-Campus-ACLU-Amnesty-International-USA.pdf. The ACLU, a co-author of this report, represents Plaintiff Mahmoud Khalil in other pending habeas corpus litigation related to his immigration status.

[3] A court ruling on a motion to dismiss may take judicial notice of both publicly available reports generally and reports produced by a government agency in particular. *See*, *e.g.*, *HB v. Monroe Woodbury Cent. Sch. Dist.*, No. 11-CV-5881, 2012 WL 4477552, at *4 (S.D.N.Y. Sept. 27, 2012) ("[I]t is well established that courts may take judicial notice of publicly available documents on a motion to dismiss.") (collecting cases); *Meisel v. Westchester County*, No. 18-CV-7202, 2020 WL 3472500, at *3 n.4 (S.D.N.Y. June 25, 2020) (holding that district court could take judicial notice of "DOJ Report" regarding conditions of Westchester County Jail).

2. The Amnesty International Report similarly describes the Trump Administration's ongoing misuse of Title VI to suppress student speech at universities across the United States. *See* Amnesty Report, at 7 (noting "the Trump administration's use of Title VI investigations and enforcement actions to suppress protected speech […] and the use or threat of Title VI investigations to coerce universities into over-censoring"); *id.* at 8 ("[t]he threat of funding cuts could — and already has — resulted in colleges and universities suppressing a wide variety of speech critical of the Israeli government or in support of Palestinian rights in an effort to avoid Title VI investigations by the Department of Education and the potential loss of funding, even where such speech is protected and does not qualify as harassment"); *id.* at 9 ("Trump administration political appointees manipulated federal antisemitism investigations to target certain American universities […] despite government investigators' finding insufficient evidence to establish any Title VI violations").

3. The Amnesty Report further confirms that the Trump Administration applies the IHRA definition of antisemitism in its ongoing Title VI investigations. *See* Amnesty Report, at 17 ("Executive Orders 14188 and 13899, and federal agency rules or policies codify[] the use of the overly broad and vague International Holocaust Remembrance Alliance (IHRA) definition of antisemitism and similar definitions"). *Cf.* ECF 238, at 10 ("These are the very ongoing threats Plaintiffs seek to enjoin […] Particularly as the Government Defendants continue to apply guidance under Title VI that this Court has already found in violation of the First Amendment").

These judicially noticeable materials are relevant to Defendants' contention that the Government's stipulation concerning Columbia is sufficient to moot Plaintiffs' First Amendment claims. Plaintiffs respectfully submit this notice so the Court may consider the existence and contents of these public reports in evaluating the pending motions.

***

We thank the Court for its consideration of this letter.

Respectfully submitted,

/s/ Zal K. Shroff
Zal K. Shroff

**MAIN STREET LEGAL SERVICES**
Zal K. Shroff (#5560669)
Main Street Legal Services Inc.
2 Court Square West
Long Island City, NY 11101
Zal.Shroff@law.cuny.edu
T: (718) 340-4200

**DRATEL & LEWIS**
Amy E. Greer (NY #5910179)
29 Broadway, Ste. 1412
New York, NY 10006
agreer@dratellewis.com
T: (212) 732-0707

*Attorneys for Plaintiffs*