Hecker Fink LLP

NEW YORK | WASHINGTON, DC | LOS ANGELES

350 FIFTH AVENUE | 63RD FLOOR
NEW YORK, NEW YORK 10118

TEL (212) 763-0883 | FAX (212) 564-0883
WWW.HECKERFINK.COM

mmiller@heckerfink.com

October 23, 2026

**BY ECF**

Hon. Arun Subramanian
U.S. District Court, S.D.N.Y.
Daniel Patrick Moynihan U.S. Courthouse
500 Pearl St.
New York, NY 10007-1312

*Re:* *Khalil, et al. v. Columbia University, et al.*, No. 25 Civ. 2079 (AS) (S.D.N.Y.)

Dear Judge Subramanian:

We write on behalf of Defendants Trustees of Columbia University in the City of New York and Acting President Claire Shipman (together, "Columbia") to inform the Court about a further stipulation that the Executive Branch Defendants and Columbia entered today (the "Supplemental Stipulation"). This Supplemental Stipulation provides Plaintiffs with the precise relief they seek, so that even on their view of the remaining issues, this case is moot. Columbia therefore respectfully requests that the Court promptly dismiss Plaintiffs' remaining claims.

Specifically, the Executive Branch Defendants now agree that they "will not coerce Columbia University by refusing to grant, failing to renew, withholding, freezing, suspending, terminating, conditioning, or otherwise restricting use of federal funds to Columbia University, or threatening to do so, in response to any speech of Columbia University students that is protected from Government action by the First Amendment." *See* Supplemental Stipulation, attached as Exhibit 1. In opposing Defendants' pending motions to dismiss, Plaintiffs argued that a prior stipulation "does not moot Plaintiffs' claims because it permits the government to continue misusing its regulatory authority as a tool of coercion." ECF 238 at 13. They invoked injunctions entered in other cases—enjoining federal defendants, for example, "from 'refusing to grant, non-renewing, withholding, freezing, suspending, terminating, conditioning, or otherwise restricting use of federal funds to the UC, or threatening to do so, to coerce the UC in violation of the First Amendment'"—as demonstrating "what actual relief from the alleged First Amendment injury looks like." *Id.* at 14-15 (quoting Order Granting Preliminary Injunction, *Am. Ass'n of Univ. Professors v. Trump*, No. 25 Civ. 7864 (N.D. Cal. Nov. 14, 2025), ECF 91 at 2).

The Supplemental Stipulation, which the Court may so order, closely tracks the injunctions that Plaintiffs invoked in opposing Columbia's and the Executive Branch Defendants' motions to dismiss, and it provides Plaintiffs with the complete relief that they seek. Although Columbia maintains the position that the prior stipulation that it entered with the United States rendered Plaintiffs' claims relating to the Executive Branch Defendants moot, *see* ECF 223 at 7-13; ECF 241 at 2-8, the Supplemental Stipulation entered today removes any possible doubt.

With respect to Plaintiffs' claims relating to the February 13 letter, it remains true that the Committee continues not to seek any additional information responsive to the letter. *See* ECF 223 at 13-14; ECF 241 at 10-11. Columbia also notes that little time remains in the 119th Congress, and that any outstanding requests issued by the Committee will expire at the end of this Congress. *See United States v. Am. Tel. & Tel. Co.*, 551 F.2d 384, 390 (D.C. Cir. 1976) ("Unlike the Senate which is a continuing body, this House ends with its adjournment on January 3, 1977. Thereupon the subpoena here at issue expires." (citation omitted)).

For all the reasons in Columbia's briefs accompanying its motion to dismiss and those given here, Columbia respectfully requests that the Court promptly dismiss Plaintiffs' remaining claims as moot. We are available for a conference to discuss these matters if that would be helpful to the Court.

Respectfully submitted,

Marshall L. Miller