MAIN STREET
LEGAL SERVICES

**<u>BY ECF</u>** November 19, 2026

The Chambers of the Honorable Judge Subramanian
United States District Judge
Southern District of New York
500 Pearl Street, New York, NY 10007

Re: *Khalil, et. al. v. Trustees of Columbia University, et. al.*, 25-cv-02079.

Dear Judge Subramanian:

While Plaintiffs will proceed in good faith with tomorrow's settlement conference even if the Court excuses the Agency Defendants from the requirement to have a final decisionmaker present in person in court, the Court should not accommodate this last-minute request. That is because it will be detrimental to the prospects of settlement.

This Court instructed that at the upcoming settlement conference, "each party should make sure to have in attendance a client representative with authority to negotiate the terms of a settlement." The Court instructed each party to have in attendance a "'buck stops here' person, *not a person who has to consult with another person*" (emphasis added). Plaintiffs took the Court's instruction seriously and will have a designated client representative with settlement authority for tomorrow's settlement conference.

The Executive Branch Defendants, however, ask that the Court allow them to proceed with counsel who only have authority to negotiate "certain terms of a potential settlement." Dkt. 278. Plaintiffs believe that Agency Defendants' inability to negotiate an ultimate resolution—pending whatever necessary final approvals—would seriously damage any settlement process. Plaintiffs therefore ask that the Court insist on its instruction that Agency Defendants come to tomorrow's settlement conference with a client representative with authority to negotiate *all* terms of a settlement for tomorrow' settlement conference.

Defendants request an exemption to the Court's instruction due to the Assistant and Associate Attorney Generals' "other responsibilities" and "caseload." Respectfully, Plaintiffs' authorized representatives also have other responsibilities and demands. They nonetheless abided by the Court's instructions, and Defendants should be required to do the same. The fact that the parties agreed before to not require in-person attendance by a representative is irrelevant, as that acknowledgement occurred *prior* to the Court's very clear instruction otherwise. At the very least, if the Assistant and Associate Attorney Generals are unable to make it in person, this Court should

MAIN STREET
LEGAL SERVICES

order that they be fully available for the entire day – i.e., from 10 a.m. until 5 p.m. or the very end of the conference.

Plaintiffs respectfully request that the Court re-instruct Defendants to have an in-person representative with decision making authority at tomorrow's hearing.

Dated: November 19, 2026

Respectfully submitted,

**CAIR NATIONAL**
**LEGAL DEFENSE FUND**
/s/ Lena Masri
Lena Masri
Gadeir Abbas (VA 81161)*
Ahmad Kaki
John Fossum
Meghan Murphy
453 New Jersey Ave SE
Washington, DC 20003
(202) 742-6420